# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-CV-00064-TTC |
| | ) | |
| v. | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF DEFENDANT'S** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **MOTION TO DISMISS THE** |
| d/b/a **MSA SECURITY, INC.** | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |

 

|   |   |
|---|---|
| | Respectfully submitted, |
| December 10, 2021 | */s/ Ryan C. Berry* |
| | _____ |
| | Ryan C. Berry (VSB 67956) |
| | Daniel S. Ward (VSB 45978) |
| | WARD & BERRY, PLLC |
| | 1751 Pinnacle Drive, Suite 900 |
| | Tysons, VA 22102 |
| | (202) 331-8160 |
| | (202) 505-7100 Fax |
| | ryan@wardberry.com |
| | dan@wardberry.com |
| | |
| | *Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.* |

## TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................................1

II. BACKGROUND .....................................................................................................1

III. LEGAL STANDARDS .............................................................................................3

IV. ARGUMENT ...........................................................................................................5

    A.    Iovino Cannot Establish Subject Matter Jurisdiction Because She Failed to Exhaust Her Administrative Remedies Prior To Filing Suit. As Such, Iovino's Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ...............................................................................................6

        1. Fed. R. Civ. P. 12(b)(1) Legal Standard Review ...............................6

        2. Fed. R. Civ. P. 12(b)(1) Argument ....................................................7

    B.    Iovino's Complaint Must Be Dismissed For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6) ..................................................9

        1. Fed. R. Civ. P. 12(b)(6) Legal Standard Review .............................10

        2. Fed. R. Civ. P. 12(b)(6) Argument ..................................................10

    C.    In The Alternative, Portions Of Iovino's Complaint Must Be Stricken (Or Dismissed In Part) As Immaterial To Plaintiff's Lawsuit Pursuant To Fed. R. Civ. P. 12(f) As To The Reprisal Allegations That Iovino Did Not Present During The DoS Proceedings ...........................................................................................12

        1. Fed. R. Civ. P. 12(f) Legal Standard Review ..................................12

        2. Fed. R. Civ. P. 12(f) Argument........................................................12

V. CONCLUSION ......................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page**

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006) ...................................................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007) .................................................................................................10

*Brown v. Peterson*,
    2006 WL 349805 at *4 (N.D. Tex. 2006) ..................................................................6

*Clark v. Brown*,
    2021 WL 1697408 (E.D.Va. Apr. 29, 2021) .............................................................4

*Elm Grove Coal Co. v. Director, O.W.C.P.*,
    480 F.3d 278 (4th Cir. 2007) ...................................................................................11

*Evans v. B. F. Perkins Co.*,
    166 F.3d 642 (4th Cir. 1999) .....................................................................................7

*Fleming v. Spencer*,
    718 F. App'x 185 (4th Cir. 2018) ..............................................................................4

*Gerner v. City Of Chesterfield Va.*,
    674 F.3d 264 (4th Cir. 2012) ...................................................................................10

*Harris v. Evans*,
    66 F. App'x 465 (4th Cir. 2003) ..............................................................................13

*Heller Fin., Inc. v. Midwhey Powder Co.*,
    883 F.2d 1286 (7th Cir. 1989) ...................................................................................4

*Kennebeck v. Napolitano*,
    2013 WL 3368960 at *5 (E.D. Va. July 3, 2013) ....................................................13

*Kennedy v. St. Joseph's Ministries, Inc.*,
    657 F.3d 189 (4th Cir. 2011) ...................................................................................10

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994) ...................................................................................................7

*Labranche v. Department of Defense,*
 No. 15-2280, 2016 WL 61482 at *3, n.2 (E.D. La. Feb, 16, 2016) ...................................... 3

*McCarthy v. Madigan,*
 503 U.S. 140 (1992) ........................................................................................................... 13

*McKart v. United States,*
 395 U.S. 185 (1969) ............................................................................................................. 8

*Minor v. Bostwick Laboratories, Inc.,*
 669 F.3d 428 (4th Cir. 2012) .............................................................................................. 10

