

United States Department of State

Washington, D.C. 20520
www.state.gov

October 3, 2018

Via Email to:
Ryan C. Berry, Counsel for MSA Security
Ward & Berry
2000 Pennsylvania Avenue, N.W. Suite 4500
Washington, D.C. 20006
ryan@wardberry.com

      Re:    Order Pursuant to 41 U.S.C. 4712
                 OIG Whistleblower Case 2017-0044 (Karen Iovino)

Dear Mr. Berry:

In response to the Office of Inspector General's (OIG) Whistleblower Case 2017-0044, this letter is to inform you after further review and investigation, the Department has determined that sufficient basis exists to conclude that your client, MSA Security (MSA), subjected the complainant, Dr. Karen Iovino, to a reprisal prohibited by 41 U.S.C. § 4712(a).

On August 4, 2017, Dr., Iovino filed a complaint with the OIG alleging wrongful termination from her position with MSA. As required by law, the OIG investigated the complaints and submitted its report of investigation to the complainant, the contractor, the Procurement Executive, and the head of the agency. The report was referred to my office to determine whether there was sufficient basis to conclude whether MSA subjected Dr. Iovino to a prohibited reprisal.

Based on the OIG's investigation and my review, I have determined that:

- Dr. Iovino made protected disclosures by contacting the Director of the Department's Acquisition's office with good faith concerns, including mistreatment of animals, use of government vehicles for personal purposes, conflicts of interest by Department official, and unnecessary expenditures that were billed to the Department.
- Upon obtaining information regarding the complaints by Department officials, your client asked to convert the part time position Dr. Iovino was working to a full time one. Dr. Iovino had to compete for the job, and was not selected. Her part time position was then terminated in place of this full time position for which she was not selected.
- MSA was required to provide clear and convincing evidence that it would have terminated Dr. Iovino's employment without regard to her disclosure. In its investigation report, OIG concluded that MSA provided no such evidence, instead there was substantial evidence of retaliatory motive, including acknowledgment from other MSA officials that Dr. Iovino's suspension and subsequent firing were based on her protected disclosures.

- OIG reported that MSA's Executive Vice President admitted that one of the reasons for suspending Dr. Iovino was due to her contact with the "client." The same MSA officials that were concerned with Dr. Iovino's disclosures were also involved in the advertising and selecting of the full time positon to which Dr. Iovino was not selected.
- 41 U.S.C. 4712 does not require conduct of a hearing or an additional investigation by the agency after receiving the report of the OIG, and doing so would be inconsistent with statutory timelines intended to promote prompt resolution of whistleblower complaints. Nevertheless, we have reviewed your letter of August 1, 2018, and the documents submitted therewith. We do not find that the information or arguments presented in this submission would warrant the agency reaching a different conclusion than that proposed by the OIG.
- Accordingly, I have determined that MSA committed retaliation against Dr. Iovino for protected disclosures as prohibited by 41 U.S.C. 4712.

In accordance with 41 U.S.C. 4712(c)(1) and DOSAR 603.905, I hereby order MSA Security to take the following actions: 1) To offer Dr. Iovino reinstatement to the position she held before the reprisal, together with compensatory damages (including back pay), employment benefits and other terms and conditions of employment that would have applied to her if the reprisal had not been taken; and 2) to pay Dr. Iovino an amount equal to the aggregate amount of all costs and expenses, including attorney fees, that were reasonably incurred by the Dr. Iovino for, or in connection with, bringing the complaint regarding the reprisal.

Please provide evidence within thirty (30) days that MSA has accepted and has complied with or is complying with this order. If MSA rejects or fails to comply with this order, the Department will seek enforcement in accordance with 41 U.S.C. 4712(c)(4).

Sincerely yours,

Eric N. Moore
Acting Procurement Executive
U.S. Department of State

cc:  Mr. Nate Adams, Counsel for Dr. Karen Iovino
Ms. Valerie Price, Counsel for MSA Security, Inc.
Steve A. Linick, Inspector General