# EXHIBIT 1

# EMPLOYEE CONFIDENTIALITY, INVENTION ASSIGNMENT AND NON-SOLICIATION AGREEMENT

I, Karen Iovino (print name) as a condition of my employment with MSA, Ltd, its subsidiaries, affiliates, successors and assigns (together the "Company"), and in consideration of my employment with the Company and my receipt of the compensation now and hereafter paid to me by the Company, I agree the following:

1. **MSA (Company) Business**: I acknowledge that MSA is engaged in the business of security services.

2. **Confidential Information**: I acknowledge that for the purposes of this Agreement, the term confidential information means all information financial, technical or otherwise in whatever form written, oral or otherwise which is disclosed to me or acquired by me in the course of my employment in any way concerning the trade secrets, projects, activities, business, clients, trade practices, know-how or affairs of the Company that provide the Company an economic advantage over its competitors, including, without limitation, all information concerning products, business formulas, discoveries, ideas, concepts, know-how, techniques, diagrams, flow charts, data, client preferences, history and other information, computer software, technology, operations, solutions, tools, marketing and development plans, investors, transactions, acquisitions, marketing plans, strategies and forecasts and other technical or business information, regarding existing and/or contemplated products, processes, techniques or know-how, or any data or information developed by me pursuant to the performance of my services hereunder. I further understand that Confidential Information does not include any of the foregoing items which have become publicly known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the Confidential Information involved.

3. **Use of the Confidential Information**: During the term of my employment, and for all times thereafter, I will treat as confidential and, except as required in the performance of my employment duties and responsibilities, will not disclose, publish, use or otherwise make available to the public or to any individual, firm or corporation any confidential information.

4. **Return of Confidential Information**: All confidential information, together with all notes and records relating thereto, and all copies, duplicates, reproductions, facsimiles or except thereof in my possession, are the exclusive property of the Company. I will return promptly all such materials to the Company upon the termination of my employment or upon the Company's demand. In addition, I will return promptly to the Company upon the conclusions of my employment all reports, files, memoranda, records and software, credit cards, cardkey passes, door and file keys, computer access codes or disks, instructional material, and other

physical or personal property which I receive or prepare in connection with my employment with the Company.

5. **Proprietary Rights**:

    a. All creations, inventions, ideas, designs, copyrightable materials, trademarks, and other technology and rights (and any related improvements or modifications), whether or not subject to patent or copyright protection (collectively, "Creations"), relating to any activities of the Company that are conceived by me or developed by me in the course of my employment, whether conceived alone or with others and whether or not conceived or developed during regular business hours, and if based on Confidential Information, after the termination of my employment shall be the sole property of the Company and, to the maximum extent permitted by applicable law, shall be deemed "works made for hire" as the term is used in the United States Copyright Act.

    b. To the extent, if any, that I retain any right, title or interest with respect to any Creations that are delivered to the Company or relate to my employment with the Company, I hereby grant to the Company an irrevocable, paid-up, transferable, sub-licensable, worldwide right and license (i) to modify all or any portion of such Creations, regardless of the medium (now or hereafter known) into which such Creations may be modified and regardless of the effect of such modifications on the integrity of such Creations, and (ii) to identify me, or not to identify me, as one or more authors of or contributors to such Creations or any portion thereof, whether or not such Creations or any portion thereof have been modified. I further waive any "moral" rights, or other rights with respect to attribution of authorship or integrity of such Creations that I may have under any applicable law, whether under copyright, trademark, unfair completion, defamation, right of privacy, contract, tort or other legal theory.

    c. I will promptly inform the Company of any Creations. I will (whether during my employment or after the termination of my employment) execute such written instruments and do other such acts as may be necessary in the opinion of the Company or its counsel to secure the Company's rights in the Creations, including obtaining a patent, registering a copyright, or otherwise (and I hereby irrevocably appoint the Company and any of its officers as my attorney in fact to undertake such acts in my name). I agree that my obligation to execute written instruments and otherwise assist the Company in securing its right in the Creations will continue after the termination of my employment for any reason.

