UNCLASSIFIED



ESP-18-03             Office of Evaluations and Special Projects             August 2018

# Management Assistance Report: Use of Confidentiality Agreements by a Department of State Contractor

**MANAGEMENT ASSISTANCE REPORT**

Exhibit A to Iovino's Motion to Dismiss MSA's Counterclaim

UNCLASSIFIED

## Summary of Review

An Office of Inspector General (OIG) investigation found that a Department of State (Department) contractor, MSA Security, Inc. (MSA), requires its employees to sign a confidentiality agreement that violates federal law. OIG recommends that the Department order MSA to modify or discontinue use of the confidentiality agreement or terminate the contract.

# BACKGROUND

OIG recently found that MSA requires its employees to sign a confidentiality agreement prohibiting disclosure of company information to external parties. The agreement does not include an exception that allows employees to report fraud, waste, or abuse to federal investigative or law enforcement entities, such as OIG.

# FINDINGS

Since 2015, Congress has annually enacted a provision that prohibits Federal agencies from using appropriated funds for any contract "with an entity that requires employees or contractors of such entity seeking to report fraud, waste, or abuse to sign internal confidentiality agreements or statements prohibiting or otherwise restricting such employees or contactors from lawfully reporting such waste, fraud, or abuse to a designated investigative or law enforcement representative of a Federal department or agency authorized to receive such information."[1] In order for a confidentiality agreement to be valid, it must have a carve out that specifically allows employees to report fraud, waste, or abuse to government officials.

The Federal Acquisition Regulation (FAR) implements this prohibition and states that in order to be eligible for a contract award, an offeror must represent that it will not require its employees or subcontractors to sign such an agreement.[2] The FAR states "any offeror that does not so represent is ineligible for award of a contract" and instructs the Contracting Officer to insert a clause into the contract containing this prohibition.[3]

In 2016, the Department awarded MSA Security a contract to operate the Canine Validation Center in Winchester, VA. OIG has learned that MSA requires its employees to sign an agreement that states:

---

[1] Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 743 (Dec. 16, 2014); Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 743 (Dec. 18, 2015); Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, § 743 (May 5, 2017); Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, § 743 (March 23, 2018).

[2] 48 C.F.R. § 3.909-2(a).

[3] 48 C.F.R. §§ 3.909-2(a), 3.909-3.

> During the term of my employment, and for all times thereafter, I will treat as confidential and, except as required in the performance of my employment duties and responsibilities, will not disclose, publish, use or otherwise make available to the public or to any individual, firm or corporation any confidential information.

The agreement broadly defines "confidential information" and contains no exceptions for the reporting of fraud, waste, or abuse. [4]

Because the MSA confidentiality agreements do not include an exception for disclosing fraud, waste, or abuse to a designated investigative or law enforcement representative, the Department is prohibited by law from expending any appropriated funds for a contract with MSA Security. Until MSA Security rescinds or modifies its confidentiality agreement, the Department is at risk of violating the Anti-Deficiency Act.[5]

# RECOMMENDATION

OIG makes one recommendation to the Bureau of Administration, Office of Logistics Management. Its complete response can be found in the appendix.

> **Recommendation 1:** The Bureau of Administration, Office of Logistics Management (A/LM) should order MSA Security, Inc. (MSA) to rescind its confidentiality agreements or to modify them to include an exception for reporting fraud, waste, or abuse to a designated investigative or law enforcement representative and to notify all employees regarding the rescission or modification. If MSA does not promptly rescind or modify these agreements, A/LM should terminate its contracts with MSA for default.
>
> **Management Response:** In its July 31, 2018, response, the Bureau of Administration, Office of Logistics Management, Office of Acquisitions Management (A/LM/AQM) concurred with the recommendation. The A/LM/AQM Contracting Officer "will issue a letter to the vendor

---

[4] The agreement defines "confidential information" as "all information financial, technical or otherwise in whatever form written, oral or otherwise which is disclosed to me or acquired by me in the course of my employment in any way concerning the trade secrets, projects, activities, business, clients, trade practices, know-how or affairs of the Company that provide the Company an economic advantage over its competitors, including, without limitation, all information concerning products, business formulas, discoveries, ideas, concepts, know-how, techniques, diagrams, flow charts, data, client preferences, history and other information, computer software, technology, operations, solutions, tools, marketing and development plans, investors, transactions, acquisitions, marketing plans, strategies and forecasts and other technical or business information, regarding existing and/or contemplated products, processes, techniques or know how, or any data or information developed by me pursuant to the performance of my services hereunder."

[5] 31 U.S.C. § 1341(a)(1)(A). The Department has no funds available for a contract with an entity that uses a prohibited confidentiality agreement, so any funds expended for such a contract would exceed the amount available for such an obligation. Government Accountability Office, *Antideficiency Act—Applicability to Statutory Prohibitions on the Use of Appropriations* (B-317450, March 23, 2009).

requesting MSA rescind or amend the confidentiality agreement with their employees." A/LM/AQM will "provide the vendor 60 days for employee notification and execution of agreements."

**OIG Reply:** The recommendation can be closed when OIG receives documentation that MSA has rescinded or modified its confidentiality agreement and notified all employees of the change.

# APPENDIX: MANAGEMENT RESPONSE



United States Department of State

Washington, D.C. 20520

UNCLASSIFIED

July 27, 2018

**MEMORANDUM**

TO: OIG/ESP – Jeff McDermott, Acting

FROM: A/LM – Jennifer A. McIntyre

SUBJECT: Draft Report on *Management Assistance Report: Use of Confidentiality Agreements by a Department of State Contractor*

Thank you for the opportunity to provide our comments on the subject draft OIG Management Assistance Report.

**Recommendation 1:** The Bureau of Administration, Office of Logistics Management (A/LM) should order MSA Security, Inc. (MSA) to rescind its confidentiality agreements or to modify them to include an exception for reporting fraud, waste, or abuse to a designated investigative or law enforcement representative and to notify all employees regarding the rescission or modification. If MSA does not promptly rescind or modify these agreements, A/LM should terminate its contracts with MSA for default.

**Management Response to Draft Report (07/27/2018):** The Bureau of Administration, Office of Logistics Management, Office of Acquisitions Management (A/LM/AQM) concurs with the recommendation. The A/LM/AQM Contracting Officer (CO) will issue a letter to the vendor requesting MSA rescind or amend the confidentiality agreement with their employees. A/LM/AQM will provide the vendor 60 days for employee notification and execution of agreements. The letter will be issued during fourth quarter of Fiscal Year 2018.

UNCLASSIFIED



# HELP FIGHT

## FRAUD. WASTE. ABUSE.

1-800-409-9926
www.stateoig.gov/hotline
If you fear reprisal, contact the
OIG Whistleblower Ombudsman to learn more about your rights.
OIGWPEAOmbuds@stateoig.gov

oig.state.gov

Office of Inspector General • U.S. Department of State • P.O. Box 9778 • Arlington, VA 22219