# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| KAREN IOVINO, )<br>)<br>    **Plaintiff and** )<br>    **Counterclaim Defendant,** )<br>v. )<br>)<br>)<br>)<br>)<br>MICHAEL STAPLETON ASSOCIATES, LTD., )<br>d/b/a MSA SECURITY, INC. )<br>)<br>    **Defendant and** )<br>    **Counterclaim Plaintiff** ) | Case No. 5:21-CV-00064-TTC<br><br>**DEFENDANT AND**<br>**COUNTERCLAIM PLAINTIFF'S**<br>**NOTICE PER**<br>**ORAL ORDER (ECF 51)** |

**MSA Has Not Treated Iovino's Motion to Dismiss the Counterclaim as a FRCP 12(d) Conversion to Summary Judgment and Does Not Wish For the Court To Do So**

    **A. The NDA Was Attached to MSA's Counterclaim.**

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint […]. However, the district court cannot go beyond these documents on a Rule 12(b)(6) motion." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

On May 16, 2022, MSA filed its Answer and Counterclaim. ECF 31. Attached as Exhibit 1 to MSA's Counterclaim was the "Employee Confidentiality, Invention Assignment and Non-Solicitation Agreement" between MSA and Iovino. *See* ECF 31-1. This Agreement is referred to in Iovino's Brief in Support of her Motion to Dismiss as "the NDA" (*See, e.g.,* ECF 36, pp. 3, 4-5, 7-10). In that brief, Iovino cites to MSA's Counterclaim when referring to the NDA. *See* ECF 36, p.4 (referencing "D-31-1″ at page 1). MSA also referred to the NDA (which was already in the record as an exhibit to MSA's Counterclaim) in its Opposition to Iovino's Motion to Dismiss. *See, e.g.* ECF 46, p. 8.

As an exhibit to MSA's Counterclaim, the NDA is unquestionably not "new evidence" -- and Iovino knows it is not. The first three pages of Plaintiff's opposition brief (ECF 48) are therefore based on a demonstrably false statement. It is well known that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FRCP 10(c). As such, referring to an exhibit to the very Counterclaim that Iovino seeks to have dismissed is referring to the Counterclaim itself. It is within the "four corners" of the pleading. As such, MSA has not "treated this matter as a Rule 12(d) conversion" (ECF 48, p. 3) and opposes any such conversion at this early stage in the litigation.

**B. As Indicated In MSA's Opposition, the Exhibit to Iovino's Motion to Dismiss -- and Iovino's Arguments Based on That Exhibit -- are Improper at This Stage.**

Iovino attached an exhibit to her Motion to Dismiss that was <u>not</u> previously attached to a pleading or otherwise in the record. MSA stated in its Opposition Brief that Iovino's introduction of new evidence in her Motion to Dismiss was improper and unacceptable to MSA. *See* ECF 46, p. 3 ("Plaintiff's response to MSA's counterclaim is not a Motion to Dismiss – it is a Motion for Summary Judgment. It seeks to introduce and discuss extrinsic evidence, assumptions of fact, and improper analysis that have no place in a Motion to Dismiss.") and pp. 12-14 (arguing that Section II.D. of the Iovino's Motion to Dismiss is wholly improper).

As such, Iovino's statement in her Reply that "[b]oth parties are treating Dr. Iovino's motion to dismiss the counterclaim as a Fed. R. Civ. P. 12(d) conversion to summary judgment proceedings" (ECF 48, p.1) blatantly misrepresents MSA's position.

**C. Iovino's Unorthodox Conduct Should Not Be Rewarded. The Court Should Disregard and/or Strike the New "Facts" and Evidence Introduced by Iovino.**

Iovino continued to flout well established rules and procedure by introducing new facts and evidence in her Reply brief.[1] *See* ECF 48, p. 5 (referring to "Undisputed Exhibits" that are attached thereto, ECF 48-1) While introducing new evidence in a reply brief is an unfortunate breach of procedure (*see Blick v. Shapiro & Brown, LLP,* 2018 WL 1547124, at *2, n.3 (W.D. Va. Mar. 29, 2018), it is particularly galling when the motion before the court is a Motion to Dismiss, which should only concern itself with the allegations made in the "four corners of the Complaint."

When faced with such conduct, the Court should not consider the extraneous materials and instead should only consider the four corners of the pleading. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

**D. Conversion is Not Proper at this Early Stage in the Litigation.**

Converting Iovino's Motion to Dismiss to a Motion for Summary Judgment "is not appropriate where the parties have not had an opportunity for reasonable discovery." *Id.* Here, the parties have only begun to exchange paper discovery and not a single deposition has been taken by either side. As such, MSA opposes the conversion of Iovino's Motion to Dismiss the Counterclaim to a Motion for Summary Judgment. Further, as proffered by counsel in MSA's Opposition, if the Court finds that MSA's Counterclaim is not adequately plead, MSA has ample additional facts that it can plead that would overcome any likely shortcomings. *See, e.g.,* ECF 46, pp. 9-10.

---

[1] In fact, Plaintiff went so far as to attempt to fashion her improper Reply brief as a Motion for Summary Judgment, complete with a slapdash and imprecise "Statement of Undisputed Facts and Exhibits" (ECF 48, pp. 4-5) that fails to meet the clear requirements laid out in this Court's Local Rules. *See* L.R. 56(b). Plaintiff's guerilla tactics should not be tolerated, much less rewarded.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: August 17, 2022 | */s/ Ryan C. Berry* |
|  | _____ |
|  | Ryan C. Berry (VSB 67956)<br>Daniel S. Ward (VSB 45978)<br>WARD & BERRY, PLLC<br>1751 Pinnacle Drive, Suite 900<br>Tysons, VA 22102<br>(202) 331-8160<br>(202) 505-7100 Fax<br>ryan@wardberry.com<br>dan@wardberry.com |
|  | *Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

> Nate L. Adams III
> Nate L. Adams III, P.C.
> ADAMS AND ASSOCIATES
> 11 South Cameron Street
> Winchester, VA 22601
> (504) 667-1330
> nadams@nadamslaw.com
>
> Jack Kolar
> GOVERNMENT ACCOUNTABILITY PROJECT
> 1612 K St. NW, Suite 1100
> Washington, DC 20006
> (202) 926-3311
> jackk@whistleblower.org
>
> Thad M. Guyer
> 116 Mistletoe Street
> P.O. Box 1061
> Medford, OR 97501
> (206) 954-1203
> thad@guyerayers.com

*/s/ Ryan C. Berry*
_____
Ryan C. Berry