Exhibit B



United States Department of State

Washington, D.C. 20520

September 16, 2022

VIA EMAIL

John A. Kolar
Government Accountability Project
1612 K Street, NW
Suite 1100
Washington, DC 20006
jackk@whistleblower.org

    Re:    *Touhy* Request of Ms. Karen Iovino
             *Iovino v. Michael Stapleton Associates, Ltd.*,
             Case No. 5:21-CV-0064-TTC (W.D. Va)

Counsel:

In furtherance of previous communications since and relating to the *Touhy* request submitted to the Department of State on behalf of your client Ms. Karen Iovino in the context of the above-referenced litigation, the Government has endeavored to understand the equities and marshal available resources in order to make best efforts consistent with the *Touhy* regulations. *See generally* 22 C.F.R. Part 172.

First, the Government has already expended substantial resources reviewing and researching issues that have been brought to its attention including, but not limited to, requests to Michael Stapleton Associates, Ltd. (MSA) and the Government for the production of protected Government information. As MSA is a government contractor and not an employee of the Government, MSA is not in a position to produce to third-parties such documents that are subject to Government protections without the Government's review and appropriate protections. *See* 22 C.F.R 172.8(a)(2).

Second, it appears that the proper and manageable scope of such requests and the respective production of documents would consist of the Government's "administrative record" of the prior proceedings referenced in your client's *Touhy* request – we understand those prior proceedings are numbered OIG Whistleblower

Case 2017-0044. That record is being reviewed and will be produced once it is available, subject to protections (if any) relating to its contents.

Third, to the extent that protected documents are being sought that fall outside the administrative record, the Government is requesting that MSA provide for the Government's review of those protected Government documents that are relevant to the above litigation and responsive to your client's pending discovery requests. Once MSA provides their proposed production, the extent of resources needed to process those documents can be ascertained, and the Government will be able to provide feedback with careful consideration of the *Touhy* regulations and the need for the protection of such documents. *See,* e.g., 22 C.F.R. 172.8(a)(1), (4), (5), (7).

Fourth, it appears that the parties and their respective counsel are engaged in vigorous discussions regarding the proper scope and conditions of discovery. Given the Government's limited resources, the expansive scope of the subject *Touhy* request, and the apparent overlap between the requested discovery and the *Touhy* request, it appears that Government resources would be properly preserved pending resolution of the parties' discovery issues. *See*, e.g., 22 C.F.R. 172.8(a)(1), (4), (5), (7).

Fifth, and related to the immediately preceding point, the attachment to your client's *Touhy* request is substantially overbroad and outside the knowledge of third-parties to the litigation, such as the Government. For example, many of the listed requests define themselves by reference to pleadings and other litigation-specific documents that cannot be responded to by the Government, particularly where, as here, the Government is not in possession of such litigation documents. Further, and consistent with the *Touhy* regulations, the Government is committed to remaining impartial regarding the parties' competing allegations and litigation. *See* 22 C.F.R. 172.8(a)(6).

Sixth, the Office of the Legal Adviser has consulted with the Department of State office that handles Freedom of Information Act (FOIA) requests. We have been informed that your law firm has submitted multiple FOIA requests that appear to overlap in substantial part with your client's *Touhy* request. If this is accurate, it appears that the Government is being asked to duplicate efforts in response to these requests. Duplication would be wasteful and otherwise inappropriate, contrary to the *Touhy* regulations. *See*, e.g., 22 C.F.R. 172.8(a)(1), (4), (5), (7). You are encouraged to advise of the specifics.

Seventh, it has very recently been brought to the Government's attention that proceedings in the litigation are potentially seeking the disclosure of protected Government information including, but not limited to, deposition(s). Moreover, there apparently are vigorously contested issues regarding the protection of Government information including, *inter alia*, considerations of one or both of the parties' use of such information without an appropriate protective order in place. Therefore, the Department of State has reached out to the Department of Justice for feedback, as the Department of Justice has exclusive jurisdiction to represent the Department of State in proceedings pending before the federal courts. During the interim, it is requested that such proceedings be rescheduled until we have an opportunity to further consult with the Department of Justice.

As discussed herein, there are multiple issues that must be addressed before the Department of State can officially respond to your *Touhy* request and the potential impact on resources. Your feedback will assist in this process.

Sincerely,

_____/s/_____
Randal Wax
Attorney-Adviser
Office of the Legal Adviser
for Buildings and Acquisitions
waxr@state.gov

cc (via email):   Daniel Ward
dan@wardberry.com
Counsel for MSA

3