**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| **KAREN IOVINO,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**MICHAEL STAPLETON ASSOCIATES, LTD. d.b.a. MSA SECURITY, INC.,**<br><br>*Defendant.* | Case No. 5:21-CV-00064-TTC |

## RULE 72(a) OBJECTIONS TO MAGISTRATE PROTECTIVE ORDERS

## I. SUMMARY OF OBJECTIONS

Pursuant to FRCP 72(a), Plaintiff files these objections to two orders entered by the Magistrate Judge:

> (1) ECF Dck. # 66 entered October 13, 2022: "ORAL ORDER granting 64 Motion for Protective Order, for the reasons stated during the October 12 hearing. *** *This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. (JCH)*" (Court's emphasis).

> (2) ECF Dck. # 67 entered October 13, 2022: "Confidentiality Order: IT IS HEREBY ORDERED, that the following provisions of this Confidentiality Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "Action")."

As to Order (1), FRCP 72(a) requires a magistrate when "appropriate" to "issue a written order stating the decision", whereupon any "party may serve and file objections to the order within 14 days after being served with a copy".[1] But in this case the clerk simply made minute entry #66. It is not appropriate to enter a Rule 26(c) protective order orally, but is an abuse of discretion. Any action by a magistrate that impairs Rule 72(a) review is an abuse of discretion. Said oral order gave no explanation other than "the reasons stated during the October 12 hearing". However, the magistrate made no "good cause" findings to enter protective order provisions to which Plaintiff objected. As explained in her Opposition to Motion for Protective Order (ECF # 65), the Court cannot enter any protective order provision without the requisite finding of "good cause" under Rule 26(c). There is nothing in the oral record addressing good cause for Paragraph 2(a)(iii) of Defendant's proposed protective order (ECF # 64) which gave *carte blanche* to umbrella "confidential" stamping of all government contract records irrespective whether they have any individual indicia at all of confidentiality.[2]

---

[1] *See, Wall v. Rasnick*, 42 F.4th 214, 221 (4th Cir. 2022) (reversing Judge Cullen's sustaining of magistrate's "one-page order provid[ing] no explanation of how she reached [her] conclusion *** [and] no reasoning as to why".) The magistrate has not yet ruled on Plaintiff's Motion to Enter Rule 72(a) Written Order (ECF # 68).

[2] See, *United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 567-68 (E.D. Va. 2010) ("the protective order violates Rule 26(c) by delegating the good cause determination to the parties, thereby erasing the rule's requirement that there be a *judicial* determination of good cause"). In the oral record, the AUSA stated the

As to Order (2), entry of "Confidentiality Order" #67, Paragraph 2(a)(iii) is clearly erroneous under the law and facts.[3] As explained in her Opposition to Motion for Protective Order (ECF # 65), Confidentiality Order" #67 also contains no "good cause" findings. More specifically, Paragraph 2(a)(iii) of said order was entered without any "good cause" finding, and over Plaintiff's specific oral objection during the hearing and by her ECF # 65 written objections immediately thereafter. To the contrary, Order # 67 dispenses with "good cause" in favor granting the Defendant and Department of State (DoS) the unfettered right to designate almost all documents in the case "Confidential" simply because MSA asserts that DoS considers all government contract documents to be "government property" and "confidential".[4]

---

government "does not have a dog in this fight" over the protective order, and made no request for the Para. 2(a)(iii) umbrella provision.

[3] The "Confidentiality Order" #67 does not state that it is a Rule 26(c) "protective order".

[4] Paragraph 2 of Order" #67 provides:

> When used in this Order, the term: (a) "Confidential Information" shall mean all documents and testimony, and all information contained therein, containing: (iii) *Any* documents *deemed Confidential Information by the United States Government*, including, but not limited to documents *related to* Contract No. SAQMMA16D0106.

(Emphasis added).

