UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| DR. KAREN IOVINO, | ) ) ) | |
| *Plaintiff and Counterclaim Defendant,* | ) ) ) | Case No. 5:21-CV-00064 |
| v. | ) ) ) | Hon. Thomas T. Cullen, U.S.D.J. Hon. Joel C. Hoppe, U.S.M.J. |
| MICHAEL STAPLETON ASSOCIATES, LTD., *d.b.a.* MSA SECURITY, INC., | ) ) ) | |
| *Defendant and Counterclaim Plaintiff.* | ) ) ) ) | |

**DECLARATION OF JOHN A. KOLAR IN SUPPORT OF PLAINTIFF DR. KAREN IOVINO'S MOTION FOR AN ORDER COMPELLING DISCOVERY RESPONSES FROM DEFENDANT MICHAEL STAPLETON ASSOCIATES, LTD., d.b.a. MSA SECURITY, INC., PURSUANT TO FED. R. CIV. P. 37(a)(3)(B)(iv)**

1. I am John A. Kolar, an attorney for Plaintiff and Counterclaim Defendant Dr. Karen Iovino in this lawsuit. I have been practicing law for approximately 45 years, first as a paralegal and trial attorney at the U.S. Department of Justice for approximately 40 years, then for 5 years as Director of Litigation for the Government Accountability Project.

2. I am competent to testify on personal knowledge to the contents of this Declaration.

3. Exhibit A attached hereto are relevant, true and correct, pages of Defendant MSA's contract SAQMMA16D0106 with the U.S. Department of State (DoS).

1

4. Exhibit B is a true and correct copy of Plaintiff's First Set of Requests for Documents.

5. Exhibit C is a true and correct copy of Defendant's MSA's Responses to Iovino's First Set of Requests for Production.

6. Exhibit D is a true and correct copy of Plaintiff's Second Requests for Documents.

7. Exhibit E is a true and correct copy of MSA's Responses to Iovino's Second Set of Document Requests.

8. Exhibit F is a true and correct copy of MSA's Responses to Iovino's First Interrogatories.

9. Exhibit G is a true and correct copy of Excerpts from Transcript of 10-12-2022 Hearing before Judge Hoppe.

10. Exhibit H is a true and correct copy of a Declaration by Gerald Goss tendered by MSA in OIG Whistleblower Case 2017-0044 which was the DoS OIG's administrative investigation of Dr. Iovino's complaint under 41 U.S.C. 4712.

11. Exhibit I is a true and correct copy of a Declaration by Alan Bower tendered by MSA in OIG Whistleblower Case 2017-0044 which was the DoS OIG's administrative investigation of Dr. Iovino's complaint under 41 U.S.C. 4712.

12. To date, MSA has only produced 41 pages of documents in response to Dr. Iovino's discovery requests served in May 2022. In contrast, Dr. Iovino has produced almost 6,000 pages to MSA.

13. Exhibit J is an exchange of emails between Thad Guyer, counsel for Dr. Iovino, and Dan Ward, counsel for MSA, Re Ongoing Lack of DoS Cooperation in Iovino Search TermsEmails and Texts.

14. Exhibit K is a true and correct copy of additional pages of the Transcript of 10-12-2022 Hearing before Judge Hoppe.

15. On August 29, 2022, Mr. Thad Guyer, counsel for Dr. Iovino, conferred with Mr. Dan Ward, counsel for Defendant MSA, re discovery of Electronically Stored Information (ESI). From the 23 individuals listed in Dr. Iovino's initial Rule 26(a)(1) disclosure, Mr. Guyer agreed that MSA could limit its initial ESI screening to five individuals. Mr. Guyer also agreed that MSA could narrow the time frame for its screening to ESI from October 2015 to August 2017.

16. On October 24, 2022, Mr. Thad Guyer and I held a meet and confer telephone call with Mr. Dan Ward regarding ESI. Mr. Ward reported that MSA's initial screening had produced approximately 77,000 items of ESI for those five individuals in that time period. Mr. Ward suggested, and we agreed, to come up with an additional key word list to narrow the "hits."

17. Also on October 24, 2022, I asked Mr. Ward to advise of the number of emails for each of the 5 custodians, out of the total of 77,000. Mr. Ward has, to date, not supplied that information.

18. On the same day, October 24, 2022, Mr. Guyer sent Mr. Ward list of 115 key terms to use against the 77,000 items. That list is appended to this Declaration as Exhibit L. Mr. Ward responded that 115 search terms was, in his opinion, unreasonable, and asking that Dr. Iovino whittle her list down to 25 terms. Mr. Guyer wrote back that in a case involving a tranche of almost 80,000 ESI items, 115 search terms was reasonable.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 9, 2022.

                                      */s/ John A. Kolar*
                                      John A. Kolar