Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KAREN IOVINO,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL STAPLETON ASSOCIATES, LTD.<br>d.b.a. MSA SECURITY, INC.,<br><br>*Defendant.* | CASE NO. 5:21-cv-00064-TTC |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT**

Pursuant to Federal Rules of Civil Procedure (Rules) 26 and 33, Plaintiff Dr. Karen Iovino, by her undersigned attorneys, hereby propounds this First Set of Requests for Production of Documents to Defendant Michael Stapleton Associates, Ltd. d.b.a. MSA Security, Inc. (MSA).

**Definitions**

A. "Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies, or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

1

B. "Document" and "documents" means all records, papers, and books, transcriptions, pictures, drawings or diagrams of every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

C. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda,

or other forms of communications, including but not limited to both oral and written communications.

D. "Produce" and "provide" mean to provide either the original or a legible true copy of the original.

E. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

F. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

G. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly ascertain, recognize, or recognize it as a person or thing in a Request for production and shall include, without limitation, the following information with respect to each such document:

    1. The date appearing on such document, and if it has no date, the the answer shall so state and shall give the date or approximate date such document was prepared;

    2. The identity or descriptive code number, file number, title or label of such document;

3

3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

4. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

6. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

H. "Anything(s) of value" as used herein has the same meaning as this term has as used in 18 U.S.C. § 201, and includes but is not limited to goods, services, loans, advances, gifts, financial accounts, money, meals, entertainment, sexual services, tickets, travel, lodging, tangible and intangible assets, and/or benefits of any kind whatsoever.

**Instructions**

1. You are to produce all non-privileged documents in electronic form or hard copy form on or before June 9, 2022 to John A. Kolar, Government Accountability Project, Inc., 1612 K Street, N.W., Washington, DC 20006, and/or Jackk@whistleblower.org.

2. If you withhold any document(s) requested herein, or responsive hereto, based upon a claim of privilege, or for any other reason whatsoever, provide a *Vaughn* index for such document(s).

### FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1** – Produce all documents referenced in paragraph II.a. of Defendant's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated February 25, 2022.

**REQUEST NO. 2** -- Produce all documents referenced in paragraph II.b. of Defendant's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated February 25, 2022.

**REQUEST NO. 3** – Produce all communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within the Office of Acquisitions Management, U.S. Department of State ("AQM"), in any way related to or discussing Karen Iovino.

**REQUEST NO. 4** – Produce all communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within the Bureau of Diplomatic Security, U.S. Department of State, in any way related to or discussing Karen Iovino.

**REQUEST NO. 5** -- Produce all communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within the U.S. Department of State ("DoS"), in any way related to or discussing Karen Iovino.

**REQUEST NO. 6** -- All communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within DoS's Office of Inspector General ("OIG"), in any way related to or discussing Karen Iovino.

**REQUEST NO. 7** – Produce all communications and documents authored, sent, or received by any of the following individuals in any way related to or discussing Karen Iovino: Alan Bower, Zane Roberts, Mark Potter, Garrett Lancaster, Mike Hayes, Mike Ratcliff, Jennifer Houston, Ben Orndorff, Carolyn Olech, Brett Harshbarger, Jonah Ballenger, Lee Palmer, Peter Deegan, Amy Callihan, Candace McCall, and Gerald Goss.

**REQUEST NO. 8** – Produce all communications and documents authored, sent, or received by any of the following individuals in any way related to or discussing Karen Iovino: Josh Carter, Cathy Read, Loren Bachman, Anna Garcia, James Olds, and Sharon James.

**REQUEST NO. 9** -- Produce organization charts showing the organization of MSA, the Canine Validation Center (CVC), and the Anti-Terrorism Assistance Program (ATA) during the period from 2015 to 2022.

**REQUEST NO. 10** -- Produce maps, diagrams, and floor plans showing the physical premises utilized by MSA for operations of the Canine Validation Center (CVC), and the Anti-Terrorism Assistance Program (ATA) during the period from 2015 to 2022, and for the MSA's campus in or around Winchester, Virginia during that time period.

**REQUEST NO. 11** – Produce the contracts between MSA and any and all of its components and the U.S. Department of State relating to the CVC and the ATA.

**REQUEST NO. 12** – Produce all personnel files and documents MSA created and maintained regarding Karen Iovino.

**REQUEST NO. 13** – Produce MSA's employee manuals during the period from 2015 to 2022.

**REQUEST NO. 14** – Produce MSA's procedures for employees in reporting suspected fraud, waste, or abuse during the period 2015 to 2022.

**REQUEST NO. 15** – Produce MSA's procedures for evaluating employees' performance during the period from 2015 to 2022.

**REQUEST NO. 16** – Produce all communications and documents relating to anything of value provided by MSA, and any of its directors, officers, owners, employees, agents, and representatives, to any employee or representative of the Department of State.

**REQUEST NO. 17** – Produce all communications and documents relating to the performance of Jennifer Houston, and complaints by Dr. Iovino and other MSA personnel regarding her possibly being impaired by alcohol or drugs while being on the job at the CVC and/or ATA program.

**REQUEST NO. 18** – Produce all documents regarding Josh Carter's use of a room on MSA's campus for residential and/or sleeping quarters and/or to store his personal belongings such as clothing, and any payment Mr. Carter made to MSA for such use.

**REQUEST NO. 19** – Produce all documents regarding Josh Carter's use of a truck, automobile, or other vehicle owned, leased, or operated by MSA, the purposes for which it was used, and any payment Mr. Carter made to MSA for such use.

Respectfully submitted,

Date: May 10, 2022

/s/ Nate L. Adams, III
VSB No. 20707
Nate L. Adams, III, P.C.
ADAMS AND ASSOCIATES
11 S. Cameron Street
Winchester, VA 22601
(540) 667-1330
nadams@nadamslaw.com

/s/ Jack Kolar

7

                                          John A. Kolar (DC Bar No. 953292)
Government Accountability Project
1612 K Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 966-3311
Jackk@whistleblower.org
(Admitted *pro hac vice*)