Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-CV-00064-TTC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, LTD., | ) | DEFENDANT'S RESPONSES |
| d/b/a MSA SECURITY, INC. | ) | AND OBJECTIONS TO |
| | ) | PLAINTIFF'S FIRST SET OF |
| | ) | REQUESTS FOR PRODUCTION |
| Defendant. | ) | OF DOCUMENTS |

Plaintiff Michael Stapleton Associates, Ltd., ("Plaintiff" or "MSA"), by counsel, and pursuant to the Federal Rules of Civil Procedure 34(b)(2), provides the following Responses and Objections to Defendant Karen Iovino's ("Defendant" or "Iovino") First Set of Requests for Production of Documents.

**PRELIMINARY STATEMENT**

Defendant makes the objections set forth herein subject to and without waiver of: (1) all questions as to the admissibility into evidence of the responses; (2) the right to object further to discovery directed to the subject matter of Plaintiff's requests; (3) the right to make additional objections or to seek protective orders in the event that additional review of files and pretrial preparation results in further information; (4) the right to revise, correct, add to or clarify any of the responses and/or objections contained herein, consisted with the Federal Rules of Civil Procedure; and (5) the attorney-client privilege and/or work product doctrine to the extent that any request seeks, or may be construed to seek, any response that is immune from discovery by reason of the attorney-client privilege and/or work product doctrine.

1

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

A. Defendant objects to each instruction and definition to the extent that it purports to impose any requirement or discovery obligation greater than those found in the Federal Rules of Civil Procedure and/or the applicable Rules and Orders of the Court.

B. Defendant objects to each instruction and definition to the extent that it seeks any privileged documents including, but not limited to, those protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

C. Defendant objects to each instruction and definition as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendant. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for Defendant.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. Produce all documents referenced in paragraph II.a. of Defendant's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated February 25, 2022.

**RESPONSE:** Defendant objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Plaintiff requests "all documents referenced"; however, Defendant did not reference

2

any particular documents in paragraph II.a. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

2. Produce all documents referenced in paragraph II.b. of Defendant's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated February 25, 2022.

**RESPONSE:** Defendant objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Plaintiff requests "all documents referenced"; however, Defendant did not reference any particular documents in paragraph II.b. Additionally, Defendant objects to this Request to the extent it seeks documents and/or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Without waiving these objections, Defendant will produce any materials from the Administrative Record in its possession, custody and control.

3. Produce all communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within the Office of Acquisitions Management, U.S. Department of State ("AQM"), in any way related to or discussing Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it calls for production of duplicate copies of documents. All documents requested are duplicative of that requested in Request No. 5. The AQM is a component of the DoS. Defendant further objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to

3

the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

4. Produce all communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within the Bureau of Diplomatic Security, U.S. Department of State, in any way related to or discussing Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it calls for production of duplicate copies of documents. All documents requested are duplicative of those requested in Request No. 5. The Bureau of Diplomatic Security is a component of the DoS. Defendant further objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

5. Produce all communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within the U.S. Department of State ("DoS"), in any way related to or discussing Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks documents that are already in Plaintiff's possession and thus are equally accessible and available to Plaintiff. Defendant also objects to this Requests to the extent that it seeks documents protected by the attorney-client privilege or as attorney work product, prepared in connection with settlement discussions, prepared in anticipation of litigation or for trial, or not otherwise within the scope of permissible discovery under the Federal Rules of Civil Procedure and the Rules of this Court. Any

inadvertent disclosure or production of information and/or documents shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product doctrine or immunity that may attach thereto. Defendant further objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

6. All communications and documents exchanged between MSA, and any of its directors, officers, owners, employees, agents, and representatives, and any person within DoS's Office of Inspector General ("OIG"), in any way related to or discussing Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it calls for production of duplicate copies of documents. All documents requested are duplicative of that requested in Request No. 5. The Office of Inspector General is a component of the DoS. Defendant further objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

7. Produce all communications and documents authored, sent, or received by any of the following individuals in any way related to or discussing Karen Iovino: Alan Bower, Zane Roberts, Mark Potter, Garrett Lancaster, Mike Hayes, Mike Ratcliff, Jennifer Houston, Ben Orndorff, Carolyn Olech, Brett Harshbarger, Jonah Ballenger, Lee Palmer, Peter Deegan, Amy Callihan, Candace McCall, and Gerald Goss.

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

8. Produce all communications and documents authored, sent, or received by any of the following individuals in any way related to or discussing Karen Iovino: Josh Carter, Cathy Read, Loren Bachman, Anna Garcia, James Olds, and Sharon James.

