Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KAREN IOVINO,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL STAPLETON ASSOCIATES, LTD.,<br>d.b.a. MSA SECURITY, INC.,<br><br>*Defendant.* | CASE NO. 5:21-cv-00064-TTC |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Dr. Karen Iovino, by her undersigned attorneys, hereby propounds this Second Set of Requests for the Production of Documents to Defendant Michael Stapleton Associates, Ltd., d.b.a. MSA Security, Inc. ("MSA").

**Definitions**

A. "Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies, or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

1

B. "Document" and "documents" means all records, papers, and books, transcriptions, pictures, drawings or diagrams of every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

C. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda,

or other forms of communications, including but not limited to both oral and written communications.

D. "Produce" and "provide" mean to provide either the original or a legible true copy of the original.

E. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

F. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

G. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly ascertain, recognize, or recognize it as a person or thing in a Request for production and shall include, without limitation, the following information with respect to each such document:

> 1. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;
>
> 2. The identity or descriptive code number, file number, title or label of such document;

3

  3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

  4. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

  5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

  6. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

 H. "Anything(s) of value" as used herein has the same meaning as this term has as used in 18 U.S.C. § 201, and includes but is not limited to goods, services, loans, advances, gifts, financial accounts, money, meals, entertainment, sexual services, tickets, travel, lodging, tangible and intangible assets, and/or benefits of any kind whatsoever.

**Instructions**

 1. You are to produce all non-privileged documents in electronic form or hard copy form on or before June 24, 2022, to John A. Kolar, Government Accountability Project, Inc., 1612 K Street, N.W., Washington, DC 20006, and/or Jackk@whistleblower.org.

2. If you withhold any document(s) requested herein, or responsive hereto, based upon a claim of privilege, or for any other reason whatsoever, provide a *Vaughn* index for such document(s).

## PLAINTIFF'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST NO. 20** –Produce the form of MSA "Employee Confidentiality, Invention Assignment and Non-Solicitation Agreement" in effect in August 2017 when MSA terminated Dr. Iovino's employment.

**REQUEST NO. 21** – Produce the form of the "Employee Confidentiality, Invention Assignment and Non-Solicitation Agreement" that were amended in light of or in response to the "*Management Assistance Report: Use of Confidentiality Agreements by a Department of State Contractor*," ("Management Assistance Report") published by the Department of State, Office of the Inspector General ("DOS-OIG") and numbered as ESP-18-03, *i.e.*, that DOS-OIG published in August 2018.

**REQUEST NO. 22** – Produce all communications between MSA and the Department of State and/or the DOS-OIG relating to the MSA "Employee Confidentiality, Invention Assignment and Non-Solicitation Agreement" in effect when MSA terminated the employment of Dr. Iovino", and all such communications regarding amendments to that agreement made by MSA in light of or in response to DOS-OIG's August 2018 *Management Assistance Report.*

**REQUEST NO. 23** – As alleged in ¶ 38 of the Counterclaim MSA filed on May 16, 2022, produce all of the allegedly "confidential information, including confidential internal communications, confidential internal photographs" that Dr. Iovino allegedly disclosed to the Washington Post and NBC 4 Washington.

**REQUEST NO. 24** – As alleged in ¶ 39 of the Counterclaim MSA filed on May 16, 2022, produce all of the allegedly "confidential information, including confidential internal communications, confidential internal photographs" that Dr. Iovino allegedly disclosed to Ellen Nakashima at the Washington Post.

**REQUEST NO. 25** – As alleged in ¶ 40 of the Counterclaim MSA filed on May 16, 2022, produce all of the allegedly "confidential information, including confidential internal communications, confidential internal photographs" that Dr. Iovino allegedly disclosed to David Paredes at NBC 4 Washington.

**REQUEST NO. 26** – As alleged in ¶ 41 of the Counterclaim MSA filed on May 16, 2022, produce all of the allegedly "confidential information, including confidential internal communications, confidential internal photographs" that Dr. Iovino allegedly disclosed to Carol Morello at the Washington Post.

**REQUEST NO. 27** – As alleged in ¶ 42 of the Counterclaim MSA filed on May 16, 2022, produce all of the allegedly "confidential information, including confidential internal communications, confidential internal photographs" that Dr. Iovino allegedly disclosed Scott MacFarlane at NBC 4 Washington.

**REQUEST NO. 28** – As alleged in ¶ 43 of the Counterclaim MSA filed on May 16, 2022, produce all of the allegedly "confidential information, including confidential internal communications, confidential internal photographs" that Dr. Iovino allegedly disclosed to Katie Leslie at NBC 4 Washington.

**REQUEST NO. 29** – As alleged in ¶ 44 of the Counterclaim MSA filed on May 16, 2022, produce all of the articles that NBC 4 Washington and the Washington Examiner allegedly have published as a result of Dr. Iovino's allegedly prohibited disclosures.

**REQUEST NO. 30** – As alleged in ¶ 45 of the Counterclaim MSA filed on May 16, 2022, produce all documents relevant to MSA's allegation that as a result of Dr. Iovino's alleged breach of the Non-Disclosure Agreement, and the articles NBC 4 Washington and the Washington Examiner allegedly have published as a result of Dr. Iovino's allegedly prohibited disclosures, that other news outlets and organizations have also have allegedly published Dr. Iovino's allegedly unauthorized and confidential disclosures

**REQUEST NO. 31** – As alleged in ¶ 47 of the Counterclaim MSA filed on May 16, 2022, produce all documents relevant to MSA's allegation Dr. Iovino's alleged breach of the Non-Disclosure Agreement jeopardized MSA's obligations of confidentiality to the State Department.

**REQUEST NO. 32** – As alleged in ¶ 48 of the Counterclaim MSA filed on May 16, 2022, produce all documents relevant to MSA's allegation that Dr. Iovino's alleged breach of the Non-Disclosure Agreement created concern among other MSA clients and potential clients that their confidential information would not be protected by MSA.

**REQUEST NO. 33** – As alleged in ¶ 49 of the Counterclaim MSA filed on May 16, 2022, produce all documents relevant to MSA's allegation that MSA has suffered financial and reputational harm as a direct and proximate result of Dr. Iovino's alleged breach of the Non-Disclosure Agreement and, further, that as news stories resulting from Counterclaim-Defendant's unauthorized disclosures of information continue to be published, MSA's losses will continue to accrue.

/s/ *Nate L. Adams, III*
Nate L. Adams, III, P.C.
VSB No. 20707
ADAMS AND ASSOCIATES
11 S. Cameron Street
Winchester, VA 22601
(540) 667-1330
nadams@nadamslaw.com

/s/ *Jack Kolar*
John A. Kolar
DC Bar No. 953292
GOVERNMENT ACCOUNTABILITY
PROJECT, INC.
1612 K Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 966-3311
Jackk@whistleblower.org
(Admitted *pro hac vice*)

Date: May 25, 2022