Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-CV-00064-TTC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, LTD., | ) | DEFENDANT'S RESPONSES |
| d/b/a MSA SECURITY, INC. | ) | AND OBJECTIONS TO |
| | ) | PLAINTIFF'S FIRST SET OF |
| | ) | INTERROGATORIES TO |
| Defendant. | ) | DEFENDANT MSA |

Defendant Michael Stapleton Associates, Ltd., ("Plaintiff" or "MSA"), by counsel, and pursuant to the Federal Rules of Civil Procedure 33(b), provides the following Responses and Objections to Plaintiff Karen Iovino's ("Plaintiff" or "Iovino") First Set of Interrogatories to Defendant MSA.

**PRELIMINARY STATEMENT**

Defendant makes the objections set forth herein subject to and without waiver of: (1) all questions as to the admissibility into evidence of the responses; (2) the right to object further to discovery directed to the subject matter of Plaintiff's requests; (3) the right to make additional objections or to seek protective orders in the event that additional review of files and pretrial preparation results in further information; (4) the right to revise, correct, add to or clarify any of the responses and/or objections contained herein, consisted with the Federal Rules of Civil Procedure; and (5) the attorney-client privilege and/or work product doctrine to the extent that any request seeks, or may be construed to seek, any response that is immune from discovery by reason of the attorney-client privilege and/or work product doctrine.

1

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

  A. Defendant objects to each instruction and definition to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

  B. Defendant objects to each instruction and definition to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

  C. Defendant objects to each instruction and definition as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendant. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Plaintiff as for Defendant.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

1. Do you contend that you are required to obtain the authorization of the Department of State (DOS), and/or any DOS official, before you produce information and/or documents relating to this lawsuit to Plaintiff Iovino?

**RESPONSE:** Requestors of official government information are required to follow an agency's *Touhy* regulations when making their request for official government information. *See* 22 C.F.R. § 172 et seq.; *see also Touhy v. Ragen*, 340 U.S. 462, 468 (1951). It is up to Plaintiff (not Defendant) to obtain authorization through DoS's *Touhy* regulations in requesting official

government information for use in Plaintiff's case. MSA is bound by the U.S. Department of State's ("DoS") *Touhy* regulations, found at 22 C.F.R. § 172 et seq. The DoS *Touhy* regulations include contractors within the definition of employee at § 172.1(b) ("the term employee includes . . . United States nationals, foreign nationals, and contractors."). Any information that a DoS contractor obtains "as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department" is treated by DoS as official information. *Id.* § 172.1(d). The relevant contract between DoS and MSA contract reiterates this point: **"All documents and records (including photographs) generated during the performance of work under this contract shall be for the sole use of and become the exclusive property of the U.S. Government."**

2. If your response to Interrogatory No. 1 is affirmative, identify with specificity every basis in law (e.g., in statute, regulation, rule, executive orders, DOS directives and guidance, etc.), and every basis in any contract(s) between the DOS and MSA upon which your predicate your contention in this respect.

**RESPONSE:**

MSA is bound by the DoS's *Touhy* regulations, found at 22 C.F.R. § 172 et seq. The DoS *Touhy* regulation includes contractors within the definition of employee at § 172.1(b) ("the term employee includes . . . United States nationals, foreign nationals, and contractors."). Any information that a DoS contractor obtains "as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department" is treated by DoS as official information. *Id.* § 172.1(d). The relevant contract between DoS and MSA contract reiterates this point: **"All documents and records (including**

3

**photographs) generated during the performance of work under this contract shall be for the sole use of and become the exclusive property of the U.S. Government."**

The law is well settled on this point. In *Touhy v. Ragen*, the Supreme Court held executive agencies could establish rules for the release of official government information with respect to ongoing litigation. *Touhy v. Ragen*, 340 U.S. 462, 468 (1951). The Supreme Court, in *Touhy*, wanted to protect the government against "the possibilities of harm from unrestricted disclosure [of official government information] in court." *Touhy*, 340 U.S. at 468.

The DoS *Touhy* regulation in this case states that information (in the form of testimony or documents) can only be released for use in litigation upon approval by authorized DoS officials. 22 C.F.R. § 172.4(a) and (c).

Federal courts place an affirmative duty on plaintiffs to follow a particular agency's *Touhy* regulations to obtain official government information. In *Owens v. Republic of Sudan*, plaintiff motioned (prior to discovery) for leave to depose a former U.S. ambassador as well as an FBI agent. *Owens*, 374 F. Supp. 2d 1, 28 (D.D.C. 2005). DoS and FBI, who were not parties to the case, opposed these motions because plaintiffs did not file a *Touhy* request with either agency. *Id.* The court denied without prejudice plaintiff's motion for failing to comply with the agencies' Touhy regulations. *Id.* Similarly, the Fourth Circuit also requires litigants seeking official government information to abide by an agency's regulations pertaining to release of that information. *See Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998) (holding the DOJ's *Touhy* regulation was valid in directing DOJ personnel not to testify without prior approval of the proper DOJ official).

Requiring Plaintiff to properly initiate a request for government information via the DoS *Touhy* regulation will not foreclose Plaintiff from challenging any adverse agency determination

4

under the Administrative Procedure Act ("APA"). *See COMSAT Corp. v. NSF*, 190 F.3d 269, 278 (4th Cir. 1999) ("we review the government's refusal to comply with such a subpoena under the APA's "arbitrary and capricious" standard for final agency actions"). Instead, it will allow DoS to review all documents and records to guard against "the possibilities of harm from unrestricted disclosure." *Touhy*, 340 U.S. at 468.

Additionally, 22 C.F.R. § 172.7 requires employees (again, contractors are included in the definition of "employees") to decline to comply with a court order that is contrary to the DoS's release determination or when release has not yet been approved.

3. If your response to Interrogatory No. 1 is affirmative, identify with every communication, oral or written, between the DOS and MSA, related to this alleged requirement.

**RESPONSE:** Defendant refers and incorporates herein Defendant's answers and objections to Interrogatories 1 & 2. Further, Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant further objects to this Request to the extent that it is compound, vague, ambiguous, and/or does not describe the item or category of documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party.

4. If your response to Interrogatory No. 1 is affirmative, identify every action(s) you have undertaken to obtain such authorization and when you undertook such action(s).

**RESPONSE:** Defendant refers and incorporates herein Defendant's answers and objections to Interrogatories 1-3.

5

                                                Respectfully submitted,

Date: June 24, 2022

                                                _____
                                                Daniel S. Ward (VSB 45978)
                                                Ryan C. Berry (VSB 67956)
                                                WARD & BERRY, PLLC
                                                1751 Pinnacle Drive, Suite 900
                                                Tysons, VA 22102
                                                (202) 331-8160
                                                (202) 505-7100 Fax
                                                dan@wardberry.com
                                                ryan@wardberry.com

                                                *Attorneys for Defendant Michael Stapleton*
                                                *Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I served the foregoing via email and first class mail, postage prepaid upon the following:

Nate L. Adams III
Nate L. Adams III, P.C.
ADAMS AND ASSOCIATES
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Tom Devine
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
tomd@whistleblower.org

_____
Daniel S. Ward