Exhibit G

Iovino v. Michael Stapleton Associates, LTD, 5:21cv64, 10/12/2022

```
 1                UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF VIRGINIA
 2                    HARRISONBURG DIVISION

 3  ****************************************************************

 4  KAREN IOVINO,             CIVIL CASE NO.:  5:21CV64
                              OCTOBER 12, 2022,  11:02 A.M.
 5                            TELEPHONIC MOTIONS HEARING
             Plaintiff,
 6  vs.

 7  MICHAEL STAPLETON         Before:
    ASSOCIATES, LTD.,         HONORABLE JOEL C. HOPPE
 8                            UNITED STATES MAGISTRATE JUDGE
             Defendant.       WESTERN DISTRICT OF VIRGINIA
 9
    ****************************************************************
10
    APPEARANCES:
11

12  For the Plaintiff:        THAD M. GUYER, ESQUIRE
                              T.M. Guyer & Friends, PC
13                            116 Mistletoe Street
                              Medford, OR 97501
14                            206-954-1293

15
                              JOHN A. KOLAR, ESQUIRE
16                            KENDRICK HOLLEY, ESQUIRE
                              Government Accountability Project
17                            1612 K Street, NW, Ste 1100
                              Washington, DC 20006
18                            202-926-3311

19

20  FTR OPERATOR:  Karen Dotson

21

22  Court Reporter:  Lisa M. Blair, RPR, RMR, CRR, FOCR

23              255 West Main Street, Suite 304
                Charlottesville, Virginia  22902
24              434.296.9284
          PROCEEDINGS RECORDED BY ELECTRONIC RECORDING;
25  TRANSCRIPT PRODUCED BY COMPUTER.
```

Iovino v. Michael Stapleton Associates, LTD, 5:21cv64,
10/12/2022

1 APPEARANCES CONTINUED:

2 For the Plaintiff:        NATE LAVINDER ADAMS, III, ESQUIRE
                            Nate L. Adams, III, P.C.
3                           11 South Cameron Street
                            Winchester, VA 2260
4                           540-667-1330

5

6 For the Defendant:        DANIEL SAGE WARD, ESQUIRE
                            Ward & Berry, PLLC
7                           1751 Pinnacle Drive, Suite 900
                            Tysons, VA 22102
8                           202-331-8160

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Iovino v. Michael Stapleton Associates, LTD, 5:21cv64,
10/12/2022

1  protective order. It's not sharing notes and things like that

2  from the previous case. But certainly the things they learned

3  from the previous case, they would be able to do that.

4           But I don't think it's appropriate to allow documents

5  from one case produced under a protective order to be used in

6  another case, unless there is some follow-up order that would

7  allow that. I don't think that's appropriate.

8           MR. GUYER: Thank you, Your Honor.

9           THE COURT: And Ms. Frith, if you have something you

10 want to say on this, I'd will be happy to hear from you after

11 Mr. Ward.

12          MS. FRITH: Thank you, Judge.

13          MR. WARD: Thank you, Judge. I must confess I wasn't

14 clearly following everything that Mr. Guyer was saying there

15 with all sorts of different law firms and law clinics coming

16 in, and some people use some language and some people have

17 access to other documents.

18          I think this is a lot simpler. It's just there are

19 two issues. We heard a preamble about a potential dispute they

20 have with state. I don't see that as being properly before the

21 Court either today. Of course, Your Honor can hear whatever

22 Your Honor wishes to hear. But I do like the process you have,

23 that we submit a letter.

24          So our letter is about AEO, and it's about -- and

25 it's about sharing with others. It sounds to me like -- you

1  then we could circulate it to Mr. Guyer, and hopefully we'll
2  have a happy ending.
3              THE COURT:  I think that sounds like a good way
4  forward.  I do want to hear from Mr. Guyer again, and then also
5  from Ms. Frith, if Ms. Frith has anything to say.
6              Ms. Frith?
7              MS. FRITH:  Thank you, Your Honor.  I don't have
8  anything particular to say.  You know, the Department of State
9  really doesn't have a dog in this fight.  We're not a party to
10 the litigation and we have not been involved in this dispute
11 over the protective order.
12             I disagree with many of Mr. Guyer's characterizations
13 the Department of State's role in this case, but I don't think
14 that that's appropriate for today's hearing.  If and when that
15 becomes a relevant issue before the Court, I'm happy to address
16 those concerns at that point.
17             THE COURT:  All right.  Mr. Guyer?
18             MR. GUYER:  Well, Your Honor, if I understood counsel
19 for the government, they're waiving taking a position on this.
20 They're not pushing MSA to protect their interest.  As long as
21 that's understood, we don't have a dispute; however, if you
22 look at --
23             THE COURT:  I think what they're saying is that
24 they're not weighing in any further on the issue about the
25 protective order.  And that's the only thing that's before the

Iovino v. Michael Stapleton Associates, LTD, 5:21cv64,
10/12/2022

1 Court today.

2      MR. GUYER:  What is before the Court -- I agree with
3 that, Your Honor, but this is directly -- this directly is
4 called into question by paragraph 24 of the confidentiality
5 order proposed by MSA.  Twenty-four states -- and this is on
6 page 9, the last page -- 24 states, Any documents related to
7 contract -- which is what we're here on -- may only be produced
8 and/or used in this litigation pursuant to the Department of
9 State's approval of a *Touhy* request by the requesting party.

10      That is totally unworkable, and this simply cannot
11 stay in the order.  And the reason that I wanted the Department
12 of Justice to appear here today is because they need to tell us
13 now if they want this in this order or not, because they're the
14 only ones with an interest in paragraph 24, Your Honor.  Now is
15 the time for them to speak up because we're in a federal
16 courthouse now.  We are looking at a situation of extraordinary
17 delay in this case with this relationship between MSA.  So I
18 ask you, Your Honor, to get that clarification.  Does DOJ take
19 the position stated in 24?

20      MR. WARD:  Your Honor, if I may?

21      THE COURT:  Sure.  And I have to say I'm not up to
22 speed on any of the *Touhy* proceedings.

23      MR. WARD:  Your Honor, all I was going to say is that
24 this is a sandbag.  You know, Your Honor asked for a joint
25 statement.  We provided a joint statement.  We addressed those