Exhibit J



T. M. Guyer and Ayers & Friends PC <thad@guyerayers.com>

---

## Re: Ongoing Lack of DoS Cooperation/ Iovino Search Terms/Emails and Texts/Privilege/Motion to Compel Nov 8th

1 message

---

**T. M. Guyer and Ayers & Friends PC** <thad@guyerayers.com>                Mon, Oct 31, 2022 at 2:39 PM
To: Daniel Ward <dan@wardberry.com>, "Frith, Krista (USAVAW)" <Krista.Frith@usdoj.gov>
Cc: "jackk@whistleblower.org" <jackk@whistleblower.org>, "nadams@nadamslaw.com" <nadams@nadamslaw.com>,
Kerry McCarthy <kerry@wardberry.com>, Ryan Berry <ryan@wardberry.com>, Chelsea Padgett
<chelsea@wardberry.com>, Karen Gray <kareng@whistleblower.org>

Dan, in furtherance of our ongoing conferring prior to filing a motion to compel,  we did not see any response by you to the below October 24, 2022 email, most notably my request that as to our November 8, 2022 target date for filing our motion to compel: "*If I am reneging on a commitment or even an intention we discussed today I will honor that, but I don't know which commitment you are referencing.  Just tell me what it is...*".  If you did respond, please forward it us me again.

The document production we received today is inadequate to meet our stated standard of requiring "*substantial and significant ESI production*" avert the projected November 8th motion to compel.

Again, ***as MSA continues to blame DoS for not timely authorizing your production and for the resulting default in MSA production***, we are hopeful that promptly getting this before Judge Hoppe and having Ms. Frith appear in that motion to compel hearing will aid you in getting the prompt DoS cooperation you have been disappointed in getting to date.  Of course, we remain sympathetic to the now notorious "pattern and practice" of DoS in failing to fulfill its *Touhy* and FOIA obligations. (**FYI the attached**).  We applaud MSA's courage in placing the blame on DoS.

Thanks.  Thad

On Mon, Oct 24, 2022 at 3:45 PM T. M. Guyer and Ayers & Friends PC <thad@guyerayers.com> wrote:

> Dan, I sent you the link to the recording, sorry it didn't work, please see if this one works:
>
> https://fathom.video/share/i/5U7LyysdsW34_F-5QYHMgveBnP1CA5d-
>
> And again apologies, this was the first time I used Fathom with adverse counsel.  Zoom actually recommended it.  I thought the notice on the screen that Fathom was recording in red was enough, but I agree with you that I should have specifically called your attention to the Fathom notice.  I am disappointed that Fathom apparently did not show a conspicuous message like Zoom does requiring

participants to click acknowledgment. ~~Lessons~~ learned.  If you want, I will delete my copy but you can keep yours.

You are correct we will be submitting no more suggested search terms at this time.

If I am reneging on a commitment or even an intention we discussed today I will honor that, but I don't know which commitment you are referencing.  Just tell me what it is because I do not want to be regarded by you as having an unreliable word, we have such a long road ahead of us.  Just tell me what I agreed to and I will honor it unless our recollections or Fathom seriously contradict.

Thanks Dan.  Thad

On Tue, Oct 25, 2022 at 5:29 AM Daniel Ward <dan@wardberry.com> wrote:
> Thad,
>
> Should I take from this that:
>
> A. You refuse to limit your list of search terms, and
> B. You are now reneging on the ESI plan we discussed during this morning's call?
>
> While I don't like being recorded without my authorization (as you did this morning) I guess I'll be happy to have the recording now!
>
> Thanks,
>
> Dan
>
> Daniel S. Ward
> WARD & BERRY, PLLC
> 1751 Pinnacle Drive
> Suite 900
> Tysons, Virginia 22102
> (202) 331-8160
> www.wardberry.com
> ********************************************************************
> The information in this email is confidential and may be legally privileged.
> It is intended solely for the addressee. Access to this email by anyone else
> is unauthorized.
> If you are not the intended recipient, any disclosure, copying, distribution
> or any action taken or omitted to be taken in reliance on it, is prohibited
> and may be unlawful. When addressed to our clients any opinions or advice
> contained in this email are subject to the terms and conditions expressed in
> the governing Ward & Berry client engagement letter.
> ********************************************************************
> P Think Green! Please don't print this e-mail unless you need to.

