# DECLARATION

I, Michael D. Caramelo, declare as follows:

1. I am the Division Chief for the Freedom of Information Act and Privacy Act Division, Office of Management Services, Executive Directorate, Bureau of Diplomatic Security (DS/MGT/FOIA-PA). I have been Division Chief since 2014. Prior to that I was a Lead Freedom of Information and Privacy Act Specialist with this same office from 2007-2014. Earlier, I was a Freedom of Information and Privacy Act Specialist also in this office and at the Department of Justice, Office of Professional Responsibility between 2003-2007.

2. In DS/MGT/FOIA-PA, I advise the Bureau of Diplomatic Security (DS) on issues related to Freedom of Information Act (FOIA), the Privacy Act (PA), and Executive Order (EO) 13526. In addition, DS/MGT/FOIA-PA oversees the Records Management Program for DS. I serve as the subject matter expert and recognized authority in the application of any of the public access laws (FOIA, PA) and Records Management activities to bureau management. I serve as the primary source of information relative to FOIA, PA, document production, and Records Management within DS, and provide technical assistance and guidance upon request, including accurate, authoritative interpretations of the provisions of the laws, pertinent regulations, and Department policy. I also perform executive, administrative and operation functions relative to the supervision of staff in DS/MGT/FOIA-PA.

3. I was informed of the litigation in *Iovino v. Michael Stapleton Associates, LTD* in the U.S. District Court for the Western District of Virginia (5:21-cv-00064-JCH). I understand that Plaintiff Karen Iovino requests documents from Defendant Michael Stapleton Associates, Ltd. (MSA), which were created pursuant to or relate to MSA's contract to perform work for the Department of State.

4. The DS, Office of Overseas Protective Operations (DS/IP/OPO) is responsible for the protection of people visiting or working for or with the Department of State at Department facilities and properties, both domestically and abroad. DS/IP/OPO accomplishes its mission, in part, by use of explosive detection canines (EDC). Under the Department of State contract

with MSA, MSA provides for the procuring, imprinting, training, and testing detection and/or patrol canines and EDC teams in support of DS operations.

   5. The Department of State considers records created in furtherance of the MSA contract to be Department of State federal records. MSA's records may contain sensitive Department of State information. For example, the records may include information about the nature of the duties of the EDC, including what types of security and threat risks the EDC are trained to detect, and how the EDC are trained to detect such security and threat risks. There may be sensitive information concerning relationships with foreign nations, including the quantity and location of EDC teams. Additionally, MSA's files may contain after-action reports, which describe sensitive information on operations, including what the EDC teams detect or fail to detect. More generally, the documents may contain Personally Identifiable Information (PII) of persons not relevant to the litigation, the disclosure of which may violate the Privacy Act. Also, MSA's proposed document production may include documents that would be protected from disclosure by the Department's attorney-client privilege, deliberative process privilege, attorney-work product privilege, or other privileges that Department of State would need to assert as the holder of the privilege. Because the Department of State does not yet know which MSA records MSA intends to produce, we are unable to determine the extent and full nature of the sensitivities of the materials related to the *Iovino* litigation.

   6. DS/MGT/FOIA-PA regularly reviews documents for these types of sensitivities and privileges, and makes recommendations as to whether to redact sensitive information or request that information be produced only pursuant to a protective order that limits disclosure of the sensitive information to attorneys' eyes only and/or otherwise prohibits the public dissemination of the sensitive information and records.

   7. In the *Iovino* litigation, I understand that Plaintiff Iovino has moved to compel MSA to produce documents and seeks an order for technology assisted review and to not allow the Department of State to review the records prior to production. Because many, if not all, the records Plaintiff Iovino seeks to compel are federal records, the Department of State must be

provided the opportunity to review any federal records produced in the litigation for sensitive and privileged material, regardless of whether technology assisted review is used.

    I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
Michael Caramelo
Division Chief of DS/MGT/FOIA-PA
Bureau of Diplomatic Security
U.S. Department of State

Executed on December  5 , 2022

3