IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:21-cv-00064 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, LTD. d/b/a MSA Security, Inc., | ) | By: Hon. Thomas T. Cullen<br>United States District Judge |
| | ) | |
| Defendant. | ) | |

This action, concerning alleged retaliation in violation of 41 U.S.C. § 4712 and an alleged breach of contract,[1] is before the court on Plaintiff Dr. Karen Iovino's motion to compel discovery. (ECF No. 82.) Iovino filed the instant motion to compel on November 10, 2022, asserting that MSA has failed to respond properly to her requests for discovery. Her principal contentions are that the State Department's *Touhy* regulations do not prevent disclosure of documents in this case, that they do not apply, and that they will necessarily encumber the discovery process.[2] (Pl.'s Br. in Supp. Mot. to Compel at 13, 16, 19.) The court has considered the relevant briefs and the representations of counsel at the January 11, 2023

[1] Iovino is a veterinarian who, in a prior job, treated dogs that are specially trained to assist law enforcement agencies recover explosives. She brought this suit against her former employer, Defendant Michael Stapleton Associates, Ltd. ("MSA")—a United States Department of State ("State Department") contractor that trains explosive detection canines ("EDC's")—claiming that her employment contract with MSA was not renewed in violation of 41 U.S.C. § 4712, which protects whistleblowers working for government contractors. MSA asserts a counterclaim alleging that Iovino's whistleblowing caused it reputational and financial harm, and is suing her for breach her employment contract's Non-Disclosure Agreement.

[2] Iovino's motion also proffered arguments relating to the Confidentiality Order (ECF No. 67) and MSA's control of the requested discovery. (Pl.'s Br. in Supp. Mot. to Compel at 16, 18 [ECF No. 82-1].) Based on the representations of the parties at the January 11, 2023 hearing, and the courts' ruling on the Confidentiality Order (ECF No. 93), the court will not consider those arguments.

hearing. For the reasons explained below, the court finds that Iovino's motion to compel is premature and procedurally improper. The court will therefore deny Iovino's motion to compel.

As counsel for Iovino acknowledged during the hearing, the requested documents, insofar as they were "generated during the performance of work under [the State Department contract]," are subject to the State Department's *Touhy* regulations. "A 'Touhy' regulation is a federal agency regulation promulgated pursuant to 5 U.S.C. § 301 and consistent with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 . . . (1951), in which the Supreme Court held that the Attorney General 'can validly withdraw from his subordinates the power to release department papers' in litigation." *Donatoni v. Dept. of Homeland Sec.*, 184 F. Supp. 3d 285, 286 n.1 (E.D. Va. 2016) (quoting *Touhy*, 340 U.S. at 467–68).

Under the State Department's *Touhy* regulations,[3] requests for documents must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 22 C.F.R. § 172.5(a). The State Department must then decide whether to produce or withhold the requested information. *Id.* at § 172.8. If the State Department decides to withhold documents, it must assert a privilege justifying its non-disclosure. Once the State Department renders a final agency decision[4] on the requested

---

[3] The Secretary of State has established *Touhy* regulations, which are found in 22 C.F.R. §§ 172.1 through 172.9. These regulations set up the procedure by which State Department officials make decisions about whether an employee called upon to testify or to produce evidence in litigation is permitted to disclose the requested information. *See* 22 C.F.R. § 172.1.

[4] An agency action may be considered "final" only when the action signals the end of an agency's decision-making process *and* gives rise to legal rights or consequences. *See Bennett v. Spear,* 520 U.S. 154, 177–78 (1997).

documents, Iovino may challenge that decision under the Administrative Procedure Act ("APA").[5]

In this instance, however, there has been no final agency decision. As counsel for the State Department and MSA both represented to the court, Iovino's requested documents are currently under review or have been disclosed in part. In fact, counsel for MSA indicated that approximately half of the responsive documents have already been cleared by the State Department, and that he anticipates that the remaining responsive documents will be submitted to the agency in the very near future. Iovino's motion to compel is therefore premature; the administrative process has not been completed or resulted in a final determination. Although that review has not proceeded as swiftly as Iovino (or the court) would prefer, there is no indication that MSA or the State Department has purposefully delayed the process, or otherwise sought to improperly withhold responsive documents.

In any event, a motion to compel in this case is not the proper remedy for Iovino. The Fourth Circuit has held that when a government agency is not a party, as here, "the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999) (holding that, in a contract dispute between a government contractor and a telecommunications company, a non-party government agency's refusal to comply with a subpoena must be

[5] The court's review of an agency's decision to withhold evidence and testimony is governed by the APA. *See* 5 U.S.C.A. §§ 702, 704, 706. The APA waives the government's sovereign immunity from suit and permits federal court review of *final* agency actions when the relief sought is not money damages and the plaintiff has stated a claim "that an agency or an officer or employee thereof acted or failed to act in an official capacity . . . ." 5 U.S.C.A. § 702. A reviewing court may set aside a final agency action when the action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706.

reviewed under the APA and not a motion to compel); *see Smith v. Cromer*, 159 F.3d 875, 881 (4th Cir. 1998) ("Cromer's remedy, if any, for the Justice Department's [refusal to permit its employees to testify] may be found in the [APA] . . . .").

Accordingly, the court finds that Iovino's motion to compel is premature and procedurally improper. It is hereby **ORDERED** that Iovino's motion to compel (ECF No. 82) is **DENIED**. The court further **ORDERS** that this case be set for another hearing on February 17, 2023 at 9:30 a.m., at which time counsel for the State Department and MSA will update the court on the progress that has been made since the date of this Order and provide a concrete timeline for completing the *Touhy* review for any remaining responsive documents.

The Clerk is directed to forward a copy of this Order to counsel of record.

**ENTERED** this 12th day of January, 2023.

*/s/Thomas T. Cullen*

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE