**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF DEFENDANT** |
| | ) | **AND COUNTERCLAIM** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **PLAINTIFF'S MOTION FOR** |
| **d/b/a MSA SECURITY, INC.** | ) | **A PROTECTIVE ORDER** |
| | ) | **UNDER FEDERAL RULE OF** |
| | ) | **CIVIL PROCEDURE 26(c)** |
| **Defendant and** | ) | |
| **Counterclaim Plaintiff** | ) | |

Respectfully submitted,

Date: January 23, 2024          */s/ Daniel S. Ward*

_____

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
ryan@wardberry.com
dan@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd., d/b/a MSA Security, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................1

II. BACKGROUND ....................................................................................................2

III. LEGAL STANDARD............................................................................................4

IV. ARGUMENT .........................................................................................................4

    A. "Confidential Information" as Defined in the Confidentiality Order
       In this Matter Includes Confidential Testimony Protected from Disclosure
       by Statute or Regulation.........................................................................................4

    B. DoS *Touhy* Regulations are Not Ambiguous and Require Plaintiff to Submit a
       *Touhy* Request.......................................................................................................5

         1. DoS *Touhy* Regulations Apply to Current and Former "Employees."
            Of DoS and MSA.........................................................................................7

         2. The Definition of "Employee" As Outlined in DoS *Touhy*
            Regulations Includes Contractors .............................................................7

    C. MSA Will Be Prejudiced Without a Protective Order............................................9

    D. Other Considerations ...........................................................................................10

V. CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                **Page**

*Beach v. Costco Wholesale Corp.,*
No. 5:18-cv-00092, 2019 WL 1495296 (W.D. Va. 2019) .................................................4

*Conn. Nat'l Bank v. Germain,*
503 U.S. 249 (1992) .................................................................................................6

*Crespo v. Holder,*
631 F.3d 130 (4th Cir. 2011) ...............................................................................6, 7, 8

*Hall v. McCoy,*
89 F. Supp. 2d 742 (W.D. Va. 2000) .........................................................................6

*Johnson v. Garraghty,*
57 F. Supp. 2d 321 (E.D. Va. 1999) .........................................................................6

*Koopmann v. U.S. Dep't of Transp.,*
335 F. Supp. 3d 556 (S.D.N.Y. 2018) .......................................................................8

*La. Dep't of Transp. & Dev. v. U.S. Dep't of Transp.*
No. 15-2638, 2015 WL 7313876 (W.D. La. Nov. 20, 2015 ...............................................7

*Liptak v. County,*
No. 16-225 (ADM/JSM), 2016 WL 5662082 (D. Minn. Aug. 24, 2016).............................7

*McCauley v. Purdue Pharma, L.P.,*
224 F. Supp. 2d 1066 (W.D. Va. 2002) .................................................................6, 8

*Mickendrow v. Watner,*
No. 20-007 (JMV), 2021 WL 2821176 (D.N.J. July 7, 2021).............................................8

*Rubin v. United States,*
449 U.S. 424 (1981)................................................................................................6, 7

*Sigmon Coal Co, Inc. v. Apfel,*
226 F.3d 291 (4th Cir. 2000) ...................................................................................7

*Touhy v Ragen,,*
340 U.S. 462 (1951)...........................................................................1, 2, 3, 5, 6, 7, 8, 9,

*U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.,*
474 F. Supp. 2d 75 (D.D.C. 2007) ............................................................................7

*U.S. ex rel. Roby v. Boeing Co.,*
    189 F.R.D. 512 (S.D. Ohio 1999) .................................................................................2

## <u>Statutes and Rules</u>

22 C.F.R. § 172 .................................................................................................1, 2, 5, 9

22 C.F.R. § 172.1 ....................................................................................................3, 5, 6

22 C.F.R. § 172.1(a) ......................................................................................................8

22 C.F.R. § 172.1(b) ...................................................................................................1, 7

22 C.F.R. § 172.1(c) ......................................................................................................9

22 C.F.R. § 172.1(d) ......................................................................................................1

22 C.F.R. § 172.2 ...........................................................................................................3

22 C.F.R. § 172.4 ...........................................................................................................6

22 C.F.R. § 172.5 ........................................................................................................3, 6

22 C.F.R. § 172.5(a) ....................................................................................................6, 9

22 C.F.R. § 172.7 ...........................................................................................................6

22 C.F.R. § 172.8 ........................................................................................................3, 9

32 C.F.R. § 97.3(b) ........................................................................................................7

32 C.F.R. § 1905.2(c) .....................................................................................................7

45 C.F.R. § 2.2 ...............................................................................................................7

Fed. R. Civ. P. 26(c) ...............................................................................................1, 4, 10

Fed. R. Civ. P. 26(c)(1) ..................................................................................................4

Fed. R. Civ. P. 26(c)(1)(G) .............................................................................................4

Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA"), by counsel, respectfully submits this memorandum in support of its Motion for a Protective Order Under Fed. R. Civ. P. 26(c).

