IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KAREN IOVINO, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 5:21-cv-00064 |
| MICHAEL STAPLETON ASSOCIATES, LTD., d/b/a MSA SECURITY, INC., | ) ) ) ) ) |
| Defendant. | ) |

**STATEMENT OF INTEREST OF THE UNITED STATES DEPARTMENT OF STATE**

The United States Department of State (DoS), a nonparty in this litigation[1], submits the following statement of interest in support of Defendant MSA's Motion for Protective Order (ECF No. 151). Plaintiff Karen Iovino seeks the deposition testimony of several current and former employees of Defendant MSA, which will necessarily involve testimony regarding DoS official information for which Iovino must submit a *Touhy* request to DoS. The Court previously ruled that DoS's *Touhy* regulations apply to documents generated during the performance of MSA's contracted work for DoS, ECF No. 97 at 2, and the DoS's *Touhy* regulations similarly apply to any testimony about those documents or about work performed pursuant to MSA's contract with DoS.

## BACKGROUND

This case is an employment dispute between MSA and one of its former employees, Iovino. MSA is a contractor for DoS and provides for the procuring, imprinting, training, and testing of

---

[1] There have been no claims against DoS or the United States as part of this litigation, the government has not been served with a Complaint or summons in this litigation, and the United States has brought no claims against anyone in this litigation. As such, it is not a party to this litigation, and this Court has already found as such. *See* Order, ECF No. 97 at 3 ("The Fourth Circuit has held that when a government agency is not a party, as here . . . .").

patrol canines and explosive detection canines in support of DoS operations around the world. All MSA's work for DoS is done pursuant to its contract with DoS.

In 2022, MSA and Iovino had a discovery dispute regarding the production of documents from MSA, resulting in Iovino's filing of a motion to compel, seeking to circumvent DoS's *Touhy* review process. *See* ECF No. 82. Although Iovino had submitted a *Touhy* request to DoS, Iovino argued MSA should not allow DoS to review MSA documents for DoS confidential, sensitive, and privileged information, prior to production to Iovino. *Id.* Specifically, Iovino contended DoS's *Touhy* regulations did not apply. *Id.* As part of that discovery dispute, DoS submitted a Statement of Interest, as well as a declaration from Michael Caramelo, outlining the nature of the sought-after documents as DoS official information, required to be reviewed by DoS pursuant to the applicable *Touhy* process. ECF Nos. 90 & 90-1. Thereafter, the Court denied Iovino's Motion to Compel, specifically finding—as Iovino conceded at the hearing on the issue—that the documents were subject to DoS's *Touhy* regulations. *See* Order at 2, ECF No. 97 ("As counsel for Iovino acknowledged during the hearing, the requested documents, insofar as they were 'generated during the performance of work under [the State Department contract],' are subject to the State Department's *Touhy* regulations.").

With respect to the current discovery dispute, in November 2023, Iovino sought depositions of six current and former MSA employees. *See* Emails, ECF No. 151-2. MSA informed Iovino that DoS requested Iovino submit *Touhy* requests to DoS for the depositions, and DoS informed Iovino that it would turn around any such *Touhy* requests "expeditiously." *Id.* at 2. Iovino responded to MSA and DoS that there was "[n]o way [they] will agree to a *Touhy* process" for the depositions and, as of this filing, continues to refuse to submit any *Touhy* request to DoS for the sought-after deposition testimony, including to the extent Iovino seeks DoS information in

the depositions. *Id.* Based on Iovino's refusal to submit a *Touhy* request to DoS for any deposition testimony, MSA has sought a protective order. ECF No. 151.

## APPLICABILITY OF THE DoS *TOUHY* REGULATIONS

In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Supreme Court held the Attorney General may lawfully make regulations instructing employees regarding their production of documents in litigation. Since *Touhy*, federal agencies have routinely promulgated such regulations governing both the production of documents and testimony in litigation, prescribing conditions and procedures for the request and disclosure of such agency information. *See United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (citing 5 U.S.C. § 301).

DoS's *Touhy* regulations are promulgated at 22 C.F.R. pt. 172. The regulations apply to "all employees and former employees of the Department of State," as well as "contractors." 22 C.F.R. § 172.1(b). Moreover, the regulations cover "official information," meaning "all information of any kind, however stored, that is in the custody and control of the Department, relates to information in the custody and control of the Department, or was acquired by Department employees as part of their official duties or because of their official status within the Department while such individuals were employed by or served on behalf of the Department." *Id.* § 172.1(d). The regulations further provide that "[n]o employee"—as defined by § 172.1(b)—"shall . . . provide oral or written testimony by deposition . . . unless authorized to do so by the Director General of the Foreign Service and Director Personnel (M/DGP) or the Legal Adviser (L), or delegates of either, following consultation between the two bureaus." *Id.* § 172.4(a). In short, DoS

3

contractors are prohibited from testifying as to any information they obtain as part of their official duties for DoS absent authority from DoS pursuant to the *Touhy* approval process.[2]

As with DoS's concerns regarding the production of documents in this case, the same issues arise with respect to testimony regarding DoS official information. To the extent these depositions seek DoS official information, DoS's *Touhy* regulations apply, and DoS is entitled to assert any necessary privileges over that information and otherwise ensure that confidential and sensitive information is not made public.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date:  February 9, 2024

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA  24008-1709
Telephone:  (540) 857-2250
Facsimile:  (540) 857-2283
E-mail:  krista.frith@usdoj.gov

---

[2] To the extent Iovino seeks to challenge DoS's *Touhy* regulations, it may not do so here. To challenge a regulation, one must file suit pursuant to the Administrative Procedures Act (APA), within the applicable statute of limitations, and after exhausting administrative remedies and/or presenting the issue to the agency first as required by any applicable regulations. 5 U.S.C. § 703. To the extent Iovino seeks to make an as applied challenge to DoS's *Touhy* regulations under the APA, as this Court already noted, there must first be a final agency decision to challenge in order for this Court to have subject matter jurisdiction. Order at 3, ECF No. 97. Further, any challenge to a final agency decision must be brought in a suit pursuant to the APA against the United States, not as part of this litigation where the United States is not a party.

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system who will distribute copies to all CM/ECF participants.

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney