IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KAREN IOVINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-00064 |
| ) | |
| MICHAEL STAPLETON ASSOCIATES, ) | |
| LTD., d/b/a MSA SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

### REPLY IN SUPPORT OF THE UNITED STATES DEPARTMENT OF STATE'S STATEMENT OF INTEREST

Defendant MSA—a United States Department of State (DoS) contractor—moved for a Protective Order regarding the need for Plaintiff Karen Iovino to submit a *Touhy* request to the United States Department of State (DoS) prior to deposing various MSA employees to the extent Iovino seeks DoS official information through those depositions. The Court already ruled on this issue with respect to the document discovery in this case, and Iovino presents no reason the Court should abandon its previous ruling.

Although Iovino previously conceded *Touhy* applied to DoS official information in this case, Order at 2, ECF No. 97, she now argues it does not. Resp. at 2, ECF No. 162. Iovino ignores the Court's prior ruling on the issue, and her sole argument that *Touhy* does not apply is that *Touhy* is inapplicable when the government is a party to the litigation. This argument fails, however, because as this Court previously held, the United States is clearly not a party to this litigation. Order at 2, ECF No. 97. Again, Iovino presents no reason the Court should abandon its prior ruling.

Additionally, Iovino's Response argues the Administrative Procedures Act (APA) is inapplicable when challenging DoS's *Touhy* regulations. Iovino ignores the Court's prior ruling

1

on the issue and the case law to the contrary. Iovino asserts DoS is precluding MSA employees from testifying by "put[ting] them off limits from normal discovery." Resp. at 7. This is factually incorrect. DoS is not preventing anyone from testifying. Rather, DoS has requested that to the extent Iovino seeks DoS official information in the depositions of any MSA employees—who exclusively performed work pursuant to a DoS contract—Iovino must submit a *Touhy* request to DoS, so that DoS can assert any necessary privileges over that information and otherwise ensure that confidential and sensitive DoS official information is not made public.

Because the Court already ruled DoS's *Touhy* regulations apply, the Court should grant MSA's Motion for Protective Order. Even if the Court were to consider the issue anew, it should grant MSA's Motion for Protective Order because Iovino's Response lacks persuasive legal argument and is premised on factual and legal inaccuracies.

## I. The Court already ruled DoS's Touhy regulations apply here.

The current dispute over application of DoS's *Touhy* regulations is Iovino's second attempt to avoid DoS's *Touhy* regulations in this litigation. In seeking documents from MSA during discovery, DoS informed the parties it needed to review documents containing DoS official information prior to MSA's production pursuant to DoS's *Touhy* regulations. *See* ECF No. 82. Despite Iovino's initial assertion that DoS's *Touhy* regulations could not apply to MSA's documents, Iovino conceded at a hearing on the matter the *Touhy* regulations were applicable, and the Court found MSA's documents were subject to DoS's *Touhy* regulations "insofar as they were generated during the performance of work under [the State Department contract]." Order at 2, ECF No. 97. This is now the law of the case and should be followed here. *See Arizona v. California*, 460 U.S. 605 (1983); *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019); *United States v. Gambill*, 214 F. Supp. 3d 544, 548 (W.D. Va. 2016).

The application of DoS's *Touhy* regulations to testimony from MSA employees—to the extent it is about work performed under the DoS contract—is no different. Notably absent from Iovino's response is any reference to the previous *Touhy* dispute in this case or Iovino's prior concession that DoS's *Touhy* regulations apply here. Because the Court already ruled that non-party DoS's *Touhy* regulations apply to DoS official information in this case, the Court should grant MSA's Motion for a Protective Order.

## II. The government is not a party to this litigation, as this Court already ruled.

Iovino argues that because she has sued a federal government contractor, she has sued the United States. *See* Resp. at 2 ("[I]f a contractor is sued, it is the same as suing an agency employee . . . ."). Iovino's assertion lacks support in the law and contradicts this Court's prior ruling that DoS is not a party to this litigation. Order at 3, ECF No. 97.

First, when Iovino objected to DoS's review of documents prior to MSA's production to Iovino in discovery, this Court explained, "The Fourth Circuit has held that when a government agency is not a party, **as here**, 'the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas.'" *Id.* (emphasis added) (quoting *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F. 3d 269, 274 (4th Cir. 1999)). Iovino's Response ignores this prior ruling by arguing that DoS is a party to this litigation. But the Court's prior ruling on this issue is the law of the case, and Iovino presents no reason why it should not stand. *See Arizona v. California*, 460 U.S. 605 (1983); *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019); *United States v. Gambill*, 214 F. Supp. 3d 544, 548 (W.D. Va. 2016).

