## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

**KAREN IOVINO**,

    Plaintiff,

v.                                                                                  Civil Action No. 5:21-cv-00064

**MICHAEL STAPLETON ASSOCIATES,**            Hon. Thomas T. Cullen
**LTD.,** d/b/a **MSA SECURITY, INC.**,

    Defendant.

_____

### PLAINTIFF'S STATEMENT OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OBJECTIONS TO MAGISTRATE'S TOUHY ORDER

    This Statement of Supplemental Authority which does not exceed 350 words is in support Plaintiff's Objections to the Magistrate's Memorandum Opinion & Order, to wit Section IV.B. "The TOR's Reasoning Conflicts with Supreme Court Precedent Rejecting Agency Overreach":

    (1) *Ohio v. EPA*, 2024 U.S. LEXIS 2846 (June 27, 2024). The Court emphasized the necessity for clear statutory authorization for agency actions having significant economic and political implications. The EPA overstepped its authority by enforcing climate policies without explicit Congressional approval.

    (2) *Loper Bright Enterprises v. Raimondo*, 2024 U.S. LEXIS 2882 (June 28, 2024). The Court curtailed the National Marine Fisheries Service's power in ruling it could not impose regulations without clear statutory backing and agencies must operate only within the bounds of that statutory authority.

    (3) *Corner Post, Inc. v. Bd. of Governors of the Federal Reserve System*, 2024 U.S. LEXIS 2885 (July 1, 2024). The Court restricted the Federal Reserve's authority by holding that

1

it could not implement important regulations without specific Congressional authorization. And a challenge to those regulations does not accrue until a plaintiff is injured by final agency action.

These cases redouble the Supreme Court's jurisdictional push to limit deference and authority to agencies in order to preserve the separation of powers and the requirement that the judiciary not allow agencies to weaken or usurp Congressional authority in critical legislative realms. Application of three cases leaves little regulatory room for the Department of State (DoS) condition judicial authority over discovery entrusted by Congress to district courts under the Federal Rules of Civil Procedure. These holdings align with the same message sent by the Court in *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383 (2015), relied upon in Plaintiff's Objections. *MacLean* held that agency regulations cannot restrict disclosures under the Whistleblower Protection Act 5 U.S.C.S. § 2302(b)(8) without explicit statutory support. Similarly, the DoS Touhy regulations cannot restrict or condition witness or party testimony under the contractor employee whistleblower protection provisions of 41 USCS § 4712. The magistrate judge's order validating the broad application of DoS's administrative authority is inconsistent with these recent rulings.

Respectfully submitted,

/s/ Thad M. Guyer

_____

Thad M. Guyer
John A. Kolar (DCB No. 953292)
Nate L. Adams III (VSB No. 20707)

GOVERNMENT ACCOUNTABILITY PROJECT
1612 K Street, N.W., Suite 1100
Washington, DC 20006
Jackk@whistleblower.org

Nate L. Adams III (VSB No. 20707)
11 S. Cameron Street
Winchester, VA 22601

2

nadams@nadamslaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and to:

>Ryan C. Berry (VSB 67956)
>Daniel S. Ward (VSB 45978)
>WARD & BERRY, PLLC
>ryan@wardberry.com
>dan@wardberry.com
>Attorneys for MSA
>
>And
>
>Krista Consiglio Frith (VSB No. 89088
>Assistant United States Attorney
>E-mail: Krista.Frith@usdoj.gov
>
>Attorney for U.S. Department of State (non-party)

/s/ Thad M. Guyer
Thad M. Guyer