**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May 23, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**FURTHER NOTICE TO THE COURT RE THE
ORDER DATED MAY 15, 2025, D-213**

On May 15, 2025, the Honorable Thomas T. Cullen, United States District Judge, ordered

as follows:

> ORAL ORDER: Plaintiff Karen Iovino is hereby ORDERED to serve notices for all
> depositions subject to Touhy regulations on or before May 23, 2025. In addition to
> serving deposition notices on parties to be deposed and on Defendant, Plaintiff shall file a
> notice with the court stating when the deposition notice was served and on whom. Prior
> to filing such notice on the court's docket, counsel for Plaintiff is further ORDERED to
> meet and confer with counsel for Defendant to ensure that no information subject to a
> protective order is filed on the court's public docket. If necessary, Plaintiff may seek
> leave to file such notices under seal. Entered by District Judge Thomas T. Cullen on
> 5/15/2025. This Notice of Electronic Filing is the Official ORDER for this entry.

Plaintiff, by her undersigned attorney, hereby notifies the Court that she has complied

with the Order by serving on Defendant and on the United States, three (3) Rule 30(b)(6)

deposition notices of the Defendant, the Department of State ("DoS"), and the Department of

State Office of Inspector General, as well as twelve (12) Rule (a)(1) deposition notices of

individual employees of Defendant and DoS. The deposition notices were sent by email from the

undersigned to the following recipients—Dan Ward and Ryan Berry (for the Defendant) and

AUSA Krista Frith (for the United States) on May 21, 2025 at 12:58 pm edt, thereby allowing

time for the meet and confer process, which is still ongoing.

The Plaintiff and Defendant disagree about the need to file the Attachment Bs to the Rule 30(b)(6) notices under seal, but Defendant has not identified the necessity of that with specificity. Moreover, it is Defendant's counsel, Mr. Dan Ward, who has requested that treatment, not counsel for the Government directly.

Plaintiff served copies of her intended deposition notices on the other parties on May 21, 2025 at 12:58 pm edt, and Plaintiff and Defendant conducted the meet and confer. Plaintiff's counsel sent the text of the Touhy request to Defendant and to the Government counsel on May 23, 2025. AUSA Frith responded that she did not see anything in the Touhy letter that needs to be redacted.

The pertinent email exchanges were as follows:

Defendant's counsel, Mr. Ward, asked that Attachment B to the Rule 30(b)(6) deposition notices be filed under seal but he did not identify with specificity particular portions of the Attachment Bs or explain why their public filing would violate the Proectective Order.  On May 22, 2025, Mr. Dan Ward, emailed the undersigned in part as follows:

> Attachment B to the three 30(b)(6) notices names of Department of State employees, and references program details that, in an abundance of caution, should not be in a public filing. **We reached out to DoS and the DOJ to see if they would like anything redacted from the deposition notices, but have not heard back yet.** Given our concerns about the language used in the Attachment Bs, the 12:30 PM deadline you have imposed, and that DoS/DOJ has not been given adequate time to weigh in on the matter, Attachment B to each of the three 30(b)(6) notices should be filed under seal. Otherwise, we have no objection to the remainder of the deposition notices to be filed as is. [Emphasis supplied.]

Indeed, at one point in the exchange, Mr. Ward indicated that the DoS had no objection to a public filing. On May 22, 2025 at 9:58 am, Mr. Ward emailed the undersigned: "Since my email DoS informed us that they don't have any objections."

Only to follow with a message that **he would prefer they be filed under seal.** To quote that follow up email, he wrote: "**[I]**'d still **prefer** that the attachment we discussed be filed under seal." [Emphasis supplied.]

Thus, this request did not come from Government counsel directly, but through Mr. Ward, and Mr. Ward only expressed this as a preference.

In an abundance of caution, Plaintiff hereby requests the Court place the Attachments B under seal for one week, and require Mr. Ward or the Government supply more particularity and fulsomness on why they contend public release of the Attachment Bs would create prejudice to the DoS.

The Touhy request, the individual notices of deposition, and the Rule 30(b)(6) notices with the Attachments B completely redacted, will be filed on the public docket for the time being. Plaintiff asks that the Court release the Attachment Bs after one week.

