# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:21-CV-00064-TTC** |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT'S INITIAL** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **DISCLOSURES PURSUANT TO** |
| **d/b/a MSA SECURITY, INC.** | ) | **FEDERAL RULE OF CIVIL** |
| | ) | **PROCEDURE 26** |
| **Defendant.** | ) | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant, Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA"), through its undersigned counsel, makes the following initial disclosures to Karen Iovino ("Iovino" or "Plaintiff") in the above-referenced lawsuit. These disclosures are based on information presently known and reasonably available to MSA and which MSA reasonably believes it may use in support of its claims and defenses. Continuing investigation and discovery may cause MSA to amend these initial disclosures, including by identifying other potential witnesses, documents, and by disclosing other pertinent information. MSA therefore reserves the right to supplement these initial disclosures.

MSA objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Western District of Virginia, or other applicable law, rule, or order. By providing these initial disclosures, MSA does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action. In addition, these disclosures are made without MSA in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden,

confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an

admission by MSA regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and

limitations.

## DISCLOSURES

I.    **Rule 26(a)(1)(A)(i) – The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a.  Alan Bower
       c/o Ryan Berry
       Ward & Berry, PLLC
       1751 Pinnacle Drive
       Suite 900
       Tysons, VA 22102
       Tel: (202) 331-8160

       Mr. Bower is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

    b.  Gerald Goss
       c/o Ryan Berry
       Ward & Berry, PLLC
       1751 Pinnacle Drive
       Suite 900
       Tysons, VA 22102
       Tel: (202) 331-8160

       Mr. Goss is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

    c.  Jennifer Houston
       c/o Ryan Berry
       Ward & Berry, PLLC
       1751 Pinnacle Drive
       Suite 900
       Tysons, VA 22102
       Tel: (202) 331-8160

Ms. Houston is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

d.  Ben Orndorff
c/o Ward & Berry, PLLC
1751 Pinnacle Drive
Suite 900
Tysons, VA 22102
Tel: (202) 331-8160

Mr. Orndorff is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

e.  Dr. Michael Ratcliff
c/o Ryan Berry
Ward & Berry, PLLC
1751 Pinnacle Drive
Suite 900
Tysons, VA 22102
Tel: (202) 331-8160

Dr. Ratcliff is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

f.  Josh Carter
United States Department of State

Mr. Carter is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

g.  Sharon James
United States Department of State

Ms. James is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

h.  Cathy Reed
United States Department of State

Ms. Reed is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

i.  Anna Garcia
United States Department of State

Ms. Garcia is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

j.  James Olds
United States Department of State

Mr. Olds is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

k.  Peter Deegan
c/o Ryan Berry
Ward & Berry, PLLC
1751 Pinnacle Drive
Suite 900
Tysons, VA 22102
Tel: (202) 331-8160

Mr. Deegan is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

l.  Michael Hayes
c/o Ryan Berry
Ward & Berry, PLLC
1751 Pinnacle Drive
Suite 900
Tysons, VA 22102
Tel: (202) 331-8160

Mr. Hayes is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

m.  Dr. Lee Palmer
Current contact information for this individual is not readily available to MSA.

4

> Dr. Palmer is likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incidents of discrimination pled by Iovino in her Complaint in the instant action.

MSA reserves the right to amend or supplement these disclosures.

**II.    Rule 26(a)(1)(A)(ii) – A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following comprises the enumerated documents, data compilations, and other tangible things in the possession, control, or custody of MSA to which MSA may use to support its claims or defenses in the instant action:

> a.  Iovino's employment records; and
>
> b.  The Department of State's ("DoS") Office of the Inspector General ("OIG") Administrative Record ("AR").

There may be additional documents whose relevance becomes known to MSA during discovery or trial. MSA therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any document identified by Iovino or produced in this case by any party or any third party.

**III.    Rule 26(a)(1)(A)(iii) – A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extend of injuries suffered.**

MSA denies liability for damages and, at this time, has not demanded a recovery of damages from Iovino in this lawsuit (other than recovery of costs and attorney fees). MSA will supplement and/or amend this response if it files a counterclaim (or counterclaims). MSA will present evidence of its court costs and attorney fees after the claims against it have been denied or dismissed.

**IV.     Rule 26(a)(1)(A)(iv) – For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimbursement for payments made to satisfy the judgment.**

MSA is not presently aware of any applicable insurance agreements.

Respectfully submitted,

Date: February 25, 2022                         */s/ Ryan C. Berry*

_____

Ryan C. Berry (VSB 67956)
Daniel S. Ward (VSB 45978)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
ryan@wardberry.com
dan@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

6