IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **KAREN IOVINO,** ) | |
| ) | |
| Plaintiff, ) | Case No. 5:21-CV-00064-TTC |
| ) | |
| v. ) | |
| ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** ) | **JOINT STATUS REPORT** |
| **d/b/a MSA SECURITY, INC.** ) | **PER ORDER (ECF 240)** |
| ) | |
| Defendant. ) | |

Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA") and Plaintiff, Karen Iovino ("Iovino"), by and through undersigned counsel, hereby submit their Joint Status Report pursuant to this Court's September 30, 2025 Order (ECF 240). The U.S. Department of State ("the Department") was unable to provide input on this Joint Status Report due to the federal government's lapse in appropriations.

The following has occurred since the July 1, 2025 Joint Status Report:

a. Between July 7, 2025, and October 2, 2025, counsel for MSA, counsel for Iovino, counsel for the Department, an attorney for the Department, and an attorney for the Department of State, Office of Inspector General ("OIG") emailed about Plaintiff's *Touhy* requests and scheduling depositions.

b. On July 17, 2025, the Department provided its response to Plaintiff's Amended *Touhy* request, including the requests for the Department's Rule 30(b)(6) deponent and individual deposition requests.

c. On July 18, 2025, OIG provided its response to Plaintiff's Amended *Touhy* request for OIG's Rule 30(b)(6) deponent.

d.  On July 23, 2025, a hearing was held before this Court regarding MSA's Motion for Protective Order.

e.  On July 30, 2025, this Court granted in part and denied in part MSA's Motion for Protective Order.

f.  On September 14, 2025, and September 16, 2025, counsel for Iovino requested, via email, further documents from the Department and OIG.

g.  On September 26, 2025, counsel for Iovino requested, via email, further documents from MSA, the Department, and OIG.

h.  On September 30, 2025, counsel for MSA proposed dates in November 2025 for the individual depositions of four MSA current or former employees.

i.  On October 1, 2025, a lapse of U.S. government appropriations took effect. At that point, several key players on the government side of depositions were out of office with the result that depositions had to be suspended until funding resumes.

j.  On October 1, 2025, counsel for MSA sent counsel for Iovino: Defendant's Third Set of Interrogatories to Plaintiff; Defendant's Second Set of Requests for Admission; and Defendant's Fourth Set of Requests for Production of Documents to Plaintiff.

k.  On October 2, 2025, counsel for MSA requested that any document requests directed at MSA (*e.g.*, the requests emailed on September 26th) be formalized in order for MSA to timely and appropriately object and respond. On October 9, 2025, counsel for plaintiff Iovino explained that those requests were in furtherance of previously served document requests, some of which went back several years and therefore it was not necessary to serve additional formal requests. That same day, counsel for MSA responded, thanking counsel for plaintiff Iovino for the clarification.

l. Counsel for MSA proposed deposition dates for the individual deponents currently employed by MSA and a corporate deponent for its 30(b)(6), all to take place in November 2025. None of these depositions have been formally scheduled given the lapse in appropriations and the government shut down.

m. The Department has proposed deposition dates for the current and/or prior individual deponents employed and/or contracted by the Department, and a corporate deponent for its 30(b)(6). A deposition is tentatively scheduled for one of the Department's employees, Ms. Garcia, on October 16, 2025. Counsel for Iovino has not yet sent an amended notice of deposition reflecting this date, given the lapse in appropriations. No other deposition concerning the Department has been scheduled.

n. A deposition was tentatively scheduled for OIG's 30(b)(6) on October 9, 2025. Since the Government is currently shut down due to a lapse in U.S. Government appropriations, this deposition has been delayed. An amended notice of deposition has not been issued yet.

Respectfully submitted,

Date: October 10, 2025

/s/ Daniel S. Ward

_____
Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

Date: October 10, 2025                    /s/ Jack Kolar

                                                Jack Kolar
                                                Government Accountability Project
                                                1612 K St. NW, Suite 808
                                                Washington, DC 20006
                                                (202) 926-3311
                                                jackk@whistleblower.org

                                                *Attorney for Plaintiff, Karen Iovino*