# EXHIBIT BB

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

UNCLASSIFIED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

**KAREN IOVINO**,

    Plaintiff,                                              No. 5:21-CV-00064-TTC-CKM

v.

**MICHAEL STAPLETON ASSOCIATES,
LTD**., d/b/a **MSA SECURITY, INC**.,

    Defendant.

## DECLARATION OF JEFFREY MCDERMOTT

Pursuant to 28 U.S.C. § 1746, I, Jeffrey McDermott, declare under penalty of perjury as follows:

1. On January 9, 2026, I was deposed in Iovino v. MSA, Case No. 5:21-CV-00064-TTC.

2. On July 5, 2018, I provided a "Report of Investigation Pursuant to 41 U.S.C. § 4712 OIG Whistleblower Case 2017-0044 (Karen Iovino)" ("OIG ROI") to then Inspector General Steve Linick. That report, which I was responsible for generating, included the conclusion "In mid-July [2017], a DS employee provided Dr. Iovino's name and information about her concerns to various MSA officials." IOVINO_00000010.

3. During the January 9, 2026 deposition, I testified that Nick Sabruno had sent or given Josh Carter information to the effect that Dr. Iovino had raised to both AQM and OIG various allegations, some of which included allegations regarding Mr. Carter himself. McDermott Deposition, pp. 58, 79. I testified that this determination was derived from Department emails that included a reference to the fact that Nick Sabruno had informed Mr. Carter about these matters. *Id.* at 79-81. I testified that Mr. Sabruno consulted with Mr. Carter about these matters in mid-July 2017. *Id.* at 81.

UNCLASSIFIED

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

4. I further testified in that deposition that I believed that there was testimonial evidence that Mr. Carter had spoken to other MSA employees about his knowledge of Dr. Iovino's complaints. McDermott Deposition, p. 80.

5. The OIG ROI's conclusion that "In mid-July [2017], a DS employee provided Dr. Iovino's name and information about her concerns to various MSA officials" and my related testimony referenced in Paragraphs 4 and 5 of this declaration was based only on the following:

6. As early as August 1, 2017, Mr. Sabruno notified Department employee Loren Bachman of the substance of Dr. Iovino's OIG complaint. Sabruno-Bachman Email, August 1, 2017 (included as Attachment A to this declaration).

7. On May 29, 2018, OIG Assistant Special Agent in Charge Zachary Baumgart notified me that his investigation had revealed that Mr. Bachman and Mr. Carter were close friends.

8. ASAC Baumgart provided to me an August 1, 2017, email from Mr. Bachman to Mr. Sabruno in which Mr. Bachman responded inline to allegations in Dr. Iovino's complaint.

9. ASAC Baumgart indicated that he believed (but did not know) that Mr. Bachman drafted these entries "with Carter providing the bulk of the information." This belief was based on ASAC Baumgart's investigative determination that Mr. Bachman spent very little time at the CVC during the period in question and that Mr. Bachman was in near constant contact with Mr. Carter via a variety of means. McDermott-Baumgart Email, May 29, 2018 (included as Attachment B to this declaration).

10. When I interviewed Zane Roberts via telephone on April 9, 2018, my understanding from the conversation, as recorded in my memorandum, was that "[i]n July 2017, Mike Hayes told MSA that he had heard rumors of OIG complaints and he began asking around as to

UNCLASSIFIED

who could be sending information to OIG. Roberts told MSA (Joseph Atherall) that he had spoken to OIG and provided some information about his own concerns. In mid-July 2017, OIG (Dave Holmes) asked Iovino for photos of certain areas of the CVC and she provided them. These photos made their way to Carter who shared them with MSA who tried to find out who took them." Roberts Mem. of Interview, DOS OIG000145.

11. Roberts did not say or otherwise indicate to OIG at any time that the rumors that Mike Hayes reportedly heard identified Iovino as the whistleblower.

12. Roberts did not say or otherwise indicate to OIG at any time when or how he learned that OIG asked Iovino for photos of certain areas of the CVC or when she provided them.

13. Roberts also did not say or otherwise indicate to OIG at any time whether MSA ascertained the identity of who took the CVC photos.

14. Roberts also did not say or otherwise indicate to OIG at any time on what specific date Carter obtained the photos, but indicated it was shortly before Dr. Iovino was placed on administrative leave (on or about August 4, 2017). Roberts did not provide any other information about when MSA learned Iovino was a whistleblower.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this sixth day of March 2026.

*[signature: J McDitt]*

_____

UNCLASSIFIED

**SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL**