# EXHIBIT SS

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:21-CV-00064-TTC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **DEFENDANT'S RESPONSES** |
| **d/b/a MSA SECURITY, INC.** | ) | **AND OBJECTIONS TO** |
| | ) | **PLAINTIFF'S SECOND SET OF** |
| | ) | **INTERROGATORIES TO** |
| **Defendant.** | ) | **DEFENDANT MSA** |

Defendant Michael Stapleton Associates, Ltd., ("Plaintiff" or "MSA"), by counsel, and pursuant to the Federal Rules of Civil Procedure 33(b), provides the following Responses and Objections to Plaintiff Karen Iovino's ("Plaintiff" or "Iovino") Second Set of Interrogatories to Defendant MSA.

## PRELIMINARY STATEMENT

Defendant makes the objections set forth herein subject to and without waiver of: (1) all questions as to the admissibility into evidence of the responses; (2) the right to object further to discovery directed to the subject matter of Plaintiff's requests; (3) the right to make additional objections or to seek protective orders in the event that additional review of files and pretrial preparation results in further information; (4) the right to revise, correct, add to or clarify any of the responses and/or objections contained herein, consisted with the Federal Rules of Civil Procedure; and (5) the attorney-client privilege and/or work product doctrine to the extent that any request seeks, or may be construed to seek, any response that is immune from discovery by reason of the attorney-client privilege and/or work product doctrine.

1

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

A.      Defendant objects to each instruction and definition to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

B.      Defendant objects to each instruction and definition to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

C.      Defendant objects to each instruction and definition as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Plaintiff from Plaintiff's own files, from documents or information in Plaintiff's possession, or from documents or information that Plaintiff previously produced to Defendant. Responding to such requests and interrogatories would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatories is substantially the same or less for Plaintiff as for Defendant.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

5.  Please state with specificity the damages and monetary losses claimed by MSA from August 4, 2017, through the present and continuing, including the dates that MSA suffered or anticipates suffering such damage(s), the name of client(s) or prospective client(s) lost and/or affected, the costs of damage control and identify by document, witness or otherwise all facts that relate, pertain to, or support any such damages and monetary losses claimed.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. Notwithstanding the foregoing

2

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

objections, MSA responds as follows: Plaintiff's unlawful and inappropriate disclosures of MSA's confidential documents and information to various media outlets caused MSA substantial damage, including, but not limited to:

- The resignation of Mike Larkin, a West Coast Sales Director who resigned from MSA on March 11, 2019. Mr. Larkin referenced Ms. Iovino's allegations regarding the CVC as a contributing factor in is decision to resign.

- The Loss of Delta Airlines as an Air Cargo customer (the "Delta Contract"). The Delta Contract commenced in or about September 2016 and ended on or about August 31, 2019. Soon after Mr. Larkin left MSA, the Delta Contract was awarded to a competing company that Mr. Larkin joined. The estimated loss from the Delta Contract is approximately $5.3 million in revenue.

- The Loss of the San Francisco 49ers (the "49ers") as a client. The 49ers had been a client of MSA's since 2013. Soon after Mr. Larkin left MSA, the 49ers took its business to a competing company that Mr. Larkin joined. The estimated loss from losing the 49ers as a client is approximately $1.6 million in revenue.

- The Loss of Expeditors International as a potential client. Just prior to winning a 3-year EDC contract with Expeditors International in 2019, Expeditors International contacted MSA raising concerns about, *inter alia,* the DOS OIG investigation and the House Oversight letter, all triggered by Plaintiff's false allegations. Shortly after raising these concerns to MSA, Expeditors International awarded the 3-year EDC contract to an MSA competitor. The estimated loss from losing the 3-year EDC contract is approximately $1.9 million in revenue.

MSA reserves the right to supplement this response.

3

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

6. If not identified in the proceeding Interrogatory, state with specificity the damages and monetary losses claimed by MSA it will incur due to news stories or other publicity resulting from Iovino's allegedly unauthorized disclosures.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. See response to Interrogatory No. 5. MSA reserves the right to supplement this response as discovery and its damages are ongoing.

7. [I]f you contend that any document(s) requested are in the possession of a third party or have been destroyed or are otherwise unavailable for production for a reason other than attorney-client privilege, identify the document(s) so requested, the location of such documents by name and address of person or entity in possession, and/or the reason(s) for non-production.

