# EXHIBIT WW

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

**KAREN IOVINO,**

*Plaintiff,*

v.

**MICHAEL STAPLETON ASSOCIATES, LTD.**
**d.b.a. MSA SECURITY, INC.,**

*Defendant.*

**CASE NO. 5:21-cv-00064**

**PLAINTIFF'S ANSWERS TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure (Rules) 26 and 33, Plaintiff, Dr. Karen Iovino, by her undersigned attorneys, submits her Objections and Answers to Defendant's First Set of Interrogatories.

**GENERAL OBJECTIONS**

Plaintiff objects to the Requests to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or seek to impose burdens on Plaintiff beyond those called for or permitted by the Federal Rules of Civil Procedure (FRCP) or the Local Rules of the United States District Court for the Western District of Virginia (Local Rules). Plaintiff responds below as provided by the FRCP and the Local Rules, namely that she has undertaken reasonable efforts to identify information responsive to the Requests. Plaintiff responds to the Requests based on information currently known and available to her, and expressly reserves her rights to supplement, amend,

1

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

and correct her responses should the need arise.  Further, Plaintiff interposes the following additional general objections to the Requests (General Objections).

A.      Plaintiff objects to the Requests to the extent they seek the production of work-product, trial preparation materials, or communications protected by the attorney-client privilege, the common interest privilege, the spousal communication privilege, or any other applicable privilege.

B.      Plaintiff responds to the Requests subject to, without intending to waive, and expressly preserving any and all objections as to competency, relevancy, materiality, and admissibility of any of the documents and information sought by Defendant MSA.

C.      Plaintiff objects to the Requests to the extent they seek the disclosure of confidential, proprietary, or privacy information.

D.      Plaintiff objects to the Requests to the extent they seek the production of information already in the possession, custody or control of Defendant MSA, or information that is readily accessible from publicly available sources.

E.      Plaintiff objects to the Requests as overbroad and unduly burdensome to the extent that they are unbounded by a reasonable time period.

F.      Plaintiff objects to these Requests as unduly burdensome, overbroad, and inherently improper in that they seek an identification of "all facts," "all witnesses," "all evidence," or "all documents" concerning an issue. Nationwide, courts have recognized that such requests are improper and exceed the scope of permissible discovery under Rule 33. *See, e.g., Community Voice Line, LLC v. Great Lakes Communication Corp.*, 2013 WL 4048495 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that

2

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

demand disclosure of each and every fact supporting a claim or defense) are disfavored"); *Am. Needle, Inc. v. New Orleans*, 2012 WL 4327395 (N.D. Ill. Aug. 17, 2012) ("the Court limits these interrogatories to the material or principal efficiencies, rather than requiring NFL Defendants to identify 'each and every efficiency' that would have been negatively affected and 'each and every efficiency' deriving from the Reebok Agreement"); *Clean Earth Remediation and Const. Servs., Inc. v. Am. Int'l,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent [the contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome").

G.      Plaintiff objects to the Instructions to the extent they seek to impose burdens on the Plaintiff that are different than, inconsistent with, or exceed those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.  Plaintiff responds to the Requests to the extent that they are consistent with the Plaintiff's rights and obligations under the Rules.

H.      Plaintiff objects to the Definitions to the extent they (i) seek to impose burdens on Plaintiff that are different than, inconsistent with, or exceed those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules; (ii) are vague or ambiguous; or (iii) render the Requests overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant, admissible evidence.  Plaintiff further objects to the Requests to the extent they use inexact terms that are not defined by Defendant MSA.

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

I.      Under Federal Rule of Evidence 502, Rule 26(b)(5)(B), and other related sources of law, Plaintiff reserves any and all rights to seek the return, sequestration or destruction of any and all privileged documents or information it inadvertently produces in response to the Requests.

J.      A response to a Request does not constitute a waiver of any privilege, protection, or immunity.

K.      To the extent Plaintiff agrees to produce, or produces, any documents in response to any particular Request, such agreement or production does not suggest that Plaintiff agrees with any characterizations or implications of that Request.

