# EXHIBIT AAA

Case 5:21-cv-00064-TTC-CKM  Document 251-54  Filed 03/16/26  Page 1 of 10

*SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

**KAREN IOVINO,**

    *Plaintiff*,

    v.                                                      Case No. 5:21-CV-00064-TTC

**MICHAEL STAPLETON ASSOCIATES, LTD.,**
**d/b/a MSA SECURITY, INC.,**

    *Defendant*.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Karen Iovino, by and through undersigned counsel, hereby responds to Defendant's Fourth Set of Requests for Production of Documents (Nos. 81-83) as follows, subject to the General Objections previously served and incorporated herein by reference.

## GENERAL OBJECTIONS

Plaintiff objects to the Requests to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or seek to impose burdens on Plaintiff beyond those called for or permitted by the Federal Rules of Civil Procedure (FRCP) or the Local Civil Rules of the United States District Court for the Western District of Virginia (Local Rules). Plaintiff responds below as provided by the FRCP and the Local Rules, namely that she has undertaken reasonable efforts to identify information responsive to the Requests. Plaintiff responds to the Requests based on information currently known and available to her, and expressly reserves her rights to supplement, amend, and correct her responses should the need arise. Further, Plaintiff interposes the following additional general objections to the Requests (General Objections).

A. Plaintiff objects to the Requests to the extent they seek the production of work-product, trial preparation materials, or communications protected by the attorney-client privilege, the common interest privilege, the spousal communication privilege, or any other applicable privilege.

B. Plaintiff responds to the Requests subject to, without intending to waive, and expressly preserving any and all objections as to competency, relevancy, materiality, and admissibility of any of the documents and information sought by Defendant MSA.

**SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL**

C. Plaintiff objects to the Requests to the extent they seek the disclosure of confidential, proprietary, or privacy information.

D. Plaintiff objects to the Requests to the extent they seek the production of information already in the possession, custody or control of Defendant MSA, or information that is readily accessible from publicly available sources.

E. Plaintiff objects to the Requests as overbroad and unduly burdensome to the extent that they are unbounded by a reasonable time period.

F. Plaintiff objects to these Requests as unduly burdensome, overbroad, and inherently improper in that they seek an identification of "all facts," "all witnesses," "all evidence," or "all documents" concerning an issue. Nationwide, courts have recognized that such requests are improper and exceed the scope of permissible discovery under Rule 33. *See, e.g., Community Voice Line, LLC v. Great Lakes Communication Corp.,* 2013 WL 4048495 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored"); *Am. Needle, Inc. v. New Orleans*, 2012 WL 4327395 (N.D. Ill. Aug. 17, 2012) ("the Court limits these interrogatories to the material or principal efficiencies, rather than requiring NFL Defendants to identify 'each and every efficiency' that would have been negatively affected and 'each and every efficiency' deriving from the Reebok Agreement"); *Clean Earth Remediation and Const. Servs., Inc. v. Am. Int'l*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent [the contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome").

G. Plaintiff objects to the Instructions to the extent they seek to impose burdens on the Plaintiff that are different than, inconsistent with, or exceed those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules. Plaintiff responds to the Requests to the extent that they are consistent with the Plaintiff's rights and obligations under the Rules.

H. Plaintiff objects to the Definitions to the extent they (i) seek to impose burdens on Plaintiff that are different than, inconsistent with, or exceed those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules; (ii) are vague or ambiguous; or (iii) render the Requests overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the Requests to the extent they use inexact terms that are not defined by Defendant MSA.

I. Under Federal Rule of Evidence 502, Rule 26(b)(5)(B), and other related sources of law, Plaintiff reserves any and all rights to seek the return, sequestration or destruction of any and all privileged documents or information it inadvertently produces in response to the Requests.

**SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL**

J. A response to a Request does not constitute a waiver of any privilege, protection, or immunity.

K. To the extent Plaintiff agrees to produce, or produces, any documents in response to any particular Request, such agreement or production does not suggest that Plaintiff agrees with any characterizations or implications of that Request.

L. Plaintiff's objections are based on information now known to Plaintiff and her attorneys, and are made without prejudice to Plaintiff's right to assert additional objections should grounds be discovered at a later time.

