CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

3/19/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-cv-00064 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, | ) | By:   Hon. Thomas T. Cullen |
| LTD., d/b/a  MSA SECURITY, INC, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

After the parties have dragged this case out for years,[1] it seemed the court might finally have the chance to reach the merits. Not quite yet, it seems.

When Plaintiff Karen Iovino filed a request seeking an additional day to file her motion for summary judgment (ECF No. 252), the magistrate judge granted this very reasonable ask (ECF No. 253). But this modest extension was apparently a bridge too far for Defendant Michael Stapleton Associates, Ltd. ("MSA"), who has now filed a motion for reconsideration of the magistrate judge's ruling. (ECF No. 257.) The court interprets the motion as an objection to the magistrate judge's ruling under Fed. R. Civ. P. 72(a).

The crux of MSA's argument is that, despite the stated rationale for the requested extension (that an attorney had been hospitalized and Iovino needed additional time to have her brief checked by an attorney because the brief had been prepared using artificial intelligence), MSA believes Iovino used that additional time to tweak her brief to address arguments MSA raised in its timely filed motion for summary judgment (filed shortly before

---

[1] This case has been pending for over five years.

Iovino filed her motion for extension of time).[2] (ECF No. 250.) But rather than simply responding to these arguments in its brief in opposition, MSA fired off a motion and 11-page brief (not including attached exhibits) decrying this "gamesmanship" and seeking to strike the pleading or, at a minimum, strike the exhibits filed in support of the motion. MSA's motion is **DENIED**. The magistrate judge's grant of a one-day extension was neither clearly erroneous nor contrary to law, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), and given that it will respond to the allegedly offending brief in its response, MSA's claims of prejudice are meritless.

The court will further take this opportunity to remind the parties that the Western District of Virginia has a long history of civility and collegiality among opposing counsel, even in the throes of hotly contested litigation. This filing is just latest example of conduct that falls short of this standard. The court's patience with counsel *for both sides* is wearing thin.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 19th day of March, 2025.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] What comes *after* a motion is granted is not usually grounds for *reconsideration* of a prior ruling, although it may be fertile grounds to seek alternative relief (but not in this instance). Iovino's initial request was—and remains—utterly reasonable on its face.