**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-00064 |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, | ) | |
| LTD., d/b/a MSA SECURITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S MOTION TO QUASH SUBPOENA</u>**

On the eve of the close of a four-year discovery period, Plaintiff Karen Iovino served non-party Department of State (Department) with a woefully deficient Rule 45 subpoena. The Court should quash Iovino's subpoena for several reasons. First, it is addressed to the wrong agency. Second, it failed to provide a reasonable time for compliance. Last, it would create an undue burden on the government. As such, Rule 45 requires the Court quash the subpoena.

**FACTUAL BACKGROUND**

This is a whistleblower employment discrimination case involving a Department contractor. The Complaint was filed in September 2021, and the Rule 26(f) plan was filed on February 25, 2022. ECF Nos. 1, 21. Discovery in this case has been going on for *four years*. AUSA Frith filed a Notice of Appearance on behalf of non-party Department of State on September 29, 2022, related to the Department's *Touhy* regulations through the discovery process. ECF No. 60; *see also* ECF Nos. 90, 93, 103, 110, 114, 117, 121, 123, 126, 129, 131, 157, 165. As part of discovery, Iovino sought to depose numerous current and former Department employees, as well as Rule 30(b)(6) depositions of the Department and the Department of State Office of Inspector

1

General (OIG). Between January 8, 2026, and February 26, 2026, Iovino took 15 depositions involving Department official information. The discovery deadline in this case was March 3, 2026.

On February 24, 2026, Iovino sent the government a "courtesy copy of a subpoena duces tecum to the U.S. Department of State." Email Berg to Frith (Feb. 24, 2026), Ex. 1. The referenced subpoena, dated February 20, 2026, (the "Subpoena") was issued to Sharon James, an employee of the Department, who was designated as the Department's 30(b)(6) witness and separately deposed as a fact witness in her official capacity January 28, 2026. *See* Subpoena, Ex. 2. The Subpoena is titled "SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION" and has the "testimony" box checked on the Rule 45 subpoena form (AO 88A):

*Id.* Additionally, however, the form also has the "production" box checked requesting the following documents:

*Id.*[1] The email containing the Subpoena had a "rider" to the subpoena listing five areas of document requests (the "Rider"). Email, Ex. 1. The Rider contained five broad categories of documents, some of which spanned an eleven-year period. Rider, Ex. 3.

The government timely objected to the Subpoena, requesting Iovino withdraw the Subpoena on February 27, 2026. Although Iovino has not sought to compel compliance with the Subpoena, she has nonetheless refused to withdraw it, necessitating the government's motion.

## STANDARD OF REVIEW

When a nonparty objects to a Rule 45 subpoena, it may "file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B)." *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002). Here, the government files this motion to quash.

Courts enjoy "considerable discretion in overseeing discovery." *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 172, 178 (4th Cir. 2014). Nonetheless, a subpoena "***must*** [be] quash[ed] or modif[ied]" if it "fails to allow a reasonable time to comply; . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

"All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). The discovery must first be relevant to a party's claim or defense and second, proportional to the needs of the case. *Id.* "When discovery is sought from nonparties, however, its scope must

---

[1]    Because the Department is not a party to the litigation, it has not been privy to all of the discovery between the parties. The most recent Joint Status Report, however, states that during Iovino's September 6, 2023 deposition, she testified about Zach Baumgart's investigations, and Iovino produced to MSA in May 2022 an Affidavit from Zach Baumgart (dated April 2019) referenced in the Rider. ECF No. 266 at 2. Thus, it seems clear that in 2022 at the latest, Iovino was well aware of the information she now seeks from OIG.

be limited even more." *Id.* Thus, "[a] more demanding variant of the proportionality analysis"

applies to a Rule 45 subpoena. *Id.* at 189. On one side, "courts should consider . . . the requesting

party's need for it," and on the other, "cognizable burdens" to the responding party. *Id.* at 189–90.

