**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT AND** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **COUNTERCLAIM PLAINTIFF'S** |
| **d/b/a MSA SECURITY, INC.** | ) | **MOTION TO SEAL** |
| | ) | |
| **Defendant and** | ) | |
| **Counterclaim Plaintiff** | ) | |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 9(b)(2), Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA"), through counsel, respectfully moves to seal Exhibit 4 to the Joint Status Report filed on March 26, 2026. ECF 266. Plaintiff consents to the relief requested herein. In support, MSA states as follows:

1. MSA seeks to seal Exhibit 4 to the Joint Status Report filed on March 26, 2026. Exhibit 4 is an April 23, 2019 affidavit of Zachary Baumgart, an investigator with the Office of Inspector General ("OIG"), containing references to MSA and OIG matters.
2. Exhibit 4 contains non-public investigative details. Disclosure of these non-public OIG matters would undermine their confidential nature. Sealing is warranted to protect the confidentiality interests implicated by their disclosure.
3. Public release of this information would be prejudicial to MSA. It includes references that, if made public, could lead to unfair inferences that MSA engaged in certain activity and cause reputational harm unrelated from the merits of this case. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Despite this strong preference for public access, we have 'carved out an exception,' for sealed materials attached to a

discovery motion unrelated to the merits of a case. Under this exception, a party need only satisfy the less exacting 'good cause' standard.") (internal citations omitted). This "good cause" standard stems from Fed. R. Civ. P. 26(c), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; Fed. R. Civ. P. 26(c).

4. There is good cause to file this document under seal, as it contains sensitive and prejudicial information and inferences alluding to activity separate from, and unrelated to, the merits of this case. Because the information is unrelated to this case, there is no concern that filing this document under seal would be harmful to any of the parties upon any appeal. However, denying this reasonable (and consented to) request will cause MSA reputational harm that could cause financial damage and could taint the jury pool for the trial that will be heard on June 1, 2026.

5. While filing the document under seal is preferred, filing of the attached redacted document could preserve public access to non-sensitive portions of Exhibit 4 while mitigating the harm (to DoS and MSA) outlined herein. That said, the references to the OIG matters are integral to Exhibit 4, and redaction will not fully protect against the reputational harm that would likely result from this partial disclosure. Accordingly, MSA requests that the document be filed under seal in its entirety. In the alternative, MSA is filing a redacted version contemporaneously herewith that omits the confidential content while preserving the public's access to non-sensitive material.

6. MSA requests that this document remain under seal for the duration of this litigation and any subsequent appeals. The confidential nature of the information in Exhibit 4 will persist regardless of the outcome of this case, and continued sealing is necessary to protect against

the reputational harm that could result from public disclosure. Should this Court choose to redact Exhibit 4 as opposed to sealing it, MSA requests that the redactions remain on the document indefinitely.

For the foregoing reasons, MSA respectfully requests that the Court permit Exhibit 4 to the Joint Status Report to be filed under seal, or in the alternative, be redacted. A proposed order with a redacted version of Exhibit 4 is filed herewith.

Respectfully submitted,

Date: April 1, 2026

*/s/ Daniel S. Ward*

______________________________

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*
Daniel S. Ward