**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-00064 |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, | ) | |
| LTD., d/b/a MSA SECURITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

Plaintiff Karen Iovino opposes the Government's Motion to Quash her subpoena, failing to grapple with the subpoena's belated timing and instead focusing on *Touhy*, which the government did not raise in its Motion. Resp. ¶ 3, ECF No. 276. The Court should exercise its discretion and grant the government's Motion to Quash.

First, Iovino's Response glosses over the fact she already had four years to obtain the discovery she now claims is essential and urgent. Iovino asserts that knowing of the Baumgart investigation since 2022 "does not diminish her need for the documents" now, but she offers no explanation for waiting four years to request the documents. *Id.* at 14. She likewise outlines her *Touhy* requests from 2022 and 2025 but offers no explanation for why the information she now seeks was not included in those prior *Touhy* requests. *Id.* at 8–9. Iovino vaguely claims that the depositions that occurred "in January-February 2026" revealed "the scope and significance of the Baumgart investigations," but offers no further explanation. *Id.* at 3, 9. The OIG Rule 30(b)(6) deposition occurred on January 9, 2026. That was the only deposition of OIG or an OIG employee requested in this case. So, it is unclear what other deposition "revealed [the documents'] scope" to justify Iovino's February 24, 2026 subpoena for additional OIG information.

1

Iovino asserts that although the government was only given five business days to respond to the subpoena, "DOS and OIG did not have to make their production in that timeframe." *Id*. at 8. Iovino offers no legal support for this assertion, and it contradicts the return date on the subpoena. *Id.* Further, to now propose that the OIG should produce its subpoena response "30 days after service of the corrected subpoena, or such other date as fits the Court's summary-judgment schedule," *id.*, ignores that discovery has now been closed for over a month.

Iovino argues that the remedy for her insufficient and belated subpoena is "deferral, not permanent foreclosure," but she cites no law in support of her assertion.[1] *Id.* at 7–8. Instead, she offers that one of the government's cited cases is distinguishable because that court found granting the discovery "would delay the case further after multiple extensions." *Id.* But that is precisely what has happened here. The discovery deadline and trial of this case have been extended numerous times. The Court has made it exceedingly clear that "this case needs to proceed with haste." Order at 10, ECF No. 239; *see also* Order at 1, ECF No. 214 ("[T]he court believes it is necessary to refer a portion of the outstanding matters to a second magistrate judge . . . ensuring that this case remains on track and arrives at a timely disposition."). Although Iovino notes the lengthy history of this case, and the involvement of the Department and OIG, she ignores that such history does not support her last-minute subpoena. Trial is scheduled to begin in less than two months, oral argument on the parties' cross motions for summary judgment is in less than a month, and Iovino's subpoena for documents to "complete" the summary judgment record is far too late. As cited in the government's Motion, Courts regularly quash third-party subpoenas that fail to

---

[1] Setting aside timing issues, Iovino acknowledges that her subpoena was deficient in that it was not addressed to the correct person or entity. Resp. at 7. Iovino has had six weeks to issue a valid subpoena and has chosen not to do so.

offer sufficient time to respond, including sufficient time to respond prior to the close of discovery. *See* Mot. at 5–6, ECF No. 266. The Court should likewise do so here.

Second, the Court should reject Iovino's attempts to make the government's Motion about *Touhy*. While failure to comply with the *Touhy* process could be a basis to quash a subpoena, Iovino's subpoena failed to comply with Rule 45 and the scheduling order in this case. As such, the government moved to quash the subpoena on those bases, not *Touhy*. Iovino seeks to invoke the *Touhy* process to deflect from her facially invalid subpoena and it should be rejected. The Court should quash the subpoena pursuant to Rule 45 and the Court's discretion in overseeing discovery.

Last, Iovino now offers a narrower scope of her subpoena. But she did not offer that at any point in the limited discussions with the government. *See* Email Chain, ECF No. 266-2.

Moreover, Iovino's purported narrowing does not in fact significantly limit the burden. She offers that the requests "target specific Baumgart investigations" from 2015-2019 and only "final or near-final findings, reports, recommendations, summaries, and affidavits."[2] Resp. at 10–11. But this variety of documents is still wide-ranging. Iovino also offers to narrow categories 1, 2, and 3, and withdraw categories 4 and 5 of the Rider, despite the fact the Rider is not mentioned in the Subpoena. *Id.* at 11–12. And while Iovino asserts she needs this discovery because it is "central" to her claim, the categories listed in the Rider go beyond OIG's investigations as a result of Iovino's whistleblowing activity—instead, the request is for *any* investigations related to the categories initiated for any reason. These requests are plainly overly broad, particularly in light of her single claim. Iovino also argues the government has not met is burden of demonstrating the subpoena is unduly burdensome because it did not submit a declaration in support. *Id.* at 10. The government, however, argued that "the Subpoena is overly broad and unduly burdensome on its

---

[2]    It is unclear what "near-final findings" means, and the government further objects to this request as vague.

face," which does not require submitting evidence of burdensomeness. *See* Mot. at 7 (collecting cases). Iovino recognizes that her Subpoena is broad, Resp. at 11, and the Court should quash it for the separate reason that it is unduly burdensome.

## CONCLUSION

For the foregoing reasons and those set forth in the government's Motion, the Court should quash Iovino's Subpoena.

Respectfully submitted,

Date:   April 8, 2026

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA  24008-1709
Telephone:  (540) 857-2250
Facsimile:  (540) 857-2283
E-mail:  krista.frith@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system who will distribute copies to all CM/ECF participants.

/s/ *Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney

4