IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

04/09/2026

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

KAREN IOVINO,                          )
                                       )
              Plaintiff,               )    Civil Action No. 5:21-cv-00064
                                       )
v.                                     )    **ORDER**
                                       )
MICHAEL STAPLETON ASSOCIATES,          )    By:    Hon. C. Kailani Memmer
LTD. d/b/a MSA SECURITY, INC.,         )           United States Magistrate Judge
                                       )
              Defendant.               )

Discovery in this matter closed on March 3, 2026. Only seven days prior to the discovery deadline, on February 24, 2026, counsel for plaintiff Karen Iovino emailed counsel for the government a "courtesy copy" of a subpoena for testimony. The subpoena dated February 20, 2026, requested testimony of Sharon James, a 30(b)(6) designee for the United States Department of State (DoS), *and* the production of documents involving investigations by an employee of the United States Department of State Office of Inspector General (DoS OIG). But Ms. James' deposition as a 30(b)(6) designee for the DoS had already been negotiated by the parties, formally noticed and scheduled for February 26, 2026. The only new information included in the subpoena was the request for documents[1] which is the basis of the motion to quash that is before the court. As discussed below, the subpoena must be quashed.

---

[1] The subpoena includes the request for the following documents: "All findings, reports, recommendations, and summaries, resulting from investigations involving Zachary Baumgart, Assistant Special Agent-in-Charge, (OIG), State Department, concerning the complaint filed by Karen Iovino, operations at the CVC, EDC detection failures, and the effect of the civil action by MSA against Karen Iovino on witnesses via deposition or email by March 3, 2026[.]" (ECF No. 267, Ex. 2.) The subpoena also has an accompanying rider that identifies five categories of documents. (ECF No. 267, Ex. 3.). The court has attached a copy of the subpoena and rider to this order.

1

First, the subpoena suffers from significant defects. As noted by the United States, the subpoena was issued to the wrong recipient. The subpoena was issued to Sharon James, a DoS employee, who had already testified as a fact witness and was scheduled to testify as a 30(b)(6) designee for the <u>DoS</u> (not DoS OIG) on February 26, 2026. (*See* ECF No. 267, at 4.) The documents requested in the subpoena relate to "investigations involving Zachary Baumgart, Assistant Special Agent-in-Charge, **(OIG)**, State Department[.]" (ECF No. 267, Ex. 2) (emphasis added). The United States claims the subpoena should not have been directed to Sharon James in her individual capacity but should have been served on the DoS OIG. Iovino does not challenge the United States' position on this issue. (*See* ECF No. 275, at 7) ("Iovino will accept as true the Government's position the subpoena should not have been addressed to Sharon James individually.").[2] This defect alone warrants the subpoena be quashed.

Remarkably, even after the United States advised Iovino's counsel of this issue on February 27, 2026 (*see* ECF No. 266, at 10), there was no effort by Iovino to correct the error. Only now—38 days after being advised of the defect—does Iovino propose a remedy in her brief in opposition to the instant motion. (*See* ECF No. 275, at 14.) In lieu of quashing the subpoena, Iovino requests the ability to modify and reissue the subpoena claiming she needs the information to respond to defendant's motion for summary judgment. (ECF No. 275, at 7.)[3]  Perhaps such "cure" would appeal to the court (and

---

[2] Although Iovino does not directly address whether issuing the subpoena on Ms. James was due to confusion, the court finds that serving the subpoena on the one remaining government deponent who had a deposition in two days, and with only seven days remaining until the close of discovery, to be a bit calculated.

[3] Notably, or perhaps unsurprisingly, Iovino has not taken steps to file a formal motion to extend the discovery deadline. Additionally, cross motions for summary judgment have already been filed by the parties. (ECF Nos. 250, 254.)

maybe would have appealed to the government as to not require the court's involvement) if this case were closer in time to when nonparties DoS and DoS OIG became involved in the discovery process in 2022 or at least at some point during the four years thereafter. But, leading to the next reason to quash the subpoena, the prolonged discovery phase of this case has ended.

The subpoena must also be quashed due to lack of timeliness.

Although the subpoena is dated February 20, 2026[4], it was not provided to the United States until February 24, 2026. (*See* ECF No. 267, Ex. 1.) The subpoena requested the documents be produced at the upcoming DoS 30(b)(6) deposition on February 26, 2026 or via "*email by March 3, 2026.*" (ECF No. 267, Ex. 2) (emphasis added.) But the deposition subpoena states: "Production: You, or your representatives, *must also bring with you to the deposition* the following documents...." (*Id.*) (emphasis added). If assuming an "alternate date" for production of documents *at* a deposition to be appropriate, the deadline to comply with the document request was seven days (or five business days).

