CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
04/22/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:21-cv-00064 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, LTD. d/b/a MSA SECURITY, INC., | ) | By: Hon. C. Kailani Memmer, United States Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.'s (MSA) motion to seal Exhibit 4 attached to a joint status report concerning discovery issues. (ECF No. 268.) As noted in the motion, Plaintiff Karen Iovino consents to MSA's requested relief. Before granting a motion to seal, the court must (1) give the public notice and a reasonable opportunity to challenge the motion to seal, (2) consider less drastic alternatives to sealing, and (3) make specific findings and state reasons for its decision to seal over the alternatives. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).

The court must also determine whether the public has the right to access the document at issue under the First Amendment or the common law. *See id.* The common law standard applies to documents filed in connection with a discovery motion. *See Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2017 WL 11367644, at *1 (W.D. Va. Mar. 21, 2017) (noting common law presumption applies to documents filed in connection with non-dispositive and discovery-related motions). The common-law "presumption [of access] can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). The burden

of establishing that a document should be sealed "rests on the party promoting the denial of access." *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003).

Under the Fourth Circuit's guidance on motions to seal, the court makes the following findings. First, the public has been given notice of the motion to seal by the defendant's filing of the motion on the public docket. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). The public has been given a reasonable opportunity to object to the motion as the underlying motion was filed on April 1, 2026, and there has been no such objection by the public or Iovino.[1] *See Clehm*, 2017 WL 11367644, at *2 ("The 'public opportunity to challenge' requirement is met when the court allows sufficient time for objections to be made.").

Second, although MSA seeks to seal the entirety of Exhibit 4, the court finds it more appropriate to grant the alternative relief—sealing only the proposed redacted portions of the document that contain confidential information.[2] The document at issue is an affidavit of Zachary Baumgart, an investigator with the Office of Inspector General (OIG), which contains references to prior non-public investigations involving MSA. Based on the motion filed by MSA and the court's review of the proposed redactions, the court is satisfied that the proposed redactions—non-public investigative details about MSA—warrant sealing. *See United States v. Carolina Comprehensive Health Network*, No. 1:16CV234, 2021 WL 325705, at *5 (M.D.N.C. Feb. 1, 2021) (sealing "nonpublic

---

[1] Iovino consented to sealing the document at issue. But Iovino then filed two unredacted versions of the document at ECF Nos. 275-1 and 275-3. As Iovino does not object to sealing the document in its entirety, the court will seal the versions docketed by Iovino and consider the redacted version as a replacement for them.

[2] The legal framework for sealing an entire document also "applies to requests by a party to file a redacted document, i.e., a document sealed in part." *Mr. Dee's Inc. v. Inmar, Inc.*, No. 1:19cv141, 2021 WL 3809256, at *2 (M.D.N.C. Aug. 26, 2021). "The interest of the public in the flow of information is protected by [the Court's] exercise[e of] independent judgment concerning redactions." *Moussaoui*, 65 F. App'x at 888.

investigative details" as such information outweighed the common law right of access). The proposed redactions include information that could be prejudicial to MSA and such information is not relevant to the underlying issues in this case. Permitting the redacted version to remain on the public docket preserves public access to the non-sensitive portions while also mitigating the potential harm to MSA.

Accordingly, it is hereby **ORDERED** that MSA's motion to seal is **GRANTED in PART**. A redacted version of Exhibit 4 (ECF No. 268-1) will remain publicly filed on the docket. The nonredacted versions of Exhibit 4 shall remain under seal until further order from the court. The nonredacted versions are docketed at ECF Nos. 266-4; 275-1 (Ex. E, at 27–28); and 275-3 (Ex. M, at 20–21).

It is so **ORDERED**.

**ENTERED**: April 22, 2026

C. Kailani Memmer
United States Magistrate Judge