Iovino v. Michael Stapleton Associates, Ltd.
Case No. 5:21-cv-00064 (W.D. Va.)

# EXHIBIT B



**United States Department of State**

*Washington, D.C.   20520*

July 17, 2025

Jack Kolar
Government Accountability Project
1612 K Street, NW – Suite No. 808
Washington, DC 20006
JackK@whistleblower.org

***BY EMAIL ONLY***

Re:    Supplemental Response to Plaintiff Iovino *Touhy* Request in *Iovino v.*
       *Michael Stapleton Associates, Ltd.*, Case No. 5:21-CV-00064-TTC (W.D. Va.)
       for Rule 30(b)(6) Deposition

Mr. Kolar:

On or around May 23, 2025, you, on behalf of Plaintiff Doctor Karen Iovino, served on the Department of State (Department) a *Touhy* request concerning the above referenced litigation.  The *Touhy* request sought authorization for Plaintiff to proceed with a Rule 30(b)(6) deposition of the Department, as well as 12 individual depositions of current or former employees or contractors of the Department or MSA:

1. Alan Bower
2. Peter Deegan
3. Anna Garcia
4. Gerald Goss
5. Mike Hayes
6. Jennifer Houston
7. Sharon James
8. James Olds
9. Ben Orndorff
10. Dr. Lee Palmer
11. Michael Ratcliff
12. Cathy Read

On June 16, 2025, the Department provided its initial response to the *Touhy* request.  On June 20, 2025, you submitted an Amended *Touhy* request concerning the Rule 30(b)(6) deposition and the individual deponents. [1]

On June 24, counsel for Plaintiff, Defendant, and the Department, as well as counsel for the Department's Office of Inspector General (OIG), met on a lengthy video-conference meet and confer to discuss the amended deposition notices.

This letter addresses only the *Amended Touhy Request to the Department of State* (the "Amended *Touhy*"), as further amended and clarified during our meet and confer, and the *Touhy* request with respect to a MSA Rule 30(b)(6) deposition.  The Department will address by separate letter the request for individual depositions of named individuals.

To the extent any request here is granted, it is granted subject to the following terms and conditions:

i)   The scope of the depositions is limited to the allegations set forth in the complaint filed in the above-referenced matter, the defenses raised in the answer filed in the above-referenced matter, and such information as may be directly relevant to the foregoing; and

ii)  During the depositions, counsel for the parties shall note on the record when protected information is being introduced as an exhibit or testimony is being elicited regarding "sensitive" information, and shall agree beforehand that any such information is and will be subject to the Protective Order entered in the above-referenced matter, and shall reach agreement regarding how any such portions of transcripts, associated exhibits, and declarations will be handled in accordance with the required protections (which agreements shall be memorialized in writing and transmitted to the Department for review and approval prior to the onset of any depositions); and

iii) The parties shall otherwise comply with the Protective Order entered in the above-referenced matter; and

---

[1]  The June 20 submission omitted the amended deposition notice of Dr. Lee Palmer, but you provided that amended notice on June 24.

iv) The Department shall be afforded the opportunity to review the deposition testimony (including any declarations, deposition transcripts, and exhibits introduced during the respective depositions) and to assert the need for any redactions or other protections to be applied thereto prior to any filing or transmittal thereof to the Court in the above-referenced case or otherwise; and

v) In the case of disagreement as to whether any portion of a deposition, exhibit, or declaration of any type is within the scope of these terms, they shall be deemed protected subject to the Department's further evaluation.

The authorizations in this letter may be beyond the scope of relevant Topics for this litigation, and the Department expects that the parties may further limit the scope of depositions after consultation.

## **The Amended Rule 30(b)(6) Request to the Department**

The Department responds to the 39 requests in the amended Rule 30(b)(6) deposition notice request as follows:

In your Amended *Touhy*, you limited **Request 1** to ask "Does the [Department] contend that, in its actions vis-à-vis Dr. Iovino in 2017, MSA acted at the request of an executive branch official(s)?  If so, identify said official(s). Was that request in writing? Identify the exact terms of that request."  Relatedly, the Amended *Touhy* contains an extended discussion of the discovery dispute between Plaintiff and Defendant concerning Requests for Admission posed during discovery.  The Department declines to comment on that discovery dispute.  The Department grants Request 1 in that the Department will provide a deponent to speak to the Department's general practice and policy of involvement or non-involvement in a contractor's employment decisions, and any related information as specifically concerning Dr. Iovino in 2017.

