Iovino v. Michael Stapleton Associates, Ltd.
Case No. 5:21-cv-00064 (W.D. Va.)

# EXHIBIT C



**Office of Inspector General**
United States Department of State

July 18, 2025

Jack Kolar
Government Accountability Project
1612 K Street, NW – Suite No. 808
Washington, DC 20006
JackK@whistleblower.org

Re:    Supplemental Response to Plaintiff Iovino *Touhy* Request in *Iovino v. Michael Stapleton Associates, Ltd.*, Case No. 5:21-CV-00064-TTC (W.D. Va.) for Rule 30(b)(6) Deposition

Dear Mr. Kolar:

On or around May 23, 2025, you, on behalf of Plaintiff Doctor Karen Iovino, served on the Department of State, Office of Inspector General (OIG), a *Touhy* request concerning the above referenced litigation. The Touhy request sought permission for Plaintiff to conduct a Rule 30(b)(6) deposition of OIG. In concert, you served a nearly identical Rule 30(b)(6) deposition notice on the Department of State (Department).

The Department provided its initial response to the *Touhy* request on June 16, 2025. On June 20, 2025, you submitted an Amended *Touhy* request. On June 23, 2025, OIG provided its initial response to the *Touhy* request.

On June 24, counsel for Plaintiff, Defendant, and OIG, as well as counsel for the Department, met to address the amended deposition notices. Following this conference, the Department submitted a supplemental response to the *Touhy* request on July 17, 2025.

As previously noted, although OIG is an independent office within the Department, it shares certain equities with the Department. Because of these shared equities, and because the Department's supplemental response referred Plaintiff to OIG for certain information, OIG is including the Department's

supplemental response in OIG's supplemental response by reference. OIG also adopts the Department's position with respect to certain aspects of OIG's response.

To the extent any request is granted in this supplemental response, it is granted subject to the following terms and conditions:

i) The scope of the deposition is limited to the allegations set forth in the complaint filed in the above-referenced matter, the defenses raised in the answer filed in the above-referenced matter, and such information as may be directly relevant to the foregoing; and

ii) During the deposition, counsel for the parties shall note on the record when protected information is being introduced as an exhibit or testimony is being elicited regarding "sensitive" information, and shall agree beforehand that any such information is and will be subject to the Protective Order entered in the above-referenced matter, and shall reach agreement regarding how any such portions of transcripts, associated exhibits, and declarations will be handled in accordance with the required protections (which agreements shall be memorialized in writing and transmitted to OIG for review and approval prior to the onset of any depositions); and

iii) The parties shall otherwise comply with the Protective Order entered in the above-referenced matter; and

iv) OIG shall be afforded the opportunity to review the deposition testimony (including any declarations, deposition transcripts, and exhibits introduced during the respective depositions) and to assert the need for any redactions or other protections to be applied thereto prior to any filing or transmittal thereof to the Court in the above-referenced case or otherwise; and

v) In the case of disagreement as to whether any portion of a deposition, exhibit, or declaration of any type is within the scope of these terms, they shall be deemed protected subject to OIG's further evaluation.

The authorizations in this letter may be beyond the scope of relevant Topics for this litigation, and OIG expects that the parties may further limit the scope of depositions after consultation.

Official
UNCLASSIFIED

## **The Amended Rule 30(b)(6) Request to OIG**

OIG responds to the 39 requests in the amended Rule 30(b)(6) deposition notice request as follows:

### **Request 1**

In your Amended *Touhy* request, you limited Request 1 to ask "Does the [Department] contend that, in its actions vis-à-vis Dr. Iovino in 2017, MSA acted at the request of an executive branch official(s)? If so, identify said official(s). Was that request in writing? Identify the exact terms of that request." This limited request, reframed as a contention interrogatory, does not seek information reasonably in the custody or control of OIG. OIG therefore declines to identify a Rule 30(b)(6) deponent on this matter.

### **Request 2**

This request seeks information concerning the Department's understanding of whether Ms. Cathy Read made a writing concerning her discussion with Plaintiff, what was the date and time of any contact by Plaintiff to Ms. Read, and if Ms. Read communicated to anyone about Plaintiff's complaint. Cathy Read was solely a Department employee, not an OIG employee. This limited request does not seek information reasonably in the custody or control of OIG. OIG therefore declines to identify a Rule 30(b)(6) deponent on this matter.

