Iovino v. Michael Stapleton Associates, Ltd.
Case No. 5:21-cv-00064 (W.D. Va.)

# EXHIBIT F



**United States Department of State**

*Washington, D.C.   20520*

June 16, 2025

Jack Kolar
Government Accountability Project
1612 K Street, NW – Suite No. 808
Washington, DC 20006
JackK@whistleblower.org

***BY EMAIL ONLY***

Re:    *Touhy* Request to the Department of State concerning *Iovino v. Michael
       Stapleton Associates, Ltd.*, Case No. 5:21-CV-00064-TTC (W.D. Va.)

Mr. Kolar:

The Department of State (Department) received the *Touhy* request from
your office, on behalf of Plaintiff Doctor Karen Iovino concerning the above
referenced case.[1]  With the *Touhy* request, you served twelve deposition notices
directed at the following individuals:

1. Alan Bower
2. Peter Deegan
3. Anna Garcia
4. Gerald Goss
5. Mike Hayes
6. Jennifer Houston
7. Sharon James
8. James Olds
9. Ben Orndorff
10. Dr. Lee Palmer
11. Michael Ratcliff
12. Cathy Reed

---

[1] The letter containing the *Touhy* request is undated. The Department first received the letter
via email on May 23, 2025, at 5:48 p.m. The Department subsequently received a copy of the
letter via courier mail on May 28, 2025.

Each deposition notice included the name of the deponent, the proposed date and time of the deposition, and notice that the deposition would be conducted electronically. The *Touhy* request did not contain any specific information concerning any of the deponents, for example, where they worked,[2] or what topics Plaintiff intends to inquire about during the depositions, or what topics concerned Department official information. We understand that pursuant to the Court's June 13, 2025 Order, you will be providing an amended *Touhy* request for these depositions.

You also served on the Department two Rule 30(b)(6) deposition notices, one directed to the Department, and the other to the Department's Office of Inspector General (OIG). These Rule 30(b)(6) deposition notices each include 39 topics, which this letter references as requests. The 39 requests directed at the Department and at OIG are nearly identical. You have not served any Rule 45 subpoenas on the Department or any of its employees.

With respect to the *Touhy* request pertaining to the Rule 30(b)(6) depositions, the Department explains below that it intends to grant or grants the request in part, intends to deny or denies the request in part, and on the remaining portions, requests additional information so as to be able to render a decision.

**Consolidated service on the Department and OIG is improper, but OIG authorized the Department to accept service and will respond separately.**

The Department's *Touhy* regulations require service of a *Touhy* request upon the Department, through the Executive Office of the Office of the Legal Adviser. 22 C.F.R. § 172.2. OIG, however, is an independent entity from the Department, so that it can execute its directive to provide independent oversight of the Department. Accordingly, it is improper to treat the Department and OIG as a single entity. You seem to recognize this by serving separate Rule 30(b)(6) notices to the Department and OIG, but you nonetheless served them together, in the same package, only to the Department.

---

[2] Only four proposed deponents (Garcia, James, Olds, and Reed) are or were employed by the Department.

After consultation with counsel for OIG, OIG has authorized the Department to accept service of the *Touhy* request and Rule 30(b)(6) notice for OIG because OIG recognizes it does not have separate *Touhy* regulations from the Department. Moving forward, the Department and OIG request that you communicate with each entity independently. Counsel for OIG is copied on this letter. In hopes of streamlining the *Touhy* process, this letter notes when the Department believes OIG has the information requested in the Rule 30(b)(6) deposition notices. The Department suggests that OIG be included in future meet and confers between the parties and the Government.

