Iovino v. Michael Stapleton Associates, Ltd.
Case No. 5:21-cv-00064 (W.D. Va.)

# EXHIBIT H



**United States Department of State**

*Washington, D.C.   20520*

February 17, 2026

Jack Kolar
Government Accountability Project
1612 K Street, NW – Suite No. 808
Washington, DC 20006
JackK@whistleblower.org

***BY EMAIL ONLY***

Re:    Plaintiff's *Touhy* Request in *Iovino v. MSA, Ltd.*, Case No. 5:21-CV-00064-TTC
       (W.D. Va.) for Deposition of Nicholas Sabruno and Documents

Mr. Kolar:

You served the Department of State (Department) with a *Touhy* request in the above-referenced litigation, requesting authorization for Plaintiff to take the deposition of Nicholas Sabruno and seeking related documents.  The *Touhy* request is dated January 26, 2026.  You emailed the Department a courtesy copy on January 27, 2026, and the letter was processed as received by the Department on February 4, 2026.

The Department previously processed a *Touhy* request from Plaintiff's counsel in this matter, and on July 17, 2025, the Department authorized the depositions of two current Department employees, two former Department employees, and a Rule 30(b)(6) witness.  The Department also authorized the depositions of eight MSA employees, to the extent they would be discussing Department "official information."  Though processing an additional *Touhy* request is burdensome and inefficient for the Department for purposes of 22 CFR 172.8(a)(1), (4), and (5), the Department has closely reviewed your request and its response follows.

In the *Notice of Deposition of Nick Sabruno*, you included a list of topics as Attachment B concerning what you plan to ask Mr. Sabruno.  Your *Touhy* request itself, however, includes an Attachment 1, listing only three topics. Out of an abundance of caution, we will assume you seek Mr. Sabruno's testimony on the more expansive topic list attached to the Notice of Deposition. As such, the Department responds to that notice and authorizes Mr. Sabruno's deposition on the following topics:

With respect to **Topics 1-4**, Mr. Sabruno is authorized to testify concerning any communications he had concerning Plaintiff from 2017 to 2020, with either MSA or

Page 1 of 3

Department personnel.  He is authorized to testify concerning documents referencing communications he had concerning Plaintiff in the same time period.

In **Topic 5**, you request that Mr. Sabruno identify records concerning Topics 1-4.  Similarly, in the deposition notice, you request all communications by and from Mr. Sabruno relating to Plaintiff.[1]  As you know, Mr. Sabruno is no longer a Department employee.  The Department has searched Mr. Sabruno's emails in the Department's electronic database, "eRecords," searching for Mr. Sabruno as custodian, for the timeframe 2017 to 2020,[2] with the search term "Iovino."  The Department will produce documents referencing Plaintiff's reports of concerns to the Department or the OIG, the Department's communications relating to those reports and related OIG requests, and the Department's response to such reports.

With respect to **Topics 6-9**, Mr. Sabruno is authorized to testify concerning how information was relayed within the Department as it relates to this case regarding issues with contractor personnel and whistleblower complaints.  He is also authorized to testify concerning his communications with the OIG concerning Plaintiff, as well as his role in any OIG response concerning Plaintiff's OIG reports.

Finally, with respect to **Topics 10-11,** Mr. Sabruno is authorized to testify as to his title, roles, and positions from 2016 through 2019.

This authorization is subject to the following terms and conditions:

i)  The scope of the deposition is limited to the allegations set forth in the complaint filed in the above-referenced matter, the defenses raised in the answer filed in the above-referenced matter, and such information as may be directly relevant to the foregoing; and

ii)  During the deposition, counsel for the parties shall note on the record when protected information is being introduced as an exhibit or testimony is being elicited regarding "sensitive" information, and shall agree beforehand that any such information is and will be subject to the Protective Order entered in the above-referenced matter, and shall reach agreement regarding how any such portions of transcripts, associated exhibits, and declarations will be handled in

---

[1]  You also request documents in the possession, custody, or control of MSA.  Those are not necessarily in the possession, custody, or control of the Department.  That request should have been handled as discovery between the parties, and if MSA had any such documents that it believed were relevant and responsive to discovery requests, MSA could have sought Department clearance to produce those.

[2]  We note that this is the timeframe that we agreed to during the discussion for the previous *Touhy* request in this case.

accordance with the required protections (which agreements shall be memorialized in writing and transmitted to the Department for review and approval prior to the onset of any depositions); and

iii) The parties shall otherwise comply with the Protective Order entered in the above-referenced matter; and

iv) The Department shall be afforded the opportunity to review the deposition testimony (including any declarations, deposition transcripts, and exhibits introduced during the respective depositions) and to assert the need for any redactions or other protections to be applied thereto prior to any filing or transmittal thereof to the Court in the above-referenced case or otherwise; and

v) In the case of disagreement as to whether any portion of a deposition, exhibit, or declaration of any type is within the scope of these terms, they shall be deemed protected subject to the Department's further evaluation.

Again, Mr. Sabruno is no longer a Department employee.  The Department has facilitated locating Mr. Sabruno and providing dates and times that he may be available to sit for a deposition.  Unless further discussed, Mr. Sabruno will be available on February 23 at 2:30PM via zoom for a deposition.

The authorizations in this letter may be beyond the scope of relevant Topics for this litigation, and the Department expects that the parties may further limit the scope of depositions after consultation.

Should you have any questions, you may contact Attorney Adviser Jaclyn Greenstein at (571) 345-3003 or greensteinjd@state.gov.

Sincerely,

**_/s/ Amanda Wall_**

Amanda Wall
Assistant Legal Adviser
Office of the Legal Adviser
U.S. Department of State

CC:    Krista Frith (DOJ) (krista.frith@usdoj.gov)
Chelsea Cruz (counsel for MSA) (chelsea@wardberry.com)
Daniel Ward (counsel for MSA) (dan@wardberry.com)