Iovino v. Michael Stapleton Associates, Ltd.
Case No. 5:21-cv-00064 (W.D. Va.)

# EXHIBIT I

**From:**      Jack Kolar
**To:**        Stephani Ayers; Kristin Berg; Thad Guyer
**Subject:**   FW: IOVINA v. MSA - PLAINTIFF"S TOUHY REQUEST
**Date:**      Friday, February 13, 2026 9:46:57 PM

---

**From:** Jack Kolar
**Sent:** Monday, August 22, 2022 5:04 PM
**To:** Greenstein, Jaclyn D <GreensteinJD@state.gov>
**Cc:** Wax, Randal <WaxR@state.gov>
**Subject:** RE: IOVINA v. MSA - PLAINTIFF'S TOUHY REQUEST

Thank you, Jaclyn. Hope you had a good vacation. Jack

---

**From:** Greenstein, Jaclyn D <GreensteinJD@state.gov>
**Sent:** Monday, August 22, 2022 4:49 PM
**To:** Jack Kolar <jackk@whistleblower.org>
**Cc:** Wax, Randal <WaxR@state.gov>
**Subject:** RE: IOVINA v. MSA - PLAINTIFF'S TOUHY REQUEST

Thank you for copying me.  As you saw, I was indeed out of the office last week.  Actually, I was also out of the office last month, when you left messages three days in a row, and I did return your call when I returned.  Regardless, I'm glad we can all communicate via email now.  Randal and I are working on your request and will be in touch!
Best,
Jaclyn

---

**From:** Jack Kolar <jackk@whistleblower.org>
**Sent:** Saturday, August 20, 2022 11:08 AM
**To:** Greenstein, Jaclyn D <GreensteinJD@state.gov>
**Cc:** Wax, Randal <WaxR@state.gov>
**Subject:** FW: IOVINA v. MSA - PLAINTIFF'S TOUHY REQUEST

Copying you per Mr. Wax's request.

---

**From:** Jack Kolar
**Sent:** Saturday, August 20, 2022 11:02 AM
**To:** 'Wax, Randal' <WaxR@state.gov>
**Cc:** GreensteinJ@state.gov
**Subject:** RE: IOVINA v. MSA - PLAINTIFF'S TOUHY REQUEST

Hi Mr. Wax, thanks for the detailed update, greatly appreciated.  Sorry if I upset any of your colleagues, it was just me calling and my only purpose was to get confirmation of receipt and processing of our request. (I phone Ms. Lovejoy only because I didn't receive a response from Ms.

Greenstein to three vm messages over a couple of weeks.)

We filed a Touhy request only because MSA attorney Daniel Ward refuses our discovery requests for MSA documents on the grounds that they are actually DoS documents  and therefore only DoS can provide them under Touhy.  To be clear MSA refuses to produce a single document in discovery claiming DoS  leaves them no option to do so.

We are very skeptical of that position and have proposed a stipulated protective order to no response.  In the meantime, to prevent MSA from arguing that we didn't even make an effort to get them from you, we are asking that you process our request. You can obviously moot our request by informing MSA you have no objection to them producing relevant documents to us under the stipulated protective order.

Thanks again for the detailed response.

Jack Kolar

---

**From:** Wax, Randal <WaxR@state.gov>
**Sent:** Friday, August 19, 2022 4:47 PM
**To:** Jack Kolar <jackk@whistleblower.org>
**Cc:** Greenstein, Jaclyn D <GreensteinJD@state.gov>
**Subject:** IOVINA v. MSA - PLAINTIFF'S TOUHY REQUEST

Counsel:

It has been brought to my attention that your office submitted the above-referenced Touhy request that you have indicated was received by my colleague Ms. Jacklyn Greenstein on August 8, 2022, and that despite the fact that less than two weeks have elapsed since then, someone from your office has been calling a variety of Government personnel in the Office of Legal Adviser regarding that request and expressing dissatisfaction with the Government's handling of that request.

I will be responding to all future communications regarding this request, and short of service of court filings, your office is requested to direct all communications directly to me with a copy to my colleague Ms. Greenstein, who currently is on leave.

You may take solace in the fact that we have not only received the referenced request, but also have begun analyzing and otherwise processing same. Note that this very recent request post-dates several other Touhy requests regarding other, unrelated matters, and that, in any event, this request will be subject to limitations of Government resources. That being said, it is my intention to provide you with feedback regarding your request shortly in the interests of efficiency (which should not be understood to mean that at that time, document productions will accompany that feedback).

During the interim, I would ask that your office revisit the regulatory limitations of Touhy

requests and submit a revised request focused on precisely what is needed. As already noted, the Government's resources are extremely limited, particularly in the context of processing protected information, and thus, a more focused request will result in a quicker response.

On a final note, I as a rule rarely take phone calls from counsel during active litigation to which the agency is not a party, especially when counsel for all the parties are not on the call. That fact, together with the goals of maintaining a record of the Government's neutrality in the subject litigation and a professional tenor in all such communications, requires that future communications be in writing unless previously and otherwise agreed to.

I trust the foregoing addresses your client's current needs.

Randal W. Wax
Attorney-Adviser (International)
Department of State
Office of the Legal Adviser
Buildings and Acquisitions (L/BA)
SA-6, Room 267
Washington, DC  20522-0602
WaxR@state.gov
Currently teleworking
Mobile (preferred) (202) 744-4524
Teams (771) 205-8829