UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

DR. KAREN IOVINO,

Plaintiff and Counterclaim Defendant,

v.                                                        Case No. 5:21-CV-00064-TTC

MICHAEL STAPLETON ASSOCIATES, LTD., et al.,

Defendants and Counterclaim Plaintiffs.


**PLAINTIFF'S NOTICE OF *TOUHY* REQUEST TO DEPARTMENT OF STATE**

TO: KRISTA FRITH, United States Department of Justice, Attorneys for United States Department of State and its Present and Former Employees

This constitutes the formal Touhy Request, submitted pursuant to 22 C.F.R. Part 172, for the trial testimony of two Department of State ("DoS") and Office of Inspector General ("OIG") employees in connection with the trial currently scheduled to begin on June 1, 2026.

**I. REQUEST FOR TESTIMONY**

Plaintiff, Dr. Karen Iovino, formally requests that the Department of State and OIG authorize the trial appearance and testimony of the following individuals, to be effectuated upon their receipt of the required trial subpoenas:

Jeffrey McDermott (OIG): Mr. McDermott is requested to appear and testify live at trial in his official capacity as the DoS OIG Rule 30(b)(6) designee. His trial testimony would be based upon and strictly limited to the testimony reflected in his deposition transcript.

Sharon James (Department of State): Ms. James is requested to appear and testify live at trial both as a fact witness concerning matters within her personal knowledge relevant to Plaintiff's employment and the subsequent OIG investigation and, to the extent authorized, as the Department of State Rule 30(b)(6) designee on the subjects addressed in her deposition

1

testimony. Her trial testimony would be based upon and strictly limited to the testimony reflected in her two deposition transcripts, one in her individual capacity and one as the Department's Rule 30(b)(6) designee.

Both witnesses are requested to appear in person or via video link, with appearance via video link being offered as an accommodation to minimize travel disruption and conserve resources.

## II. JUSTIFICATION UNDER 22 C.F.R. § 172.8 FACTORS FOR CONSIDERATION

Plaintiff submits that the testimony of Mr. McDermott and Ms. James is essential for establishing MSA's liability, and the interests of justice strongly favor their appearance, consistent with *United States ex rel. Touhy v. Ragen* and 22 C.F.R. § 172.1 et seq. Plaintiff submits the following justification under the factors for consideration set forth in 22 C.F.R. § 172.8:

### A. Conservation of Time and Public Resources

Because both proposed witnesses have already provided deposition testimony, Plaintiff addresses directly why their live trial testimony is not wasteful of Department employees' time. Plaintiff submits that such testimony is essential to the fair administration of justice and therefore not wasteful.

Necessity for Live Testimony of 30(b)(6) Designee: Mr. McDermott's testimony as the OIG's Rule 30(b)(6) designee provides the agency's legally binding organizational responses. Because his trial testimony would be based upon and strictly limited to his prior deposition testimony, the request is narrowly tailored while still permitting the jury to understand, process, and weigh this critical organizational testimony. Reading a cold deposition transcript is a deficient substitute for the jury's ability to properly assess the substance of the agency's official position.

2

Assessment of Ms. James's Dual Testimony: Ms. James provided deposition testimony both in her individual capacity and as a Rule 30(b)(6) designee. Her requested trial testimony would likewise be based upon and strictly limited to the testimony reflected in those two deposition transcripts. To the extent she appears as a fact witness, the jury's ability to assess demeanor and credibility remains fundamental to a fair trial. To the extent she appears as a designee, live testimony remains the most effective means of presenting the Department's sworn positions within the limits already established by deposition.

Conclusion on Waste: Requesting their presence for trial is not a wasteful use of Department employees' time but an essential requirement for the fair administration of justice in a matter of this public importance and gravity.

## B. Public Interest and Materiality

The regulations mandate consideration of "the public interest" and "whether the testimony sought would be in the best interest of the Department."

Materiality and Relevance: These witnesses are critical to establishing liability. The subject matter involves significant public interests regarding a federal contract and the statutory whistleblower protections afforded under 41 U.S.C. § 4712.

Best Interest of the Department: Granting authorization upholds the public interest in ensuring the full presentation of evidence in cases involving government contractors and the enforcement of statutory protections.

## C. Procedural Appropriateness and Impartiality

This request clearly defines the capacity of each witness: Mr. McDermott as 30(b)(6) designee, and Ms. James both in her individual capacity and, separately, as the Department's Rule 30(b)(6) designee, as reflected in her two deposition transcripts.

Allowing live testimony at trial is consistent with, and indeed the expected practice under, the Federal Rules of Civil Procedure for critical witnesses.

Denial of this necessary testimony, in a case implicating the substantial government interest of enforcing whistleblower law, would undermine Plaintiff's ability to prove her case and would be arbitrary and capricious.

Plaintiff acknowledges that any subpoenas must be served in accordance with the applicable rules and regulations. Authorization is requested to precede formal service.

## III. CONCLUSION

Plaintiff looks forward to the agencies' determination based on the information presented and applicable regulations.

Respectfully submitted,

T.M. Guyer & Friends, PC
/s/ Thad M. Guyer
Thad M. Guyer
Counsel for Plaintiff Dr. Karen Iovino
Seattle: +1 (206) 535-2395
Washington DC: +1 (202) 417-3910
Website: www.GuyerFriends.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/S/ Thad M. Guyer

_____

4