**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT AND** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **COUNTERCLAIM PLAINTIFF'S** |
| **d/b/a MSA SECURITY, INC.** | ) | **CONSENT MOTION TO SEAL** |
| | ) | |
| **Defendant and** | ) | |
| **Counterclaim Plaintiff** | ) | |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 9(b)(2), Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA"), through counsel, respectfully moves to seal **Exhibit 2** to MSA's Memorandum in Support of its Motion in Limine No 1 to Exclude the Opinions and Testimony of A. Bentley Hankins, Ph.D, filed on April 28, 2026 (ECF 298). Plaintiff consents to the relief requested herein. In support, MSA states as follows:

1. MSA seeks to seal **Exhibit 2** to MSA's Memorandum in Support of its Motion to Exclude the Opinions and Testimony of A. Bentley Hankins, Ph.D, filed on April 28, 2026. Exhibit 2 contains dozens of pages of Dr. Iovino's sensitive financial records that contain, *inter alia*, her account numbers, her social security number, and other sensitive PII.
2. Public release of this sensitive personal and financial information would be prejudicial to Iovino. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Despite this strong preference for public access, we have 'carved out an exception,' for sealed materials attached to a discovery motion unrelated to the merits of a case. Under this exception, a party need only satisfy the less exacting 'good cause' standard.") (internal

citations omitted). This "good cause" standard stems from Fed. R. Civ. P. 26(c), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; Fed. R. Civ. P. 26(c).

3. There is good cause to file this document under seal, as it contains sensitive personal and financial information unrelated to the merits of this case.

4. MSA requests that this document remain under seal for the duration of this litigation and any subsequent appeals. The confidential nature of the information in Exhibit 2 will persist regardless of the outcome of this case, and continued sealing is necessary to protect Dr. Iovino's privacy interests.

For the foregoing reasons, MSA respectfully requests that the Court permit Exhibit 2 to MSA's Memorandum in Support of its Motion to Exclude the Opinions and Testimony of A. Bentley Hankins, Ph.D to be filed under seal. A proposed order filed herewith.

Respectfully submitted,

Date: April 28, 2026

*/s/ Daniel S. Ward*

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*
________________________________
Daniel S. Ward