IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

KAREN IOVINO,

      Plaintiff,

v.                                                        No. 5:21-CV-00064-TTC

MICHAEL STAPLETON ASSOCIATES,
LTD. d/b/a MSA SECURITY, INC.,

      Defendant

_____

**PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE
OPPOSITIONS TO DEFENDANTS' DAUBERT MOTIONS**

Plaintiff Karen Iovino, by and through undersigned counsel, respectfully moves this Court

for an extension of time until May 11, 2026, to file her opposition briefs to Defendant Michael

Stapleton Associates, LTD.s (MSA) two Daubert Motions in Limine: Motion in Limine No. 1 to

Exclude Opinions and Testimony of Hankins (ECF 297/298) and Motion in Limine No. 2 to

Exclude Opinions and Testimony of Garrick (ECF 299/300). Because without notice, Defendant

filed these motions early, the seven day current deadline for Plaintiff's oppositions is May 5,

2026. Pursuant to the Courts expedited briefing schedule, oppositions to motions in limine are

due in seven rather than the normal 14 day period. The requested extension until May 11, 2026,

is based on good cause arising from the practical difficulties of a sudden early staffing to meet an

accelerated filing.  Plaintiff's counsel Government Accountability Project has no capacity for

such an early staffing.  Lead Counsel John P. Kolar has announced his need to resign from the

case, and GAP is looking for a replacement, a staffing predicament worsened by MSAs giving

no notice of its scheduled intent to file early.  In conferring, MSA's counsel stated they planned

1

the early filing, which is apparent from the comprehensive content of the two Daubert motions.

## I. FACTUAL BACKGROUND

1. The Courts Trial Order (ECF 260, dated March 20, 2026) established the deadline for filing Motions in Limine, including motions to exclude expert witnesses, as twenty-eight (28) days before trial. With the trial scheduled to begin on June 1, 2026, this deadline was calendared for Monday, May 4, 2026.

2. The Trial Order further imposes an expedited briefing schedule, requiring the nonmovants opposition brief no later than seven (7) days after service of the motion, reducing the standard response time by half.

3. Plaintiffs counsel operated under the reasonable assumption that motions filed on the May 4, 2026 deadline would require oppositions by Monday, May 11, 2026. Plaintiff accordingly assigned staff and resources based on this May 11, 2026, opposition date.

4. On April 28, 2026, late in the evening (after 6:00 PM EDT), MSA filed its two Daubert Motions in Limine. MSA did not notify Plaintiff's counsel it would be filing the Motions nearly a week early.

5. This early filing effectively accelerated Plaintiffs opposition deadline from May 11, 2026, to Tuesday, May 5, 2026, compressing the preparation time to seven days, simultaneous with the Touhy complications inherent in meeting the Monday, May 4, 2026, deadline for deposition designations.  As present, the State Department has not consented to a single witness from DoS or MSA itself, so the deposition designation workflow is a heavy and unusual burden.

6. In a demonstration of good faith and accommodation, Plaintiff consented to MSAs Motion to Seal (ECF 301) for exhibits related to these Daubert Motions, which it requested consent to after hours on April 28, 2026..

7. The early filing of these complex Daubert Motions, combined with the pre-existing heavy workload leading up to the May 4 deadline, makes it impossible for Plaintiff to file comprehensive oppositions by May 5, 2026. Plaintiff does not have the staff resources to accelerate this timeline.

8. Plaintiff's counsel, Thad M. Guyer, sought consent for the extension from opposing counsel Daniel Ward on April 30, 2026. MSA counsel opposed the extension, arguing that granting it would defeat the purpose of its unannounced early filing.

**II. ARGUMENT**

Federal Rule of Civil Procedure 6(b) permits a court to extend a deadline "for good cause" if a request is made before the original deadline expires. Granting this brief extension is proper and necessary to ensure justice and fairness in this complex case.

(1) **The Request is Based on the Court's Own Scheduling Determination.** By setting the Motions in Limine deadline at May 4, 2026, the Court implicitly determined that oppositions filed on May 11, 2026, would meet its scheduling needs and provide sufficient time before the final pretrial conference (7 days before trial). Plaintiff is merely requesting the return to the schedule dictated by the Trial Order, which was disrupted by MSAs early filing.

(2) **The Early Filing Created an Unanticipated and Unreasonable Burden.** MSAs decision to file the motions early, without notice, and after-hours on April 28, 2026, placed an unforeseen and severe burden on Plaintiff's counsel, necessitating the

3

preparation of complex Daubert responses. Had MSA notified Plaintiff's counsel of its early filing goal, Plaintiff might have been able to make some staffing adjustments.

(3) **The Extension is Minimal and Does Not Prejudice MSA or the Court.** The requested extension restores the opposition deadline to May 11, 2026, the date consistent with the Motion in Limine deadline set by the Court in the Trial Order. This extension will ensure that Plaintiff can dedicate the necessary time to file thoroughly researched and properly supported opposition briefs, promoting the just and efficient resolution of the motions without significantly delaying the Courts review.

## III. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff Karen Iovino respectfully requests that the Court enter an Order granting Plaintiff an extension of time until May 11, 2026, to file her opposition briefs to Defendant MSA's two Daubert Motions in Limine (ECF 297/298 and ECF 299/300). Respectfully submitted,


/s/ *Thad M. Guyer*

_____

Thad M. Guyer
T.M. Guyer and Ayers & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, I electronically filed the foregoing Motion for an

Extension of Time to File Opposition Briefs with the Clerk of the Court for the United States

District Court for the Western District of Virginia by using the CM/ECF system. I certify that all

participants in the case are registered CM/ECF users and that service will be accomplished by

the CM/ECF system, including:


Daniel S. Ward
Ryan C. Berry
Chelsea A. Cruz
WARD & BERRY, PLLC
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*/s/ Thad M. Guyer*

_____

Thad M. Guyer, Esq.