**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | **DEFENDANT AND** |
| | ) | **COUNTERCLAIM PLAINTIFF'S** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **OPPOSITION TO PLAINTIFF** |
| **d/b/a MSA SECURITY, INC.** | ) | **AND COUNTERCLAIM** |
| | ) | **DEFENDANT'S MOTION IN** |
| **Defendant and** | ) | **LIMINE NO. 1** |
| **Counterclaim Plaintiff** | ) | |

Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd. d/b/a/ MSA Security, Inc. ("MSA"), through counsel, respectfully files this opposition to Plaintiff and Counterclaim Defendant's ("Plaintiff" or "Iovino") Motion in Limine No. 1.

## I.    INTRODUCTION

Plaintiff moves to exclude references to her statements about "going to the press" as inadmissible hearsay and unfairly prejudicial. The motion should be denied. Reports received by MSA management that Plaintiff said she was "going to the press" are admissible for multiple independent reasons: (a) to show their effect on MSA's decision-makers and the information environment in which actions were taken (*United States v. Ferguson*, 140 F.4th 538, 545 (4th Cir. 2025)); (b) as non-hearsay admissions if the statements are offered as Plaintiff's own statements under Fed. R. Evid. ("FRE") 801(d)(2); and (c) through witnesses with personal knowledge that the reports were made, satisfying FRE 602 and any conditional relevance under FRE 104(b). Any FRE 403 concerns (weight and credibility) can be addressed, if necessary, by a limiting instruction under FRE 105 rather than wholesale exclusion.

1

## II.    LEGAL AUTHORITY

"A motion in limine 'should be granted only when the evidence is clearly inadmissible on all potential grounds' because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, No. 2:21cv137, 2024 WL 219080, at *1 (E.D. Va. Jan. 9, 2024) (internal citations omitted). Relevant evidence is admissible. Fed. R. Evid. ("FRE") 402. Evidence that is excluded from the rule against hearsay, such as an opposing party's statement, is admissible if it is offered against an opposing party. FRE 801(d)(2). Evidence offered for non-hearsay purposes such as notice or effect on the listener, is likewise not barred by the rule against hearsay. *See, e.g.*, *Ferguson*, 140 F.4th at 545 (noting "statements offered to show their effect on the listener" are not hearsay because they are not offered for their truth); *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 78 (4th Cir. 2018) (noting that statements used to show notice are not hearsay because they are not offered for their truth). Any residual concerns can be addressed through limiting instructions and/or cross-examination. *Wheeler v. Virginia*, No. 7:17CV00337, 2018 WL 2978043, at *1 (W.D. Va. Apr. 26, 2018) ("[C]oncerns regarding potential prejudice can be addressed by appropriate limiting instructions.").

## III.    ARGUMENT

Plaintiff's motion seeks to exclude "any testimony, exhibit, or argument offering out-of-court statements purportedly made by absent third parties that Plaintiff said she was 'going to the press.'" ECF 347 at 1. Plaintiff asks the Court to exclude the evidence under Rules 401–403 and 801–805 or, alternatively, to limit references and require a Rule 105 instruction. *Id.* at 1, 3. For the reasons stated below, MSA's anticipated arguments relating to Plaintiff's statements about going to the media are admissible.

a. **Plaintiff's Statements About Going To The Press Are Admissible As Party-Opponent Statements Under Rule 801(d)(2).**

Plaintiff's motion acknowledges that MSA may offer the statements for a non-hearsay purpose—to "show[] that the statements were made and thereby informed MSA's investigation." ECF 347 at 2 (¶ 2). This is permissible under the Federal Rules.

Plaintiff's own statements—*e.g.*, that she was "going to the press"—are not hearsay when offered against her by MSA. Fed. R. Evid. 801(d)(2)(A); ECF 251-1 ¶ 24 ("DSUMF"). Plaintiff's motion characterizes the evidence as "absent third parties" reporting what Plaintiff said, but where the proffer shows the statement was Plaintiff's, FRE 801(d)(2)(A) applies to the inner layer, and the remaining question is the mode of proof. The Federal Rules of Evidence do not require that Plaintiff herself testify to lay the foundation for her own admissions. A witness with personal knowledge that the report was received may testify, and any hearsay-within-hearsay issue can be resolved by the purpose for which the testimony is offered—notice/effect on listener—or by laying a foundation that the reporting employee spoke on a matter within the scope of employment under FRE 801(d)(2)(D).

