**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | **DEFENDANT AND** |
| | ) | **COUNTERCLAIM PLAINTIFF'S** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **OPPOSITION TO PLAINTIFF** |
| **d/b/a MSA SECURITY, INC.** | ) | **AND COUNTERCLAIM** |
| | ) | **DEFENDANT'S MOTION IN** |
| **Defendant and** | ) | **LIMINE NO. 2** |
| **Counterclaim Plaintiff** | ) | |

Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd. d/b/a/ MSA Security, Inc. ("MSA"), through counsel, respectfully files this opposition to Plaintiff and Counterclaim Defendant's ("Plaintiff" or "Iovino") Motion in Limine No. 2.

## I.    INTRODUCTION

Plaintiff's motion is without merit because it "anticipates" actions by MSA at trial that MSA does not intend to do. Plaintiff's motion should be denied as moot.

## II.    LEGAL AUTHORITY

"A motion in limine 'should be granted only when the evidence is clearly inadmissible on all potential grounds' because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, No. 2:21cv137, 2024 WL 219080, at *1 (E.D. Va. Jan. 9, 2024) (internal citations omitted).

## III.    ARGUMENT

First, MSA has consistently stated that it does not rely on the "executive direction" defense under 41 U.S.C. § 4712(a)(3)(B).

1

Second, MSA did not list any DoS personnel on its witness list for a reason—it does not intend to call any DoS personnel in its case in chief, which is why MSA has not submitted any *Touhy* request to the DoS seeking the same. Should any DoS personnel appear at trial to testify in Plaintiff's case in chief, MSA will cross-examine them. However, MSA does not anticipate any DoS personnel to appear at trial, which is why MSA has designated the deposition testimony it intends to use *in lieu* of testifying DoS personnel. *See* **Exhibit 1** (05/04/2026 Email Thread Between K. Frith and T. Guyer). Plaintiff submitted a *Touhy* request to the DoS (through AUSA Frith) on April 28, 2026. *Id.* at 2. There, Plaintiff asserts that (1) she does not need to submit a new *Touhy* request seeking trial testimony of DoS personnel; and (2) that "a subpoena is not required for current [DoS] employees to be authorized by the agency to appear." *Id.* AUSA Frith responded on April 30, 2026, asking various questions and stating that "any trial testimony is presently prohibited because it has not been approved by the appropriate department officials because no such request for trial testimony has been made. 22 C.F.R. 172.4." On May 4, 2026, AUSA Frith responded again, requesting that Mr. Guyer respond to her April 30th email. To date, Plaintiff has not responded.

Third, any documents listed on MSA's exhibit list that refer to statements made by DoS personnel can be independently verified by the MSA personnel who received the email and are listed on MSA's witness list as fact witnesses who will appear at trial. Relevant evidence is admissible. Fed. R. Evid. ("FRE") 402. Evidence offered for non-hearsay purposes, such as notice or effect on the listener, is likewise not barred by the rule against hearsay. *See, e.g.*, *United States v. Ferguson*, 140 F.4th 538, 545 (4th Cir. 2025) (noting "statements offered to show their effect on the listener" are not hearsay because they are not offered for their truth); *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 78 (4th Cir. 2018) (noting that statements used to show notice are not

hearsay because they are not offered for their truth). Any residual concerns can be addressed through limiting instructions and/or cross-examination. *Wheeler v. Virginia*, No. 7:17CV00337, 2018 WL 2978043, at *1 (W.D. Va. Apr. 26, 2018) ("[C]oncerns regarding potential prejudice can be addressed by appropriate limiting instructions.").

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion should be denied as moot.

Respectfully submitted,

Date: May 11, 2026

*/s/ Daniel S. Ward*

_____

Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton*
*Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
11 South Cameron Street

3

Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*

_____
Daniel S. Ward