**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| **Plaintiff and** | ) | Case No. 5:21-CV-00064-TTC |
| **Counterclaim Defendant,** | ) | |
| v. | ) | **DEFENDANT AND** |
| | ) | **COUNTERCLAIM PLAINTIFF'S** |
| MICHAEL STAPLETON ASSOCIATES, LTD., | ) | **OPPOSITION TO PLAINTIFF** |
| d/b/a MSA SECURITY, INC. | ) | **AND COUNTERCLAIM** |
| | ) | **DEFENDANT'S MOTION IN** |
| **Defendant and** | ) | **LIMINE NO. 3** |
| **Counterclaim Plaintiff** | ) | |

Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd. d/b/a/ MSA Security, Inc. ("MSA"), through counsel, respectfully files this opposition to Plaintiff and Counterclaim Defendant's ("Plaintiff" or "Iovino") Motion in Limine No. 3.

## I.     INTRODUCTION

Plaintiff seeks to exclude MSA from introducing nine affidavits executed in 2019 by current and former MSA employees. ECF 349 at 1. The affidavits at issue are July 6, 2019 affidavits belonging to Jennifer Houston (now Hartley), Gerald Goss, Alan Bower, Dr. Michael Ratcliff, and Ben Orndorff; and July 2019 affidavits belonging to Alan Bower, Michael Kennedy, Valerie Price, and Dr. Michael Ratcliff (collectively, the "Affidavits"). Plaintiff argues these affidavits are inadmissible on three grounds: (1) they constitute hearsay with no applicable exception; (2) they lack probative value regarding MSA's contemporaneous knowledge or state of mind in 2017 since they did not exist then; and (3) their prejudicial effect substantially outweighs any probative value under Fed. R. Evid. ("FRE") 403. Plaintiff is incorrect.

1

## II.    LEGAL AUTHORITY

"A motion in limine 'should be granted only when the evidence is clearly inadmissible on all potential grounds' because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, No. 2:21cv137, 2024 WL 219080, at *1 (E.D. Va. Jan. 9, 2024) (internal citations omitted). Relevant evidence is admissible. Fed. R. Evid. ("FRE") 402. Evidence offered for non-hearsay purposes, such as notice or effect on the listener, is not barred by the rule against hearsay. *See, e.g.*, *United States v. Ferguson*, 140 F.4th 538, 545 (4th Cir. 2025) (noting "statements offered to show their effect on the listener" are not hearsay because they are not offered for their truth); *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 78 (4th Cir. 2018) (noting that statements used to show notice are not hearsay because they are not offered for their truth). Any residual concerns can be addressed through limiting instructions and/or cross-examination. *Wheeler v. Virginia*, No. 7:17CV00337, 2018 WL 2978043, at *1 (W.D. Va. Apr. 26, 2018) ("[C]oncerns regarding potential prejudice can be addressed by appropriate limiting instructions.").

## III.    ARGUMENT

### a.  <u>The Affidavits May Be Offered For Non-Hearsay Purposes.</u>

Affidavits can be introduced for non-hearsay purposes, such as demonstrating notice or their effect on the listener. They are not presented to prove the truth of the assertions but to illustrate MSA's mindset and rationale behind its employment decisions. According to FRE 801(c), statements used to show their impact on the listener or to explain subsequent actions are not considered hearsay. These affidavits contain information known to MSA decision-makers in 2017, even if documented later, and are relevant to establishing MSA's knowledge and decision-making process at that time. In *Vega v. Amurcon Realty Co.*, the court held that statements in an

2

affidavit describing perceptions of an employee's performance were admissible because they constituted an explanation of why the affiant believed terminating employment was necessary and appropriate. No. 6:24-CV-00020, 2025 WL 3243838, at *3 (W.D. Va. Nov. 20, 2025) (Judge Moon). The *Vega* court specifically noted that evidentiary rules governing hearsay were not implicated by such affidavits when they were offered to explain the basis for employment decisions rather than for the truth of the performance assessments themselves. *Id.*

The use of affidavits in this context aligns with the principle that evidence can be admitted to demonstrate the declarant's state of mind. FRE 803. By focusing on the effect of the statements on MSA's decision-makers, the affidavits serve as a crucial tool in understanding the rationale behind employment actions, thereby providing a comprehensive view of the circumstances surrounding the decisions.

b. **<u>The Probative Value Of The Affidavits Outweighs Any Potential Prejudice To Plaintiff.</u>**

The probative value of the affidavits is substantial. They provide direct evidence of Plaintiff's workplace performance and conduct from witnesses with firsthand knowledge. These affidavits are crucial in establishing a clear narrative of the events in question, offering insights that are both relevant and material to the case. Any potential prejudice can be mitigated through Plaintiff's cross-examination of MSA's witnesses, limiting instructions, or by allowing Plaintiff to introduce evidence regarding the circumstances of the affidavits' creation. Such procedural safeguards ensure that the jury can fairly assess the credibility and weight of the evidence presented.

The 2019 affidavits will better explain information and observations that occurred in 2017 to the Jury that will hear these facts in June 2026. The affidavits serve as testimonial evidence of contemporaneous knowledge, observations, and assessments that influenced decision-making in

2017, even if formally documented later. The temporal gap between the drafted document and the events that it describes affects weight rather than admissibility.

FRE 403 favors admissibility, and exclusion is an extraordinary remedy. Relevant evidence should not be excluded unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury. FRE 403. MSA should not be penalized for formally documenting relevant information that was known at the time of termination but not previously reduced to writing. This approach aligns with the principles of justice and fairness, allowing the fact-finder to consider all pertinent information in reaching a verdict.

### c.    The Affidavits Are Eligible For Refreshing Witness's Testimony.

Affidavits may also be used at trial to refresh a witness's recollection where the witness demonstrates a present inability to recall. MSA will lay a proper foundation that the affidavit was made or adopted by the witness at a time when the matter was fresh and question whether reviewing it is likely to revive memory. FRE 612. In a case such as this, where the witnesses are being asked in June 2026 to recall information from 2017, affidavits drafted a mere 2 years after the incident will be instrumental in refreshing a witness's memory, if the need arises. Opposing counsel is welcome to cross-examine the witness on their memory and/or the contents of the document used to refresh the witness's memory.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion should be denied.

Date: May 11, 2026

Respectfully submitted,

*/s/ Daniel S. Ward*

_____
Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC

4

1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*

_____
Daniel S. Ward

5