**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | **DEFENDANT AND** |
| | ) | **COUNTERCLAIM PLAINTIFF'S** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **OPPOSITION TO PLAINTIFF** |
| **d/b/a MSA SECURITY, INC.** | ) | **AND COUNTERCLAIM** |
| | ) | **DEFENDANT'S MOTION IN** |
| **Defendant and** | ) | **LIMINE NO. 5** |
| **Counterclaim Plaintiff** | ) | |

Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd. d/b/a/ MSA Security, Inc. ("MSA"), through counsel, respectfully files this opposition to Plaintiff and Counterclaim Defendant's ("Plaintiff" or "Iovino") Motion in Limine No. 5.

## I.     INTRODUCTION

Plaintiff's motion seeks the extraordinary remedy of excluding or severely limiting the testimony of MSA's retained psychiatric evaluator, Dr. Keyhill Sheorn, based on speculative and incorrect assertions about her methodology, disclosures, and anticipated opinions. Plaintiff acknowledges Dr. Sheorn's qualifications yet asks the Court to impose extra-statutory requirements—such as mandatory use of specific testing instruments and longitudinal observation—that are not prerequisites to admissibility and that improperly conflate weight with admissibility. Plaintiff's reliance on a different case involving different facts does not justify pretrial exclusion here. At most, any perceived concerns go to cross-examination and weight before the jury, not a Fed. R. Evid. ("FRE") 702 bar. The motion should be denied.

1

## II.    LEGAL AUTHORITY

"A motion in limine 'should be granted only when the evidence is clearly inadmissible on all potential grounds' because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, No. 2:21cv137, 2024 WL 219080, at *1 (E.D. Va. Jan. 9, 2024) (internal citations omitted).

FRE 702 assigns the proponent the burden to show qualification, helpfulness, sufficient facts or data, reliable principles and methods, and reliable application. Reliability is a flexible inquiry. Disagreements with inputs, assumptions, or the selection of data typically go to weight, not admissibility. The Court's gatekeeping role is not a substitute for cross-examination and contrary proof.

## III.    ARGUMENT

### a.    Plaintiff's Fed. R. Civ. P. 26 Complaints Are Unfounded.

Plaintiff asks the Court to "evaluate" MSA's Fed. R. Civ. P. ("FRCP") 26(a)(2)(B) compliance, while admitting MSA produced the IME report and supporting information. Plaintiff asks the Court to evaluate whether MSA fully complied with FRCP 26(a)(2)(B) as to the examination report, instruments, data, prior testimony list, and compensation, without pointing to any particular omission. ECF 351 at 5. Rather, Plaintiff relies on the fact that she did not even attempt to depose Dr. Sheorn[1] to determine whether any of Plaintiff's complaints in this motion are valid. *Id.* They are not.

MSA timely disclosed Dr. Sheorn as a retained expert and produced her expert report dated December 15, 2023, which reflects an in-person independent medical evaluation of Plaintiff on

---

[1] Defendant sought to depose Plaintiff's experts. Plaintiff refused to make them available. Conversely, Plaintiff never sought to depose any of Defendant's experts.

November 28, 2023. Dr. Sheorn has specialized expertise in PTSD since 1989, and is an Associate Professor in Psychiatry who directs psychotherapy training and teaches diagnostic interviewing and mental status examination—experience directly relevant to her opinions offered here. Exhibit 1 at 1, 22. These credentials and the documents Dr. Sheorn disclosed satisfy FRCP 26's (and FRE 702's) requirements and ensure her opinions "fit" the issues of PTSD diagnosis, causation, and functional capacity at stake.

To the extent Plaintiff seeks assurances that no undisclosed opinions will be offered, MSA agrees that Dr. Sheorn's trial testimony will be consistent with her disclosed opinions, as FRCP 26 already requires. There is no basis for the drastic remedy of exclusion where disclosure has occurred, and Plaintiff elected not to depose the expert.

b. **Plaintiff's Effort To Impose Rigid, Test-Specific Prerequisites To Admissibility Is Contrary To FRE 702 And Improperly Targets Weight, Not Admissibility.**

The record shows (in the expert report and attachments) that Dr. Sheorn performed an in-person IME on November 28, 2023 with a detailed mental status examination; reviewed deposition testimony (transcript and video), multiple therapy records, whistleblower assessment materials, OIG investigative and determination documents, and a vocational assessment. **Exhibit 1** (Dr. Sheorn Report) at 1–2. Dr. Sheorn anchored her diagnostic analysis in DSM-5-TR, appended those criteria, and applied Criteria A–H to the plaintiff's presentation, addressing dissociative specifiers. *Id.* at 19–20. A structured IME with MSE, integration of collateral records, and application of DSM-5-TR constitute a reliable clinical and forensic methodology.

Plaintiff asserts that any diagnostic or causation opinions must be supported by specific "validated instruments" such as CAPS-5, PCL-5, or MMPI-2, and that a single in-person IME without longitudinal observation is *per se* unreliable. ECF 351 at 5–6. The motion's assertion that

3

her evaluation "appears" to lack DSM analysis is contradicted by the report itself. Exhibit 1 at 19–20.

