**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **KAREN IOVINO,** | ) | |
| | ) | |
| **Plaintiff and** | ) | **Case No. 5:21-CV-00064-TTC** |
| **Counterclaim Defendant,** | ) | |
| **v.** | ) | **DEFENDANT AND** |
| | ) | **COUNTERCLAIM PLAINTIFF'S** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **OPPOSITION TO PLAINTIFF** |
| **d/b/a MSA SECURITY, INC.** | ) | **AND COUNTERCLAIM** |
| | ) | **DEFENDANT'S MOTION IN** |
| **Defendant and** | ) | **LIMINE NO. 6** |
| **Counterclaim Plaintiff** | ) | |

Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd. d/b/a/ MSA Security, Inc. ("MSA"), through counsel, respectfully files this opposition to Plaintiff and Counterclaim Defendant's ("Plaintiff" or "Iovino") Motion in Limine No. 6.

## I.    INTRODUCTION

Plaintiff seeks an expansive order that would improperly insulate her own sworn statements from standard impeachment and argument. The Federal Rules of Evidence ("FRE") permit the jury to hear and evaluate prior inconsistent statements and to assess credibility in light of those inconsistencies. FRE 613. Plaintiff's request to forbid MSA from arguing that her inconsistent sworn deposition answers bear on her credibility, to preclude fair comment on truthfulness, and to bar use of standard credibility instructions overreaches and should be denied.

Plaintiff's motion relies on a false narrative. Plaintiff states that, during the motion for summary judgment hearing on May 1, 2026, "Defendant's counsel repeatedly framed Plaintiff's original answer-and-correction sequence as a foundational 'lie' warranting summary judgment for Defendant on credibility grounds." ECF 352 at 3. This is incorrect. While Plaintiff's substantive inconsistencies in her deposition testimony and errata sheets provide yet another example of her

inability to tell the truth, that is not what Defendant was referencing at the May 1ˢᵗ hearing. There, MSA was referencing Plaintiff's other lie – that she waited until after she thought her NDA was no longer valid to go to the media, only later admitting that she willingly violated her NDA when she went to the media in July of 2017 when faced with documents (emails to the media) demonstrating that her prior sworn testimony was untrue. *See* Hr'g Tr. 14:1–4; 37:8–22, *Iovino v. Michael Stapleton Assocs., Ltd.*, No. 5:21-cv-00064 (W.D. Va. May 1, 2026) (excerpts attached as **Exhibit 1**).

## II.    LEGAL AUTHORITY

"A motion in limine 'should be granted only when the evidence is clearly inadmissible on all potential grounds' because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *Centripetal Networks, LLC v. Palo Alto Networks, Inc.*, No. 2:21cv137, 2024 WL 219080, at *1 (E.D. Va. Jan. 9, 2024) (internal citations omitted). FRE 401–403, 607–613 govern relevance, impeachment by prior inconsistent statements, and character for truthfulness. Rule 30(e) permits changes "in form or substance" but preserves the original answers for use at trial through impeachment.

## III.   ARGUMENT

Plaintiff's motion should be denied because it is based on the incorrect premise that MSA called Plaintiff a "liar" at the May 1ˢᵗ summary judgment for changing her deposition testimony via errata sheets. ECF 352 at 3. This is not true. As explained above, MSA was referring to Plaintiff's lies *during* her deposition, where she testified under oath that she waited until after she thought her NDA was no longer valid to go to the media, and then later in the same deposition (still under oath) admitted that she willingly violated her NDA when she went to the media in July of 2017. Exhibit 1 at 14:1–4; 37:8–22. Because the reason behind Plaintiff's sixth motion in limine

2

is misguided, the motion should be denied. However, in an abundance of caution, MSA will respond to the remaining portion of Plaintiff's motion.

On September 6, 2023, MSA took Plaintiff's deposition. On October 6, 2023, Plaintiff submitted a signed and notarized errata sheet and Certificate of Deponent for her September 6, 2023 deposition. **Exhibit 2**. MSA responded on December 8, 2023, disputing the propriety and accuracy of multiple errata entries and requesting to re-depose Plaintiff on the issues raised. **Exhibit 3**. MSA re-deposed Plaintiff on January 8, 2024.

On March 15, 2024, MSA wrote to Magistrate Judge Hoppe detailing its objections to the errata, attaching the errata, and requesting the Court's assistance in resolving the dispute. **Exhibit 4**. On April 19, 2024, the Court held a telephonic discovery hearing at which both sides argued regarding the errata. **Exhibit 5**. The Court directed the parties to discuss reopening the deposition (again) and to inform chambers of their decision. *Id.* MSA did not file a motion to strike the errata and instead pursued the reopened-deposition path discussed with the Court. MSA re-deposed Plaintiff on May 29, 2024.

a. **Plaintiff's Original Answers And Her Subsequent Rule 30(e) Changes Are Admissible Impeachment Material, And The Jury Is Entitled To Evaluate Them.**

FRCP 30(e) allows changes. It does not erase the original testimony or prevent the factfinder from drawing adverse credibility inferences. Plaintiff's request to forbid MSA from urging the jury to apply standard credibility instructions asks the Court to pre-judge credibility and to deny the jury ordinary guidance when confronted with inconsistent sworn statements. A jury is entitled to hear both the original testimony and the "changed" testimony. *Foutz v. Town of Vinton, Va.*, 211 F.R.D. 293, 295 (W.D. Va. 2022) (explaining that when one party makes changes to their deposition testimony, "the other party can admit into evidence both the original and corrected

answers; by which then a witness may be impeached with his contradictory answers"); *see also*

*Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 653 (S.D. West Va. 2001) ("Of course, by

making substantive changes, a deponent exposes himself to the potential reopening of his

deposition and cross-examination concerning the changes in his testimony."). The Wright &

Miller, Federal Practice & Procedure says it best:

> The witness who changes his testimony on a material matter between the giving of
> his deposition and his appearance at trial may be impeached by his former answers,
> and the cross-examiner and the jury are likely to be keenly interested in the reasons
> he changed his testimony. There is no apparent reason why the witness who
> changes his mind between the giving of the deposition and its transcription should
> stand in any better case.

