# EXHIBIT 1

```
                  IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF VIRGINIA
                       HARRISONBURG DIVISION

     ************************************************************
     KAREN IOVINO,
                                    CASE NO.: 5:21CV64
              Plaintiff            May 1, 2026
                                   Roanoke, Virginia
                                   Motion Hearing
     v.                            (Videoconference)

     MICHAEL STAPLETON             Before:
     ASSOCIATES, LTD.,             HONORABLE THOMAS T. CULLEN
                                   UNITED STATES DISTRICT JUDGE
              Defendant.           WESTERN DISTRICT OF VIRGINIA

     ************************************************************

     APPEARANCES:

     For the Plaintiff:

     THAD M. GUYER              NATE LAVINDER ADAMS, III
     T.M. Guyer & Friends, PC   Nate L. Adams, III, P.C.
     116 Mistletoe Street       11 South Cameron Street
     P O Box 1061               Winchester, VA 22601
     Medford, OR 97501
     206-941-2869
     thad@guyerayers.com

     For the Defendant:

     DANIEL SAGE WARD
     CHELSEA ANN CRUZ
     Ward & Berry, PLLC
     1751 Pinnacle Drive, Suite 900
     Tysons, VA 22102
     202-331-8160
     dan@wardberry.com

     _____
                  Mary J. Butenschoen, RPR, CRR
                210 Franklin Road, S.W., Room 540
                    Roanoke, Virginia  24011
                     540-857-5100, Ext. 5312

     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
     PRODUCED BY COMPUTER.
```

who has, in one deposition, lied about a fundamental thing, which was when she made her leaks to the media, and then admits and said, "Well, I wasn't lying" two hours later, credibility is very suspect.

And so can a reasonable jury say, "Well, I'm not going to believe her about everything else, but that one thing on which there's no evidence other than her word, I'm going to take that"?  I don't think any reasonable jury could take that.

THE COURT:  Okay.  I'm going to be quiet, and I'm going to give you three minutes to close the loop on this.  I'm sorry I was so direct with you, but I think it's more efficient to do that.

MR. WARD:  No, I -- I prefer it.  I'm only laughing because I don't want you to be quiet, because I'm wondering what the heck am I going to do with three minutes.  Tell me what -- tell me if you've got other questions.  I mean, the *Carr* -- I'm not going to go through the *Carr* factors.  I mean, we don't have time to do that.  And I -- I think they are pretty well-briefed.

I will say this:  That one question is damages.  Even if she prevailed, what are the damages?  She -- in February the decision was made to transition this to -- to phase out the -- the position from part-time to full-time.  And -- and that was -- that was according to our statement of material of facts

News, to NBC tour national, all these things, is to harm this program.  That caused real harm to our relationship with the United States Government.  That kind of conduct also -- and when we -- we put in our statement on our undisputed material fact I think number 59, and it was in a couple of other -- ECF 274 page 13, ECF 277, 10, we talked about the real damages we have.

That's not before you today, but we're going to be able to prove it.  You know, my colleague wants to say no big deal, there's no big damages.  And I understand.  I'm doing the same thing to him.  We're doing our job.  But this is -- this was real and cognizable information that was confidential, that was considered confidential by the United States Department of State, that was considered confidential by MSA.  Dr. Iovino knew it, and Dr. Iovino admitted that she knew it because she said initially in her deposition, "Oh, no, I didn't share any of that.  I didn't reach out to the media until State said that the contract I signed was -- needed whistleblower protection language."  Well, that wasn't true.  But boy, it does evidence a guilty mind that she told that lie because she was trying to cover the fact that she did do so because she knew it was a valid and enforceable contract.

THE COURT:  All right.  I think you're about out of time.  I appreciate it.  I don't have any other questions for you.  Thank you, Mr. Ward.

**CERTIFICATE**

I, Mary J. Butenschoen, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/S/ Mary J. Butenschoen, RPR, CRR                    5/3/2026