# EXHIBIT 3



1751 PINNACLE DRIVE
SUITE 900
TYSONS, VA 22102
(202) 331-8160
(202) 505-7100 Fax

December 8, 2023

Nate L. Adams III
Adams and Associates
11 South Cameron St.
Winchester, VA 22601
nadams@nadamslaw.com

John A. (Jack) Kolar
Government Accountability Project
1612 K St., N.W., Ste. 1100
Washington, D.C. 20006
JackK@whistleblower.org

Thad Guyer
Government Accountability Project
1612 K St., N.W., Ste. 1100
Washington, D.C. 20006
thad@guyerayers.com

> **Re:    Iovino v. Michael Stapleton Associates, Ltd.,** *Case No.: 5:21-cv-0064*
> **October 6, 2023 Errata Sheet**

Dear Nate, Jack, and Thad:

We received Nate's October 6, 2023 letter containing Karen Iovino's completed errata sheet for her September 6, 2023 deposition (the "Errata Sheet"). We re-read the deposition and re-watched the deposition video and are puzzled by the assertions Iovino makes in the Errata Sheet. My questions were clear. Dr. Iovino's answers were clear and made without hesitation.

Some of the changes Iovino makes in the Errata Sheet are incorrect, as the language included in the "now reads" section does not match with the page and line numbers provided. This occurs for the following changes:

- 36:21 – Page 36, Line 21 does not include the word "months."

- 56:9 – Page 56, Line 9 does not include the word "yes."

1

Other changes Iovino makes to her testimony in the Errata Sheet completely contradict her testimony. By way of example:

- 139:14 – Iovino changes the testimony from "me being" to "me not being." This completely contradicts her testimony. You did not provide reasoning for this contradictory change as required by Federal Rules of Civil Procedure Rule 30(e).

- 259:16 – Iovino changes the testimony from "yes" to "no." This completely contradicts her testimony. The "reasoning" you provide for making this change is that my line of questioning "became confusing." If you watch the video footage of Iovino's deposition, the line of questioning is not confusing and Iovino is not confused.

- 259:19 – Iovino changes the testimony from "no" to "yes." This completely contradicts her testimony. You did not provide reasoning for this contradictory change as required by Federal Rules of Civil Procedure Rule 30(e).

- 259:21 – Iovino changes the testimony from "correct" to "incorrect." This completely contradicts her testimony. You did not provide reasoning for this contradictory change as required by Federal Rules of Civil Procedure Rule 30(e).

The point of an errata sheet is to fix errors in the stated testimony, not to completely change the testimony with contradictory statements. Further, reasoning must be provided for any change, which you failed to do. In light of the substantive and contradictory changes Iovino made in the Errata Sheet, it is necessary to re-depose Iovino on these issues. Please provide dates and times that Iovino can be available for such a deposition. I anticipate it would take less than two hours.

If you have any questions, or would like to discuss this matter further, please do not hesitate to contact me.

Sincerely,

Daniel S. Ward

2