IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

**KAREN IOVINO,**

*Plaintiff and Counterclaim Defendant,*

v.

**Case No. 5:21-CV-00064-TTC**

**MICHAEL STAPLETON ASSOCIATES, LTD.**
d/b/a MSA SECURITY, INC.,

*Defendant and Counterclaim Plaintiff.*

_____

**PLAINTIFF'S OBJECTIONS AND COUNTER-DESIGNATIONS
TO DEFENDANT'S DEPOSITION DESIGNATIONS**

Pursuant to Federal Rule of Civil Procedure 32, the Court's Trial Order (ECF No. 260) at ¶ 3, and Local Rule 104.08(c), Plaintiff Karen Iovino respectfully submits the following Objections and Counter-Designations to the Deposition Designations Defendant Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc. ("MSA") filed on May 4, 2026 (ECF No. 346).

**I.    INTRODUCTION AND PRESERVATION OF RIGHTS**

1.    MSA's deposition designations identify excerpts from three deponents: (a) the U.S. Department of State Rule 30(b)(6) representative Sharon James, deposed February 26, 2026; (b) the U.S. Department of State Office of Inspector General Rule 30(b)(6) representative Jeffrey McDermott, deposed January 9, 2026; and (c) Nick Sabruno, deposed February 23, 2026.

2.    Plaintiff filed her own affirmative deposition designations on May 4, 2026 (ECF No. 353), encompassing seventeen designation blocks across fifteen deponents. Plaintiff's

1

affirmative designations include broad ranges of the James DoS 30(b)(6) deposition (7:8–50:5), the McDermott DoS-OIG 30(b)(6) deposition (13:15–107:24), and the Sabruno deposition (7:12–57:12). Each MSA-designated passage falls within a range Plaintiff has already designated affirmatively.

3.       Plaintiff objects to specific MSA designations on the grounds set forth in Section II below. Pursuant to Federal Rule of Evidence 106, Plaintiff also designates the counter-designations set forth in Section III, in addition to the broader affirmative designations Plaintiff has already filed at ECF No. 353. Plaintiff reserves all rights to interpose additional objections at trial as specific questions and answers are offered, and reserves the right to supplement these counter-designations as MSA narrows or expands its designations.

4.       Plaintiff's counter-designations submitted herein are filed in addition to, and without narrowing, Plaintiff's affirmative deposition designations at ECF No. 353. Nothing in this filing operates as a withdrawal, abandonment, or election against any portion of Plaintiff's affirmative designations. Plaintiff's affirmative designations remain in full force and may be played at trial independent of, and without limitation by, the counter-designations identified below.

5.       The James DoS 30(b)(6) and McDermott DoS-OIG 30(b)(6) testimony is governed by Touhy-restricted scope. Both witnesses were authorized to testify only on specific topics approved by the State Department. The Touhy approval letter for the DoS 30(b)(6) deposition was read into the record at James DoS 30(b)(6) Tr. 32:1–8 and limits the scope to "the department's general practice and policy of involvement or non-involvement in a contractor's employment decisions and any related information specifically concerning Dr. Iovino in 2017." Plaintiff's objections preserve these scope limitations.

## II.    OBJECTIONS TO MSA'S DESIGNATIONS

6.    Plaintiff interposes the following objections to MSA's deposition designations. Each objection is preserved on a question-by-question basis and incorporates by reference Plaintiff's prior Objections to MSA's Trial Exhibit List (ECF No. 356) and Trial Witness List (ECF No. 357) to the extent the same evidentiary issues arise. Plaintiff's objections are organized by witness and designation in the table below. Where Plaintiff both objects to and counter-designates the same passage, the counter-designation is identified in the objection and separately listed in the Counter-Designation table at Section III.