*Myers v. Bethlehem Shipbuilding Corp.,*
 303 U.S. 41 (1938) ............................................................................................................... 8

*Quinn v. Booz Allen Hamilton, Inc.,*
 2014 WL 12323684 at *4 (N.D. Fla 2014) ........................................................................ 10

*Renaissance Greetings Cards, Inc. v. Dollar Tree Stores, Inc.,*
 227 F. App'x 239 (4th Cir. 2007) ....................................................................................... 12

*Richmond, Fredericksburg & Potomac R. Co. v. United States,*
 945 F.2d 765 (4th Cir, 1991) ................................................................................................ 7

*Shivley v. Department of the Army,*
 59 M.S.P.R. 531 .................................................................................................................. 12

*Williams v. United States,*
 50 F.3d 299 (4th Cir. 1995) .................................................................................................. 7

## **Statutes and Rules**

5 U.S.C. § 1221 ............................................................................................................................ 11

10 U.S.C. § 2409(c)(2) ................................................................................................................... 3

41 U.S.C. § 4712 ...................................................................... 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13

41 U.S.C. § 4712(c)(2) ........................................................................................................ 1, 8, 11

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1, 4, 6, 7, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 4, 9, 10

Fed. R. Civ. P. 12(f) ............................................................................................................ 1, 4, 12

## **Other**

*Whistleblower Protections for Government Contractors,
Hearing Before the S. Homeland Sec. & Governmental
Affairs Subcomm. On Contracting Oversight 6*, 112th
Cong. 34 (2011) (Senator Portman), available
at: https://www.hsgac.senate.gov/imo/media/doc/Hearing%20Transcript%202011-12-06.pdf....11

Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA"), by and through counsel, respectfully submits this memorandum in support of its motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) or, in the alternative, a motion to strike portions of the complaint under Fed. R. Civ. P. 12(f).

## I.    INTRODUCTION

Plaintiff, Dr. Karen Iovino ("Iovino"), filed this one count action for "discrimination in violation of 41 U.S.C. § 4712," alleging that MSA terminated Iovino in retaliation for engaging in alleged whistleblowing. ECF 1. Iovino's Complaint, however, is barred because Iovino failed to exhaust her administrative remedies as required by 41 U.S.C. § 4712(c)(2). Accordingly, Iovino's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Iovino's Complaint should be stricken as to the allegations made that have not been administratively decided, and the Court should direct Iovino to submit an amended Complaint removing the offending matter and focusing solely on the narrow issues she brought to the Department of State's ("DoS") Office of the Inspector General ("OIG").

## II.   BACKGROUND

MSA is engaged in the business of security, intelligence, and investigative services, including explosive detection canine screening services. MSA operates the Canine Validation Center ("CVC") in Winchester, Virginia pursuant to government contracts with DoS to train and test explosive detection canines and their handlers. Compl., ¶ 9. Iovino was an employee of MSA from October 9, 2015 until August 18, 2017, where she served as a part-time veterinarian at the CVC. Compl., ¶ Intro. pg. 1.

1

On July 6, 2017, Iovino submitted a whistleblower hotline report to the OIG, in which she made varied allegations concerning DoS operations and MSA's contracts at the CVC. Compl., ¶ 59. Several weeks later, on July 26, 2017, Iovino again used the whistleblower hotline, but this time to submit a whistleblower reprisal allegation pursuant to 41 U.S.C. § 4712. Compl., ¶ 80. An OIG investigation into the reprisal allegation commenced, followed by proceedings before the senior DoS official tasked by 41 U.S.C. § 4712 with deciding such matters.