6. **Non-Solicitation**: During my employment and for a period of eighteen (18) months following the termination of my employment for any reason, I will not, directly or indirectly, take any of the following actions, and, to the extent that I own, manage, operate, control, am employed by or participate in the ownership, management, operation or control of, or am connected in any manner with, any business of the type and character engaged in and competitive with the Business of the Company or any of its subsidiaries or affiliates during the period of my employment, I will use my best efforts to ensure that such business does not take any of the following actions:

   a. Persuade or attempt to persuade any client of the Company to cease doing business with the Company, or to reduce the amount of business it does with the Company.

   b. Solicit or service for me or for any person or entity other than the Company, the business of any client of the Company or any individual that was a client of the Company within six months prior to the termination of my employment (except this restriction will not apply to those clients with which I had a pre-existing professional relationship prior to the commencement of my employment with the Company);

   c. Persuade or attempt to persuade any employee of or consultant to the Company to leave the Company's employ; or

   d. Solicit or hire for me or for any person or entity other than the Company, any employee of or consultant to the Company or any individual that was an employee of or the consultant to the Company one year prior to the termination of my employment.

7. **Special Remedy**: I recognize that the confidential information to be protected by this Agreement is special, unique and extraordinary in character, and that in the event of any breach by me of any of the terms or conditions of this Agreement, the Company shall be entitled, if it so elects, to institute and prosecute proceedings in any court of competent jurisdiction, either in law or in equity, to obtain damages from me for any such breach or to enforce the specific performance of this Agreement by me. I further acknowledge that a breach of my obligations under this Agreement would cause the Company irreparable harm for which no adequate remedy at law would be available, and that the Company in such circumstances would be entitled to injunctive relief preventing or enjoining any breach of my obligations, without the need to post any bond. I specifically consent to the jurisdiction of the United States District Court for the Southern District of New York, or if that court is unable to exercise jurisdiction for any reason, to the New York State Supreme Court, New York County, for this purpose and irrevocably waive any obligation I now have or hereafter may have as to the venue of any such action brought under this Section.

8. **Miscellaneous**:

   a. **Covenants Reasonable**. I expressly acknowledge and agree that the covenants set forth herein are reasonable in all respects, and necessary in order to protect, maintain and persevere the value and goodwill of the Company, as well as the proprietary and other legitimate business interests of the Company. I further acknowledge and agree that the covenants and agreements set forth herein constitute a significant part of the consideration given by me to the Company in exchange for the payment of my salary and benefits by the Company, and are material reason for such payment.

   b. **At Will Employment**. I understand and acknowledge that this Agreement is not intended to, and shall not be construed as, creating a contract of employment for any specific duration. Unless I have entered into a written employment contract signed by an officer of the Company providing otherwise, my employment with the Company remains "at-will," meaning that either I or the Company may, at any time, terminate my employment with or without cause and with or without notice.

   c. **Validity**. I agree that the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall otherwise remain in full force and effect. Moreover, if any one or more of the provisions contained in this Agreement is held to be excessively broad as to duration, scope or activity, I agree that such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent compatible with applicable law.

   d. **Waivers**. The waiver by the Company or me of any right under this Agreement or of any failure to perform or any breach by the other shall not be deemed a waiver of any other right under this Agreement or of any other failure or any other breach by such party, whether of the same or a similar nature or otherwise. No waiver shall be deemed to have occurred unless set forth in writing executed by or on behalf of the waiving party. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

   e. **Governing Law**. This agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its principals of conflicts of law.

f. **Successors; Binding Agreement.** This Agreement and the rights and obligations of the Company and me under this Agreement shall inure to our benefit and to the benefit of our respective heirs, personal representatives, successors and assigns. I specifically agree that the Company may assign this Agreement to any successor.

g. **Entire Agreement.** This Agreement sets forth the entire agreement and understanding of the Company and me with respect of its subject matter, and supersedes all prior agreements, promises, covenants, arrangements, communications, representations or warranties, whether oral or written, by any officer, executive or representative of either party in respect of said subject matter.

h. **Capacity.** I represent and warrant that I am not a party to any agreement that would prohibit me from entering into this Agreement or performing fully my obligations under this Agreement.

Employee

Karen Iovino

Dated: 10/16/2015

Accepted and Agreed to:

MSA Security

By 

Name T.L. Scarito
Title Director, Human Resources