## II. ARGUMENT

### A. <u>The Magistrate's Orders Cannot Survive the Rule 72(a) Review Standard for Rule 26(c) Protective Orders</u>:

"In reviewing nondispositive written orders issued by a magistrate judge, a district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a)". *Wall v. Rasnick*, 42 F.4th 214, 217 (4th Cir. 2022). Silent magistrate adjudication will almost always be insufficient in fully disposing of an important non-dispositive motion and objection. As the *Rasnick* court held at 222:

> The district court therefore abused its discretion by silently denying Wall's objections where the magistrate judge's reasoning amounts to guesswork and the underlying factual record is incomplete. *Cf. Bailey v. Christian Broad. Network*, 483 F. App'x 808, 811 (4th Cir. 2012) (per curiam) (remanding where the magistrate judge failed to expressly rule on critical issues related to discovery sanctions, and the district court summarily overruled the plaintiff's objections without explanation, as the "record [was] insufficient to permit meaningful judicial review").

Not entering a written order making and explaining a "good cause" determination is per se both an abuse of discretion and clear legal error. As explained in *United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010):

> Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Fed. Election Comm'n v. Christian Coalition*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). As a nondispositive matter, the magistrate judge's discovery order is

> properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, LP*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

The magistrate's task was to determine if MSA factually sustained its "burden of establishing 'good cause' by demonstrating that specific prejudice or harm will result if no protective order is granted." *United States ex rel. Davis v. Prince, id*.[5] Where as here a party has not even argued "good cause" to the court regarding the Para. 2(a)(iii) umbrella protective order provision being disputed, simply adopting MSA's proposed order containing that provision could not meet the requirement of a "good cause" finding. As *United States ex rel. Davis v. Prince, id*. at 566-68 found:

> Under Rule 26(c), a district court may issue a protective order only upon a finding of good cause. ******* Such an order—commonly referred to as an "umbrella" order—is faithful to Rule 26(c)'s good cause requirement because a judge has made a determination *in the first instance* that there is good cause to protect documents falling into a particular category. *** Here, the protective order violates Rule 26(c) by delegating the good cause determination to the parties, thereby erasing the rule's requirement that there be a *judicial* determination of good cause.

(Emphasis added). Here the magistrate made no such good cause finding "in the first instance" or since.[6]

---

[5] See also cases collected in *Macias v. Monterrey Concrete LLC*, Civil Action No. 3:19cv830, 2020 U.S. Dist. LEXIS 202942, at *5 (E.D. Va. Oct. 30, 2020).

[6] Protective order para. 2(a)(iii) of the named *Department of State contract* actually has an *umbrella within an umbrella* provision with the phrase "including, but not

**B. <u>MSA Cannot Sustain Its Burden of Demonstrating specific prejudice or harm if Para. 2(a)(iii) Umbrella Provision is not Entered</u>:**

Because the record contains no justification that MSA or the United States would suffer any harm from not having the protection of the Para. 2(a)(iii) umbrella within an umbrella provision, the magistrate's order adopting that paragraph must be vacated.[7] Nor does the record contain sufficient facts for the district judge to adopt that paragraph. The DOJ made an appearance at the magistrate's hearing. Until the hearing MSA had claimed it was doing the bidding

---

limited to" [*a]ny documents* deemed Confidential Information *by the United States Government"*. (Emphasis added). This is impermissible as held in *Aviles v. BAE Sys. Norfolk Ship Repair, Inc.*, No. 2:16cv58, 2017 U.S. Dist. LEXIS 229866, at *4 (E.D. Va. Aug. 28, 2017):

> Second, in the proposed protective order's listing of categories of confidential information, BAE Systems — NSR seeks to include a catch-all category comprising "other information that a Party in good faith designates as confidential as defined in Rule 26(c) or herein." Plaintiff opposes the use of such language, arguing that it contravenes Rule 26(c)'s good cause requirement and improperly delegates judicial authority to BAE Systems — NSR. The Court agrees.

(Internal citations omitted).