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

9. Produce organization charts showing the organization of MSA, the Canine Validation Center (CVC), and the Anti-Terrorism Assistance Program (ATA) during the period from 2015 to 2022.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information from an unreasonable time period. Plaintiff only worked for Defendant between the years 2015 and 2017. Defendant will provide documents responsive to this request to the extent that they do not provide information or documents subject to confidentiality restrictions of a third party and subject to the entry of an order to protect the confidentiality of documents that are of a sensitive and/or personal nature and/or are confidential business documents.

10. Produce maps, diagrams, and floor plans showing the physical premises utilized by MSA for operations of the Canine Validation Center (CVC), and the Anti-Terrorism Assistance Program (ATA) during the period from 2015 to 2022, and for the MSA's campus in or around Winchester, Virginia during that time period.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Defendant further objects to this Request to the extent that it seeks information from an unreasonable time period. Plaintiff only worked for Defendant between the years 2015 and 2017.

11. Produce the contracts between MSA and any and all of its components and the U.S. Department of State relating to the CVC and the ATA.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity.

12. Produce all personnel files and documents MSA created and maintained regarding Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Without waiving these objections, Defendant will produce documents responsive to the request regarding Plaintiff's personnel files subject to the entry of an order to protect the confidentiality of documents that are of a sensitive and/or personal nature and/or are confidential business documents.

13. Produce MSA's employee manuals during the period from 2015 to 2022.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information from an unreasonable time period. Plaintiff only worked for Defendant between the years 2015 and 2017. Without waiving these objections, Defendant will provide documents responsive to this request subject to the entry of an order to protect the confidentiality of documents that are of a sensitive and/or personal nature and/or are confidential business documents.

14. Produce MSA's procedures for employees in reporting suspected fraud, waste, or abuse during the period 2015 to 2022.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information from an unreasonable time period. Plaintiff only worked for Defendant between the years 2015 and 2017. Without waiving these objections, Defendant will provide documents responsive to this request subject to the entry of an order to protect the confidentiality of documents that are of a sensitive and/or personal nature and/or are confidential business documents.

15. Produce MSA's procedures for evaluating employees' performance during the period from 2015 to 2022.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information from an unreasonable time period. Plaintiff only worked for Defendant between the years 2015 and 2017. Without waiving these objections, Defendant will provide documents responsive to this request subject to the entry of an order to protect the confidentiality of documents that are of a sensitive and/or personal nature and/or are confidential business documents.

16. Produce all communications and documents relating to anything of value provided by MSA, and any of its directors, officers, owners, employees, agents, and representatives, to any employee or representative of the Department of State.

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. It is unclear what "anything of value" means[1]. Defendant also objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or as attorney work product, prepared in connection with settlement discussions, prepared in anticipation of litigation or for trial, or not otherwise within the scope of permissible discovery under the Federal Rules of Civil Procedure and the Rules of this Court. Any inadvertent disclosure or production of information and/or documents shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product doctrine or immunity that may attach thereto. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

17. Produce all communications and documents relating to the performance of Jennifer Houston, and complaints by Dr. Iovino and other MSA personnel regarding her possibly being impaired by alcohol or drugs while being on the job at the CVC and/or ATA program.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity.

---

[1] The definition of "Anything(s) of value" provided by Plaintiff is not clear. 18 U.S.C. § 201, referenced in Plaintiff's definition, does not provide a definition of "anything of value."

18. Produce all documents regarding Josh Carter's use of a room on MSA's campus for residential and/or sleeping quarters and/or to store his personal belongings such as clothing, and any payment Mr. Carter made to MSA for such use.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Defendant further objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity.

19. Produce all documents regarding Josh Carter's use of a truck, automobile, or other vehicle owned, leased, or operated by MSA, the purposes for which it was used, and any payment Mr. Carter made to MSA for such use.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Defendant further objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity.

Respectfully submitted,

Date: June 9, 2022

_____
Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160

(202) 505-7100 Fax  
dan@wardberry.com  
ryan@wardberry.com  

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, I served the foregoing via email and first class mail, postage prepaid upon the following:

Nate L. Adams III  
Nate L. Adams III, P.C.  
ADAMS AND ASSOCIATES  
11 South Cameron Street  
Winchester, VA 22601  
(504) 667-1330  
nadams@nadamslaw.com  

Jack Kolar  
GOVERNMENT ACCOUNTABILITY PROJECT  
1612 K St. NW, Suite 1100  
Washington, DC 20006  
(202) 926-3311  
jackk@whistleblower.org  

Tom Devine  
GOVERNMENT ACCOUNTABILITY PROJECT  
1612 K St. NW, Suite 1100  
Washington, DC 20006  
(202) 926-3311  
tomd@whistleblower.org  

_____  
Daniel S. Ward