**From:** T. M. Guyer and Ayers & Friends PC <thad@guyerayers.com>
**Sent:** Monday, October 24, 2022 5:42:58 PM
**To:** Daniel Ward <dan@wardberry.com>
**Cc:** jackk@whistleblower.org <jackk@whistleblower.org>; nadams@nadamslaw.com <nadams@nadamslaw.com>; Kerry McCarthy <kerry@wardberry.com>; Ryan Berry <ryan@wardberry.com>; Chelsea Padgett <chelsea@wardberry.com>
**Subject:** Re: Iovino Search Terms/Emails and Texts/Privilege/Motion to Compel Nov 8th

Hi Dan, given an original tranche of nearly 180k emails, we don't think our list is disproportionate.

Keep in mind, we have no FRCP obligation to submit search terms, MSA controls the relevant documents, emails and text messages and has the sole obligation to respond under Rule 34 with the ESI that MSA in good faith determines is responsive in the context of relevance, the claims and counterclaim pleaded, and MSA's Rule 26 disclosures.  Any competent IT department is able to combine our suggested search terms with your mandatory search terms and return the relevant results.  We are happy to do that work if you will transmit your first tranche to us less the privileged email and texts.  Again, it is email and texts per the definition of "documents".

We are concerned with undue delay due to your statement during today's conference that MSA lawyers need to review all ESI before being produced to determine privilege.  We disagree.  Your IT people should be applying standard privilege search terms like "legal advice", "anticipate litigation", etc combined with lawyers be in the content of or as senders or recipients of the emails and texts. If those terms, senders and recipients aren't connect with actual lawyer names,  there can be no attorney-client or work product privilege.

Given the problems you described with DoS today, and the above concerns, it seems the parties need to get the magistrate involved sooner rather than later.  A motion to compel might accomplish that. So unless we receive substantial and significant ESI production by November 8th, we will file the motion to compel then.

Thanks.  Thad


On Tue, Oct 25, 2022 at 3:44 AM Daniel Ward <dan@wardberry.com> wrote:

> Thad,
>
> 115 search terms pretty unreasonable. Could you give me a list of 25?
>
> Thanks,
>
> Dan Ward

**From:** T. M. Guyer and Ayers & Friends PC <thad@guyerayers.com>
**Date:** Monday, October 24, 2022 at 3:14 PM
**To:** Daniel Ward <dan@wardberry.com>
**Cc:** jackk@whistleblower.org <jackk@whistleblower.org>, nadams@nadamslaw.com <nadams@nadamslaw.com>
**Subject:** Iovino Search Terms

Hi Dan, here they are.

--

**Thad M. Guyer**
**T.M. Guyer and Ayers & Friends, PC**
**Seattle:  +1 (206) 535-2395 Washington DC +1 (202) 417-3910**
**Fax  +1 (888) 866-4720**

**Website:  www.GuyerAyers.com**

--

**Thad M. Guyer**
**T.M. Guyer and Ayers & Friends, PC**
**Seattle:  +1 (206) 535-2395 Washington DC +1 (202) 417-3910**
**Fax  +1 (888) 866-4720**

**Website:  www.GuyerAyers.com**

--

**Thad M. Guyer**
**T.M. Guyer and Ayers & Friends, PC**
**Seattle:  +1 (206) 535-2395 Washington DC +1 (202) 417-3910**
**Fax  +1 (888) 866-4720**

**Website:  www.GuyerAyers.com**

**2 attachments**

**MFIA Litigation Aims to Fix State Department's FOIA Delays - Yale Law School.pdf**
1704K

**Scoville v. United States Dep_t of State_ 2022 U.S. Dis.pdf**
296K