## I.     INTRODUCTION

Requestors of official government information are required to follow an agency's *Touhy* regulations when making their request(s) for official government information. *See* 22 C.F.R. § 172 *et seq.*; *see also Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Here, Counsel for Plaintiff is seeking deposition testimony of current and/or former MSA and/or U.S. Department of State ("DoS") employees. As discussed in detail below, Plaintiff must obtain authorization from DoS (through DoS's *Touhy* regulations) to depose current and/or former MSA and/or DoS employees as she is requesting DoS's official information for use in her lawsuit.

Plaintiff argues that *Touhy* does not apply here because this dispute is between "private parties."[1] Plaintiff is incorrect that *Touhy* does not apply. The use of U.S. Government information in litigation is *exactly* what *Touhy* speaks to. MSA is bound by DoS's *Touhy* regulations as a contractor to DoS. DoS *Touhy* regulations include contractors within the definition of employee at § 172.1(b) ("the term employee includes . . . United States nationals, foreign nationals, and **contractors**.") (emphasis added). Any information that a DoS contractor obtains "as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department" is treated by DoS as official information. *Id.* § 172.1(d).

---

[1]     During the January 8, 2024 hearing, Counsel for Plaintiff argued both that this case is a dispute between private parties (and thus, somehow *Touhy* did not apply) AND that DoS is a "party" to the present litigation. For clarification, DoS is not a party to this matter.

The relevant contract between DoS and MSA contract reiterates this point: "All documents and records (including photographs) generated during the performance of work under this contract shall be for the sole use of and become the exclusive property of the U.S. Government." ECF 46 at 10.

As such, MSA is seeking a protective order to enforce the DoS's *Touhy* regulations outlined in 22 C.F.R. Part 172. Plaintiff is seeking official DoS information through deposition testimony. MSA is not denying Plaintiff's right to take the depositions. However, MSA does not have the authority to approve depositions of current and/or former MSA employees (or DoS employees) to discuss DoS "documents and records" that are "the exclusive property of the U. S. Government." *See* ECF 82-3 at 8.

DoS is well within its rights to properly ensure that the requested testimony does not contain confidential information, information that could threaten national security, or privileged state secrets. *See e.g.*, *U.S. ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512, 517 (S.D. Ohio 1999) (finding that the Government can "assert a legitimate evidentiary privilege, such as a privilege concerning state or military secrets.").

MSA respectfully requests the Court issue the requested protective order.

## II.    BACKGROUND

On November 22, 2023, Counsel for Plaintiff attempted to schedule depositions for "present/former MSA employees." **Exhibit A** (November 30, 2023 Email thread amongst Parties' Counsel and DoS). On November 29, 2023, Counsel for MSA responded informing Plaintiff that MSA spoke with Jaclyn Greenstein (a DoS Attorney Advisor) and that she told MSA the following:

> DoS position is that you would need to submit a *Touhy* request to DoS re: the depositions. In particular, DoS requests that you state the topics you would be exploring in each

deposition. Once your *Touhy* requests are approved, we will move forward promptly with the scheduling of these depositions. *Id.*

On November 29, 2023, Counsel for Plaintiff responded, declaring "No way we will agree to a Touhy process for non-government employees of a private contractor." *Id.*

On November 30, 2023, DoS responded informing Counsel for Plaintiff that following the *Touhy* process is a formality required by DoS regulations, but ensured Counsel for Plaintiff that she would "work expeditiously to review and ensure a DOS response to any *Touhy* request for depositions." *Id.* In that email, Ms. Greenstein informed Counsel for Plaintiff exactly how to submit a *Touhy* request, and why a request is required:

> To the extent the parties are seeking to depose DOS employees or contractors concerning their work on DOS contracts in the *Iovino v. MSA* litigation, the DOS *Touhy* regulations require DOS approval. DOS *Touhy* regulations indicate that employees, former employees, and contractors are covered by the regulations. *See* 22 CFR 172.1 ("For purposes of this part, and except as the Department may otherwise determine in a particular case, the term *employee* includes the Secretary and former Secretaries of State, and all employees and former employees of the Department of State or other federal agencies who are or were appointed by, or subject to the supervision, jurisdiction, or control of the Secretary of State or his Chiefs of Mission, whether residing or working in the United States or abroad, including United States nationals, foreign nationals, and contractors.") I'll work expeditiously to review and ensure a DOS response to any *Touhy* requests for depositions. A few things that will expedite DOS review include if you properly serve the request on DOS (see 22 CFR 172.2), provide "as much specificity as possible" concerning who you would like to depose and the official information sought (22 CFR 172.5), and respond to the considerations the DOS must consider in evaluating your request (22 CFR 172.8). You can email to me a courtesy copy, as mail to DOS is often delayed. *Id.*

On November 30, 2023, Counsel for Plaintiff responded stating "there is no way DOS regulation covers employees of Section 4712 contractors." Counsel for Plaintiff then sought the Court's intervention, which led to the January 8, 2024 discovery hearing before Magistrate Judge Joel C. Hoppe. Counsel now submits this motion moving for a protective order as Plaintiff is

seeking official DoS information via deposition testimony of current and/or former DoS and/or MSA employees (who are DoS contractors).

## III.    LEGAL STANDARD

Under Fed. R. Civ. P. 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). "The movant bears the burden of establishing 'good cause' by showing that 'specific prejudice or harm will result if no protective order is granted.'" *Beach v. Costco Wholesale Corp.*, No. 5:18-cv-00092, 2019 WL 1495296, at *2 (W.D. Va. 2019) (finding good cause to implement a protective order).

## IV.    ARGUMENT

### A. "Confidential Information" as Defined in the Confidentiality Order in this Matter Includes Confidential Testimony Protected from Disclosure by Statute or Regulation.

Pursuant to the confidential nature of MSA's contract with DoS, this Court entered a Confidentiality Order protecting all "Confidential Information" in this case. ECF 67. Section 2(a) of the Confidentiality Order states:

> "Confidential Information" shall mean all documents **and testimony**, and all information contained therein, containing:
> (i) trade secrets or other confidential research, development, financial, proprietary, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G);

(ii) **confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise**; or
(iii) Any documents deemed Confidential Information by the United States Government, including, but not limited to documents related to Contract No. SAQMMA16D0106. *Id.* (**emphasis added**).

This Court has already determined that "testimony" falls under the realm of "confidential information" if it is "confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise." *Id.* 22 C.F.R. § 172.1 specifically identifies that depositions of contractors are governed by DoS's *Touhy* regulations. Because the Confidentiality Order this Court already implemented expressly states that "testimony . . . protected from disclosure by statute" *shall* be deemed "Confidential Information," Plaintiff must abide by DoS's *Touhy* regulations in requesting deposition testimony from current and former DoS and/or MSA employees (who are DoS contractors) (as required by statute).

MSA respectfully requests the Court issue the requested protective order.

**B. DoS *Touhy* Regulations are Not Ambiguous and Require Plaintiff to Submit a *Touhy* Request.**

DoS's *Touhy* regulations are codified in 22 C.F.R. Part 172. Section 172.1 (the purpose, scope, and definitions), in relevant part, states:

(b) For purposes of this part, and except as the Department may otherwise determine in a particular case, the term employee includes the Secretary and former Secretaries of State, **and all employees and former employees** of the Department of State or other federal agencies who are or were appointed by, or subject to the supervision, jurisdiction, or control of the Secretary of State or his Chiefs of Mission, whether residing or working in the United States or abroad, including United States nationals, foreign nationals, **and contractors**.

(c) For purposes of this part, the term litigation encompasses all pre-trial, trial, and post-trial stages of all judicial or administrative actions, hearings, investigations, or similar proceedings before courts, commissions, boards (including the Board of Appellate Review), or other judicial or quasi-judicial bodies or tribunals, whether criminal, civil, or administrative in nature. **This part governs, inter alia, responses to discovery requests, depositions, and other pre-trial, trial, or post-trial proceedings, as well as responses to informal requests by attorneys or**

**others in situations involving litigation.** However, this part shall not apply to any claims by Department of State employees (present or former), or applicants for Department employment, for which jurisdiction resides with the U.S. Equal Employment Opportunity Commission; the U.S. Merit Systems Protection Board; the Office of Special Counsel; the Federal Labor Relations Authority; the Foreign Service Labor Relations Board; the Foreign Service Grievance Board; or a labor arbitrator operating under a collective bargaining agreement between the Department and a labor organization representing Department employees; or their successor agencies or entities.