Second, the United States or DoS is not identified as a party to this litigation in any document or pleading filed with the Court. Similarly, Iovino never sought a summons for the United States, never served the United States with a copy of the Complaint, or has otherwise engaged with counsel for the United States regarding this litigation, such as by serving counsel for

3

the United States with discovery requests or other case-related communications. If the United States was a party to this litigation, Iovino would have had to comply with Federal Rule of Civil Procedure 4(i) for serving the United States and its agencies, corporations, officers, or employees. The Rule specifically requires a copy of the summons and complaint be delivered to the U.S. Attorney, the Attorney General, and DoS. Fed. R. Civ. P. 4(i). Iovino has not served any of those entities in this case because the United States is not a party.

Third, as a sovereign, the United States is immune from suit unless it consents to being sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The statute on which Iovino proceeds in this litigation, 41 U.S.C. § 4712, contains no such waiver of the United States' immunity, further evidencing the fact the United States is not a party to this litigation. *See also COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999) ("[I]t is sovereign immunity, not housekeeping regulations, that gives rise to the Government's power to refuse to comply with a subpoena. As we have acknowledged, 'subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign' . . . . (quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989)).

Iovino asserts that because DoS's *Touhy* regulations define employee to include contractor for the limited purpose of the *Touhy* regulations—which Iovino simultaneously argues is an invalid regulation[1]—the government is a party, namely *the defendant*. If the government was indeed the defendant to this lawsuit, it would have been served in accordance with Rule 4, it would have various defenses like sovereign immunity available to it, and most notably, the Department of

---

[1]  Iovino argues the DoS *Touhy* regulation including contractors in the definition of employee exceeds the scope of 5 U.S.C. § 301 and is thus invalid, Resp. at 7–9, while simultaneously arguing she is not "challenging the adoption or stated scope of the DoS Touhy regulation." *Id.* at 11.

4

Justice would be defending the lawsuit, not private counsel. To assert for the first time at this late stage of the litigation that the United States is a party strains credulity.

Iovino's only basis for asserting DoS's *Touhy* regulations do not apply here is that DoS is a party to this litigation. Because DoS is clearly not a party to this litigation, the *Touhy* regulations apply, as this Court already held.

### III. Iovino's case law and arguments that DoS's *Touhy* regulations do not apply are unpersuasive.

Iovino's sole argument to support her position that DoS's *Touhy* regulations do not apply here is that DoS is a *party* to this litigation. As discussed above, the premise of this argument fails because DoS is not a party to this litigation, as the Court already held. Moreover, the cases Iovino cites in support of her arguments that DoS is a party and that DoS's *Touhy* regulations do not apply are unpersuasive.

Iovino cites *Menocal v. GEO Group, Inc.*, 2017 WL 434000 (D. Colo. June 6, 2017), in support of her argument the government is a party to this litigation and that DoS's *Touhy* regulations are inapplicable. Resp. at 4. Iovino's arguments, however, misconstrue *Menocal*, which on its face lacks persuasive reasoning. Further, the issue in *Menocal* greatly differs from the issue presented here where there has been no refusal to provide discovery to Iovino.

In *Menocal*, current and former detainees at a private, for-profit immigration detention facility brought a class action lawsuit against the owner and operator of the facility, who contracted with the U.S. Immigration and Customs Enforcement (ICE) to house the detainees. 113 F. Supp. 3d 1125, 1128 (D. Colo. 2015). The plaintiffs alleged that the voluntary work program at the detention facility violated the Colorado Minimum Wage Order, that the requirement for detainees to clean their living areas violated the Trafficking Victims Protection Act, and that the defendant was unjustly enriched by the Voluntary Work Program. *Id.*

5

During discovery, the defendant refused to answer written discovery requests on the basis of DHS's *Touhy* regulations. 2017 WL 4334000, at *1 (D. Colo. June 6, 2017). The defendant took the specific position that DHS's "*Touhy* regulations prevent [the defendant] from providing the information Plaintiffs request in discovery" and that the plaintiffs should request the information directly from DHS instead. *Id.* at *2. The opinion does not mention a specific *Touhy* request or denial, or any appearance of DHS in the dispute. [2] The court granted the plaintiffs' Motion to Compel, finding the defendant "cannot rely on [DHS's *Touhy* regulations] to circumvent its discovery obligations." *Id.*

First, the facts of *Menocal* greatly differ from the facts and issue here. Here, no one is refusing to comply with discovery, unlike in *Menocal* where the defendant refused to provide written discovery responses based on DHS's *Touhy* regulations. DoS merely requested the parties comply with its *Touhy* regulations by sending a *Touhy* request to DoS for the sought-after deposition testimony to the extent Iovino seeks DoS official information in those depositions. Additionally, the *Menocal* court reasoned that it could not "authorize[] [DHS] to determine what evidence is discoverable in this case," 2017 WL 4334000, at *4, but here, DoS seeks to take on no such role. To the contrary, DoS merely seeks to ensure it protects any DoS privileged information and otherwise ensure that confidential and sensitive DoS information is not made public.