Respectfully submitted,

/s/ John A. Kolar
JOHN A. KOLAR
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
Office: (202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system, which automatically will serve the counsel who have noticed their appearances in the case

/s/ John A. Kolar

**To:**    The Executive Office
Office of the Legal Adviser, Suite 5.600
600 19th Street NW.
Washington DC 20522

Jacklyn Greenstein, Esq. (By email)

Krista Consiglio Frith, Esq. (By email)
Assistant United States Attorney
Western District of Virginia
P.O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
E-mail: krista.frith@usdoj.gov

## **Touhy Request to the Department of State**

Dear Executive Office:

This is a request by Dr. Karen Iovino, DVM, by her undersigned counsel, pursuant to the decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and the Department of State Touhy regulation, 22 C.F.R. § 172.5. As you know, Dr. Iovino is the Plaintiff in *Karen Iovino v. Michael Stapleton Associates, Ltd.*, Case No. 5:21-CV-00064-TTC (W.D. Va.). Dr. Iovino sued Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA") pursuant to 41 U.S.C. § 4712, for retaliating against her for her exercise of her whistleblower rights. This litigation presently is in the discovery phase in the U.S. District Court.

The attached Notices of Deposition and Attachment B thereto sets forth the subject matters and information we intend to pursue in depositions and through our document request. Attachment A to the Notice of Deposition sets forth the protocols for a remote deposition.

Dr. Iovino's claims are laid under 41 U.S.C. § 4712. Under this statute, Congress has specified that the legal burdens of proof specified in 5 U.S.C. § 1221(e) are controlling for purposes of any judicial proceeding under this whistleblower protection statute. See § 4712(c)(6). Under 5 U.S.C. § 1221(e), an employee must present evidence that he or she made a protected disclosure, which was a contributing factor in a personnel action taken against him or her. The employee may demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that (a) the official taking the personnel action knew of the disclosure and (b) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. See, e.g., *Busselman v. Battelle Memorial Institute*, 2019 WL 7763845 *7 (E.D. Wash. Nov. 15, 2019).

As far as MSA's defense is concerned, once the employee has met this burden, the burden of proof shifts to the employer, which must present clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. In Carr v. Social Security Administration, 185 F.3d 1318, 1323 (Fed. Cir. 1999), the court adopted the following test:

[W]hen determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the following factors [should be considered]: the strength of the agency's evidence in support of its personnel action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

It is apparent that the documents Dr. Iovino seeks as described in Attachment B are relevant to her claims and to MSA's defenses. For example, we submit that correspondence between MSA and DoS may reveal that either or both acted with a motive to retaliate against Dr. Iovino due to embarrassment that he protected disclosures may have caused for the involved government and contractor officials.

The requested documents also are relevant to the question of whether MSA took the actions it did against Dr. Iovino at the request or direction of DoS officials, or with their concurrence, ratification, and acquiescence. Section 4712(a)(3)(B) shows the relevancy of such concerns. It provides:

[A] reprisal described in paragraph (1) is prohibited even if it is undertaken at the request of an executive branch official, unless the request takes the form of a non- discretionary directive and is within the authority of the executive branch official making the request.

The same considerations apply to establish the relevance of the testimony of the individuals listed above. In its initial Rule 26(a)(1) disclosures, MSA was required to identify "(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party [Defendant MSA] may use to support its claims or defenses, unless the use would be solely for impeachment." MSA's initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) listed the individuals identified in our notices of deposition under Rule 30(a)(1). Certainly, Dr. Iovino is entitled to depose the persons that MSA has identified may use to support its claims and defenses.

Sincerely,
/s/ Jack Kolar
John A. (Jack) Kolar
Government Accountability Project
1612 K Street NW — Suite No. 808
Washington, DC 20006
Tel (202) 926-3311
Email: Jackk@whistleblower.org

Cc:    Krista Frith
       Jaclyn Greenstein

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May 23, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | TO BE FILED ON OPEN DOCKET |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF DEFENDANT MICHAEL STAPELTON**
**ASSOCIATES LTD. d/b/a MSA SECURITY, INC., PURSUANT TO**
**RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) as described herein.

**NAME OF DEPONENT**: Michael Stapleton Associates, Ltd, d/b/a MSA Security, Inc.

("MSA");

**DATE AND TIME**: From July 7, 2025 at 10:00AM EDT until completed.

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

***Designation of Representatives***: Defendant MSAis required to make one or more designated representatives available for deposition upon oral examination to answer questions on the particular matters for examination set forth in **Attachment B**.