**RESPONSE:** Defendant objects to this Request to the extent that it is compound, vague, ambiguous, overbroad, beyond the scope of the agreed upon document discovery parameters, and/or does not describe the item or category of information requested with reasonable particularity. Without waiving any objections, MSA offers the following information:

- MSA has fully complied with the Court's order to work with Department of State ("DoS") to produce documents subject to third-party confidentiality restrictions. DoS' review is complete, and MSA has produced those documents to Plaintiff.

- As we previously informed you on January 25, 2023, MSA withheld documents numbered IOVINO_000892 – IOVINO_001065 as these are Board of Veterinary Medicine confidential documents that, pursuant to Va. Code Ann. § 54.1-2400.2, are prohibited from use in any civil action without a court order.

4

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- During the September 6, 2023 deposition of Karen Iovino, Ms. Iovino testified that, in or about June or July of 2017, after she had retained counsel, Ms. Iovino destroyed emails and/or texts relevant to this lawsuit.

- Further, on August 29, 2022, the Parties agreed to limit discovery to certain custodians (Karen Iovino, Michael Ratcliff, Alan Bower, Michael Hayes, and Gerald Goss) from October 2015 to August 2017. This agreement was confirmed at the September 1, 2022 status conference with the Court.

8. For the period beginning 7/1/2017 to 7/31/2023, identify all documents including, but not limited to, memos, letters, notes, emails and texts from and to Josh Carter relating to Karen Iovino.

**RESPONSE:** Defendant objects to this Request as overbroad and unduly burdensome. Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Further, on August 29, 2022, the Parties agreed to limit discovery to certain custodians (Karen Iovino, Michael Ratcliff, Alan Bower, Michael Hayes, and Gerald Goss) from October 2015 to August 2017. This agreement was confirmed at the September 1, 2022 status conference with the Court.

9. For the period beginning 7/1/2017 to 7/31/2023, identify all documents including, but not limited to, memos, letters, notes, emails and texts from and to Cathy Read relating to Karen Iovino.

5

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Further, on August 29, 2022, the Parties agreed to limit discovery to certain custodians (Karen Iovino, Michael Ratcliff, Alan Bower, Michael Hayes, and Gerald Goss) from October 2015 to August 2017. This agreement was confirmed at the September 1, 2022 status conference with the Court.

10. For the period beginning 7/1/2017 to 7/31/2023, identify all documents including, but not limited to, memos, letters, notes, emails and texts from and to Sharon James relating to Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Further, on August 29, 2022, the Parties agreed to limit discovery to certain custodians (Karen Iovino, Michael Ratcliff, Alan Bower, Michael Hayes, and Gerald Goss) from October 2015 to August 2017. This agreement was confirmed at the September 1, 2022 status conference with the Court.

6

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

11. For the period beginning 7/1/2017 to 7/31/2023, identify all documents including, but not limited to, memos, letters, notes, emails and texts from and to Ana Garcia relating to Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Further, on August 29, 2022, the Parties agreed to limit discovery to certain custodians (Karen Iovino, Michael Ratcliff, Alan Bower, Michael Hayes, and Gerald Goss) from October 2015 to August 2017. This agreement was confirmed at the September 1, 2022 status conference with the Court.

12. For the period beginning 7/1/2017 to 7/31/2023, identify all documents including, but not limited to, memos, letters, notes, emails and texts from and to Loren Bachman relating to Karen Iovino.

**RESPONSE:** Defendant objects to this Request to the extent that it is overbroad and unduly burdensome. Defendant objects to this Request to the extent that it seeks documents subject to attorney-client privilege and/or the work product doctrine. Defendant objects to this Request to the extent that it seeks information or documents subject to confidentiality restrictions of a third party. Further, on August 29, 2022, the Parties agreed to limit discovery to certain custodians (Karen Iovino, Michael Ratcliff, Alan Bower, Michael Hayes, and Gerald Goss) from October 2015 to August 2017. This agreement was confirmed at the September 1, 2022 status conference with the Court.

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

I hereby state that the foregoing are true to the best of my information and belief.

MICHAEL STAPLETON ASSOCIATES, LTD.

By:_____

Respectfully submitted,

Date: September 14, 2023

_____
Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd., d/b/a MSA Security, Inc.*

8

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I served the foregoing via email and first

class mail, postage prepaid upon the following:

Nate L. Adams III
Nate L. Adams III, P.C.
ADAMS AND ASSOCIATES
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Tom Devine
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
tomd@whistleblower.org

_____
Daniel S. Ward

9

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*