L.      Plaintiff's objections are based on information now known to Plaintiff and her attorneys, and are made without prejudice to Plaintiff's right to assert additional objections should grounds be discovered at a later time.

M.      When Plaintiff responds that it will produce documents in response to a Request, it will produce such documents to the extent that they exist and can be reasonably obtained.  By stating that it will produce documents, Plaintiff does not represent that any such documents or things in fact exist, or that they are within her possession, custody or control.

N.      These General Objections apply to each Request and, thus, for convenience, are not necessarily repeated in response to each Request, but rather are set forth here and incorporated into each response.  The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the General Objections to each Request.

4

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1** -- Identify all persons known to you or believed by you to have information or knowledge relating to the allegations in the Complaint. For each such person identified, please provide a summary of the information or knowledge you believe that person may have.

### OBJECTION

In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory on the ground that such a summary has already been provided to Defendant MSA in Plaintiff's initial Rule 26(a)(1) disclosures, which summaries are hereby incorporated into these responses, and, where appropriate, reiterated below. The defendant objects to providing any further summaries at this time in so far as doing so would invade the attorney-work product doctrine and reveal mental impressions of counsel. Without waiving these objections, Plaintiff responds as follows:

**ANSWER:** All MSA and DoS employees employed at the CVC from on or about October 9, 2015 to on or about August 18, 2017 had/have knowledge of Dr. Iovino's complaints of waste, fraud, and abuse and poor care and training of the EDCs (explosive detection canines). Specifically, the following individuals worked with the ATA program and have knowledge of Dr. Iovino's concerns:

- Zane Roberts: Plaintiff's last known contact information for him was 141 NW 12th St, Oak Island NC 28465, 540-771-0838. Mr. Roberts has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the

5

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

prohibited personnel practices committed against her by Defendant, MSA, including information in the following paragraphs of the Complaint: ¶¶ 16-21, 27-30, 35, 41, 43, 60, 69-70, 108, 109, 111, 117, 118, and 154.

- Mark Potter: Plaintiff does not have address information for Mr. Potter; the last cell phone number information known to Plaintiff for him was 401-808-9116. Mr. Potter has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 69 and 118.

- Garrett Lancaster:  To contact Mr. Lancaster, please contact the undersigned counsel. Mr. Lancaster has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 69 and 118.

- Carolyn Olech: To contact Ms. Olech, please contact the undersigned counsel. Dr. Olech has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 36, 38, 47, 50, 57, 58, 111, 118, and 123.

- Mike Ratcliff: Plaintiff does not have current address or phone number for Mr. Ratcliff. Dr. Ratcliff has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the

6

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

Complaint: ¶¶ 16, 29, 31-34, 36, 38-39, 42-43, 45-50, 52-53, 55, 57-59, 72-73, 77, 80-81, 91-92, 108-112, 115, 123, 129, 131, 139, 142, 150, 156, 159, 162, and 164-165.

- Jennifer Houston: Plaintiff does not have current address or phone number information for Ms. Houston. Ms. Houston has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 16, 21-22, 24, 28, 31-34, 38, 43-44, 57-58, 111, 117, 139, and 160.

- Brett Harshberger: Plaintiff does not have current address or phone number information for Mr. Harshberger. Mr. Harshberger has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 53, 55, and 80.

- Jonah Ballenger: Plaintiff does not have current address or phone number information for Mr. Ballenger. Mr. Ballenger has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶ 80.

- Ben Orndorff: Plaintiff does not have current address or phone number information for Mr. Orndorff. Mr. Orndorff has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA.

7

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Josh Carter: Plaintiff does not have current address or phone number information for Mr. Carter. Mr. Carter has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA; including the hiring of Ms. Jennifer Houston; the hiring of Dr. Mike Ratcliff; the hiring of Mike Hayes, events related to Frank 9656, among other things. See, e.g., Complaint, ¶¶ 18-21, 24, 29, 41, 47, 62, 66, 67, 76, 108-109, 115, 124-127, 152, and 154.

- Alan Bower: Plaintiff does not have current address or phone number information for Mr. Bower. Mr. Bower has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 18, 20, 28, 29, 34, 39-43, 48-49, 58, 62, 87, 91, 92, 108, 109, 111, 112, 117, 123, 124, 126-127, 129, 131, 139, and 153.