M. When Plaintiff responds that it will produce documents in response to a Request, it will produce such documents to the extent that they exist and can be reasonably obtained. By stating that it will produce documents, Plaintiff does not represent that any such documents or things in fact exist, or that they are within her possession, custody or control.

N. These General Objections apply to each Request and, thus, for convenience, are not necessarily repeated in response to each Request, but rather are set forth here and incorporated into each response. The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the General Objections to each Request.

**REQUEST NO. 81**

**REQUEST:** All Documents Relating to the Department of State Office of Inspector General's Investigation (the "DoS OIG") in Whistleblower Case 2017-0044 (Karen Iovino), Including Any Documents Plaintiff sent to DoS OIG for the investigation that have not been produced to Defendant to date.

**OBJECTIONS:**

Plaintiff incorporates by reference all General Objections previously served. Plaintiff further objects to this request to the extent it:

- Seeks documents protected by government investigative privilege, official use restrictions, or separation of powers considerations;
- Seeks documents subject to ongoing law enforcement or oversight proceedings that may interfere with government investigations;
- Is overbroad and unduly burdensome without temporal or substantive limitations;
- Seeks documents outside Plaintiff's possession, custody, or control.

**RESPONSE:**

***SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL***

Subject to and without waiving the foregoing objections, Plaintiff will produce the following categories of responsive documents not previously produced:

1. **Original OIG Investigation File Materials:**
   - Complete administrative record materials from OIG Whistleblower 2017-0044
   - OIG investigation initiation documents and correspondence
   - Document requests and responses between Plaintiff and OIG investigators
   - Investigation findings and determinations
   - Appeal and supplementation materials
2. **Plaintiff's Communications to OIG:**
   - Original OIG hotline complaint submission materials
   - Follow-up correspondence and supplemental information provided to OIG
   - Photographic evidence and supporting documentation submitted to OIG
   - Response materials to OIG document requests
   - Communications regarding investigation status and procedures
3. **Supporting Documentation Provided to OIG:**
   - Financial calculations and billing fraud evidence submitted with complaint
   - Photographic evidence of Carter's unauthorized bedroom and vehicle use
   - Generator purchase and misuse documentation
   - Timesheet and PTO fraud evidence
   - Witness statements and supporting materials
4. **Contemporaneous Notes and Supporting Evidence Materials:**
   - January 5, 2017 meeting note documenting Alan Bower reprimand and "not work so hard" statements GAPKI_006239-006240
   - August 2, 2017 contemporaneous note documenting Amy Callahan conversation regarding management instruction not to speak with Plaintiff (See Bates GAPKI_006243)
   - May 10-11, 2017 meeting notes referencing:
     - (A) Industrial generators delivered months prior but not connected/unused despite approaching hurricane season and facility temperature concerns (See Bates GAPKI_006241-GAPKI_006242)
     - (B) May 5, 2017 removal of kennel technician supervision referenced in meeting discussions
   - February 10, 2017 veterinary staff meeting documentation including:
     - Meeting agenda and notes with Dr. Carolyn Olech, DVM (WPS veterinarian) and Dr. Ratcliff present
     - DoS "Future Vision" directives restricting veterinary care (no LVT, no specialist referrals, monitor vs. treat)
     - Ratcliff threat/coercion statement: "Carolyn and I could either follow the guidelines or find other employment"

**SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL**

- - - Jenn Houston LVT misconduct documentation (AWOL, public intoxication incidents)
    - Ratcliff "Bamboo" email (February 22, 2017): "You are approved for time off on 10Mar17. Please do not add this into Bamboo"
    - Plaintiff's addendum stating unofficial practices "don't pass my 'sniff test'" (contemporaneous concern documentation)
    - Organizational charts showing planned staffing reductions (See Bates GAPKI_006246-006253; Ratcliff email at GAPKI_006250)
  - Portable generator purchase receipts documenting unauthorized off-site use (See Bates GAPKI_006244 for Lowe's invoice dated January 21, 2016 - Generac 5500W portable generator)
  - Plaintiff's complete timesheet and attendance records (65+ weekly files, January 2016 through August 2017) establishing accurate hour tracking (See Bates GAPKI_006158-GAPKI_006232)
  - Controlled-drug invoices, pharmaceutical correspondence, and dispensing logs (See Bates GAPKI_006115-GAPKI_006148)
  - Vehicle and generator equipment documentation, photos, and checkout logs (See Bates GAPKI_006233-GAPKI_006238)
  - CVC facility operational photos and documentation submitted to OIG (See Bates GAPKI_006238 for CVC facility building visible in truck photo background)
  - Preserved work-related communications and data (CVC phone lists, OPOT/ATA OCONUS deployment records) emailed to personal account for preservation (See Bates GAPKI_006149-GAPKI_006157)