## ARGUMENT

### I.    Iovino's Subpoena Is Improper.

Iovino's Subpoena should be quashed because it seeks testimony and documents from an

individual government employee, Sharon James.[2] Ms. James testified as a fact witness in her

official capacity on January 28, 2026, well before Iovino issued the subpoena. She was also

designated to testify for the Department in its Rule 30(b)(6) deposition, which occurred on

February 26, 2026. Ms. James, as an individual and Department employee, was not the proper

recipient for the Subpoena regarding OIG documents. The Subpoena and its Rider seek documents

regarding OIG investigations, over which the Department and Ms. James have no possession,

custody, or control. Even if the Department had possession, custody, or control over OIG

documents, the Subpoena should be addressed to the *Department*, not an individual Department

employee. Moreover, when this impropriety was pointed out to Iovino, she did not correct the error

and has not reissued another subpoena to the correct agency.[3] Because the Subpoena is addressed

to the wrong recipient, it should be quashed.[4]

---

[2]    The Rider, which was attached to the email with the Subpoena, is not referenced anywhere
in the Subpoena itself, making the requests set forth in the Rider separately invalid.

[3]    Further, it is the government's understanding that MSA received notice of the Rule 45
subpoena at the same time the government did. Thus, Iovino failed to comply with Rule 45(a)(4)'s
notice requirement.

[4]    The government further notes that Iovino failed to follow the appropriate *Touhy*
regulations. Because, however, there are numerous other reasons to quash the subpoena, the
government requests the Court grant this Motion to Quash on these numerous other grounds.

## II.    Iovino's Subpoena Failed to Allow Reasonable Time to Comply.

Rule 45 requires the Court to quash a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). This is such a subpoena.

Although the Subpoena is dated February 20, 2026, it was not sent to the government until February 24, 2026. *See* Email, Ex. 1. The Subpoena requested the documents be produced in either two or five business days. *Id.*; Subpoena, Ex. 2.

While Rule 45 does not define "a reasonable time to comply," courts routinely find fourteen days from the date of service presumptively reasonable. *Tri Invs., Inc. v. Aiken Cost Consultants, Inc.*, 2011 WL 5330295, at *1 (W.D.N.C. Nov. 7, 2011). And although fourteen days is a general guideline, courts nonetheless make the reasonableness determination on a case-by-case basis. *See BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2016 WL 11531451, at * 5 n.5 (N.D. Ga. Dec. 27, 2016) ("Rule 45(d)(3) does not set a minimum amount of time required to be considered a reasonable time to comply, so courts make the determination of reasonableness on a case-by-case basis." (citation omitted)).

For example, in *Pennsylvania National Mutual Casualty Insurance Co. v. Generali-U.S. Branch*, the court granted a motion to quash a third-party subpoena where the subpoena only provided seven days to respond, was served on the eve of the discovery deadline, and required reviewing tens of thousands of pages of documents. 2025 WL 906280, at *1 (D. Md. Mar. 25, 2025). The court further based its decision on the fact that the deadlines had already been extended numerous times and granting the third-party discovery would delay the case even further, running contrary to Rule 1's requirements of a just, speedy, and inexpensive determination of the action. *Id.* at *2. Other courts have similarly quashed Rule 45 subpoenas for failure to provide a reasonable time to compliance with less than 14-day return deadlines. *See Anstead v. Va. Mason Med. Ctr.*,

2023 WL 34505, at *2, 3 (W.D. Wash. Jan. 4, 2023) (affording four business days for nonparty to comply with document subpoena was unreasonable); *Natera, Inc. v. CareDx, Inc.*, 2023 WL 3763808, at *4 (N.D. Cal. May 31, 2023) ("[E]leven days was not a reasonable amount of time to give [nonparty entity] Eurofins to provide detailed customer, sales, and revenue data, and to prepare a corporate witness to testify on the data.").

Here, the time for compliance with the Subpoena was patently unreasonable. And Iovino could not have allowed for additional time to comply because Iovino chose to issue the Subpoena a mere five business days prior to the discovery deadline. *See Durham v. Amikids Baton Rouge, Inc.*, 2018 WL 4088772, at *3 (M.D. La. Aug. 27, 2018) (subpoena served before the discovery deadline will be untimely if the date of compliance is beyond the discovery deadline); *Holmes v. Utah*, 2014 WL 1329352, at *1 & n.9 (D. Utah Apr. 2, 2014) (subpoenas served on nonparties several days before the discovery cutoff date but required production of documents after the deadline were untimely); *Abu v. Mulholland*, 2023 WL 2465559 at * 2 (E.D. Mich. Mar. 10, 2023) (denying motion to compel compliance with Rule 45 subpoena where the time to comply was beyond the discovery deadline). Moreover, as discussed more fully below, the Subpoena requests a broad and vague swath of documents further underscoring the unreasonableness of the time to comply.