Assuming the propriety of the document request in the first instance and compliance with counsel's requirements under Fed. R. Civ. P. 11 in the second instance, the court finds such expedited turnaround to be patently untimely and wholly unreasonable based upon the extensive amount of documents sought by Iovino on the

---

[4] Iovino asserts the subpoena was "issued" on February 20, 2026. (*See* ECF No. 275, at ¶ 23.) Such assertion is borderline sanctionable as it is misleading. Such distinction is paramount as it relates to the court's analysis regarding timeliness. The incorrect date is yet another defect in the subpoena. Additionally, the subpoena includes a typed signature of Iovino's counsel, raising questions to the court whether counsel complied with the requirements of Fed. R. Civ. P. 11 prior to emailing the subpoena to counsel for the United States four days later.

face of the subpoena as well as the attached rider.[5] But even if Iovino had provided additional time to respond to the subpoena (or a proper mechanism for the requested documents), such deadline would be at odds with the Scheduling Order in this case. The parties are required by order to "serve all written discovery with enough time to allow the responding party to respond on or before the deadline to complete discovery." (ECF No. 17, at ¶ 3) Perhaps realizing this requirement, Iovino issued the (defective) subpoena with the unreasonable production deadline of the discovery cut-off date.[6]

Iovino attempts to skirt around her staggering subpoena deficiencies and her inexcusable failure to timely request documents from the United States, in part, by asserting the application of the *Touhy* process. Such argument is not compelling. In fact, it weighs against Iovino's position. This court is tasked with ensuring "the just, speedy, and inexpensive determination" of all cases. Fed. R. Civ. P. 1. This case has been continued on numerous occasions and the court has extensively managed discovery in an attempt to prevent disputes such as the one currently before the court.[7] The parties have repeatedly

---

[5] Here, the one-sentence request on the face of the subpoena is inherently broad as it contains no temporal limitation and appears to cover multiple investigations that occurred over the course of many years. But even more broad and burdensome are the requests contained in the rider to the subpoena. The rider requests documents spanning an eleven-year period and many of the requests have no relevance to the claims and defenses in this case, including subject matter that this court already determined was off-limits in discovery. (*See* ECF No. 239, at 6–10.)

[6] The court also notes that the information Iovino seeks is <u>not</u> new. Although Iovino claims the recent depositions in January and February 2026 revealed "the scope and significance of the Baumgart investigations," (ECF No. 275, at ¶ 8), she fails to provide any further information to support this statement. Rather, the record before the court shows that Iovino was aware of Baumgart's role and involvement in the DoS OIG investigations into her OIG complaints no later than 2023, but likely years earlier. (*See* ECF No. 266, at 12–13.)

[7] As counsel for the parties have largely struggled to agree on anything during the pendency of this case, the court has taken an active role in managing discovery. The parties have been required to submit numerous discovery status reports and participate in discovery status conferences with the court to ensure that this matter remained on track for trial. At least since June 2025, counsel were given the opportunity to discuss outstanding discovery issues during each discovery status conference. The present issue was never discussed until the government brought the underlying subpoena to the court's attention by email on March 19, 2026.

been advised that this matter is to proceed with haste. And although Iovino asserts many arguments in her opposition brief, the court interprets them to collectively seek an extension of the discovery deadline to permit this additional discovery.

But the Scheduling Order is clear—all discovery must have been issued to allow the responding party to respond prior to or on the discovery deadline. (ECF No. 17, at ¶ 3.) Iovino failed to do so and the fact that the DoS OIG must follow its *Touhy* regulations (which can undoubtedly result in a more involved and lengthy process to receive documents) does not change the outcome. Iovino has had multiple chances to get the *Touhy* process right (over four and a half years to be exact)—yet she continues to get it wrong. To permit any further delay, such as a chance to modify the subpoena and to issue a valid *Touhy* request, would reward Iovino's inaction and carelessness. This case is close to the finish line and will not be derailed by last-minute issues that could have been avoided with care and diligence of counsel. The deadline to complete discovery has passed, and with it, Iovino's opportunity to correct course. The United States' motion to quash (ECF No. 267) is **GRANTED**.

It is so **ORDERED**.