In **Request 2**, Plaintiff seeks information concerning the Department's understanding of whether Ms. Cathy Read made a writing concerning her discussion with Plaintiff, what was the date and time of any contact by Plaintiff to

Ms. Read, and if Ms. Read communicated to anyone about Plaintiff's complaint. The Department grants this *Touhy* request, although it is redundant of any information that Plaintiff might seek in the deposition of Ms. Read.

In **Requests 3-6** and **10,** Plaintiff asks a variety of questions about the facts underlying statements made in the July 5, 2018 memorandum from Jeffrey McDermott, Acting Assistant Inspector General, Office of the Inspector General (OIG). During the June 24, 2025 meet and confer, Plaintiff and the Department agreed that establishing an order of Rule 30(b)(6) depositions, sequencing the depositions to maximize efficiency, would be best way to proceed, such that Plaintiff can obtain the requested information.  Plaintiff, Defendant, the OIG, and the Department agreed that the order of Rule 30(b)(6) depositions should be the OIG, MSA, and then the Department.  As such, as the OIG agreed in its June 23, 2025 letter to provide a deponent on these subjects, the Department declines to make a witness available on these subjects at this time.  The Department approves this Touhy request to the extent OIG or MSA witnesses possess Department official information related to this topic. The Department agrees to revisit this request, if necessary, after the Rule 30(b)(6) depositions of OIG and MSA.

With respects to **Requests 7-9** and **11-12**, as discussed in the Department's original *Touhy* response, these requests are primarily document requests.  The Department agrees to and grants this Touhy request in that it will instruct Department employees or contractors and former Department employees or contractors, who the Plaintiff seeks to individually depose, to search their records for documents for the time frame from 2017-2019[2] for documents related to Plaintiff.

With respect to **Requests 13-15**, Plaintiff seeks information concerning MSA's employee manuals, MSA's procedures for employees reporting fraud, waste, and abuse, and MSA's procedures for performance evaluations. The Department continues to maintain that this is MSA information, and MSA is best situated to provide any responsive testimony.  In the Amended *Touhy*, you seem to question if MSA has provided responsive information as part of discovery between the parties.  That is not an issue for the Department.  The Department

---

[2]  During the meet and confer, you agreed the time period that you were requesting was limited to 2017-2019.

does not object to MSA providing a witness in response to these subjects, and the Department, at this time, declines to make a witness available on these subjects. *See* 22 C.F.R. § 172.8(a)(1), (2), and (4).

In **Requests 16-19,** Plaintiff asks about anything of value given by MSA to Department employees, about Dr. Iovino's complaints about Jennifer Houston's performance, about Josh Carter's use of a room on MSA's campus, and about Mr. Carter's use of a government vehicle. As discussed during the meet and confer, Plaintiff appears to be seeking information concerning her complaints of fraud, waste, or abuse, to OIG. At the meet and confer, the Department asked Plaintiff the relevance of these questions to the current litigation, and you explained that these questions go to the reasonableness of Dr. Iovino's whistleblower allegations.

The Department does not dispute that "Iovino made protected disclosures by contacting the [Department] and then the [OIG] with reasonable concerns about mismanagement . . . ." *See* Sharon James Decision Letter dated 10/30/2019 (IOVINO_0000001-7 at 5). As such, these requests are not relevant to any claim or defense in the current litigation and thus are not proper under Rule 26 discovery. *See* Fed. R. Civ. P. 26(b)(1) ("[A party] may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Even if these allegations were relevant to the litigation, they would be more appropriately addressed to the OIG, which would have been tasked with investigating any such claims. Therefore, the Department will not provide a witness on these subjects, and denies these requests under the *Touhy* regulations. *See* 22 C.F.R. § 172.8(a)(1), (2), (4), (5).