### **Requests 3-6 and 10**

As noted in its initial response, OIG intends to make a Rule 30(b)(6) deponent available to testify about information known or reasonably available to OIG on these matters, consistent with applicable law.

### **Requests 7-9 and 11-12**

Requests 7-9 ask OIG to identify "all communications between MSA" and the Department's Office of Acquisitions Management (Request 7); the Department's Bureau of Diplomatic Security (Request 8); and the Department en

masse (Request 9), that are either "related to or discussing Dr. Iovino."

Requests 11-12 ask OIG to identify and discuss all communications in any way related to Plaintiff, sent or received by over a dozen Department or MSA employees, during an unspecified time.

As noted in OIG's initial response, these requests seek Department and MSA communications. Any potentially relevant documents that OIG might possess would be duplicative copies of originals maintained by the Department or MSA. The Department has agreed to instruct Department employees or contractors and former Department employees or contractors, who the Plaintiff seeks to individually depose, to search their records for documents for the time frame from 2017-2019 for documents related to Plaintiff. To the extent that OIG has duplicative copies of such documents in its investigative case file, it will provide them to Plaintiff.

**Requests 13-15**

OIG adopts the Department's supplemental response to Requests 13-15 with respect to its assertion that the requests seek information in the ownership and control of MSA. OIG declines to identify a Rule 30(b)(6) deponent on these matters, as this information is not reasonably in the custody or control of OIG.

**Requests 16-19**

As noted in its initial response, OIG intends to make a Rule 30(b)(6) deponent available to testify about information known or reasonably available to OIG on these matters, consistent with applicable law.

**Requests 20-31**

As the Department notes in its initial and supplemental responses, each of these requests seeks information related to MSA's counterclaim against Plaintiff for which the OIG does not possess any information. OIG declines to identify a Rule 30(b)(6) deponent on these matters, as this information is not reasonably in the custody or control of OIG.

Official
UNCLASSIFIED

**Requests 32-34**

OIG adopts the Department's response to Requests 32-34 with respect to its characterization of the requests as inappropriate subjects for a Rule 30(b)(6) deposition. Further, to the extent that such requests might be deemed appropriate, they seek information that would be in the custody and control of the Department or MSA, not OIG. Accordingly, OIG declines to identify a Rule 30(b)(6) deponent on these matters.

**Request 35**

During the meet and confer, you clarified Request 35 to seek information about whether the Department influenced MSA in MSA's decision to discipline MSA employees, in the timeframe of 2017 through present. This clarified request does not seek information reasonably in the custody or control of OIG. OIG therefore declines to identify a Rule 30(b)(6) deponent on this matter.

**Requests 36 and 37**

During the meet and confer, you clarified Requests 36 and 37 to seek information concerning the contract(s) between the Department and MSA, between 2015 and the present, concerning what the Department communicates to contractors concerning confidentiality policies and information sharing. This clarified request does not seek information reasonably in the custody or control of OIG. OIG therefore declines to identify a Rule 30(b)(6) deponent on this matter.

**Requests 38 and 39**

As noted in its initial response, OIG intends to make a Rule 30(b)(6) deponent available to testify about information known or reasonably available to OIG on these matters, consistent with applicable law.

If you have questions, please contact me at 571.348.4963 or seth.m.gilmore@stateoig.gov.

Sincerely,

/s/ *Seth Gilmore*

Seth Gilmore
Attorney Advisor
Office of General Counsel
U.S. Department of State, Office of
Inspector General

Encl:  Supplemental Response to Plaintiff Iovino *Touhy* Request in *Iovino v. Michael Stapleton Associates, Ltd.*, Case No. 5:21-CV-00064-TTC (W.D. Va.) for Rule 30(b)(6) Deposition, July 17, 2025

CC:  Krista Frith (DOJ) (krista.frith@usdoj.gov)
Jaclyn Greenstein (DOS) (greensteinjd@state.gov)
Chelsea Cruz (counsel for MSA) (chelsea@wardberry.com)
Daniel Ward (counsel for MSA) (dan@wardberry.com)

Official
UNCLASSIFIED