**The *Touhy* request for individual depositions is deficient because it fails to explain, with specificity, what official information Plaintiff seeks, but Plaintiff has agreed to resubmit the deposition requests with additional information.**

As discussed in the June 12, 2025 discovery conference before Magistrate Judge Menner, Plaintiff's individual *Touhy* requests do not comply with the Department's *Touhy* regulations. The *Touhy* regulations require that a request "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought."  22 C.F.R. § 172.5(a). The Department's *Touhy* regulations allow it to "require from the party seeking such testimony or documents a plan of all reasonably foreseeable demands, including but not limited to the names of all employees and former employees from whom discovery will be sought, areas of inquiry, expected duration of proceedings requiring oral testimony, and identification of potentially relevant documents." *Id.* 22 C.F.R. § 172.5(b). And, the regulations require the Department to consider the factors laid out in 22 C.F.R. § 172.8 in determining whether to grant or deny a private party's *Touhy* request.

We request that Plaintiff provide the necessary specificity, including anticipated "areas of inquiry" and information that will allow the Department to consider the 22 C.F.R. § 172.8 factors. For example, will Plaintiff be seeking deposition testimony about fraud, waste, and abuse allegations only by Plaintiff? Will Plaintiff be inquiring about relationships among Department employees? What employees?  What time frame are you seeking information about?  What Department contracts will you be inquiring about?

The Department requires this information so it can determine if the information you seek in these depositions is unduly burdensome or otherwise inappropriate under the applicable rules of discovery, as the Department is required to evaluate under 22 C.F.R. § 172.8(a)(1), and whether the official information Plaintiff seeks from each proposed deponent would involve privileged, deliberative process, or sensitive information, as the Department is required to consider under 22 C.F.R. § 172.8(a)(2). Further, the Department needs to ensure that providing the requested depositions would "conserve the time of Department employees for the conduct of official business," "avoid spending the time and money of the United States for private purposes," "maintain impartiality between private litigants," not "have an adverse effect on performance by the Department of its mission and duties," and not "involve[e] the Department in controversial issues not related to its mission." 22 C.F.R. § 172.8(a)(4)–(8).

We appreciate Plaintiff's agreement to resubmit the *Touhy* requests for individual depositions, and the Department will wait until it receives the new *Touhy* request and deposition notices to make its decision.

**The Rule 30(b)(6) deposition requests are either incomprehensible or improper, but the Department anticipates granting certain requests, as discussed below.**

As noted above, Plaintiff has served nearly identical Rule 30(b)(6) notices on both the Department and OIG. This letter contains only the response on behalf of the Department because, as discussed above, OIG is a separate, independent entity, which the Department cannot speak on behalf of. These Rule 30(b)(6) notices are insufficient in various ways, as discussed further below, but the Department is prepared to confer with Plaintiff concerning appropriate subjects and to grant a modified *Touhy* request after further discussion with counsel.

As an initial matter, Federal Rule of Civil Procedure 30(b)(6) requires that the party serving the deposition notice should consult with the party served before or promptly after service. The rule states, in relevant part:

(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent . . . a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. . . Before or promptly after

the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. . .

The deposition notices do not notify the Department of this requirement to confer as required by the Rule, and it is unclear if, but for the June 12 discovery conference, Plaintiff would have endeavored to confer with the Department on these notices. Still, as discussed on June 12, the Department will engage in meet and confers with Plaintiff and Defendant in the coming weeks. To facilitate this process, the Department offers the following responses to the 39 requests in the notice:

With respect to **Request 1**, Plaintiff seeks to depose the Department concerning whether it "understand[s]" MSA's legal defenses in the case and whether it contends that "MSA acted at the request of an executive branch official."  Rule 30(b)(6) provides that the agency designate a person to "testify about information known or reasonably available to the organization."  F.R.C.P. 30(b)(6). Questions regarding legal opinion or legal analysis in a Rule 30(b)(6) deposition are improper. *See Stowers v. Supreme Court of Appeals of W. Va.,* 2019 WL 2319305, at *1 (S.D. W.Va. 2019) (finding proposed topics that "ask the witness to offer a legal opinion" are "inappropriate inquiries for a Rule 30(b)(6) deposition"). As such, the Department intends to deny Request 1 under 22 C.F.R. § 172.8(a)(1) and (2) (whether compliance is proper under applicable rules of discovery), but agrees to confer with counsel as to whether the request may be modified to be proper.