To the extent Plaintiff argues this is "double hearsay" (FRE 805), that contention fails where each layer is independently admissible—the inner layer as Plaintiff's own statement under Rule 801(d)(2)(A), and the outer layer for its effect on the listener or as an employee statement under Rule 801(d)(2)(D) with proper foundation.

b. **The Evidence Is Admissible To Show Its Effect On MSA's Decision-Makers And To Provide Necessary Context.**

Statements offered to show their effect on the listener are not hearsay because their relevance does not depend on their truth. *Ferguson*, 140 F.4th at 545. Here, testimony that MSA management received reports that Plaintiff said she was going to the press is admissible to explain

3

what information was before decision-makers, what concerns were raised, and why MSA acted as it did. This is particularly appropriate where Plaintiff places MSA's motives and decision-making at issue. Plaintiff's notes in her own motion that courts admit such statements to show state of mind, notice, and the basis for actions in employment disputes, including retaliation claims. ECF 347 at 3 (¶ 6).

Further, Plaintiff argues that MSA purportedly did not rely on the reports. *Id.* at 4–5 (¶ 11). Even if that were true (it's not), that goes to weight, not admissibility, and is for cross-examination. This is not a basis for categorical exclusion.

### c. **Plaintiff's Rule 602 And "No Investigation" Arguments Fail.**

Plaintiff contends that MSA "cannot lay a foundation," that no manager relied on the reports, and that the investigation rationale is litigation-driven. *Id.* at 2 (¶ 2). Those are merits arguments for the jury and grounds for cross-examination, not categorical bases for exclusion. Foundational issues can be established at trial through witnesses with personal knowledge of receiving and acting upon the reports. The motion invites the Court to pre-judge contested facts that should be tested through testimony.

Witnesses with personal knowledge that they received reports can testify to that fact. Personal knowledge under FRE 602 is satisfied by the witness's direct receipt of the statements. Cross-examination can probe details and credibility. Plaintiff's motion concedes MSA's anticipated purpose includes showing that the reports were made and that they informed management. That is a classic effect-on-listener use, and it does not require the out-of-court declarant's live testimony.

4

### d. Rule 403 Does Not Warrant Exclusion. Any Risk Of Unfair Prejudice Can Be Addressed With A Limiting Instruction.

The probative value of the evidence is substantial: it illuminates MSA's legitimate business concerns, notice, and decision-making context in response to reports that Plaintiff said she was going to the press. Any risk of unfair prejudice can be mitigated by an instruction limiting the jury's use of the evidence to notice, context, and state of mind, and not for the truth of whether Plaintiff in fact made any particular statement, without depriving the jury of critical context.

### e. Rule 404(b) Does Not Bar The Evidence. It Is Offered For Non-Propensity Purposes.

The evidence is not offered to prove character or propensity, but to show notice, effect on the listener, and the basis for MSA's actions and counterclaims. Those are permissible, non-propensity purposes. Any concern that jurors might misuse the evidence can be addressed by a limiting instruction. FRE 105.

### f. All Evidence Relating to Plaintiff's Statements About Going To The Media Are Relevant To MSA's Counterclaim.

Plaintiff has moved to exclude testimony that unidentified staff (even though Plaintiff identified them herself in her deposition, *see* DSUMF ¶ 24) reported she said she was "going to the press," contending those reports are hearsay from absent third parties. ECF 347 at 1 (¶ 1). MSA's counterclaim rests on Plaintiff's violation of her confidentiality obligations to MSA. Her statements about "going to the press" are probative of her intent to disclose confidential information and thus of the breach itself. Those statements are admissible as party-opponent admissions under FRE 801(d)(2). These are Plaintiff's own words – direct evidence of her admitting her intent to breach her contractual obligations to MSA, and support MSA's damages theory arising from that breach.

5

## IV.    CONCLUSION

The Court should deny Plaintiff's Motion in Limine No. 1. In the alternative, if the Court determines any limitation is appropriate, it should permit testimony about (1) Plaintiff's own statements; and (2) that reports were received and considered for the limited purposes of notice, effect on the listener, and context, accompanied by an appropriate Rule 105 instruction, rather than imposing a categorical exclusion.

Respectfully submitted,

Date: May 11, 2026

*/s/ Daniel S. Ward*

_____

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.

11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*

_____

Daniel S. Ward