FRE 702 does not mandate particular test instruments or longitudinal observation as a threshold for admissibility. FRE 702 asks whether the expert used sufficient facts/data and reliable methods, not whether specific instruments were mandated. Here, the combination of IME, MSE, multi-source records, and criterion-by-criterion DSM-5-TR analysis satisfies that standard. The collateral record review functionally supplies longitudinal context, which the motion overlooks. *Id.* at 1–2, 19–20. To the extent Plaintiff believes additional instruments are preferable or that longitudinal observation is superior, those are classic cross-examination topics, not grounds for exclusion. Plaintiff's own motion concedes that properly conducted IME observations are admissible and that gatekeeping is flexible. ECF 351 at 3–4. The Court should reject Plaintiff's attempt to transform preferred clinical tools into legal prerequisites.

c. **Plaintiff's Attempt To Preclude "Causation Opinions," "Qualifications," and "Objectivity" Is Without Merit.**

Plaintiff argues that any opinion addressing causation must be excluded unless it follows a formalized differential-diagnosis template and addresses each "standard alternative." *Id.* at 6. Likewise, Plaintiff argues that "objectivity concerns" and Dr. Sheorn's "qualifications" merit potential exclusion. *Id.* Dr. Sheorn meets all of these qualifications; Plaintiff's experts do not. MSA explained this in its motions in limine seeking to exclude Plaintiff's experts. *See* ECF 298 at 8 ("[Dr. Hankins'] recommendation is explicitly tied to the pendency of this litigation (that Iovino initiated), not to any alleged harm suffered as a result of any retaliation by MSA or any permanent work limitation caused by PTSD."); ECF 300 at 12 ("Ms. Garrick's causation opinions are unsupported by differential diagnosis.").

4

Plaintiff makes these baseless arguments because Plaintiff did not attempt to depose Dr. Sheorn to satisfy any concerns Plaintiff may have had prior to trial. Rather, Plaintiff asks the Court to step into her shoes and resolve those unwarranted concerns now.

FRE 702 requires reliable principles and methods reliably applied to sufficient facts and data; it does not require a rote checklist or magic words. Any debate about the scope of alternatives considered, or the depth of discussion ruling them in or out, is fertile ground for cross-examination and competing proof, not categorical exclusion at the threshold.

### d. **Plaintiff's Reliance On *Flores* Is Misplaced; The Circumstances And Proffer Here Are Materially Different And Do Not Justify Categorical Exclusion.**

Plaintiff argues this Court once excluded different testimony by Dr. Sheorn in *Flores v. Va. Dep't of Corrections*, No. 5:20-cv-00087, 2021 WL 5979519 (W.D. Va. Dec. 17, 2021). ECF 351 at 2. Plaintiff notes that the Court excluded certain testimony by Dr. Sheorn due to case-specific methodological concerns, including reliance on scant documentation and the absence of a DSM-5 application, and entered an order granting the exclusion in full in that matter. *Id.*

The motion's insinuation that a prior matter warrants exclusion here elides critical distinctions. In the cited case, the exclusion turned on a materially different record and methodology—namely, the absence of applied DSM criteria and scant supporting records. This case is the opposite. Dr. Sheorn explicitly applied DSM-5-TR PTSD criteria and grounded her opinions in multiple, independent data sources: the IME, a comprehensive MSE, plaintiff's deposition, therapy notes, and OIG materials. That multi-source, criteria-based approach is the very type of methodology Rule 702 contemplates as reliable.

Admissibility is case-specific. A decision addressing a different record with limited documentation and no articulated DSM application does not create a blanket rule about Dr. Sheorn's testimony. It underscores that reliability turns on whether, in this case, the expert used

5

sufficient facts/data and reliable methods and applied them reliably. Here, the record demonstrates that she did. The contrast is straightforward:

1. **Prior case**: no articulated DSM application; scant or thin records; resulting concern about the sufficiency of data and methodology.

2. **This case**: explicit DSM-5-TR, criterion-by-criterion analysis; IME and comprehensive MSE; corroboration through plaintiff's deposition, therapy notes, and OIG materials covering months to years.

Those differences matter. The current methodology is sound and well-supported, addressing the precise reliability concerns that drove the earlier exclusion. Any suggestion to transport the prior outcome to this case disregards the distinct evidentiary foundation and the thorough, criteria-based approach Dr. Sheorn employed here. *Flores* does not establish a blanket rule barring Dr. Sheorn's testimony, and the motion should therefore be denied.

### e. <u>Plaintiff's Proposed "Targeted Limitations" Are Premature And Unnecessary.</u>

As a fallback, Plaintiff asks the Court to impose sweeping pretrial limitations that would bar any opinion not tied to Plaintiff's *preferred* instruments, methodologies, or disclosure gloss. ECF 351 at 7. Plaintiff requests, in the alternative, a limitation precluding (a) diagnostic opinions not supported by specified validated clinical instruments, (b) causation opinions not supported by a standard differential-diagnosis methodology, and (c) any opinions outside the disclosed report. *Id.* The third item is already the law: trial opinions are confined to those properly disclosed. The first and second items improperly elevate Plaintiff's litigation preferences into admissibility requirements and should be rejected. If, after hearing testimony, the Court believes a tailored evidentiary ruling is warranted as to a discrete question, it can address that at trial.

6

## IV.    CONCLUSION

Plaintiff's motion should be denied. In the alternative, the Court should limit any relief to enforcing the ordinary boundaries of FRCP 26(a)(2)(B) and permit Dr. Sheorn to testify consistent with her disclosed opinions, with any methodological critiques reserved for cross-examination.

Respectfully submitted,

Date: May 11, 2026

*/s/ Daniel S. Ward*

_____
Daniel S. Ward (VSB 45978)
Ryan C. Berry (VSB 67956)
Chelsea A. Cruz (VSB 96177)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton
Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

7

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*

_____

Daniel S. Ward

8