*See Lugtig v. Thomas*, 89 F.R.D. 639, 642 (N.D Ill. 1981) (quoting Wright & Miller, Federal

Practice & Procedure, § 2118).

Plaintiff concedes that ordinary FRE 613 impeachment is proper. ECF 352 ¶¶ 8–10. Her

original sworn answers and later contradictory corrections bear directly on credibility and are

quintessential prior inconsistent statements the jury should weigh. The proper remedy for

substantive errata is exactly what occurred here: reopening the deposition so the examining party

can probe the changes, which allows for impeachment at trial. This Court should not foreclose the

trier of fact from hearing and assessing Plaintiff's inconsistencies.

       b.  **Plaintiff's Requested Prohibitions On Argument (Including References To
Dishonesty And Application Of Credibility Instructions) Would Improperly
Curtail Fair Comment On The Evidence.**

Plaintiff asks the Court to bar MSA from characterizing her inconsistent sworn testimony

as dishonest and to prohibit urging the jury to apply standard credibility principles. ECF 352 ¶ 10.

That sweeping gag order would prevent MSA from making reasonable, good-faith inferences from

evidence. Commentary on credibility—including argument that shifting sworn testimony reflects

untruthfulness—is proper where supported by the evidence. Indeed, "assessing witness credibility

is the sole province of the jury." *Cave v. U.S.*, No. 7:03–CR–00157, 2009 WL 1009771, at \*9 (W.D. Va. Apr. 14, 2009); *see also Herold v. Hajoca Corp.*, 864 F.2d 317, 320–21 (4th Cir. 1988) ("Determining witness credibility \*321 is the job of the jury.")

Of course, the Court can instruct the jury on how to determine witness credibility—a jury instruction the parties will likely agree to prior to trial.

### c.  The Court's Discovery Handling Of The Errata Dispute Does Not Immunize Plaintiff's Credibility From Adversarial Testing At Trial.

Plaintiff states that "The Court has already evaluated the corrections under the framework this District applies to Rule 30(e) and denied Defendant's motion to strike them. The trial court must enforce the procedural framework already applied; it cannot permit Defendant to re-litigate the issue under a different label at trial." ECF 352 at 5 ¶ 6. This is incorrect.

First, MSA never filed a motion to strike. The parties engaged in a joint discovery status conference where the Court opined on the matters raised in MSA's March 15, 2024 letter. Exhibit 4. Second, the Court did not provide a specific "procedural framework to follow." The Court stated that it would support reopening Plaintiff's deposition. Third, the Court did not opine on how the parties would handle Plaintiff's inconsistent testimony at trial.

The court's handling of the errata dispute does not shield the plaintiff's credibility from being challenged at trial. The discovery process allowed MSA to explore both versions of Plaintiff's testimony. Now, the jury will be able to hear the same, without endorsing the corrections or confirming the original testimony's accuracy. The jury will determine which version to believe after thorough impeachment and argument. *See Cave*, 2009 WL 1009771, at \*9; *Herold*, 864 F.2d at 320–21.

   **d.**  <u>**Rule 403 Does Not Justify Excluding Fair Impeachment Or Curtailing Related Argument.**</u>

Any prejudice here is the natural consequence of probative impeachment. The Court can manage tone and avoid unduly pejorative labels, but exclusion or wholesale restrictions are unwarranted. Targeted objections can address any specific phrasing at trial without a blanket prohibition that risks misleading the jury about what they may consider in assessing credibility.

**IV.**    **CONCLUSION**

MSA respectfully requests that the Court deny Plaintiff's Motion in Limine No. 6. In the alternative, if the Court is inclined to impose any limitation, it should:

1) Permit full use of Plaintiff's original deposition answers and errata corrections for Rule 613 impeachment and argument as to credibility;

2) Prohibit only explicit references to criminal "perjury" or "fraud upon the Court," while allowing MSA to argue that Plaintiff's shifting sworn testimony is untruthful or unreliable; and

3) Confirm that the jury will receive the standard credibility instruction, including that it may consider whether a witness testified untruthfully about an important matter in assessing credibility as a whole.

                                  Respectfully submitted,

Date: May 11, 2026

                                  */s/ Daniel S. Ward*

                                  _____

                                  Daniel S. Ward (VSB 45978)
                                  Ryan C. Berry (VSB 67956)
                                  Chelsea A. Cruz (VSB 96177)
                                  WARD & BERRY, PLLC
                                  1751 Pinnacle Drive, Suite 900
                                  Tysons, VA 22102
                                  (202) 331-8160

(202) 505-7100 Fax
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com

*Attorneys for Defendant Michael Stapleton*
*Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of

the Court for the United States District Court for the Western District of Virginia by using the

CM/ECF system. I certify that the following participants in the case are registered CM/ECF users

and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Jack Kolar
Government Accountability Project
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

*/s/ Daniel S. Ward*

_____
Daniel S. Ward