| Witness / Date | MSA Designation | Plaintiff's Objection(s) | Basis / Authority |
|---|---|---|---|
| James DoS 30(b)(6) 02/26/2026 | Tr. 32:18–25 | FRE 106; FRE 403 | Misleading without Touhy-scope context read into record at 32:1–8 limiting testimony to "general practice and policy." The probative value of an isolated policy answer is substantially outweighed by the danger of misleading the jury into believing DoS endorsed MSA's employment decisions regarding Dr. Iovino. Plaintiff counter-designates 32:1–8 and the surrounding colloquy. |
| James DoS 30(b)(6) 02/26/2026 | Tr. 33:1 | FRE 106; FRE 403 | Single-line designation is an incomplete sentence continuation from 32:25. Plaintiff counter-designates the complete sentence and the surrounding question/answer pair. |
| James DoS 30(b)(6) 02/26/2026 | Tr. 36:18–25 | FRE 106; FRE 403; FRE 602; FRCP 30(b)(6) scope | Foundation/personal knowledge as to MSA's decision-making process re part-time/full-time hours; FRCP 30(b)(6) scope re internal MSA HR decisions. Plaintiff counter-designates 36:1–17 (question context) and 37:1–3 (intervening |

| | | | colloquy). |
|---|---|---|---|
| James DoS 30(b)(6) 02/26/2026 | Tr. 37:4–12 | FRE 106; FRE 403 | Repetitive of 36:18–25 in isolation; misleading without surrounding context. Plaintiff counter-designates 37:13–25 (immediately following exchange recognizing Touhy-approved Exhibit 10). |
| James DoS 30(b)(6) 02/26/2026 | Tr. 43:13–22 | FRE 106; FRE 403; FRCP 30(b)(6) scope (topic re "discipline") | Misleading without context that the witness was answering pre-prepared, Touhy-approved general-policy answers. The probative value of a scripted discipline answer is substantially outweighed by the danger of misleading the jury about DoS's actual knowledge of MSA's personnel actions. FRCP 30(b)(6) scope objection preserved as to "discipline" topic. Plaintiff counter-designates 43:1–12 (question context) and 43:23–25 (questioner's acknowledgment with transition to next topic). |
| McDermott DoS-OIG 30(b)(6) 01/09/2026 | Tr. 79:1–105:15 (Cross by MSA) | FRE 802; FRE 805; FRE 602 (personal knowledge re MSA-internal facts); FRCP 30(b)(6) scope (testimony exceeds noticed topics 1–42 set forth in the OIG 30(b)(6) Notice) | Multi-layer hearsay re what MSA officials heard from third parties (kennel technicians, rumor sources). MSA-internal investigation conduct outside OIG's institutional knowledge—specifically, MSA's cross elicits testimony on MSA's internal investigation practices (Tr. 87:3–88:15, Requests 13–15), MSA's internal information flow through Josh Carter and Zane Roberts (Tr. 89:11–90:2), and MSA's basis for suspending Dr. Iovino (Tr. 94:8–96:5, Request 35)—topics on which OIG expressly declined to designate a deponent. Plaintiff counter-designates Plaintiff's direct examination at 13:15–78:25, including but not limited to |

4

| | | | |
|---|---|---|---|
| | | | 46:11–48:9 (Touhy-cabined exchange demonstrating scope limitations on the record) and 57:1–58:22 (OIG substantiation; Management Assistance Report finding MSA confidentiality agreement "contrary to the law"). To the extent MSA designates Tr. 86:13–25 and 87:1–2 as standalone excerpts independent of the 79:1–105:15 cross-examination block, Plaintiff's objections apply with equal force to each standalone designation. |
| McDermott DoS-OIG 30(b)(6) 01/09/2026 | Tr. 86:13–25 | FRE 802; FRE 805 ("several MSA officials told us that they heard rumors" at Tr. 86:23–25 is multi-layer hearsay); FRE 403 | Multi-layer hearsay re what MSA officials heard from third parties (Tr. 86:23–25: "several MSA officials told us that they heard rumors") is more prejudicial than probative given OIG never substantiated the rumor chain. Plaintiff counter-designates 86:1–12 (pre-question context, including the witness's reading from the report) and 87:1–25 to ensure the admission that "MSA never conducted a formal investigation" (Tr. 86:25–87:2) travels with MSA's designation; further counter-designates 105:16–106:15 for context on August 2017 timing. |
| McDermott DoS-OIG 30(b)(6) 01/09/2026 | Tr. 87:1–2 | FRE 106; FRE 403 | Two-line designation incomplete. Plaintiff counter-designates 87:3–25 (continuation re MSA's failure to investigate the alleged media-disclosure rumors). |
| Sabruno 02/23/2026 | Tr. 10:15–21 | FRE 106 (mandatory completeness); FRE 403; FRE 611 | MSA's six-line excerpt presents Sabruno's "not involved" denial in isolation. The probative value of an isolated denial is substantially outweighed by the danger of unfair prejudice when |