During those proceedings, on July 5, 2019, Iovino submitted the document titled "Karen Iovino's Memorandum of Law" that is attached hereto as **Exhibit 1**. In it, Iovino explains the scope of her reprisal allegations as follows: "*After MSA learned that Dr. Iovino filed the [earlier whistleblower hotline] complaint, MSA began a pattern of retaliation* against her including, but not limited to, the following:

- It excluded her from employee meetings [Page No. 000004];

- It directed employees not to speak to her [Page No. 000023];

- It suspended her from her employment on August 4, 2017 [Page Nos. 000024, 000031, 000033];

- It withdrew its offer of full time employment [Page Nos. 000006, 000021];

- It required that she apply online for a position she was advised she had and for which others did not have to apply;

- It discharged her on August 18, 2017 [Page No. 000037]; and

- Although Dr. Iovino clearly met the requirements and qualifications of the full time position, it hired another individual, using requirement that were not advertised as part of the posting of the position [Page No. 000027].

2

*See* **Exhibit 1**, July 5, 2019 "Karen Iovino's Memorandum of Law", pp. 2-3 (emphasis added). Later in that same document, Iovino states "*After learning of the disclosures*, MSA engaged in retaliatory conduct . . ." *Id.,* p. 12 (emphasis added)). That is the sum and substance of Iovino's whistleblower reprisal claim as she presented it to the OIG and subsequently to the DoS Senior Procurement Official with responsibility for making determinations under 41 U.S.C. § 4712.

On October 30, 2019, the Acting Procurement Executive of DoS, denied Iovino relief under 41 U.S.C. § 4712. **Exhibit 2**. Dissatisfied with the agency's decision to deny relief under 41 U.S.C. § 4712, on September 21, 2021, Iovino filed suit against MSA in this court, alleging a single claim of "Discrimination in violation of 41 U.S.C § 4712." Compl. ¶ 183-190.

Although Iovino's 59-page Complaint in the instant lawsuit purports to seek de novo review under 41 U.S.C. § 4712 of the DoS denial of her whistleblower reprisal claim, her Complaint in this court instead overwhelmingly concerns matters that she did *not* include in her whistleblower reprisal claim at DoS, which were therefore *not investigated* by the OIG as reprisals and *not decided* by the senior agency official pursuant to 41 U.S.C. § 4712. Iovino therefore has not exhausted her administrative remedies as required by 41 U.S.C. § 4712, and her Complaint is not properly before this Court.

### III.  LEGAL STANDARDS

Exhausting administrative remedies is a prerequisite to any civil suit. *See Labranche v. Department of Defense*, No. 15-2280, 2016 WL 614682 at *3, n.2 (E.D. La. Feb. 16, 2016) ("[10 U.S.C. § 2409(c)(2)] affords a whistleblowing employee *who has exhausted administrative remedies* with a cause of action against the retaliating federal contractor" (emphasis added)). Courts are split on whether the exhaustion requirement is jurisdictional is nature. As such, MSA

3

files this Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is well established that when a statute provides that one must exhaust their administrative remedies, claims under such statute are judicially reviewable only if the plaintiff has administratively exhausted those claims by first presenting them to the appropriate agency, in this case DoS's OIG. *See Clark v. Brown*, 2021 WL 1697408 (E.D. Va. Apr. 29, 2021) ("Civil service claims are judicially reviewable only if the plaintiff has administratively exhausted those claims by first presenting them to the appropriate agency, in this case the MSPB."); *See also Fleming v. Spencer*, 718 F. App'x 185, 188 (4th Cir. 2018) ("The CRSA precludes extrastatutory review of constitutional claims that are asserted before an employee has exhausted his remedies under the statute"). The exhaustive framework of 41 U.S.C. § 4712 requires that such claims be reviewed on the administrative record, under a deferential review standard, and precludes them from being brought in federal district court as free-standing claims. Although Iovino brought *some* allegations of reprisal to DoS seeking an administrative remedy, *this lawsuit* is replete with novel allegations of reprisal that were not made to, nor investigated by the OIG, nor decided by DoS. As such, 41 U.S.C. § 4712 does not provide this Court with jurisdiction.