[7] In the magistrate's hearing, MSA declined to argue over *Touhy* issues in proposed para. 23 or over umbrella issues under para. 2(a)(iii). MSA would only argue over Attorney's Eyes Only (AEO) issues. Nor did MSA respond to Plaintiff's Opposition ECF # 65 on these issues. MSA has thus waived any arguments over para. 2(a)(iii). As set forth below, the magistrate sustained Plaintiff's objections over AEO, struck MSA's proposed *Touhy* roadblocks, and made several lesser modifications Plaintiff requested.

of the DoS but after the AUSA stated in the teleconference that DoS "does not have a dog in this fight", MSA ceased making that claim without explicitly conceding it. Thus, without any explanation, the magistrate deemed as confidential records that the DOJ took no position on as to confidentiality.[8] Any such umbrella confidentially designation may seem absurd in view of DoS own public disclosures about the contract and program at issue.[9]

Pursuant to 48 C.F.R. § 52.203-19, MSA claimed in its Opposition to Motion to Dismiss Counterclaim [ECF Doc. # 46] that its confidentiality rules were promulgated "at the behest of a Federal agency".[10] In paragraphs 9 to 11 of its Counterclaim [ECF Doc. #31, p.41], MSA asserted that this confidentiality rule is the product of government fiat. Para. 11 pleaded:

---

[8] At the hearing the magistrate was inclined to consider only Plaintiff's categorical objections to any use by MSA of an "Attorney's Eyes Only" designation on any of the government documents. The magistrate sustained that objection. After the hearing and Plaintiff's objections , however, the magistrate sustained most of Plaintiff's objections in her Opposition to Motion for Protective Order (ECF #65) including (a) MSA's demand that DoS *Touhy* procedures would relieve it of Rule 34 obligations to produce contract documents, and (b) para. 2(a)(iv) umbrella allowing MSA to use "any other" legal basis to use the confidentiality designation.

[9] See Objection Exhibits # 1 (2010 OIG report), # 2 (2019 OIG report), and # 3 (Senator Warner's 2022 letter to DoS).

[10] At the "behest" of means "a command, injunction, bidding, "*Progressive Cas. Ins. Co. v. FDIC*, 80 F. Supp. 3d 923, 947 (N.D. Iowa 2015), or "an order, command, or earnest request". *Bernstein v. Genesis Ins. Co*., 90 F. Supp. 2d 932, 938 (N.D. Ill. 2000). It does not mean an ordinary contract provision.

> Pursuant to the confidentiality requirements in MSA's State Department contract, MSA entered into a "Employee Confidentiality, Invention Assignment and Non-Solicitation Agreement" with Iovino.

MSA further elaborated in its Opposition to Motion to Dismiss Counterclaim [ECF Doc. #46, p. 15]:

> The restrictions found in the NDA are required by the DoS. The *broad restriction on disclosure* as to all matters pertaining to Plaintiff's duties and functions, and any knowledge gained by reason of performance of her services, was *a flow-down requirement from DoS's* contract with MSA. These restrictions are not arbitrary – *they are required by the DoS*.

(Emphasis added). MSA's Opposition insisted it must follow the DoS contract and implement the following "Special Contract Requirements", i.e. contract provision H-009 labelled "Safeguarding Information" from contract number SAQMMA16D0106 dated December 17, 2016, in support of enforceability:

> All documents and records (including photographs) generated during the performance of work under this contract shall be for the sole use of and *become the exclusive property of the U.S. Government.* Furthermore, no article, book, pamphlet, recording, broadcast, speech, television appearance, film or photograph concerning any aspect of work performed under this contract shall be published or disseminated through any media without the prior *written authorization of the Contracting Officer*. These obligations do not cease upon the expiration or termination of this contract.

(ECF Doc. #46, p. 15, Emphasis added).

Except as to classified information under an executive order or specific authority from Congress, MSA and DoS are subject to Rule 26 and Rule 34. Had DoS informed the magistrate that it did have a dog in the fight and was asserting

umbrella confidentiality, its position would have been frivolous. Neither DoS, nor MSA as its would-be proxy, could impose its contract provisions and document ownership on the court by inventing confidentiality barricades against the public that Congress has not authorized.