22 C.F.R. § 172.1 (emphasis added).

Section 172.5 provides DoS's "[p]rocedure when testimony or production of documents is sought." Specifically, § 172.5(a) provides:

If official Department information is sought, through testimony or otherwise, by a request or demand, the party seeking such release or testimony **must** (except as otherwise required by federal law or authorized by the Office of the Legal Adviser) **set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought**. Subject to § 172.7, Department employees may only produce, disclose, release, comment upon, or testify concerning those matters which were specified in writing and properly approved by the appropriate Department official designated in § 172.4. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The Office of the Legal Adviser may waive this requirement in appropriate circumstances.

*Id.* at § 172.5(a).

When a statute is clear and unambiguous, "the court's interpretative task is at an end, and the statute must be applied in accordance to its plain meaning." *McCauley v. Purdue Pharma, L.P.*, 224 F. Supp. 2d 1066, 1069 (W.D. Va. 2002) (citing *Hall v. McCoy*, 89 F. Supp. 2d 742, 744–45 (W.D. Va. 2000); *Johnson v. Garraghty*, 57 F. Supp. 2d 321, 325–26 (E.D. Va. 1999)). The court may not look past the plain meaning of the statute. *Id.*; *see also Crespo v. Holder*, 631 F.3d 130, 136 (4th Cir. 2011) ("The Supreme Court has stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–254 (1992) (quoting *Rubin*

*v. United States*, 449 U.S. 424, 430, (1981))). If the plain language of a statute is unambiguous, "we are not simply free to ignore unambiguous language because we can imagine a preferable version." *Id.* (quoting *Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 308 (4th Cir. 2000)). In *Crespo*, the Government asked the Court "to 'improve the statute—to amend it, really' to include" the plaintiff's situation. *Id.* That is neither within the judiciary's power, nor was the court in *Crespo* inclined to do so. *Id.*

### 1. DoS *Touhy* Regulations Apply to Current and Former "Employees" of DoS and MSA.

In *La. Dep't of Transp. & Dev. v. U.S. Dep't of Transp.,* the court recognizes that although "[t]here is no binding precedent addressing whether agency heads have the authority to extend *Touhy* regulations to apply to the testimony of former employees," some agency *Touhy* regulations (including DoS's) specifically include current and former employees in its definition of "employee." *See* No. 15-2638, 2015 WL 7313876, at *6–7 (W.D. La. Nov. 20, 2015) (citing 22 C.F.R. § 172.1(b) (DoS); 32 C.F.R. § 97.3(b) (Department of Defense); 32 C.F.R. § 1905.2(c) (Central Intelligence Agency); 45 C.F.R. § 2.2 (Department of Health and Human Services)); *see also U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 474 F. Supp. 2d 75 (D.D.C. 2007) ("The valid *Touhy* regulations adopted by HHS require that a party first seek agency approval before attempting to secure the testimony of a current or former agency employee.").

### 2. The Definition of "Employee" As Outlined in DoS *Touhy* Regulations Includes Contractors.

In *Liptak v. Cnty.*, the court found that the plaintiff failed to comply with the U.S. Department of Health and Human Services' ("HHS") *Touhy* regulations by serving a subpoena on its federal contractor rather than on HHS itself. *See* No. 16–225 (ADM/JSM), 2016 WL 5662082, at *9, 13 (D. Minn. Aug. 24, 2016). Much like this case, in *Liptak*, HHS had a contract with the

Minnesota Department of Health ("MDH"), a federal contractor. *Id.* at \*9. The agreement between HHS and MDH "states that MDH acts on behalf of the Secretary of []HHS as a federal contactor, and the Secretary is the real party in interest in carrying out the certified program." *Id.* Therefore, HHS "exerts significant control over the conduct of MDH in the performance of its survey responsibilities." *Id.* Because the plaintiff was requesting information that was "property of []HHS" plaintiff must "follow[] the applicable *Touhy* regulations" or submit a FOIA request. *Id.* at \*13.