Second, Iovino argues the *Menocal* court held the government was a party to the litigation, but none of the court's opinions include any such holding. The court explained that the defendant was as an employee of DHS, then reasoned that because a DHS employee was a party to the litigation, DHS's *Touhy* regulations could not apply. 2017 WL 433400, at *3. But DHS's *Touhy*

---

[2] An Assistant United States Attorney filed two pleadings related to the court's issuance of a writ of habeas corpus ad testificandum to require ICE to allow a plaintiff detained in ICE custody to appear in street clothes for a videotaped deposition. *See* ECF Nos. 281, 289, *Menocal v. Geo Grp., Inc.*, No. 1:14-cv-2887 (D. Colo.).

6

regulations contain no such carve out for litigation in which DHS or its employees are a party to the litigation. *See* 6 C.F.R. §§ 5.41–5.49. Moreover, the *Menocal* court cites no case, statute, or regulation to support its assertion that DHS's *Touhy* regulations are inapplicable when the agency or its employees are a party to litigation.

Further, *Menocal*'s conclusion that a DHS employee was a "party" to the litigation is misguided and based on flawed reasoning. Whether a person or entity is a government "employee" varies greatly depending on the context. For example, the definition of employee under the Civil Service Reform Act, 5 U.S.C. § 2105, is different than the definition of "employee" in DoS's *Touhy* regulations. Similarly, the definition of "employee" under the Westfall Act provides yet another definition. *See* 28 U.S.C. § 2671; *U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Va., LLC*, 299 F.3d 236, 248–49 (4th Cir. 2018). If the defendant was an employee of the government such that the government was thus a party to the litigation, the government itself would be defending the litigation through the Department of Justice. Further, as discussed above, specific service rules would have been complied with and various defenses, such as sovereign immunity, would be available to the government as a party to the litigation.

Moreover, Iovino's assertion that DHS was deemed a party in *Menocal* is belied by a later ruling in the case in which the court denied the defendant's motion to dismiss for failure to join DHS as a necessary party. 635 F. Supp. 3d 1151, 1179 (D. Colo. 2022). Acknowledging the government was not a party to the litigation, the court found the government was not a necessary party under Federal Rule of Civil Procedure 19. *Id.*

Iovino argues "*Menocal* provides a rule of decision and legal reasoning that few courts would not follow," Resp. at 2, but in the over six years since *Menocal* was decided, it has not been

cited by any judicial opinions. Moreover, the reasoning is flawed and contradicts a prior holding of this Court.

Iovino also cites noncontrolling *In re Bankers Trust Co.*, 61 F.3d 465 (6th Cir. 1995), to argue DoS's *Touhy* regulations have no role here. Resp. at 7. But *Bankers Trust* is unpersuasive for similar reasons *Menocal* is unpersuasive: the defendant here is not seeking to avoid its discovery obligations by pointing to DoS's *Touhy* regulations. In *Bankers Trust*, the defendant, a bank regulated by the Federal Reserve, sought to avoid producing any documents deemed to be those of the Federal Reserve, instead requiring the plaintiff to seek the documents directly from the Federal Reserve. The Sixth Circuit reasoned that because the bank had "possession, custody, or control" over the requested documents, the Federal Reserve's *Touhy* regulations could not override the defendant's obligations under the Federal Rules of Civil Procedure to produce the documents. *Id.* at 469-71. But here, unlike the defendant in *Bankers Trust*, MSA is not seeking to avoid the depositions of its employees. Therefore, *Bankers Trust* is unpersuasive.

Iovino relies on several other cases throughout her response where courts found *Touhy* regulations were inapplicable. Resp. at 6–8. None of those cases is persuasive, however, because the United States was a named defendant in those cases. *See United States v. Reynolds*, 345 U.S. 1, 9–10 (1953) (United States was the defendant); *Fitzgerald Truck Parts & Sales, LLC v. United States*, 2023 WL 4278658 (M.D. Tenn. June 29, 2023) (same); *Exxon Shipping Co. v. United States Department of Interior*, 34 F.3d 774 (9th Cir. 1994) (same); *Moore v. Chertoff*, 2006 WL 2338203 (D.D.C. Aug. 10, 2006) (same). Here, the United States is not a defendant to this lawsuit. Thus, none of the cases Iovino cites support her opposition to the application of DoS's *Touhy* regulations here.