***Duces Tecum***: This is a notice of deposition *duces tecum* and requires the deponents and/or their designated representative(s) to produce to Plaintiff's attorneys, on or before the date of said deposition(s), all documents, studies, compilations, audits, and financial or other data that could have or will have been referenced, consulted, reviewed or known of by the deponent(s) for purposes of informing himself, herself or themselves regarding the particular matters listed in **Attachment B**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

## DEFINITIONS

1.      "Any" means one or more.

2.      "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

3.      "Document" means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.  The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations. Without limitation on the term "control" as used in the

preceding paragraph, a document is deemed to be in Your control if You have the right to secure the document or a copy thereof from another person.

4.     To "identify" or "state the identity of" a natural person means to state their full name, job title, present or last known address and phone number, and the name, address, and phone number of their last known employer. Once an individual has been so identified, they may thereafter be identified by name alone.

5.     To "identify" a document, identify the person or persons by whom the document was written, the person or persons to whom the document or copy thereof was sent, and the person or persons now having custody of the original of such document or, if such original does not exist, of such existing copy of such document; state the date upon which such document was first written; and describe the contents and substance of such document. If any such document was but is no longer in Your possession or subject to Your control, state what disposition was made of it and the reason for such disposition. In lieu of identifying a document, at Your option, You may attach an accurate copy of it to Your answers to these Interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

6.     To "identify" an oral communication means to identify the person by whom the communication was made and the person or persons by whom the communication was received; state the time and place at which it was made and, if by telephone, the place at which it was received; describe the contents and substance of such communication; and identify all documents which set forth or contain or related to the contents or substance of such communication.

7.     "Including" means including but not limited to.

8.      "Relate" or "relating" means, as applicable, evidencing, connected with, regarding, concerning, supporting, refuting, comprising, constituting, discussing, mentioning, commenting on, referring to, embodying, constituting, or in any way pertaining to in whole or in part.

9.      "You," or "Your" means Defendant MSA.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

11.     "Reprisal" has the same meaning as "reprisal" used in 41 U.S.C. § 4712(a)(3)(B).

12.     "Request" has the same meaning as "request" used in 41 U.S.C. § 4712(a)(3)(B).

13.     "Non-discretionary directive" has the same meaning of "non-discretionary directive" used in 41 U.S.C. § 4712(a)(3)(B).

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.      The court reporter will report the deposition from a location separate from the witness;

2.      Counsel for the parties and their clients will be participating from various, separate locations;

3.      The court reporter will administer the oath to the witness remotely;

4.      The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.      Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.      All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.      The court reporter will ensure accurate recording of the testimony;

8.      The deposition will be recorded electronically;

9.      All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.     Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

5/21/2025 Final

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May 23, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF DEPOSITION OF THE UNITED STATE
## DEPARTMENT OF STATE PURSUANT TO
## RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon oral examination of the United States Department of State pursuant to Fed. R. Civ. P. 30(b)(6) as described herein.

**NAME OF DEPONENT**: Department of State (DoS);

**DATE AND TIME**: From July 30, 2025 at 10:00AM EDT until completed.

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording by certified stenographer authorized to administer oaths in the jurisdiction wherein the deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-visual conference technology according to the protocols set forth in **Attachment A**.

5/20/2025 Final

    ***Designation of Representatives***: The DoS is  required to make one or more designated representatives available for deposition upon oral examination to answer questions on the particular matters for examination set forth in **Attachment B**.

    ***Duces Tecum***: This is a notice of deposition *duces tecum* and requires the DoS and/or their designated representative(s) to produce to Plaintiff's attorneys, on or before the date of said deposition(s), all documents, studies, compilations, audits, and financial or other data that could have or will have been referenced, consulted, reviewed or known of by the deponent(s) for purposes of informing himself, herself or themselves regarding the particular matters listed in **Attachment B**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

5/21/2025 Final

## DEFINITIONS

1.      "Any" means one or more.

2.      "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

3.      "Document" means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.  The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations. Without limitation on the term "control" as used in the

preceding paragraph, a document is deemed to be in Your control if You have the right to secure the document or a copy thereof from another person.

4.      To "identify" or "state the identity of" a natural person means to state their full name, job title, present or last known address and phone number, and the name, address, and phone number of their last known employer. Once an individual has been so identified, they may thereafter be identified by name alone.