- Mike Hayes: Plaintiff does not have current address or phone number information for Mr. Hayes. Mr. Hayes has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 41, 43-44, 49, 57, 70, 108, 111, 112, 115, 117, 123, 129, and 139.

- Cathy Read: Plaintiff does not have current address or phone number information for Ms. Read. has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant, MSA including information in the following paragraphs of the Complaint: ¶¶ 12, 13, 27, 83-86, 88, 90, 104, 114-115, 123, 143, and 155.

8

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Loren Bachman: Plaintiff does not have current address or phone number
  information for Mr. Bachman. Mr. Bachman has discoverable information regarding
  Dr. Iovino's protected disclosures and activities, and the prohibited personnel
  practices committed against her by Defendant MSA.

- Anna Garcia: Plaintiff does not have current address or phone number information
  for Ms. Garcia. Ms. Garcia has discoverable information regarding Dr. Iovino's
  protected disclosures and activities, and the prohibited personnel practices committed
  against her by Defendant MSA.

- Lee Palmer: Plaintiff does not have current address or phone number information
  for Mr. Palmer. Dr. Palmer has discoverable information regarding Dr. Iovino's
  protected disclosures and activities, and the prohibited personnel practices committed
  against her by Defendant MSA, including information in the following paragraphs of
  the Complaint: ¶¶ 75, 81, 96, 133, 142, 147, 162, 163, and 164.

- Peter Deegan: Plaintiff does not have current address or phone number information
  for Mr. Deegan. Mr. Deegan has discoverable information regarding Dr. Iovino's
  protected disclosures and activities, and the prohibited personnel practices committed
  against her by Defendant MSA, including information in the following paragraphs of
  the Complaint: ¶¶ 93, 94, 144, and 151.

- Amy Callihan: Plaintiff does not have current address information for Ms. Callihan.
  The last cell phone information for Ms. Callihan known to plaintiff is 571-466-7530.
  Ms. Callihan has discoverable information regarding Dr. Iovino's protected
  disclosures and activities, and the prohibited personnel practices committed against

9

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶ 87.

- James Olds: Plaintiff does not have current address or phone number information for Mr. Olds. Mr. Olds has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 49 and 112.

- Dr. Candace McCall: Plaintiff does not have current address information for Dr. McCall. The last cell phone number for Dr. McCall known to plaintiff is 210-382-5400. Dr. McCall has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA.

- Sharon James: Plaintiff does not have current address or phone number information for Ms. James. Ms. James has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 5, 13, 90, 103-104, and 163.

- Gerald Goss: Plaintiff does not have current address or phone number information for Mr. Goss. Mr. Goss has discoverable information regarding Dr. Iovino's protected disclosures and activities, and the prohibited personnel practices committed against her by Defendant MSA, including information in the following paragraphs of the Complaint: ¶¶ 56, 88-91, 97, 103, 143-144, and 151.

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Dave Kiser: Mr. Kiser is the husband of Plaintiff Dr. Iovino. Communications between them are privileged.

- Personnel with the Office of Inspector General (OIG) who investigated the complaints.

**INTERROGATORY NO. 2 --** Identify all persons (other than your attorneys), together with all related documents and/or oral communications, with whom you have communicated regarding any issue or allegation contained in the Complaint

### OBJECTION

In addition to the General Objections set forth above, Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent that it is unbounded by a reasonable time period. Without waiving her objections, Plaintiff responds as follows:

**ANSWER:** Dr. Iovino has corresponded with elected officials directly or through their staff, including Senator Charles Grassley, Rep. Barbara Comstock, Senator Mark Warner, Senator Tim Kaine, Former Rep. Elijah Cummings, Rep. Jennifer Wexton, House Oversight National Security chief of staff, and current House Oversight minority aide. Dr. Iovino also communicated with the Department of State Office of Inspector General (OIG), Department of State Office of Acquisition Management (AQM), Equal Employment Opportunity Commission (EEOC), and the following individuals:

- Ellen Nakashima, Washington Post: Dr. Iovino communicated with Ellen Nakashima, a representative/reporter with the Washington Post.