After a reasonable inquiry, Plaintiff has identified and will produce the documents in her possession, custody, or control listed above. To the extent additional responsive records exist in the possession, custody, or control of MSA Security, Inc., the Department of State, or third parties, Plaintiff cannot produce what she does not possess and requests that such custodians produce those materials. Plaintiff will supplement under FRCP 26(e).

Documents will be produced with Bates stamping. Any withheld or redacted materials will be identified on a Rule 26(b)(5) privilege log.

**REQUEST NO. 82**

**REQUEST:** All Documents Plaintiff received from DoS OIG before, during, or after the conclusion of DoS OIG's investigation in Whistleblower Case No. 2017-0044 (Karen Iovino) Relating to the issues outlined in Plaintiff's Amended Complaint that have not been produced to Defendant to date.

***SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL***

**OBJECTIONS:**

Plaintiff incorporates by reference all General Objections previously served. Plaintiff further objects to this request to the extent it:

- Seeks documents protected by government investigative privilege or official use restrictions;
- Seeks documents that may be confidential or sensitive law enforcement materials;
- Is overbroad in seeking documents "relating to" issues in the Amended Complaint without reasonable limitations;
- Seeks documents outside Plaintiff's possession, custody, or control.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce the following categories of responsive documents not previously produced:

1. **OIG Investigation Communications to Plaintiff:**
   - Official correspondence from OIG investigators regarding case status
   - Document requests and information requests from OIG to Plaintiff
   - Investigation updates and procedural notifications
   - Appeal process communications and determinations
2. **OIG Investigation Findings and Determinations:**
   - Final investigation report materials provided to Plaintiff
   - Corrective action recommendations and agency responses
   - Appeal decisions and supplemental findings
   - Case closure and post-investigation communications
3. **Administrative Process Documentation:**
   - Rights and procedures notifications from OIG
   - Witness interview schedules and coordination communications
   - Investigation timeline and milestone notifications
   - Post-investigation remedy and enforcement materials
4. **Related Agency Correspondence:**
   - Communications from Department of State regarding OIG investigation
   - Inter-agency correspondence provided to or through Plaintiff
   - Follow-up enforcement and compliance materials
5. **Department of State Correspondence and Timeline Evidence:**
   - Department of State letter dated November 15, 2018 regarding Order Pursuant to 41 U.S.C. § 4712, OIG Whistleblower Case 2017-0044 (Karen Iovino) (See Bates IOVINO_00001379)
   - OIG investigation timeline and milestone documentation (DOS OIG000001-DOS OIG000013) provided to Plaintiff during investigative process.

***SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL***

- Materials establishing mid-July 2017 notification to MSA Security, Inc. regarding Plaintiff's OIG complaint, as referenced in Amended Complaint ¶71 (See INT 50 for timeline analysis)

After a reasonable inquiry, Plaintiff has identified and will produce the OIG materials in her possession listed above. To the extent the Office of Inspector General or Department of State possess additional investigative file materials, administrative records, or correspondence not previously provided to Plaintiff,
Plaintiff cannot produce what she does not possess. Plaintiff will supplement under FRCP 26(e).

Documents will be produced with Bates stamping. Any withheld or redacted materials will be identified on a Rule 26(b)(5) privilege log.

**REQUEST NO. 83**

**REQUEST:** All Documents and Communications Relating to, received from, or sent to Dr. Candace McCall, Including All communications referenced in Your September 6, 2023 deposition (Iovino Dep. 140–43, Sept. 6, 2023).