Most notable, however, is the inexplicability of Iovino's delay in issuing this Subpoena. Discovery in this case has been going on for four years. The Department has been involved in the parties' discovery for nearly all of that time. The Subpoena seeks information related to an OIG investigation that Iovino objectively knew about since at least 2022. Despite this, Iovino waited until five business days before the close of a four-year discovery period to issue this Subpoena. As

such, there is no basis for extending the discovery period in this case to allow for a response to the Subpoena.

Because the Subpoena does not provide a reasonable time to comply, the Court must quash the Subpoena pursuant to Rule 45(d)(3)(A)(i).

### III.    The Subpoena Creates an Undue Burden on the Government.

The Court should quash the Subpoena for the third and separate reason that it subjects the government to an undue burden.

As outlined in the Factual Background above, the Subpoena seeks a broad swath of documents, most of which contain no temporal limitation. The Rider seeks even more documents, outlining five categories of documents, some with an eleven-year timeframe for responsiveness.

Courts consider the following factors in a Rule 45 undue burden analysis: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Additionally, the requisite analysis considers the cost associated with a large and demanding document production as well as "other cognizable burdens," such as the need to protect privacy or confidentiality interests. *Jordan*, 921 F.3d at 189–90. A Rule 45 subpoena is overly burdensome "when it seeks information beyond what the requesting party reasonably requires," as "[a] nonparty should not have to do the work of tailoring a subpoena to what the requesting party need." *Id.* at 190.

Here, the Subpoena is overly broad and unduly burdensome on its face. Iovino's one-count complaint alleges whistleblower retaliation for a July 6, 2017 OIG report in changes to her employment in July and early August 2017. Am. Compl. ¶¶ 61, 113. ECF No. 30. Iovino engaged

7

in extensive third-party discovery with the Department and OIG regarding Iovino's July 6, 2017 OIG report and the resulting investigation. The Subpoena now seeks information about different investigations, regardless of their relation to Iovino's whistleblowing activity, with no temporal limitation. Thus, it is unclear how the requested information is relevant to the claims or defenses in the case. Indeed, Request 5 of the Rider requests documents related to any OIG investigation about "whether the civil action filed by Michael Stapleton Associates against Dr. Karen Iovino in Arlington County Circuit Court (Virginia) had a chilling effect on witnesses or potential witness in the related OIG investigation." Rider at 2, Ex. 3. But as the Court already explained, the state court case was filed nearly two years after Iovino's employment with MSA ended, making discovery about the state court case irrelevant to the retaliatory conduct that allegedly occurred in July and August 2017. Order at 9, ECF No. 239.

Further, the Rider requests documents spanning an *eleven-year* time period with little specificity in the requests and using broad terms such as "arising from" and "relating to." *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (document request that sought "'all documents . . . that refer to, mention or relate in any way to Plaintiff, Whitlock, or the litigation or the allegations, facts and circumstances concerning the litigation,' is overly broad"); *In re Camp Lejeune Water Litig.*, 2024 WL 4003037, at *3 (E.D.N.C. Aug. 30, 2024); *Moore v. DAN Holdings, Inc.*, 2013 WL 1833557, at *11 (M.D.N.C. Apr. 30, 2013). The government also notes that Mr. Baumgart, referenced in the Subpoena and some of the Rider's requests, is no longer an OIG employee. Compliance with the subpoena would require a manual retrieval, processing, and review of thousands of OIG investigative documents to determine what materials might potentially be responsive to this very broad request. Therefore, comparing relevance of the information sought to the burden of production clearly demonstrates the undue burden of the Subpoena.

The Subpoena and its Rider are unduly burdensome on their face, and the Court should quash the Subpoena for this third, independent reason.

## CONCLUSION

For the foregoing reasons, the Court should quash Iovino's Subpoena. If the Court does not quash the Subpoena, the government requests the Court order Iovino to pay the government's expenses for compliance with the Subpoena.

Respectfully submitted,

Date:  March 31, 2026

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA  24008-1709
Telephone:  (540) 857-2250
Facsimile:  (540) 857-2283
E-mail:  krista.frith@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system who will distribute copies to all CM/ECF participants.

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney

9