Entered: April 9, 2026

C. Kailani Memmer
United States Magistrate Judge

5

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Virginia

| | | |
|---|---|---|
| KAREN IOVINO | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:21-CV-00064-TTC |
| MICHAEL STAPLETON ASSOCIATES, LTD. d/b/a MSA SECURITY INC. | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   SHARON JAMES

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   Remote via Zoom | Date and Time: 02/26/2026 10:30 am |
|---|---|

The deposition will be recorded by this method:    Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All findings, reports, recommendations, and summaries, resulting from investigations involving Zachary Baumgart, Assistant Special Agent-in-Charge, (OIG), State Department, concerning the complaint filed by Karen Iovino, operations at the CVC, EDC detection failures, and the effect of the civil action by MSA against Karen Iovino on witnesses via deposition or email by March 3, 2026

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/20/2026

CLERK OF COURT

                                                                                          OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*
                                                                          Thad M. Guyer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Karen Iovino
_____ , who issues or requests this subpoena, are:

Thad M. Guyer, T.M. Guyer & Friends, PC, 116 Mistletoe St, PO Box 1061, Medford OR 97501, 206-941-2869
thad@guyerayers.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  5:21-CV-00064-TTC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

     ❐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

     $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

     I declare under penalty of perjury that this information is true.

Date: _____

                 _____
*Server's signature*

                 _____
*Printed name and title*

                 _____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**Please apply the following definition for documents:** The term "document," as used herein, shall mean the original and any copy, regardless of origin or location, of any electronic, written, typed, printed, reproduced, filmed and/or recorded material pertaining, describing, referring, addressing, summarizing or relating directly or indirectly, in whole or in part, to the subject matter or the particular subject of inquiry which "document" is in your possession, custody or control, or the possession, custody or control of your agent, servant or employee, including, without limitation, the following: electronic mails, web pages or postings, text messages, "Tweets", agreements, applications, submissions, attachments, contracts, proposals, bids, memoranda, orders, letters, telexes, telegrams, billings, receipts, invoices, drawings, diagrams, schematics, plans, rough notes, log books, diaries, reports, surveys, messages, summaries, findings, policy statements, directives, manuals, guidelines, instructions, requests, responses, ratings, rankings, appraisals, evaluations, recommendations, or any other writings or tangible things on which any handwriting, typing, printing, photostatic or other form of communication is or are recorded or reproduced, as well as all notations on the foregoing, including originals, all file copies and all other copies of the foregoing, together with all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not. The word "document" shall include all related metadata, including author, recipient, cc, bcc, subject, date and time (received, sent, created, and/or modified), and custodian

1.   **Investigations Related to the Whistleblower Complaint**

All findings, reports, recommendations, and summaries, resulting from investigations led or supervised by Zachary Baumgart, Assistant Special Agent-in-Charge, Office of Inspector General (OIG), U.S. Department of State, concerning the whistleblower complaint filed by Dr. Karen Iovino on or about July/August 2017 regarding alleged misconduct at the Canine Validation Center (CVC) between August 2015 and December 2019, including but not limited to allegations of:

- Time sheet fraud;

- Misuse of government-leased or government-rented vehicles;

- Misuse of government-purchased equipment or materials;

- Improper hiring practices, including hiring of personal associates;

- Procurement of EDC candidates from personal associates or friends.

2.   **Investigations Concerning MSA and the CVC**

All findings, reports, recommendations, and summaries, relating to any investigation conducted by OIG concerning Michael Stapleton Associates in connection with operations at the Canine Validation Center in Winchester, Virginia, from 2015 through present.

**3.  Investigations Concerning EDC Detection Failures (ATA Program)**

All findings, reports, recommendations, and summaries, arising from investigations led or supervised by Zachary Baumgart concerning explosive detection canines provided by Michael Stapleton Associates under the U.S. Department of State Anti-Terrorism Assistance (ATA) Program that were alleged to have failed to detect explosives or were otherwise deficient, from from 2015 through present.

**4.  Investigations Concerning Diplomatic Security EDC Detection Failures**

All findings, reports, recommendations, and summaries, arising from investigations led or supervised by Zachary Baumgart concerning explosive detection canines contracted or owned by the U.S. Department of State Diplomatic Security Service and trained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which were alleged to have failed to detect explosives, from 2015 through present.

**5.  Findings Regarding Alleged Chilling Effect of Civil Litigation**

All findings, reports, memoranda, analyses, or conclusions by Zachary Baumgart or OIG concerning whether the civil action filed by Michael Stapleton Associates against Dr. Karen Iovino in Arlington County Circuit Court (Virginia) had a chilling effect on witnesses or potential witnesses in the related OIG investigation, including any materials referenced in or related to the Affidavit of Zachary Baumgart dated April 23, 2019.