With respect to **Requests 20-31**, as stated in the Department's earlier letter, each of these requests seeks factual information related to MSA's counterclaim against Plaintiff. In the Amended *Touhy*, you ask for the Department's "reaction . . . when its officials picked up, for example, the *Washington Post* over morning coffee, and read that DOS was engaging in egregious harms to its canines, or allowing foreign partners to harm the animals." And you ask if the Department considered terminating contracts with MSA when the Department learned of these allegations. Per the June 24, 2025 meet and

confer call and the agreement between the parties to thoughtfully sequence the Rule 30(b)(6) deponents (OIG, MSA, and then the Department), the Department expects that Plaintiff will pose these questions to MSA, and the Department authorizes MSA to provide testimony concerning the relationship between MSA and the Department after Dr. Iovino's allegations.  Given the burden of identifying the Department's cumulative thoughts and "reaction" upon learning of Dr. Iovino's allegations – for example, through a survey of various offices – the Department declines to identify a Department Rule 30(b)(6) deponent on these matters.  *See* 22 C.F.R. § 172.8(a)(1), (4), (5).

In the Amended *Touhy* request, you clarify that **Requests 32** and **33** are intended to ask "whether the DOS [equally] applies the *Touhy* regulations across all litigation in which it is a non-party, especially when MSA is a party but DOS is not one."  **Request 34** asks about communications between the Department and MSA concerning litigation between MSA and Dr. Iovino.  The Department reiterates these are inappropriate subjects for a Rule 30(b)(6) deposition, as they are not related to any claim or defense, and thus not discoverable topics pursuant to Rule 26. *See* Fed. R. Civ. P. 26(b)(1). Further, any analysis here would also be protected as attorney-work product.  And as noted in the Department's earlier letter, any requests for information concerning how the Department made determinations concerning the *Touhy* process in this matter would be protected by the deliberative process privilege. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) ("[D]eliberative process covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated . . . . The deliberative process privilege . . . protect[s] open and frank discussion among those who make [decisions] within the Government." (internal quotation marks and citations omitted)). In the meet and confer, you indicated you would consider withdrawing these requests, but the Department did not receive further communication from you withdrawing these requests.  The Department denies these requests.  *See* 22 C.F.R. § 172.8(a)(1), (2), (4), (5).

During the meet and confer, you clarified **Request 35** to seek information about whether the Department influenced MSA in MSA's decision to discipline MSA employees, in the timeframe of 2017 through present.  The Department grants this *Touhy* request and will provide a deponent to speak to this request, as amended.

During the meet and confer, you clarified **Requests 36-37** to seek information concerning the contract(s) between the Department and MSA, between 2015 and the present, concerning what the Department communicates to contractors concerning confidentiality policies and information sharing.  The Department grants this *Touhy* request for the timeframe 2017-2020 and will provide a deponent to speak to this request, as amended.

**Requests 38-39** concern OIG reports.  The Department continues to maintain that this is OIG information.  During the meet and confer, you agreed to pose these lines of questioning to the OIG.  As such, the Department denies these requests.

## The Rule 30(b)(6) Request to MSA

Plaintiff has also served a Rule 30(b)(6) deposition notice upon MSA.  To the extent Topics 1-12 and 36-37 involve Department of State information, the Department authorizes MSA's Rule 30(b)(6) deponent to testify concerning those subjects, subject to any further meet and confer or briefing between the parties concerning the relevance and proportionality of those subjects.  If MSA will produce further document discovery, the Department expects to have an opportunity to review any documents that contain Department official information in advance of any production.

The Department views Topics 13-15, 20-31, 35, and 38-44 to involve MSA information, not Department official information. To the extent these topics involve Department official information, they are authorized.

Topics 16-19 and 45-46 pertain to OIG information.  The Department defers to the OIG, and the OIG's response to the deposition notice propounded on the OIG.

Finally, with respect to Topics 32-34, for the same reasons as discussed above concerning Topics 32-34 propounded on the Department, the Department does not authorize any discussion of Department official information on those subjects.  *See* 22 C.F.R. § 172.8(a)(1), (2), (4), (5).

Should you have any questions, you may contact Attorney Adviser Jaclyn Greenstein at (571) 345-3003 or greensteinjd@state.gov.

Sincerely,

**_/s/ Amanda Wall_**

Amanda Wall
Assistant Legal Adviser
Office of the Legal Adviser
U.S. Department of State

CC:   Krista Frith (DOJ) (krista.frith@usdoj.gov)
Seth Gilmore (OIG) (seth.m.gilmore@stateoig.gov)
Chelsea Cruz (counsel for MSA) (chelsea@wardberry.com)
Daniel Ward (counsel for MSA) (dan@wardberry.com)