In **Request 2**, Plaintiff seeks information held by Ms. Cathy Reed, a fact witness. To the extent you seek factual information, that query is most appropriately addressed to Ms. Reed as a fact-witness because it seeks information about her personal knowledge, not about the Department. As noted above, Plaintiff also seeks to take the deposition of Ms. Reed. The Department respectfully suggests that Plaintiff seek information in Request 2 from Ms. Reed. The Department notes, if Plaintiff were to include this as a topic in the *Touhy* request for the deposition of Ms. Reed, the Department would authorize Ms. Reed to speak on this topic. Because Request 2 is duplicative of that individual

deposition, the Department intends to deny it because of the need to conserve time and resources of the Department. *See* 22 C.F.R. § 172.8(a)(1), (4), (5).

With respect to **Requests 3-6** and **10,** Plaintiff seeks information concerning a July 5, 2018 memorandum from Jeffrey McDermott, Acting Assistant Inspector General, OIG. For these topics, the Department refers Plaintiff to OIG. Any further inquiry should be directed to Seth Gilmore at seth.m.gilmore@stateoig.gov. This information is in the custody and control of OIG, not the Department. *See* Fed. R. Civ. P. 34(a)(1) (explaining a party may request "items in the responding party's possession, custody, or control"); *Anderson v. Wang*, 2025 WL 1171588, at *1 (W.D. Va. Apr. 22, 2025) ("Dr. Wang is not required to produce something that is not in his possession."). And so these Requests are denied pursuant to 22 C.F.R. § 172.8(a)(1) and (2).

**Requests 7-9** and **11-12** are addressed below, as they are primarily document requests.

With respect to **Requests 13-15**, Plaintiff seeks information concerning MSA's employee manuals, MSA's procedures for employees reporting fraud, waste, and abuse, and MSA's procedures for performance evaluations. This information would be in the ownership and control of MSA, not the Department. *See* Fed. R. Civ. P. 34(a)(1); *Anderson*, 2025 WL 1171588, at *1. To the extent Plaintiff believes that these materials would include Department "official information", it is unclear why that is or what is that information. Accordingly, the Department intends to deny Requests 13-15. *See* 22 C.F.R. § 172.8(a)(1) and (2). The Department agrees to confer with counsel as to whether the requests actually seek Department official information.

In **Requests 16-19,** Plaintiff appears to be seeking information concerning Plaintiff's complaints of fraud, waste, or abuse, to OIG. Again, the Department refers you to OIG and Seth Gilmore at seth.m.gilmore@stateoig.gov. To the extent these requests seek information concerning Plaintiff's complaints made to MSA, these requests should be directed to MSA. If Plaintiff is seeking authority to depose other parties (e.g., OIG or MSA) about Plaintiff's allegations of fraud, waste, or abuse, to OIG or to MSA, and to the extent Plaintiff believes these queries might reveal Department official information, the Department authorizes the *Touhy* request for these lines of questioning, as directed to OIG or MSA.

With respect to **Requests 20-31**, each of these requests seeks factual information related to MSA's counterclaim against Plaintiff for which the Department does not possess any information. The Department declines to identify a Rule 30(b)(6) deponent on these matters, as this information is not reasonably in the custody or control of the Department. *See* Fed. R. Civ. P. 34(a)(1); *Anderson*, 2025 WL 1171588, at *1. If Plaintiff is seeking authority to depose other parties (e.g., MSA) about how MSA interprets its obligations to the Department to protect Department information, the Department authorizes the *Touhy* request for this line of questioning, as directed to MSA.