| | | | Sabruno separately characterized Plaintiff as a "rabble-rouser" (19:16–17) and identified Josh Carter as the source of complaints about Plaintiff (20:5–13). Plaintiff counter-designates 10:1–14 (vague-recollection context), 19:14–24 (Sabruno's pre-termination awareness of Plaintiff's OIG complaint and "rabble-rouser" characterization), and 20:5–13 (source identification: Josh Carter, program manager, and characterization of complaints as "ungrounded"). |
|---|---|---|---|

### III.    PLAINTIFF'S FRE 106 COUNTER-DESIGNATIONS

7.    Pursuant to Federal Rule of Evidence 106, if any portion of a deposition is introduced, an adverse party may require the introduction at the same time of any other part that, in fairness, ought to be considered at the same time. Plaintiff designates the following counter-designations to ensure that MSA's narrower excerpts are not received by the jury without the surrounding context, foundational testimony, or contradictory testimony necessary to fairly evaluate the designated material. As noted in ¶ 4 above, these counter-designations are filed in addition to, and without narrowing, Plaintiff's affirmative designations at ECF No. 353.

| Witness | MSA Designation | Plaintiff's Counter-Designation | FRE 106 Purpose |
|---|---|---|---|
| James DoS 30(b)(6) | 32:18–25 | 32:1–17 | Touhy approval letter limiting scope; precondition for the "general policy" answer that follows |
| James DoS 30(b)(6) | 33:1 | 33:2–25 | Completes the sentence and subsequent question/answer exchange re Topic 2 |
| James DoS 30(b)(6) | 36:18–25 | 36:1–17, 37:1–3 | Question that elicited the answer + technical interruption colloquy bracketing the testimony |

| | | | |
|---|---|---|---|
| James DoS 30(b)(6) | 37:4–12 | 37:13–25 | Counsel's subsequent exchange rescinding prior objection to Exhibit 10 — recontextualizes the "general policy" framing |
| James DoS 30(b)(6) | 43:13–22 | 43:1–12, 43:23–25 | Question setup (43:1–12) and questioner's acknowledgment with transition to next topic (43:23–25) |
| James DoS 30(b)(6) | (general) | 7:8–32:8, 38:1–50:5 (subsets of Plaintiff's affirmative designation at 7:8–50:5) | Provides comprehensive Touhy-cabined scope context; demonstrates the categorical limits placed on the witness's testimony, without which the "general policy" passages designated by MSA are misleading |
| McDermott DoS-OIG 30(b)(6) | 79:1–105:15 (MSA cross) | 13:15–78:25; 105:16–106:15 (subsets of Plaintiff's affirmative designation at 13:15–107:24) | Plaintiff's direct examination establishing OIG's institutional knowledge, the Management Assistance Report findings, and the substantiated nature of Plaintiff's complaints — necessary frame for any defense use of MSA's cross |
| McDermott DoS-OIG 30(b)(6) | 79:1–105:15 | 46:11–48:9 | Touhy-cabined exchange showing institutional limits on State Department testimony |
| McDermott DoS-OIG 30(b)(6) | 79:1–105:15 | 57:1–58:22 | OIG substantiation of Plaintiff's underlying disclosures and Management Assistance Report ESP-18-03 finding MSA's confidentiality agreement "contrary to the law" |
| McDermott DoS-OIG 30(b)(6) | 86:13–25 | 86:1–12; 87:1–25 | Pre-question context, including the witness's reading from the report (86:1–12); completion of the "MSA never conducted a formal investigation" admission (87:1–2) and the distinction between what MSA did and did not investigate (87:12–15) |
| McDermott DoS-OIG 30(b)(6) | 87:1–2 | 87:3–25 | Sentence and topic continuation |