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While Motions to strike are generally "disfavored" when a motion to strike will "remove unnecessary clutter from the case, [motions to strike] serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Such is the case here, where scores of paragraphs in Plaintiff's 59-page, single count Complaint make accusations and/or

allegations that were not presented during the administrative proceedings and thus are not properly before the Court.

IV. ARGUMENT

In her July 5, 2019, submission to the OIG, Iovino alleged that "[a]fter MSA learned that Dr. Iovino filed the [earlier whistleblower hotline] complaint, MSA began a pattern of retaliation against her . . ." **Exhibit 1** (pg. 2). Iovino stated that she "filed a complaint with the OIG Hotline on July 6, 2017. *Id.* By her own admission then, all of the alleged acts of reprisal that Iovino raised during the agency proceedings occurred "After MSA learned that Dr. Iovino filed the complaint" and/or "[a]fter learning of the disclosures." *Id.* Iovino did not, *until now*, allege that any whistleblower reprisal action by MSA occurred prior to July 6, 2017.

Iovino's Complaint in this Action impermissibly reinvents the nature and extent of the alleged reprisals by MSA under 41 U.S.C. § 4712. The first 17 pages of Iovino's complaint focus on pre-July 2017 allegations of MSA's mistreatment of Iovino. It isn't until paragraph 59 of the Complaint, at the bottom of page 17, that Iovino even references her July 6, 2017 hotline disclosure to DoS OIG, from which (as discussed above) she previously alleged that **all** of the alleged reprisals by MSA flowed.

Iovino discards the timeline and scope of what she previously alleged MSA's reprisals to be. Six pages of the 59-page Complaint are a tortured attempt to refashion the crucial timeline by now alleging that MSA had "constructive knowledge" of her whistleblowing well before July 6, 2017, and that many of MSA's actions before July 6, 2017 were reprisals as well. This is not merely self-serving revisionism contradicted by Iovino's prior admissions, it also expands the dispute far beyond what was investigated and decided in administrative proceedings. Stated

5

succinctly, the whistleblower reprisal claims in this Complaint bear little resemblance to what Iovino presented to DoS.

The only whistleblower reprisal claims properly before this Court are those for which DoS has made a final determination. DoS's determination focused solely on the whistleblower reprisal claims outlined in Iovino's July 9, 2018 Submission Titled "Karen Iovino's Memorandum of Law." **Exhibit 1**. As such, any allegations of allegedly retaliatory conduct that occurred <u>before</u> July 6, 2017 are not well found and should be dismissed or stricken from the Complaint. Further, any allegations of reprisals by MSA that allegedly occurred after July 6, 2017, but were not addressed in Iovino's July 9, 2018 Submission Titled "Karen Iovino's Memorandum of Law" should also be dismissed or stricken from the Complaint. Iovino's inclusion of those new allegations is an "end around" the requisite administrative procedures. By way of example, Iovino's newly penned conspiracy between and amongst numerous senior DoS Officials and MSA was not part of her reprisal allegations, despite being exactly the type of thing (if alleged) the OIG would have investigated. Iovino cannot simply forego that administrative process.[1]

**A.　Iovino Cannot Establish Subject Matter Jurisdiction Because She Failed To Exhaust Her Administrative Remedies Prior To Filing Suit. As Such, Iovino's Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction Pursuant To Rule 12(b)(1) Of The Federal Rules Of Civil Procedure.**

**1.　Fed. R. Civ. P. 12(b)(1) Legal Standard of Review**

When a Rule Fed. R. Civ. P. 12(b)(1) motion is filed in conjunction with other motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *See Brown v. Peterson*, 2006 WL 349805 at *4 (N.D. Tex. 2006). Considering the Fed.

---

[1] Undersigned Counsel recognizes the rather unusual nature of the request to either dismiss the complaint in its entirety or to strike certain content. This is an unfortunate response to a 59 page complaint that is fashioned as a single-count complaint. Counsel recognizes that Iovino has exhausted her remedies as to the issues addressed in Iovino's July 9, 2018 Submission Titled "Karen Iovino's Memorandum of Law." If Iovino's complaint had made separate claims for each alleged reprisal, this would be a simple motion to dismiss the "new" claims.