In *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 397, 135 S. Ct. 913, 922-23 (2015), a case brought by Plaintiff's counsel Government Accountability Project in this present case, the Court held that DHS could not enforce a sensitive information gag on an air marshal whistleblower unless Congress gave the department that authority and the department then enacted rules or regulations to enforce that gag. Congress has not given DoS the authority to deem *confidential* all documents *it owns*, nor did the AUSA assert such authority at the hearing. While a federal agency can properly deem itself the owner of government records, no federal agency absent clear Congressional authority can simply deem all those owed records "confidential". Ownership and confidentiality are two different things under federal discovery rules.

Under separation of powers, the judiciary does not defer to the executive on confidentiality determinations. See, *United States v. Reynolds*, 345 U.S. 1, 9-10, (1953) ("[j]udicial control over the evidence in a case cannot be abdicated to the caprice of executive officers"); *Sperandeo v. Milk Drivers & Dairy Employees Local Union* No. 537, 334 F.2d 381, 383 (10th Cir.1964) (Federal agencies are

bound by the discovery rules in the same manner as any other litigant.); *Forstmann Leff Associates, Inc. v. American Brands, Inc.*, 1991 WL 168002 (S.D.N.Y.1991) ("while section 510.5(b) permits the OTS to withhold documents from disclosure on the basis of privilege, it is the court's function to determine whether such documents must be produced."); and *Merchants Nat 'l Bank and Trust Co. of Fargo v. United States*, 41 F.R.D. 266, 268 (D.N.D.1966) ("[w]hile the statute gives the Secretary the right to restrict disclosure, Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.' "). 145 F.R.D. *id*.

In *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 n.3 (D. Colo. 1992), a Rule 34 request was directed to the Resolution Trust Corporation (RTC), a U.S. government entity. The defendant Deloitte sought documents owned by a separate government agency, the Office of Thrift Supervision (OTS). The RTC objected on the grounds that (a) OTS and RTC are separate and distinct legal entities; (b) by regulation and agreement, all OTS documents remain its property and may not be released by RTC; and (3) OTS prohibited the disclosure to third parties of any information or documents owned by OTS. 145 F.R.D. at 109-110. The *Deloitte* court held that because RTC had control over the OTS' documents it could be compelled to produce them. The court ruled that Deloitte should not be

relegated to the much more cumbersome procedure of serving a subpoena on the OTS and then litigating any objections.[11]

## III. CONCLUSION

Plaintiff's objections to magistrate orders ECF # 66 and # 67 should be sustained. The matter should be remanded to the magistrate to make factual and legal determinations as to whether Rule 26(c) "good cause" exists as to paragraph 2(a)(iii) of the "Confidentiality Order".

Respectfully submitted,

/s/ Thad M. Guyer

_______________________________

Thad M. Guyer
T.M. Guyer and Ayers & Friends, PC

John A. Kolar
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K Street, N.W. Suite 1100
Washington, D.C. 20006

Attorneys for Plaintiff

[11] The Deloitte court applied *Societe Internationale v. Rogers*, 357 U.S. 197 (1958) ("Societe"). Societe brought suit against the government under the Trading with the Enemy Act. The government sought documents from the Societe pursuant to Rule 34 that were in the possession of a Swiss banking firm. Societe refused to comply with the request for production because Swiss law prohibited such disclosure. The Supreme Court rejected the Societe's contention holding that the judiciary's power under discovery rules governed.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the below listed counsel for the Defendant at the address and by the methods indicated on October 27, 2022:

Ryan C. Berry (VSB 67956)
Daniel S. Ward (VSB 45978)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
ryan@wardberry.com dan@wardberry.com

Krista Consiglio Frith (Bar No. 89088)
Assistant United States Attorney
P. O. Box 1709
Roanoke, VA 24008-1709
E-mail: Krista.Frith@usdoj.gov

Methods of Service:

ECF Notification: Yes
Email: Yes
US Mail: No

/s/ Thad M. Guyer

Thad M. Guyer