Likewise, in *Mickendrow v. Watner*, a company called Novitas Solutions, Inc. was a federal contractor to HHS. No. 20-007 (JMV), 2021 WL 2821176, at \*1 (D.N.J. July 7, 2021). After receiving a subpoena seeking documents and the deposition of an employee, HHS directed Novitas Solutions, Inc. to advise the requestor of the documents and deposition to submit a *Touhy* request pursuant to HHS's *Touhy* regulations. *Id.* The court found that "Plaintiff, as the party seeking testimony, was required to satisfy the three criteria of HHS's *Touhy* regulations." *Id.* at \*4.

Here, Plaintiff may try to argue that DoS's *Touhy* regulations are unlawful by citing a Southern District of New York case finding a portion of U.S. Department of Transportation's *Touhy* regulations unlawful. *See Koopmann v. U.S. Dep't of Transp.*, 335 F. Supp. 3d 556 (S.D.N.Y. 2018). First, it is important to note that each agency has its own *Touhy* regulations. Second, it is well-settled in the Western District of Virginia and the 4th Circuit that if a statute is unambiguous, "the court's interpretative task is at an end." *See Crespo*, 631 F.3d at 136; *McCauley*, 224 F. Supp. at 1069.

DoS's *Touhy* regulations are clear, Congress's intent is clear, and there is no binding precedent to suggest that DoS's *Touhy* regulations are invalid. 22 C.F.R. § 172.1(a) specifically states that "all employees and former employees" including "contractors" are included in DoS's

definition of "employee" for purposes of § 172. Further, § 172.1(c) specifically identifies that DoS's *Touhy* regulations govern depositions. Plaintiff must, as DoS explained in its November 30, 2023 email, "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." *Id.* § 172.5(a); Exhibit A.

DoS must then determine whether to produce or withhold the information, and whether compliance with the demand or request would "violate a statute or a rule of procedure;" "violate a specific regulation or executive order;" "reveal information properly classified in the interest of national security;" "reveal confidential commercial or financial information or trade secrets without the owner's consent;" "reveal the internal deliberate processes of the Executive Branch;" or "potentially impede or prejudice an on-going law enforcement investigation." *See* 22 C.F.R. § 172.8.

The fact of the matter remains the same – MSA is a federal contractor who is not in a position to offer current and/or former DoS or MSA employees (who are DoS contractors) to discuss sensitive DoS information without DoS's approval. In order to gain approval, Plaintiff is required to submit a *Touhy* request as discussed above. For these reasons, MSA respectfully requests the Court issue the requested protective order.

### C. MSA Will be Prejudiced Without a Protective Order.

For all the reasons discussed above, good cause exists for a protective order because the requested discovery is an annoyance, oppressive, and/or unduly burdensome or expensive without following DoS's *Touhy* regulations.

Further, good cause exists for a protective order because MSA will suffer specific prejudice or harm if the court does not grant the protective order. MSA risks violating its contract with DoS if it provides current and/or former DoS employees or MSA employees (who are DoS contractors)

for depositions without DoS approval. DoS is not able to approve the requested current and/or former employees without Plaintiff submitting a *Touhy* request. If the Court does not grant a protective order, MSA risks breaching its contract with DoS and subjecting itself to the repercussions that come with breaching a U.S. Government contract. Additionally, permitting Plaintiff to circumvent the well-established *Touhy* process may have adverse national security implications as the contract at issue *sub judice* involves a sensitive government program. *See* ECF 90 (12/06/2022 Statement of Interest of the United States Department of State).

MSA respectfully requests the Court issue the requested protective order.

### D. Other Considerations.

As seen in J. Greenstein's November 30, 2023 email to T. Guyer (part of Exhibit A) DoS proposed a process that would move this as expeditiously as possible—a process that would not create an excessive or unreasonable delay in the discovery process. *See* Exhibit A. In fact, had Plaintiff submitted its *Touhy* request in November 2023, when DoS first requested her to do so, these depositions may have already occurred. In light of the fact that this contract involves a "sensitive government program" (ECF 90), the benefits created by this protective order outweigh any burden on public access to the judicial process. Finally, DoS's proposed procedure is the least onerous option to protect DoS's legitimate interests in this information.

### V. CONCLUSION

For all the reasons stated herein, Defendant and Counterclaim Plaintiff, MSA, respectfully requests this Court grant its Motion for a Protective Order Under Federal Rule of Civil Procedure 26(c).

Respectfully submitted,

Date: January 23, 2024

*/s/ Daniel S. Ward*

_____

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd., d/b/a MSA Security, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
ADAMS AND ASSOCIATES
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*

_____
Daniel S. Ward