### IV. Any challenge to an agency decision must be brought pursuant to the APA for the Court to have subject matter jurisdiction.

Iovino argues the APA has no application here, Resp. at 11–12, but again, the Court has already ruled to the contrary. The Court's prior order noted that any challenge to DoS's *Touhy* regulations or DoS's decision regarding provision documents or testimony is subject to the APA. *See* Order at 3, ECF No. 97. But Iovino has brought no such APA claim against the United States as part of this litigation by way of motion to compel or as related to this litigation in a separate lawsuit.

First, it is unclear whether Iovino is asking this Court to invalidate DoS's *Touhy* regulations broadly[3], but to the extent she does, the APA clearly applies to such a challenge to the agency's rulemaking. 5 U.S.C. § 553. A party in private litigation cannot create a cause of action against an unnamed party mid-litigation by virtue of a discovery dispute. *See* Fed. R. Civ. P. 2 & 3 (filing of a complaint commences a civil action); Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

Second, to the extent Iovino is challenging an agency decision, that is done through the APA "[o]nce the State Department renders a final agency decision." *See* Order at 2–3 & n.5, ECF No. 97. "When the government is not a party to the underlying litigation, as is the case here, the Administrative Procedure Act ('APA') 'provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas.'" *RLI Ins. Co. v. Nexus Servs., Inc.*, 2020 WL 1496466, at *2 (W.D. Va. Jan. 17, 2020) (Urbanski, C.J.) (quoting *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999)). Iovino has not brought any APA claim against DoS

---

3     *See supra* n.1 (discussing Iovino's inconsistent positions within her Response).

as part of this case or any other related case. To the contrary, Iovino asserts the APA does not govern this case. Resp. at 11.

Even if Iovino had brought an APA claim against DoS regarding the *Touhy* process for depositions, DoS has not made a final agency decision for the Court to have subject matter jurisdiction. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (explaining an APA claim "can only proceed where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."); *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 548 (4th Cir. 2004). Without a final agency decision, there is no waiver of the government's sovereign immunity, and the Court lacks subject matter jurisdiction over any such claim.

While a challenge to an agency's specific agency decision regarding the denial of a *Touhy* request need not necessarily be filed in a separate complaint against the United States[4], a challenge to an agency's regulation itself more broadly does require a separate APA lawsuit. For example, Iovino cites *Koopmann v. United States Dep't of Transportation*, 335 F. Supp. 3d 556, 561 (S.D.N.Y. 2018). In that case, the plaintiff sought to challenge the Department of Transportation's (DOT) denial of the plaintiff's *Touhy* request in a different case, but also more broadly sought to

---

[4] The APA's waiver of sovereign immunity applies only to "***action[s]*** in a court of the United States." 5 U.S.C. § 702. The essential step in bringing a civil action under the Federal Rules of Civil Procedure is the filing of a complaint. Fed. R. Civ. P. 2 & 3. A subpoena and associated proceedings against the government are not "complaints." Therefore, the lack of a subpoena or even *Touhy* request is insufficient to commence an action under the Federal Rules of Civil Procedure and trigger a waiver of the United States' sovereign immunity. Waivers of sovereign immunity are to be strictly construed against waiver. *See Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986). Although courts have ruled filing a separate APA action is not required for waiver of sovereign immunity where the subpoena originates in federal court, *U.S. Envtl. Prot. Agency v. Gen. Elec. Co.*, 197 F.3d 592 (2d Cir. 1999), neither the Fourth Circuit nor this Court has ruled on the issue.

invalidate DOT's *Touhy* regulation as exceeding Congressional authority because it applied to former DOT employees. *Id.* at 559. This extensive relief sought provided the reason for a separate APA case as opposed to a motion to compel within the existing litigation pursuant to *U.S. Environmental Protection Agency v. General Electric Co.*, 197 F.3d 592 (2d Cir. 1999).