5.      To "identify" a document, identify the person or persons by whom the document was written, the person or persons to whom the document or copy thereof was sent, and the person or persons now having custody of the original of such document or, if such original does not exist, of such existing copy of such document; state the date upon which such document was first written; and describe the contents and substance of such document. If any such document was but is no longer in Your possession or subject to Your control, state what disposition was made of it and the reason for such disposition. In lieu of identifying a document, at Your option, You may attach an accurate copy of it to Your answers to these Interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

6.      To "identify" an oral communication means to identify the person by whom the communication was made and the person or persons by whom the communication was received; state the time and place at which it was made and, if by telephone, the place at which it was received; describe the contents and substance of such communication; and identify all documents which set forth or contain or related to the contents or substance of such communication.

7.      "Including" means including but not limited to.

5/20/2025 Final

8.      "Relate" or "relating" means, as applicable, evidencing, connected with, regarding, concerning, supporting, refuting, comprising, constituting, discussing, mentioning, commenting on, referring to, embodying, constituting, or in any way pertaining to in whole or in part.

9.      "You," or "Your" means Defendant MSA.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

11.     "Reprisal" has the same meaning as "reprisal" used in 41 U.S.C. § 4712(a)(3)(B).

12.     "Request" has the same meaning as "request" used in 41 U.S.C. § 4712(a)(3)(B).

13.     "Non-discretionary directive" has the same meaning of "non-discretionary directive" used in 41 U.S.C. § 4712(a)(3)(B).

5/20/2025 Final

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

5/20/2025 Final

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May 23, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF DEPOSITION OF THE UNITED STATES DEPARTMENT OF STATE OFFICE OF INSPECTOR GENERAL PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon oral examination of the United States Department of State Office of Inspector General pursuant to Fed. R. Civ. P. 30(b)(6) as described herein.

**NAME OF DEPONENT**: Department of State (DoS) Office of Inspector General (OIG) or (DoS-OIG);

**DATE AND TIME**: From July 24, 2025 at 10:00AM EDT until completed.

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording by certified stenographer authorized to administer oaths in the jurisdiction wherein the deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

5/20/2025 Final

visual conference technology according to the protocols set forth in **Attachment A**.

    ***Designation of Representatives***: The DoS-OIG is  required to make one or more

designated representatives available for deposition upon oral examination to answer questions on

the particular matters for examination set forth in **Attachment B**.

    ***Duces Tecum***: This is a notice of deposition *duces tecum* and requires the DoS-OIG

and/or their designated representative(s) to produce to Plaintiff's attorneys, on or before the date

of said deposition(s), all documents, studies, compilations, audits, and financial or other data that

could have or will have been referenced, consulted, reviewed or known of by the deponent(s) for

purposes of informing himself, herself or themselves regarding the particular matters listed in

**Attachment B**.

                         /s/ John A. Kolar
                         John A. Kolar
                         GOVERNMENT ACCOUNTABILITY
                         PROJECT
                         1612 K Street, N.W. Suite 808
                         Washington, D.C. 20006
                         (202) 926-3311
                         Cell: (301) 452-8543
                         (No fax number)
                         JackK@whistleblower.org
                         *Attorneys for Plaintiff*

5/20/2025 Final

## DEFINITIONS

1.    "Any" means one or more.

2.    "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

3.    "Document" means any written, recorded, or graphic material of any kind, whether prepared by You or by any other person, that is in Your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.  The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations. Without limitation on the term "control" as used in the

5/20/2025 Final

preceding paragraph, a document is deemed to be in Your control if You have the right to secure the document or a copy thereof from another person.

4.      To "identify" or "state the identity of" a natural person means to state their full name, job title, present or last known address and phone number, and the name, address, and phone number of their last known employer. Once an individual has been so identified, they may thereafter be identified by name alone.

5.      To "identify" a document, identify the person or persons by whom the document was written, the person or persons to whom the document or copy thereof was sent, and the person or persons now having custody of the original of such document or, if such original does not exist, of such existing copy of such document; state the date upon which such document was first written; and describe the contents and substance of such document. If any such document was but is no longer in Your possession or subject to Your control, state what disposition was made of it and the reason for such disposition. In lieu of identifying a document, at Your option, You may attach an accurate copy of it to Your answers to these Interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

6.      To "identify" an oral communication means to identify the person by whom the communication was made and the person or persons by whom the communication was received; state the time and place at which it was made and, if by telephone, the place at which it was received; describe the contents and substance of such communication; and identify all documents which set forth or contain or related to the contents or substance of such communication.

7.      "Including" means including but not limited to.

5/20/2025 Final

8.      "Relate" or "relating" means, as applicable, evidencing, connected with, regarding, concerning, supporting, refuting, comprising, constituting, discussing, mentioning, commenting on, referring to, embodying, constituting, or in any way pertaining to in whole or in part.

9.      "You," or "Your" means Defendant MSA.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

11.     "Reprisal" has the same meaning as "reprisal" used in 41 U.S.C. § 4712(a)(3)(B).

12.     "Request" has the same meaning as "request" used in 41 U.S.C. § 4712(a)(3)(B).

13.     "Non-discretionary directive" has the same meaning of "non-discretionary directive" used in 41 U.S.C. § 4712(a)(3)(B).

5/20/2025 Final

## **Attachment A**

### **Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual conference technology according to the following protocols:

1.   The court reporter will report the deposition from a location separate from the witness;

2.   Counsel for the parties and their clients will be participating from various, separate locations;

3.   The court reporter will administer the oath to the witness remotely;

4.   The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

5.   Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6.   All exhibits will be provided simultaneously and electronically to the witness and all participants, and witnesses will have the option of self- navigating share screen display of exhibits;

7.   The court reporter will ensure accurate recording of the testimony;

8.   The deposition will be recorded electronically;

9.   All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.   Counsel for all parties will be required to stipulate on the record (a) their consent to this manner of deposition; and (b) their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May __ , 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF ALAN BOWER**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Alan Bower pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 14, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May __, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF BEN ORNDORFF**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Ben Orndorff pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 9, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| KAREN IOVINO,                    ) | |
|                                  ) | **Case No. 5:21-CV-00064-TTC** |
|     **Plaintiff,**           ) | |
|                                  ) | **Dated: May __ , 2025** |
|     **v.**                   ) | |
|                                  ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.**  ) | |
| **d/b/a MSA SECURITY, INC.**            ) | |
|                                  ) | |
|     **Defendant.**           ) | |

**NOTICE OF DEPOSITION OF GERALD GOSS**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Gerald Goss pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 28, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

> /s/ John A. Kolar
> John A. Kolar
> GOVERNMENT ACCOUNTABILITY
> PROJECT
> 1612 K Street, N.W. Suite 808
> Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

## Attachment A

### Remote Deposition Protocols

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May __, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF JENNIFER HOUSTON**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Jennifer Houston pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 8, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

## Attachment A

### Remote Deposition Protocols

*Please take further notice* that the deposition will be conducted remotely, using audio-visual conference technology according to the following protocols:

1.  The court reporter will report the deposition from a location separate from the witness;

2.  Counsel for the parties and their clients will be participating from various, separate locations;

3.  The court reporter will administer the oath to the witness remotely;

4.  The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

5.  Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6.  All exhibits will be provided simultaneously and electronically to the witness and all participants, and witnesses will have the option of self- navigating share screen display of exhibits;

7.  The court reporter will ensure accurate recording of the testimony;

8.  The deposition will be recorded electronically;

9.  All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10. Counsel for all parties will be required to stipulate on the record (a) their consent to this manner of deposition; and (b) their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May __, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF DEPOSITION OF MIKE HAYES

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Mike Hayes pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 10, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.     The court reporter will report the deposition from a location separate from the witness;

2.     Counsel for the parties and their clients will be participating from various, separate locations;

3.     The court reporter will administer the oath to the witness remotely;

4.     The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.     Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.     All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.     The court reporter will ensure accurate recording of the testimony;

8.     The deposition will be recorded electronically;

9.     All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May __, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF ANNA GARCIA**

Please take Anna Garcia pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 21, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006
(202) 926-3311
Cell: (301) 452-8543

(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

## Attachment A

### Remote Deposition Protocols

*Please take further notice* that the deposition will be conducted remotely, using audio-visual conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all participants, and witnesses will have the option of self- navigating share screen display of exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner of deposition; and (b) their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May __, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF CATHY REED**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Cathy Reed pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 16, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.     The court reporter will report the deposition from a location separate from the witness;

2.     Counsel for the parties and their clients will be participating from various, separate locations;

3.     The court reporter will administer the oath to the witness remotely;

4.     The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.     Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.     All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.     The court reporter will ensure accurate recording of the testimony;

8.     The deposition will be recorded electronically;

9.     All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| **KAREN IOVINO,**        ) | |
|           ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,**        ) | |
|           ) | **Dated: May 23, 2025** |
| **v.**        ) | |
|           ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** ) | |
| **d/b/a MSA SECURITY, INC.**      ) | |
|           ) | |
| **Defendant.**        ) | |

**NOTICE OF DEPOSITION OF DR. LEE PALMER**

Please take notice that Plaintiff, by her undersigned attorneys, will take the deposition of

Dr. Lee Palmer pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 23, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

       court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

       audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

       participants, and witnesses will have the option of self- navigating share screen display of

       exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.   Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

       of deposition; and (b) their waiver of any objection to this manner of deposition, including any

       objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May 23, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF JAMES OLDS**

Please take notice that Plaintiff by her undersigned will take the deposition of James

Olds pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 17, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**<u>Attachment A</u>**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all participants, and witnesses will have the option of self- navigating share screen display of exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner of deposition; and (b) their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| KAREN IOVINO,              ) | **Case No. 5:21-CV-00064-TTC** |
|                         ) | |
| **Plaintiff,**          ) | **Dated: May 23, 2025** |
|                         ) | |
| **v.**                     ) | |
|                         ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** ) | |
| **d/b/a MSA SECURITY, INC.**    ) | |
|                         ) | |
| **Defendant.**        ) | |

## NOTICE OF DEPOSITION OF DR. MICHAEL RATCLIFF

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Dr. Michael Ratcliff pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 15, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all participants, and witnesses will have the option of self- navigating share screen display of exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner of deposition; and (b) their waiver of any objection to this manner of deposition, including any objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | **Case No. 5:21-CV-00064-TTC** |
| **Plaintiff,** | ) | |
| | ) | **Dated: May 45, 2025** |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.** | ) | |
| **d/b/a MSA SECURITY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION OF PETER DEEGAN**

Please take notice that Plaintiff by her undersigned attorneys will take the deposition of

Peter Deegan pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 22, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

/s/ John A. Kolar
John A. Kolar
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K Street, N.W. Suite 808
Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.    Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| KAREN IOVINO,                               ) | |
|                                    ) | **Case No. 5:21-CV-00064-TTC** |
|     **Plaintiff,**                    ) | |
|                                    ) | **Dated: May 23, 2025** |
| **v.**                                          ) | |
|                                    ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.**  ) | |
| **d/b/a MSA SECURITY, INC.**            ) | |
|                                    ) | |
|     **Defendant.**                 ) | |

**NOTICE OF DEPOSITION OF SHARON JAMES**

Please take notice that the Plaintiff, through her counsel, will conduct a deposition upon

oral examination of Sharon James pursuant to Fed. R. Civ. P. 30(a)(1).

**DATE AND TIME**: July 29, 2025 at 10:00AM EDT

**PLACE OF DEPOSITION:** Remote via Zoom video conference platform

**METHOD OF RECORDING**: Stenographic and/or electronic recording

by certified stenographer authorized to administer oaths in the jurisdiction wherein the

deposition is taken, to wit:

Planet Depos (Remote)
Mailing address: 1100 Connecticut Ave NW, Suite 950
Washington, DC 20036
888.503.3767

***Please take further notice*** that the deposition will be conducted remotely, using audio-

visual conference technology according to the protocols set forth in **Attachment A**.

                                               /s/ John A. Kolar
                                               John A. Kolar
                                               GOVERNMENT ACCOUNTABILITY
                                               PROJECT
                                               1612 K Street, N.W. Suite 808
                                               Washington, D.C. 20006

(202) 926-3311
Cell: (301) 452-8543
(No fax number)
JackK@whistleblower.org
*Attorneys for Plaintiff*

**Attachment A**

**Remote Deposition Protocols**

*Please take further notice* that the deposition will be conducted remotely, using audio-visual

conference technology according to the following protocols:

1.    The court reporter will report the deposition from a location separate from the witness;

2.    Counsel for the parties and their clients will be participating from various, separate locations;

3.    The court reporter will administer the oath to the witness remotely;

4.    The witness will be required to provide government-issued identification satisfactory to the

court reporter, and this identification must be legible on camera;

5.    Each participating attorney may be visible to all other participants, and their statements will be

audible to all participants;

6.    All exhibits will be provided simultaneously and electronically to the witness and all

participants, and witnesses will have the option of self- navigating share screen display of

exhibits;

7.    The court reporter will ensure accurate recording of the testimony;

8.    The deposition will be recorded electronically;

9.    All parties are entitled to obtain a copy of any electronic recording at their own expense; and

10.   Counsel for all parties will be required to stipulate on the record (a) their consent to this manner

of deposition; and (b) their waiver of any objection to this manner of deposition, including any

objection to the admissibility at trial of this testimony based on this manner of deposition.