11

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- David Paredes, NBC News: Dr. Iovino communicated with David Paredes, a representative/reporter with NBC News.

- Carol Morello, Washington Post: Dr. Iovino communicated with Carol Morello, a representative/reporter with the Washington Post.

- Scott MacFarlane, NBC 4 DC: Dr. Iovino communicated with Scott MacFarlane, a representative/reporter with the NBC 4 DC.

- Katie Leslie, NBC 4 DC: Dr. Iovino communicated with Katie Leslie, a representative/reporter with the NBC 4 DC.

- Mark Potter: Dr. Iovino communicated her concerns about MSA to Mark Potter, a fellow MSA employee, starting in late 2015 and continued to update Mr. Potter on the status of her cases from July 2017 to the present. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 69 and 118.

- Zane Roberts: Dr. Iovino continued to update Zane Roberts, an employee at MSA and former Supervisor of Dr. Ratcliff, on the status of her cases from July 2017 to the present. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 16-21, 27-30, 35, 41, 43, 60, 69-70, 108, 109, 111, 117, 118, and 154.

- Carolyn Olech: Dr. Iovino communicated her concerns about MSA to Carolyn Olech, a fellow MSA employee, during their employment together. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 36, 38, 47, 50, 57, 58, 111, 118, and 123.

12

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Mike Ratcliff: Dr. Iovino communicated her concerns about MSA to Mike Ratcliff, a fellow MSA employee, during their employment together. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 16, 29, 31-34, 36, 38-39, 42-43, 45-50, 52-53, 55, 57-59, 72-73, 77, 80-81, 91-92, 108-112, 115, 123, 129, 131, 139, 142, 150, 156, 159, 162, and 164-165.

- Josh Carter: Dr. Iovino communicated her concerns about MSA to Josh Carter, a State Department employee, during her employment at MSA. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 18-21, 24, 29, 41, 47, 62, 66, 67, 76, 108-109, 115, 124-127, 152, and 154.

- Alan Bower: Dr. Iovino communicated her concerns about MSA to Alan Bower, a fellow MSA employee, during their employment together. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 18, 20, 28, 29, 34, 39-43, 48-49, 58, 62, 87, 91, 92, 108, 109, 111, 112, 117, 123, 124, 126-127, 129, 131, 139, and 153.

- Mike Hayes: Dr. Iovino communicated her concerns about MSA to Mike Hayes, a fellow MSA employee, during their employment together. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 41, 43-44, 49, 57, 70, 108, 111, 112, 115, 117, 123, 129, and 139.

- Cathy Read: Dr. Iovino communicated her concerns about MSA to Cathy Read, Director of the Office of Acquisition Management for the Department of State, during her employment. Information on their communications is included in the

13

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

following paragraphs of the Complaint: ¶¶ 12, 13, 27, 83-86, 88, 90, 104, 114-115, 123, 143, and 155.

- James Olds: Dr. Iovino communicated her concerns about MSA to James Olds, State Department employee, during her employment at MSA. Information on their communications is included in the following paragraphs of the Complaint: ¶¶ 49 and 112.

- Dave Kiser: Dr. Iovino communicated her concerns about MSA to Dave Kiser, her spouse. The communications are protected by spousal privilege.

- Kevin Crowley: Dr. Iovino spoke with Mr. Crowley, an employee of MSA, several times at the end of 2018 and early 2019 regarding her OIG complaint. Dr. Iovino is unaware of Mr. Crowley's position with MSA but was contacted by him after filing her complaint.

- Bill Bleury: Dr. Iovino spoke with Mr. Bleury several times at the end of 2018 and early 2019 regarding her OIG complaint. Dr. Iovino is unaware of Mr. Bleury's position with MSA but was contacted by him after filing her complaint.

- Seamus Fennessey: Dr. Iovino spoke with Mr. Fennessey in March 2019 regarding her OIG complaint. Dr. Iovino is unaware of Mr. Fennessey's title or affiliation with MSA but was contacted by him after filing her complaint.

Pursuant to Fed. R. Civ. P. 33 (d), Plaintiff states that further information responsive to this Interrogatory may be determined by examining Dr. Iovino's business records, which Plaintiff is producing in response to Defendant's Rule 34 requests.

14

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**INTERROGATORY NO. 3 --** Identify all persons (other than current employees of MSA), together with all related documents and/or oral communications, to whom you have disclosed information acquired by you during the course of your employment with MSA concerning the projects, activities, business, clients, trade practices, know-how, or affairs of MSA.

**OBJECTION**

In addition to the General Objections identified above, Plaintiff specifically objects to this Interrogatory on the ground that it purports to require disclosure of information she conveyed to her legal counsel, which information is protected by the attorney-client privilege, as well as the attorney work-product doctrine. Plaintiff further objects on the ground that it would require disclosure of information Plaintiff conveyed to her spouse, Mr. David Kiser, which information is protected by the spousal privilege. Without waiving these objections, Plaintiff responds as follow:

**ANSWER:** Dr. Iovino corresponded with several members of the media and State Department employees concerning the projects, activities, business, clients, trade practices, know-how, or affairs of MSA, including the following individuals:

- Ellen Nakashima, Washington Post: Dr. Iovino communicated with Ellen Nakashima, a representative/reporter with the Washington Post.

- David Paredes, NBC News: Dr. Iovino communicated with David Paredes, a representative/reporter with NBC News.

- Carol Morello, Washington Post: Dr. Iovino communicated with Carol Morello, a representative/reporter with the Washington Post.

15

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Scott MacFarlane, NBC 4 DC: Dr. Iovino communicated with Scott MacFarlane, a representative/reporter with the NBC 4 DC.

- Katie Leslie, NBC 4 DC: Dr. Iovino communicated with Katie Leslie, a representative/reporter with the NBC 4 DC.

- James Olds: Dr. Iovino communicated her concerns about MSA to James Olds, State Department employee, during her employment at MSA. Information on their communications is included in the following paragraphs of the Complaint. See Response to Interrogatory No. 2, above.

- Other representatives of the Department of State. See Response to Interrogatory No. 2, above.

- Dave Kiser: Dr. Iovino communicated her concerns about MSA to Dave Kiser, her spouse. The communications are protected by spousal privilege.

Pursuant to Fed. R. Civ. P. 33 (d), Plaintiff states that further information responsive to this Interrogatory may be determined by examining Dr. Iovino's business records, which Plaintiff is producing in response to Defendant's Rule 34 requests.

**INTERROGATORY NO. 4 --** Identify with specificity all allegations of legal and/or ethical misconduct, statutory, regulatory, or contractual non-compliance by MSA or any of its current or former employees, including, but not limited to, the activities of MSA and MSA employees at the Canine Validation Center ("CVC"), that You have made to any person not currently employed by MSA. For each such allegation, identify the person(s) to whom You alleged the

16

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

misconduct, the specific law, regulation, or contract provision You alleged MSA or its employee

to have violated, and identify all related documents and/or oral communications.

**OBJECTION**

In addition to the General Objections identified above, Plaintiff specifically objects to this

Interrogatory on the grounds that it requests information that is legally immaterial to Plaintiff's

claims, and is unduly overbroad. The contractor whistleblower protections laws, *inter alia*,

protect disclosures to (A) "Member of Congress or a representative of a committee of Congress;

(B) An Inspector General; (c) …; (D) A Federal employee responsible for contract or grant

oversight or management at the relevant agency; (E) …; (F) …; or (G) A management official or

other employee of the contractor, subcontractor, grantee, or subgrantee who has the

responsibility to investigate, discover, or address misconduct" certain categories of information,

i.e., "information that the employee reasonably believes is evidence of gross mismanagement of

a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a

Federal contract or grant, a substantial and specific danger to public health or safety, or a

violation of law, rule, or regulation related to a Federal contract (including the competition for or

negotiation of a contract) or grant." 41 U.S.C. § 4712(a)(1) and (2). This statute does not speak

in terms of "legal and/or ethical misconduct, statutory, regulatory, or contractual non-compliance

by MSA," which is the terminology used in the Interrogatory; that Interrogatory terminology

does not sync-up with the statutory terminology of 41 U.S.C. 4712. Without waiving her

objections, Plaintiff responds as follows:

**ANSWER:** The Office of Inspector General (OIG) of the Department of State found that

Plaintiff made disclosures protected by 41 U.S.C. § 4712. In its "Report of Investigation

17

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

Pursuant to 41 U.S.C. § 4712, OIG Whistleblower Case 2017-0044 (Karen Iovino)" (OIG Report), the OIG found, among other things, that in early July 2017, Dr. Iovino contacted the Director of the Department's Office of Acquisitions Management (AQM) with information related to a variety of concerns, including mistreatment of animals, use of government vehicles for personal purposes, conflicts of interest by a Department official, and unnecessary expenditures that were billed to the Department. The OIG Report further found that: "Dr. Iovino's contact with AQM and her OIG complaint qualify as protected disclosures under section 4712, as she raised concerns regarding mistreatment of animals, use of government vehicles for personal purposes, conflicts of interest by a Department official, and unnecessary expenditures that were billed to the Department. She made the disclosures to a Federal employee responsible for contract oversight or management at the Department and to OIG. The evidence confirms that Dr. Iovino reasonably believed the disclosures evidenced a gross mismanagement of a Federal contract; a gross waste of Federal funds; an abuse of authority relating to a Federal contract; and a violation of a law, rule, or regulation related to a Federal contract, and that her belief is objectively reasonable."

**INTERROGATORY NO. 5 --** Identify every time that You brought Your concerns about Jennifer Houston to the attention of MSA supervisors. In describing each occasion on which You brought Your concerns to the attention of MSA supervisors state: (i) the date on which You brought Your concerns; (ii) the individual to whom You brought Your concerns; (iii) the method by which You brought Your concerns (i.e., written or verbal); and (iv) the substance of the concerns You brought to MSA.

18

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**ANSWER:** Plaintiff's concerns regarding Jennifer Houston were brought to the following

individuals' attention on said dates:

- Zane Roberts: Dr. Iovino's concerns about Jennifer Houston were brought to Zane

  Roberts on August 11, 2016.

- Zane Roberts and Alan Bower: Dr. Iovino's concerns about Jennifer Houston

  were brought to Zane Roberts on August 17, 2016.

- Zane Roberts, Alan Bower, Counseling Memo to Jennifer Houston: Dr. Iovino's

  concerns about Jennifer Houston again were brought to Zane Roberts and Alan

  Bower on August 23, 2016.

- Mike Ratcliff: Dr. Iovino's concerns about Jennifer Houston were brought to

  Mike Ratcliff in an email on Nov 18, 2016.

- Mike Ratcliff: Dr. Iovino's concerns about Jennifer Houston were brought to

  Mike Ratcliff in an email on Dec 30, 2016, regarding Ms. Houston leaving work

  early without completing duties.

- Mike Hayes: Dr. Iovino's concerns about Jennifer Houston were brought to Mike

  Hayes in a verbal discussion about mistakes, and tardiness in February 2017.

- Mike Ratcliff: Dr. Iovino's concerns about Jennifer Houston were communicated

  to Mike Ratcliff in a verbal discussion about tardiness and the smell of alcohol on

  Ms. Houston's breath, in February 2017.

19

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Mike Ratcliff: Dr. Iovino's concerns about Jennifer Houston were communicated to Mike Ratcliff in a verbal discussion about tardiness and the smell of alcohol on Ms. Houston's breath, in March 2017.

- Mike Ratcliff: Dr. Iovino's concerns about Jennifer Houston were communicated to Mike Ratcliff through a text message in April 2017, about Ms. Houston not showing up to work.

- Mike Hayes: Dr. Iovino's concerns about Jennifer Houston were communicated to Mike Hayes in June 2017, regarding Ms. Houston's absence from work.

- Alan Bower, Mike Ratcliff, Carolyn Olech: Dr. Iovino's concerns about Jennifer Houston were communicated to Alan Bower, Mike Ratcliff, and Carolyn Olech in a verbal discussion about tardiness and the smell of alcohol on Ms. Houston's breath and how her impairment jeopardized mission readiness in June 2017.

**INTERROGATORY NO. 6 --** Identify all communications between You and any other person in which You discussed filing complaints against MSA or MSA employees with any government agency, or in which You discussed making allegations regarding MSA to any news organization, journalist, or other person not employed by MSA. Identify all related documents and/or oral communications.

**ANSWER:** Dr. Iovino communicated or discussed filing complaints against MSA with a government agency, or discussed making allegations against MSA with the following individuals:

20

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

- Ellen Nakashima, Washington Post: Dr. Iovino communicated with Ellen Nakashima, a representative/reporter with the Washington Post.

- David Paredes, NBC News: Dr. Iovino communicated with David Paredes, a representative/reporter with the NBC News.

- Carol Morello, Washington Post: Dr. Iovino communicated with Carol Morello, a representative/reporter with the Washington Post.

- Scott MacFarlane, NBC 4 DC: Dr. Iovino communicated with Scott MacFarlane, a representative/reporter with the NBC 4 DC.

- Katie Leslie, NBC 4 DC: Dr. Iovino communicated with Katie Leslie, a representative/reporter with the NBC 4 DC.

Pursuant to Fed. R. Civ. P. 33 (d), Plaintiff states that further information responsive to this Interrogatory may be determined by examining Dr. Iovino's business records, which Plaintiff is producing in response to Defendant's Rule 34 requests.

**INTERROGATORY NO. 7 --** Identify each person You expect to call as an expert witness at any hearing and/or trial of this matter, and for each such expert witness, provide the following information: (i) the subject matter(s) on which the expert is expected to testify; (ii) the substance of the facts and the opinions on which the expert is expected to testify; (iii) the grounds for each such opinion; and (iv) the qualifications such expert possesses as to the subject matter(s) listed in response to subparagraph (ii) above.

**OBJECTION**

21

In addition to the General Objections described above, Plaintiff specifically objects to this Interrogatory on the ground that it purports to impose an obligation on Plaintiff beyond those applicable under the Fed. R. Civ. P. and court orders in this case. Without waiving these objections, Plaintiff responds as follows:

**ANSWER:** Plaintiff will abide by this Court's Pre-Trial Scheduling Order in designating experts expected to testify at trial.

**INTERROGATORY NO. 8 --** If You contend that a person not a party to this action acted in such a manner as to cause or contribute to the claims brought by You in the Complaint, give a concise statement of the facts upon which You rely.

**ANSWER:** The Plaintiff does not so contend currently, but Discovery is still proceeding. MSA Security has and continues to retaliate against Dr. Iovino for her protected disclosures.

**INTERROGATORY NO. 9 --** Identify all employers from whom You sought employment since last employed by MSA, including the manner of seeking employment (such as response to an advertisement, online application, personal inquiries, etc.) and whether You received an offer and if so, whether You accepted the offer, and if declined, the reasons You declined the offer.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33 (d), Plaintiff states that information responsive to this Interrogatory may be determined by examining Dr. Iovino's business records, which Plaintiff is producing in response to Defendant's Rule 34 requests.

22

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

**INTERROGATORY NO. 10** -- Identify the amount and source of all money, compensation, or payment of any kind You received from any source from August 2017 through the present.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33 (d), Plaintiff states that further information responsive to this Interrogatory may be determined by examining Dr. Iovino's business records, which Plaintiff is producing in response to Defendant's Rule 34 requests.

As to Responses:

I hereby state that the foregoing are true to the best of my knowledge and belief.

/s/ Karen Iovino

As to the Objections:

Date: May 2, 2022

/s/ Nate L. Adams, III
VSB No. 20707
Nate L. Adams, III, P.C.
ADAMS AND ASSOCIATES
11 S. Cameron Street
Winchester, VA 22601
(540) 667-1330
nadams@nadamslaw.com

/s/ Jack Kolar
John A. Kolar (DC Bar No. 953292)
Government Accountability Project
1612 K Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 966-3311
Jackk@whistleblower.org
(Admitted *pro hac vice*)

23

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*