**OBJECTIONS:**

Plaintiff incorporates by reference all General Objections previously served. Plaintiff further objects to this request to the extent it:

- Is overbroad and unduly burdensome without reasonable temporal limitations;
- Seeks documents protected by privacy considerations or third-party communications;
- Seeks attorney work product or privileged communications regarding case strategy;
- May seek documents outside the scope of relevant discovery.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff will produce the following comprehensive collection of documents and communications with Dr. Candace McCall:

1. **Complete Email Correspondence (2019-2020):**
    - February 10, 2019 email correspondence regarding MSA operations and care concerns
    - February 13, 2019 email chain discussing CVC operations, MSA, and oversight communications
    - May 26, 2019 email series (multiple files) regarding MSA investigation, /AMK9 dogs, and House Committee correspondence
    - March 31, 2020 email exchanges discussing whistleblower activity, retaliation, and Government Accountability Project involvement

***SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL***

- Dr. Candace McCall communications (13 email files, February 2019 - March 2020) documenting warnings that employees would be "fired like Karen Iovino" and identification of veterinarian "Carolyn" as source of such warnings. Identity confirmed: Dr. Carolyn Olech, DVM, attended February 10, 2017 meeting with Ratcliff and Iovino (See Bates GAPKI_006086-GAPKI_006114 for McCall emails; See Bates GAPKI_006246 for Carolyn Olech identification in meeting notes)

2. **Professional Communications:**
    - Correspondence regarding veterinary care standards and animal concerns
    - Communications about overseas assignments and deployment experiences
    - Professional consultations regarding MSA operations and management practices
    - Information sharing regarding Inspector General and oversight agency contacts
3. **Whistleblower-Related Communications:**
    - Discussions regarding OIG investigation and complaint processes
    - Shared experiences with MSA management retaliation and hostile work environment
    - Communications regarding media coverage and congressional oversight interest
    - Coordination regarding potential testimony and witness cooperation
4. **Referenced Deposition Materials:**
    - All communications specifically referenced or discussed in Plaintiff's September 6, 2023 deposition at pages 140-143
    - Context documents supporting deposition testimony regarding McCall communications (See Bates GAPKI_006086-GAPKI_006114 for 13 email files, February 2019 through March 2020)
    - Follow-up correspondence arising from deposition discussion topics
5. **Corroborating Documentation:**
    - August 2, 2017 contemporaneous note corroborating Dr. McCall's warnings regarding employee instructions not to communicate with Plaintiff and threats of termination "like Karen Iovino" (GAPKI_006243) (See INT 46 for detailed Amy Callahan conversation)

After a reasonable inquiry, Plaintiff has identified the corroborating materials listed above from her personal contemporaneous notes. To the extent Dr. Candace McCall or MSA Security, Inc. possess additional communications or documentation regarding management instructions to isolate Plaintiff, those materials are not in Plaintiff's possession. Plaintiff will supplement under FRCP 26(e).

Documents will be produced with Bates stamping. Any withheld or redacted materials will be identified on a Rule 26(b)(5) privilege log.

Total Production: Thirteen (13) comprehensive email files spanning 2019-2020, containing extensive correspondence between Dr. Iovino and Dr. McCall regarding MSA operations, whistleblower concerns, animal care standards, and retaliation experiences.

**SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL**

**VERIFICATION AND RESERVATION OF RIGHTS**

**Verification:** Dr. Karen Iovino verifies under penalty of perjury under the laws of the United States that the foregoing responses are true and correct based on her personal knowledge and reasonable investigation.

**Reservation of Rights:** Plaintiff reserves the right to supplement these responses as additional documents are located. Plaintiff further incorporates by reference all General Objections previously served and reserves all objections to the relevance, scope, and burden of these requests while providing substantive responses in good faith.

Submitted, this 31st day of October 2025:

/s/Nate L. Adams, III
VSB No. 20707
Nate L. Adams, III, P.C.
ADAMS AND ASSOCIATES
11 S. Cameron Street
Winchester, VA 22601
(540) 667-1330
nadams@nadamslaw.com

/s/ Jack Kolar
John A. Kolar (DC Bar No. 953292)
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(202) 966-3311
Jackk@whistleblower.org
(Admitted pro hac vice)

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on 10/31/25, a true and correct copy of the foregoing was served upon counsel for defendant via electronic mail.

s/Stephani L. Ayers

**SUBJECT TO PROTECTIVE ORDER (PO) - PO CONFIDENTIAL**