**Requests 32** and **34** are poorly drafted requests, making it difficult to comprehend what information Plaintiff seeks. Plaintiff appears to be asking the Department to provide a Rule 30(b)(6) representative to testify about the Department's policies in providing discovery in civil litigation or the Department's practice in responding to *Touhy* requests in civil litigation. These are inappropriate subjects for a Rule 30(b)(6) deposition. They are not related to any claim or defense, and they are not relevant under Rule 26 discovery. *See* Fed. R. Civ. P. 26(b)(1) ("[A party] may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *Minke v. Page Cty., Va.*, 2019 WL 2411450, at *1 (W.D. Va. June 7, 2019) ("The scope of discovery from a non-party is the same as the scope of a discovery request made upon a party to the action, and a party is entitled to information that is relevant to a claim or defense in the matter at issue." (internal quotation mark and citation omitted)); *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("[U]nder Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. . . . [C]ourts must give the recipient's non-party status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." (internal quotation mark and citation omitted)); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii) ("A party . . . must take reasonable steps to avoid imposing undue burden or expense on a [non-party]."). Further, any requests for information concerning how the Department made determinations concerning the *Touhy* process or discovery in this matter would be protected by the deliberative process privilege. *See Dep't of Interior v. Klamath Water Users*

*Protective Ass'n*, 532 U.S. 1, 8 (2001) ("[D]eliberative process covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated . . . . The deliberative process privilege . . . protect[s] open and frank discussion among those who make [decisions] within the Government." (internal quotation marks and citations omitted)). Accordingly, the Department denies these requests. *See* 22 C.F.R. § 172.8(a)(1), (2), (4), (5).

The Department next addresses **Requests 33** and **36-37**. **Request 33** is another poorly drafted request, making it difficult to comprehend what information Plaintiff seeks. Plaintiff appears to be asking the Department how to interpret the provision in the Department-MSA contract that states that information generated in the performance of the contract is Department information. **Request 36** indicates an intent to depose the Department about its training, procedures, practices, and documentation for ensuring confidentiality provisions are understood, and **Request 37** asks how the Department ensures that employees and contractors are not chilled from engaging in protected activities in view of confidentiality policies. These requests are overbroad, in that they include no time frame or reference to a specific contract. However, if Plaintiff confirms which contract between the Department and MSA it is referencing, and confirms which contract provisions Plaintiff seeks information concerning, the Department should be able to provide a contracting officer to speak to these topics in a Rule 30(b)(6) deposition. Thus, the Department neither approves nor denies Requests 33, 36, and 37, but notes with the provision of this additional information, the Department anticipates approving these requests.

With respect to **Request 35**, Plaintiff seeks information about MSA's confidentiality policies. This information is not in the custody or control of the Department and so the Department declines to provide a witness. *See* Fed. R. Civ. P. 34(a)(1); *Anderson*, 2025 WL 1171588, at *1. Further, the request seeks information about all Department employees "in the past seven years who have been subjected to action, discipline or counseling under any written or unwritten policies disseminated to employees stating the employees maintain confidentiality of all MSA or Department of State" information. This is overbroad, given the substance of the current litigation, as the request does not seem relevant to any party's claim or defense, nor does it seem proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *Vaigasi v. Solow Mgmt. Corp.*, 2016

WL 616386, at *7 (S.D.N.Y. 2016) ("Discovery may not, however, be used to impose unnecessary burden on an adversary or to seek information that has no or minimal relevance to the claims or defenses . . . ."). Further, provision of this information would violate the Privacy Act. *See* 5 U.S.C. § 552a(b) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions]."); *Big Ridge, Inc. v. Fed. Mine Safety & Health Review Comm'n*, 715 F.3d 631, 650 (7th Cir. 2013) ("[The government] is bound by the Privacy Act not to disclose any personal information and to take certain precautions to keep personal information confidential."). Therefore, as currently written, the Department denies Request 35. *See* 22 C.F.R. § 172.8(a)(1), (2), (4), (5). Nonetheless, the Department is willing to confer with Plaintiff to narrow this Rule 30(b)(6) request.

Finally, **Requests 38-39** seek information from OIG. The Department refers Plaintiff to OIG. Any further inquiry should be directed to Seth Gilmore at seth.m.gilmore@stateoig.gov.

**At this time, the Department denies requests seeking document discovery.**

Multiple of Plaintiff's Rule 30(b)(6) requests include document requests. The Department denies these requests, however, because they are overbroad, vague, and unduly burdensome, and thus improper under the Federal Rules of Civil Procedure. *See* 22 C.F.R. § 172.8(a)(1), (2), (4), (5).

**Requests 7-9** ask the Department to identify "all communications between MSA" and the Department's Office of Acquisitions Management (Request 7); the Department's Bureau of Diplomatic Security (Request 8); and the Department *en masse* (Request 9), that are either "related to or discussing Dr. Iovino."

And **Requests 11-12** ask the Department to identify and discuss all communications in any way related to Plaintiff, sent or received by over a dozen Department or MSA employees, during an unspecified time. MSA has indicated that it will seek to depose some of these same people (Alan Bower, Mike Hayes, Mike Ratcliff, Jennifer Houston, Lee Palmer, Peter Deegan, Gerald Goss, Anna Garcia, Ben Orndorff, James Olds, Sharon James) while others appear only in this

document request (Zane Roberts, Mark Potter, Garrett Lancaster, Carolyn Olech, Brett Harshbarger, Josh Carter, Jonah Ballenger, Jessie Bellone, Amy Callihan, Candace McCall, Loren Bachman).

These requests include no time limitation, which makes them overbroad. *See Alexander v. FBI*, 188 F.R.D. 111, 118 (D.D.C. 1998) (no date limitations placed on Rule 30(b)(6) notice and court restricted the subject area to the relevant time period); *see also United Healthcare Services, Inc. v. Next Health*, LLC, 2021 WL 9146632 at * 3 (N.D. Tex. 2021) (Rule 30(b)(6) deposition topics that contained no temporal limitation were overly broad) ("topics with no temporal restriction or element are routinely found to be overbroad.") (citations omitted).

In addition, these document requests are unduly burdensome on the Department, which is not a party to this litigation. Fed. R. Civ. P. 45(d)(2)(B)(ii) ("A party . . . must take reasonable steps to avoid imposing undue burden or expense on a [non-party]."). And the requests are not proportional to the claims in the litigation or the Department's role in that litigation. *See* Fed. R. Civ. P. 26(b)(1); *Minke*, 2019 WL 2411450, at *1.

Each of these requests includes communications with MSA, which is a party to the litigation. The Department understands from MSA counsel that the current requests appear to ask the Department to separately search its records and reproduce documents already produced by MSA, making them duplicative of earlier discovery efforts.[3] And, to the extent the requests seek exchanges between MSA employees and the Department, these records would be equally available in MSA's files.  The Department, a non-party, should not be mandated to search its files for information equally available to a party. *Va. Dep't of Corr. v. Jordan*, 921 F.3d at 189 (Courts should consider if the information requested from the non-party is available from some other source).

Also, with respect to the extensive list of individuals for which Plaintiff seeks emails, the Rule 30(b)(6) does not explain the relevance of any of these people to Plaintiff's claims or MSA's defenses.

---

[3]  Over the course of this litigation, the Department reviewed thousands of pages of MSA-produced documents, though the Department has not reviewed all of the exchanged discovery.

As such, unless there is additional information or explanation, the Department denies these requests because of the need to conserve time and resources of the Department. *See* 22 C.F.R. § 172.8(a)(1), (4), (5).

Despite these deficiencies, the Department agrees to instruct Department employees and former Department employees who the Plaintiff seeks to individually depose to search their records for documents from a limited time frame related to Plaintiff in advance of their depositions. Further, the Department agrees to meet and confer concerning these requests.

Should you have any questions, you may contact Attorney Adviser Jaclyn Greenstein at (571) 345-3003 or greensteinjd@state.gov.

Sincerely,

***/s/ Amanda Wall***

Amanda Wall
Assistant Legal Adviser
Office of the Legal Adviser
U.S. Department of State

CC:   Krista Frith (DOJ) (krista.frith@usdoj.gov)
Seth Gilmore (OIG) (seth.m.gilmore@stateoig.gov)
Chelsea Cruz (counsel for MSA) (chelsea@wardberry.com)
Daniel Ward (counsel for MSA) (dan@wardberry.com)