| Sabruno | 10:15–21 | 10:1–14 | Pre-question context, including Sabruno's testimony about his vague recollection of Plaintiff's OIG complaint |
|---|---|---|---|
| Sabruno | 10:15–21 | 19:14–24 | Sabruno's pre-termination awareness of Plaintiff's OIG complaint — directly contradicts the "not involved" framing |
| Sabruno | 10:15–21 | 20:5–13 | Source identification (Josh Carter, program manager) and characterization of Plaintiff's complaints as "ungrounded" instigation — bears on motive and is necessary to evaluate the credibility of Sabruno's "not involved" answer at 10:21 |
| Sabruno | (general) | 7:12–57:12 (Plaintiff's affirmative designation at ECF No. 353) | Complete deposition body — already designated affirmatively |

## IV.    RESERVATION OF RIGHTS

8.      Plaintiff expressly reserves the right to: (i) interpose additional question-by-question objections at trial as MSA offers specific lines of testimony; (ii) object to counter-designations MSA may file in response to Plaintiff's affirmative designations (ECF No. 353); (iii) supplement these counter-designations as the trial record develops; (iv) move to exclude designations at the final pretrial conference on the basis of any forthcoming Court rulings on pending motions in limine; (v) raise scope objections under Federal Rule of Civil Procedure 30(b)(6) and the Touhy regulations governing the State Department witnesses; and (vi) play, at trial, Plaintiff's affirmative designations set forth at ECF No. 353 in their entirety, independent of and not limited by the counter-designations submitted herein.

Plaintiff further notes that the McDermott DoS-OIG 30(b)(6) deposition and the James DoS 30(b)(6) deposition were taken pursuant to Touhy approvals that limited the scope of authorized testimony. The OIG's Supplemental Response dated July 18, 2025, authorized

testimony only on Requests 3–6, 10, and 16–19 of Plaintiff's Amended Rule 30(b)(6) Notice, and expressly declined to provide a deponent on Requests 1–2 (contention interrogatories and Cathy Read's writings), 13–15 (MSA ownership and control), 20–31 (MSA's counterclaim), 32–34 ("inappropriate subjects"), 35 (Department influence on MSA discipline), and 36–37 (contractor confidentiality policies). MSA's cross-examination at Tr. 79–105 elicited testimony concerning MSA's internal investigation practices (Tr. 87:3–88:15), MSA's internal information dissemination through Josh Carter and Zane Roberts (Tr. 89:11–90:2), and MSA's basis for personnel actions against Dr. Iovino (Tr. 94:8–96:5)—subjects that fall within the scope of Requests 13–15 and 35, on which OIG expressly declined to provide a deponent. Plaintiff's counter-designations preserve those scope limitations as part of the trial record so that the Court and the jury may evaluate the designated testimony in its actual procedural context.

Respectfully submitted,
Dated: May 12, 2026

*Thad M. Guyer*
/s/ _____
Thad M. Guyer, Esq.
T.M. GUYER & FRIENDS, PC
116 Mistletoe Street, P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

Nate L. Adams III, Esq. (VSB No. 20707)
NATE L. ADAMS III, P.C.
11 South Cameron Street
Winchester, VA 22601
(540) 667-1330
nadams@nadamslaw.com

Counsel for Plaintiff Karen Iovino

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Daniel S. Ward, Esq.
Ryan C. Berry, Esq.
Chelsea A. Cruz, Esq.
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com
Counsel for Defendant MSA

*/s/ Thad M. Guyer*

_____

Counsel for Plaintiff

10