6

R. Civ. P. 12(b)(1) motion at the outset "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at *3.

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and, as a result, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Actions are subject to dismissal when the court lacks subject matter jurisdiction over the claims. *Id.* Moreover, a plaintiff bears "the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider outside pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) ("In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings").

### 2. Fed. R. Civ. P. 12(b)(1) Argument

This Court lacks subject matter jurisdiction to resolve contractor whistleblower reprisal allegations that were not included in the preceding administrative proceedings. Contractor allegations under 41 U.S.C. § 4712 must be brought to the OIG of the federal agency (here DoS) for investigation, followed by proceeding before the agency's senior procurement official. A federal district court does not have jurisdiction until those administrative remedies are fully exhausted.

The Supreme Court has held that when administrative remedies are established by statute or regulation, the party must pursue or "exhaust" all such remedies before turning to the court for

relief. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1983) (discussing the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Stated differently, the right to sue under 41 U.S.C. § 4712 is not absolute. *Id.* A court may entertain a 41 U.S.C. § 4712 lawsuit if, and *only* if, the aggrieved party, the contractor employee has exhausted their administrative remedies.

The exhaustion of remedies is ordinarily a jurisdictional prerequisite to court actions and "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers,* 303 U.S. 41 at 50–51). The purpose is simple: to avoid the "premature interruption of the administrative process" and to promote judicial efficiency. *Id.* at 193-94. Put simply, federal courts do not have jurisdiction to consider unexhausted 41 U.S.C. § 4712 claims. Exhaustion does not occur until (1) the head of an executive agency issues an order denying relief, (2) the head of an executive agency "has not issued an order within 210 days after the submission of a complaint," or (3) in the case of an extension of time, "not later than 30 days after the date of the extension of time." 41 U.S.C. § 4712(c)(2).

In her Complaint, Iovino has alleged that she has satisfied either conditions precedent to filing suit under 41 U.S.C. § 4712 as to the specific claims she makes (i.e., that she filed a timely complaint and exhausted her administrative remedies). In making this blanket statement that she "administratively exhausted her claims under 41 U.S.C. § 4712 (c)(2)", Iovino fails to acknowledge that she can only reasonably argue that she exhausted her administrative remedies "*with respect to the complaint*" that she outlined in her July 5, 2019 submission to the DoS OIG. 41 U.S.C. § 4712(c)(2) (emphasis added). Nothing more. As discussed above, entirely new

8

accusations and allegations of reprisal that were never brought to the DoS OIG predominate Iovino's Complaint. The Court lacks the jurisdiction to adjudicate any and all of these newly-found claims Iovino failed to raise with the DoS OIG.

Her failure to exhaust these required administrative remedies in regards to both the pre-July 2017 conduct of which she now complains and the other issues (pre-and post-July 2017) that were never raised with the DoS OIG, were never investigated by the OIG, were never decided by the OIG, is fatal. Allowing Iovino's lawsuit to proceed forward as currently designed would disrupt the orderly process of gathering and sifting legal arguments and facts – the very harm to the administrative and judicial process that the doctrine of exhaustion of administrative remedies is intended to prevent. Therefore, this court lacks subject matter jurisdiction and, as a result, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

In the alternative, assuming *arguendo* that this court does have subject matter jurisdiction, Iovino's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because she has failed to state a plausible cause of action against MSA pursuant to 41 U.S.C. § 4712.

### B. Iovino's Complaint Must Be Dismissed For Failure To State A Claim Pursuant To Fed. R. Civ. P 12(b)(6).

Failure to state a claim is inextricably connected to the issue of exhaustion. In fact, failure to exhaust administrative remedies can, and has been, analyzed as failure to state a claim under Rule 12(b)(6). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006) ("[W]hen Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character"). If this Court decides that exhaustion of remedies is a non-jurisdictional rule, it should decide the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure because all cases *do* agree on the fact that failure to exhaust administrative remedies subjects the plaintiff's whistleblower cause of action to dismissal for failure to state a

9

claim for relief. *See Quinn v. Booz Allen Hamilton, Inc.*, 2014 WL 12323684 at *4 (N.D. Fla. 2014) ("Although the administrative relief provisions in Section 2409 are not jurisdictional, a plaintiff's failure to exhaust his administrative remedies may nonetheless subject the claim to dismissal for failure to state a claim").

### 1. Fed. R. Civ. P. 12(b)(6) Legal Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This "plausibility" standard requires the reviewing court to accept as true all factual allegations in the complaint. *Gerner v. City. Of Chesterfield Va.*, 674 F.3d 264, 266 (4th Cir. 2012). Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 662 at 679.

### 2. Fed. R. Civ. P. 12(b)(6) Argument

Iovino's Complaint requires this Court to construe the statutory language of 41 U.S.C. § 4712, and, in particular, its exhaustion requirement. When construing a statute, a court must "first and foremost strive to implement congressional intent by examining the plain language." *Minor v. Bostwick Laboratories, Inc.*, 669 F.3d 428, 434 (4th Cir. 2012) (citation omitted). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 192 (4th Cir. 2011) (citation omitted). In interpreting the plain language of the statute, this Court must also look to "the specific context in which the language is used, and the broader context of the statute as a whole," *Minor*, 669 F.3d at 434-35 (citations omitted)*,* as well as a statute's legislative history as additional

10

evidence of congressional intent. *See Elm Grove Coal Co. v. Director, O.W.C.P.*, 480 F.3d 278, 293 (4th Cir. 2007).

Turning first to the plain language of the statute, 41 U.S.C. § 4712(c)(2) in relevant part provides that the contractor is "deemed to have exhausted all remedies *with respect to the complaint*," and permits contractor employees to file a civil action if, among other things, "the head of an executive agency issues an order denying relief." 41 U.S.C. § 4712(c)(2) (emphasis added). Given the ordinary meaning of the words "with respect to the complaint," 41 U.S.C. § 4712 provides that a contractor employee can only exhaust their administrative remedies regarding their complaint, nothing more. Therefore, in Iovino's case, her administrative remedies were exhausted as to the complaints she made in her original complaint, which she filed on August 4, 2017, nothing more.

Turning next to the legislative context, it is noteworthy that in passing 41 U.S.C. § 4712 to enhance protections for *contractor* employee whistleblowers, Congress, essentially, borrowed portions of 5 U.S.C. § 1221 (which provides whistleblower protections to federal employees) and then reassigned the traditional role of the Office of Special Counsel ("OSC") to the OIG, and that of the Merit Systems Protection Board ("MSPB") to the head of the executive agency. 41 U.S.C. § 4712 is still a very new statute without much developed case law. However, the ad hoc subcommittee hearing transcript for the standalone bill, which took place on December 6, 2011, makes Congress's intention clear regarding the language "with respect to the complaint." *Whistleblower Protections for Government Contractors, Hearing Before the S. Homeland Sec. & Governmental Affairs Subcomm. On Contracting Oversight* 6, 112th Cong. 34 (2011) (Senator Portman), available at: https://www.hsgac.senate.gov/imo/media/doc/Hearing%20Transcript%202011-12-06.pdf. Congress's intention was *not* to allow whistleblowers to bring a whistleblower complaint

11

only to later bring a civil action that includes additional allegations than were brought in the initial complaint. In fact, Congress's intention was the opposite – Senator Portman said, "we would not want whistleblower reprisal allegations to serve as a pretext for an unrelated dispute with an employer." *Id.*

There is a careful blend of administrative and judicial enforcement powers provided for in 41 U.S.C. § 4712, which cannot be overlooked, and Congress intended contractor employees to first bring their claims and allegations to the agency and then to the court system, not the reverse. To allow Iovino to skip such process would prevent the very purpose of 41 U.S.C. § 4712.

> C. **In The Alternative, Portions Of Iovino's Complaint Must Be Stricken (Or Dismissed In Part) As Immaterial To Plaintiff's Lawsuit Pursuant To Fed. R. Civ. P. 12(f) As To The Reprisal Allegations That Iovino Did Not Present During The DoS Proceedings.**

> 1. Fed. R. Civ P. 12(f) Legal Standard of Review

Pursuant to Fed R. Civ. P. 12(f), the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In applying such rule, a district court has broad discretion in deciding whether to strike matters from pleadings. *Renaissance Greetings Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 246 (4th Cir. 2007).

> 2. Fed. R. Civ P. 12(f) Argument

Iovino may argue that her new claims (i.e., claims raised in her Complaint before this Court that were *not* raised in the agency proceedings) should be allowed to proceed despite her failure to exhaust her administrative remedies as to those claims because she should be permitted to "piggyback" on the claims she did exhaust. However, those allegations must be excluded. *See Shivley v. Department of the Army*, 59 M.S.P.R. 531, 538 (allegations of whistleblowing

12

disclosures that had not been brought to the attention of OSC cannot be considered in an IRA appeal).

Exhaustion is a statutory mandate, and a court may not carve out an exception unsupported by the statutory text. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (stating that "[w]here Congress specifically mandates, exhaustion is required"). Under the system of review set out in 41 U.S.C. § 4712, exhaustion of remedies at the administrative level is a prerequisite to filing a civil action. 41 U.S.C. § 4712. 41 U.S.C. § 4712 complaints must first be made to DoS's OIG and, thereafter, if the contractor employee has exhausted their administrative remedies, then said employee may bring a civil action. *Id.*

Because Iovino's Complaint brings numerous allegations that are not contained in any administrative record, this Court must dismiss, or at the very least, strike, these allegations as it cannot adjudicate them as first resort. The Court cannot pass on these allegations given the carefully delineated scheme of administrative review set under 41 U.S.C. § 4712. This scheme does not allow for free-standing 41 U.S.C. § 4712 allegations and claims to be pressed first in a district court. Procedures under the Whistleblower Protection Act ("WPA") are similar. "Judicial review of a WPA claim occurs only after the [MSPB] has issued a final decision on the claim." *Harris v. Evans*, 66 F. App'x 465, 466 (4th Cir. 2003). In fact, the Fourth Circuit has held "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action directly before it in the first instance." *Kennebeck v. Napolitano*, 2013 WL 3368960, at *5 (E.D. Va. 2013).

If the Court does not dismiss Iovino's Complaint altogether on one of the Rule 12 grounds discussed above, it should instead strike this Complaint and direct Iovino to submit an Amended

Complaint that is focused solely on the narrow issues she brought to the DOS OIG and for which she has exhausted her administrative remedies (and thus can be properly heard by this Court).

Alternatively, the Court could attempt to strike individual paragraphs of the Complaint to remove all impermissible allegations, although this approach would admittedly be rather unwieldy. MSA submits, however, that at a minimum the following paragraphs of the Complaint would need to be stricken: 11-15, 17-24, 26-39, 41-58, 67-68, 122-138, and 164-167.

## V.  CONCLUSION

For all the reasons stated herein, Defendant, MSA, respectfully requests that this Court grant its motion to dismiss Iovino's complaint or, alternatively, strike the allegations in Iovino's complaint that were not raised and/or decided at the administrative level as immaterial and direct Iovino to submit an amended Complaint removing the offending matter and focusing solely on the narrow issues she brought to the DOS OIG.

Respectfully submitted,

Date: December 10, 2021

/s/ Ryan C. Berry
_____
Ryan C. Berry (VSB 67956)
Daniel S. Ward (VSB 45978)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
ryan@wardberry.com
dan@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
ADAMS AND ASSOCIATES
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

/s/ Ryan C. Berry
_____
Ryan C. Berry