Iovino also cites *Alabama One Credit Union v. Toppin*, 2020 WL 6053156 (N.D. Ala. June 3, 2020), *R&R adopted by,* 2020 WL 3959153 (July 13, 2020), in support of her argument that Iovino need not make a separate APA claim to challenge DoS's *Touhy* regulations, but again the facts of *Toppin* are distinguishable. In *Toppin*, the United States was added as a necessary party to the litigation and the plaintiff directed the discovery requests at issue **to** the United States. *Id.* at *2. The plaintiff also sought to bring a cross-claim against the United States—who was named as an indispensable party—for an APA claim challenging the United States' denial of the plaintiff's *Touhy* request. *Id.*

The government's position on the APA in *Toppin* referenced in Iovino's Response is **not** the government's position here. In *Toppin*, the government asserted the plaintiff could not make a cross-claim under the APA for denial of the *Touhy* request and instead had to bring a separate suit against the United States over the denial of the *Touhy* request in the litigation. The government has not taken that position here. It is not a party to this litigation. No one has sought to add the United States as a party to this litigation or bring a claim against the United States as part of this litigation. And in the document discovery process, the DoS largely approved release of the requested discovery materials, with only limited redactions.

Iovino also relies on *U.S. EPA v. General Electric Co.*, 197 F.3d 592 (2d Cir. 1999), to support its assertion that it need not file an APA claim against the United States. But reliance on this case has the same flawed analysis as Iovino's reliance on *Toppin*. In *General Electric*, the

11

EPA denied a *Touhy* request, the party moved to compel compliance with a subpoena, and the EPA cross-moved to quash the subpoena. *Id.* at 593. These are not the same facts we have here. There has been no *Touhy* request, motion to compel against DoS, or motion to quash by DoS. Most notably, there has been no final agency decision Iovino could challenge here.

Iovino's assertion the APA does not apply to her challenge of DoS's *Touhy* regulations ignores the Court's prior ruling to the contrary as well as ample case law, including that from the Fourth Circuit.

**V.      DoS does not seek to "control" discovery, override the Federal Rules of Civil Procedure, or "divest [the] court of jurisdiction over discovery."**

As explained in both of DoS's Statements of Interest in this case, DoS has no interest in being a roadblock in the discovery process of this litigation between private parties. Instead, DoS's interest and legal obligation is to ensure information for which it holds a privilege is not disclosed or inadvertently waived and that confidential and sensitive DoS information is not made publicly available. This is consistent with the housekeeping statute. *See* 5 U.S.C. § 301 ("This section does not authorize withholding information from the public or limiting the availability of records to the public.").

Iovino's Response repeatedly accuses DoS of keeping MSA employees "off limits from normal discovery," Resp. at 7, "insulat[ing] its contractors from civil discovery," *id.* at 2, "control[ing] discovery," *id.* at 3, and "divest[ing] [the] court of jurisdiction over discovery." *Id.* at 7. These accusations, however, are unfounded. Iovino offers no evidence DoS has engaged in any of these actions. To the contrary, DoS has only requested that to the extent Iovino seeks to depose DoS contractors about DoS official information, she submit a *Touhy* request to DoS, which DoS promised to "expeditiously" turnaround. *See* Emails, ECF No. 151-2.

Iovino argues DoS's *Touhy* regulations "create a class of private corporate untouchables" by including contractors in the definition of employee in the *Touhy* regulations. Resp. at 8. But this again relies on the incorrect assumption DoS would preclude certain testimony. Further, it relies on a far too broad reading of the *Touhy* regulations. DoS's *Touhy* regulations only apply to contractors to the extent they are asked to reveal DoS official information. If the information Iovino seeks from the depositions of the MSA employees contains no DoS official information, there would be no need for a *Touhy* request. But to the extent Iovino seeks to depose MSA employees regarding official DoS information, DoS has an obligation to ensure it asserts any privileges over which it is the holder of privilege and otherwise ensures confidential, sensitive information is not made public. These are precise concerns DoS raised in the document discovery phase of this case, and the Court agreed DoS was entitled to review the documents and protect any privileged or sensitive DoS official information.

DoS does not seek to preclude any MSA employees from testifying. As it has continuously stated throughout this litigation, including with respect to Iovino's *Touhy* objections over the documents, DoS's interest in the *Touhy* requests is in protecting any privileged and/or non-public, sensitive DoS official information from being disclosed or made public, potentially putting federal employees, officials, dignitaries, and others in danger around the globe.

## CONCLUSION

To the extent Iovino's requested depositions of MSA employees seek DoS official information, DoS's *Touhy* regulations apply, and DoS is entitled to assert any necessary privileges over that information and otherwise ensure that confidential and sensitive information is not made public. As such, the Court should grant MSA's Motion for Protective Order.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date:  March 21, 2024

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA  24008-1709
Telephone:  (540) 857-2250
Facsimile:  (540) 857-2283
E-mail:  krista.frith@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system who will distribute copies to all CM/ECF participants.

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney