**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

**KAREN IOVINO,**

*Plaintiff and Counterclaim Defendant,*

v.

**Case No. 5:21-CV-00064-TTC**

**MICHAEL STAPLETON ASSOCIATES, LTD.**
d/b/a MSA SECURITY, INC.,

*Defendant and Counterclaim Plaintiff.*

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANT MSA'S MOTIONS IN LIMINE
NOS. 3 THROUGH 15**

**(ECF NOS. 318, 320, 322, 324, 326, 328, 330, 332, 334, 336, 338, 340, AND 342)**

**Contents**

I.   INTRODUCTION ................................................................................................. 3

II.  COMMON FRAMEWORK GOVERNING MSA'S MOTIONS ................................. 4

  A.   Motions in limine are disfavored and should be granted only when evidence is clearly inadmissible on all potential grounds.......................................................... 4

  B.   In limine rulings are provisional and the Court retains discretion to defer or revise. 4

  C.   FRE 401-403 balancing requires the full evidentiary context of the case. ............. 5

  D.   Atomized "shotgun" MIL packages are disfavored in federal practice. ................. 6

  E.   In the alternative, the Court should reserve ruling on each motion until trial. ....... 7

III. RESPONSES TO MSA'S MOTIONS IN LIMINE NOS. 3 THROUGH 15 ............... 8

  A.   MIL-06 (ECF 324): The pre-August 1, 2017 evidentiary cutoff is overbroad and contradicts Fourth Circuit and same-court authority. ................................................ 8

  B.   MIL-05 (ECF 322): MSA had full discovery-period notice of Christian Greene; lesser remedies suffice over death-penalty exclusion. ............................................. 10

  C.   MIL-13 (ECF 338): The October 2020 settlement and generator-procurement evidence are reasonable-belief corroboration; Rule 408 does not bar them. ........................... 13

  D.   MIL-04 (ECF 320): The OIG summaries are admissible under FRE 803(8)(A)(iii); MSA's brief omits Rule 803(8) entirely. ........................................................ 14

E.     MIL-09 (ECF 330): The Memmer Order limited discovery; it does not bar trial use of public records concerning the Virginia state-court suit. .................................. 16

F.     MIL-15 (ECF 342): ECF 25 expressly preserved the underlying factual evidence; only the stricken legal theories are barred. ................................................................ 17

G.     MIL-03 (ECF 318): The kitchen-sink relevance motion should be addressed exhibit by exhibit; Plaintiff opposes in part and concedes selectively. .................................... 18

H.     MIL-10 (ECF 332): PX-049 and PX-050 are admissible as § 4712 reasonable-belief context; Lancaster and Olech merits proof is conceded under Rule 403........................ 19

I.     MIL-14 (ECF 340): ISOA evidence is bias and motive evidence under Carr Factor 2.     20

J.     MIL-11 (ECF 334): Plaintiff concedes 2023 shooting and wrongful-death evidence; pre-Aug. 18, 2017 Bowen-related conduct is preserved. ........................................ 21

K.     MIL-12 (ECF 336): Plaintiff defends personnel and event-packet compilations; concedes per-exhibit reorganization for heterogeneous bundles. ............................................ 22

L.     MIL-07 (ECF 326): Plaintiff's contemporaneous notes are authenticatable under FRE 901(b)(1); metadata goes to weight, not admissibility. ...................................... 23

M.     MIL-08 (ECF 328): PX-031 supports Plaintiff's reasonable belief; MSA's spoliation theory misrepresents the cited deposition testimony. ............................................ 24

IV. CONCLUSION ..................................................................................................... 25

Plaintiff Karen Iovino, by counsel, opposes the thirteen Motions in Limine Defendant MSA filed on May 4, 2026 (ECF Nos. 318, 320, 322, 324, 326, 328, 330, 332, 334, 336, 338, 340, 342). Plaintiff respectfully requests denial of each motion in whole or in part, or in the alternative, deferral of ruling until trial when relevance, foundation, and Rule 403 balance can be assessed in the full evidentiary context.

## I.  INTRODUCTION

1.MSA filed thirteen separate motions in limine on May 4, 2026, seeking pretrial exclusion of substantial portions of Plaintiff's trial proof, defenses, and witness testimony. Plaintiff opposes the package through this consolidated submission.

2.The thirteen motions are interlocking, not independent. MIL-06 imposes a temporal cutoff that is the structural predicate for MILs 13, 15, and parts of 03 and 09. MIL-04 attacks the documentary form of evidence whose substance underlies MILs 03, 13, and 14. MIL-05 targets damages testimony whose disclosure history is the subject of a separate factual record.

3.Plaintiff respectfully advances three propositions. First, motions in limine should be granted only when challenged evidence is clearly inadmissible on every potential ground—a standard not met here. Second, FRE 401-403 balancing and the foundational determinations under FRE 803, 901, and 1006 turn on the full factual context at trial. Third, atomized "shotgun" motion practice is disfavored.

4.      The Court has applied these principles in this case's most directly comparable in limine ruling: "[w]ithout hearing the potential questions or testimony, the court cannot rule on relevancy (or undue prejudice) and will accordingly defer consideration of this separate issue until trial." Hollenbeck v. Trikilis, No. 7:19-cv-00676, slip op. at 12 n.6 (W.D. Va. June 22, 2021) (Cullen, J.).

5. Section II sets forth the common framework that applies to each motion. Section III responds to each motion in turn. Section IV concludes.

## II.   COMMON FRAMEWORK GOVERNING MSA'S MOTIONS

### A.   <u>Motions in limine are disfavored and should be granted only when evidence is clearly inadmissible on all potential grounds.</u>

6.      A motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." United States v. Verges, No. 1:13-cr-00222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014); accord United States v. Dumire, No. 7:15-cr-00098 (W.D. Va. Aug. 26, 2016).

7. The reason is structural: a court is "almost always better situated during the actual trial to assess the value and utility of evidence." Verges, 2014 WL 559573, at *3. Accordingly, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence when they arise." Id.; accord Centripetal Networks, LLC v. Palo Alto Networks, Inc., No. 2:21-cv-00137, slip op. at 4-5 (E.D. Va. Jan. 9, 2024).

8. Each of MSA's thirteen motions seeks the broad-category relief federal courts reserve for the rare case. MIL-03 attacks sixteen exhibits as a single block; MIL-12 attacks eleven compilations; MIL-04 attacks six OIG summaries plus the State Department's Rule 30(b)(6) deposition; MIL-06 imposes an outright temporal bar. None meets the clearly-inadmissible standard.

### B.   <u>In limine rulings are provisional and the Court retains discretion to defer or revise.</u>

9.      The Fourth Circuit recognizes that in limine rulings produce only provisional determinations. "[T]he district judge is free, in the exercise of sound judicial discretion, to alter a

4

previous in limine ruling," and a party cannot rely on it as "settled law of the case." United States

v. Young, 916 F.3d 368, 386 (4th Cir. 2019). Only a "clearly and definitively" decided ruling

preserves the issue without renewal at trial. United States v. Lighty, 616 F.3d 321, 360 (4th Cir.

2010).

10.The same principle has Supreme Court anchoring. A reviewing court is "handicapped

in any effort to rule on subtle evidentiary questions outside a factual context," and an in limine

ruling is "subject to change when the case unfolds." Luce v. United States, 469 U.S. 38, 41

(1984); accord United States v. Siegel, 536 F.3d 306, 318 (4th Cir. 2008) (district court rulings

"preliminary and could change as the trial progressed").

11.The Court applied this principle directly in Hollenbeck. Without trial testimony, the

Court could not rule on relevance or undue prejudice and deferred consideration until trial.

Hollenbeck, slip op. at 12 n.6. The same disposition is appropriate for each of MSA's thirteen

motions, in whole or in part.

### C.   FRE 401-403 balancing requires the full evidentiary context of the case.

12.The Supreme Court's controlling articulation of FRE 403 confirms that the rule's

balancing function depends on context that does not exist before trial. Probative value must be

assessed by comparing the proffered evidence to "actually available substitutes" in "the full

evidentiary context of the case as the court understands it when the ruling must be made." Old

Chief v. United States, 519 U.S. 172, 184 (1997).

13.Old Chief defined "unfair prejudice" as the risk that evidence will "lure the factfinder

into declaring guilt on an improper basis rather than on proof specific to the offense charged." Id.

at 180. The Fourth Circuit adopted that contextual framework in civil cases. Carnell Construction

Corp. v. Danville Redevelopment & Housing Authority, 745 F.3d 703, 729 (4th Cir. 2014) (Rule

403 "requires more than a determination that the evidence is relevant"; the court must evaluate need "in the full evidentiary context of the case").

14.Rule 403 does not target ordinary hurt from strong proof; "damage to a defendant's case is not a basis for excluding probative evidence." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009); accord In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990) (Rule 403 is "a trial-oriented rule"; "[p]recipitous Rule 403 determinations" are "unfair and improper").

15.MSA's motions advance Rule 403 arguments that cannot be evaluated without the trial record. MIL-06 contends pre-Aug. 2017 evidence is unfairly prejudicial; MIL-13 contends the October 2020 third-party government settlement is unfairly prejudicial; MIL-03 contends comparator records are unfairly prejudicial; MIL-04 contends the OIG summaries are unfairly prejudicial. Each rests on speculation about Plaintiff's trial use.

**D.   <u>Atomized "shotgun" MIL packages are disfavored in federal practice.</u>**

16.Federal courts reject the atomized broad-category MIL practice MSA's filings represent. Addressing a thirteen-category package, one court criticized the "shotgun approach" and required that "[m]otions in limine shall be consolidated into a single filing" with "only disputed issues." Bales v. State Farm Fire & Cas. Co., No. 5:22-cv-00851, slip op. at 3 (W.D. Okla. Aug. 16, 2024).

17.Other federal courts have taken the same approach. Cotton v. City of Eureka, No. 4:08-cv-04386, slip op. at 1 (N.D. Cal. Sept. 2, 2010) (struck separately filed MILs and required refiling in single memorandum); Jacques v. Bank of America Corp., No. 1:12-cv-00821, slip op. at 2 (E.D. Cal. Jan. 19, 2016) ("parties shall not file separate motions in limine for every issue");

Flax v. Quitman County Hosp., No. 2:09-cv-00101, slip op. at 13 (N.D. Miss. Aug. 16, 2011) ("disfavors and has often stricken 'shotgun' motions").

18.Motions in limine should address "specific items of testimony or evidence, not… expansive categories of evidence," with broad classes deferred until trial so foundation, relevance, and prejudice can be assessed "in proper context." Williams v. City of Philadelphia, No. 2:17-cv-02697, slip op. at 11 (E.D. Pa. Jan. 15, 2023). MILs that "merely ask the Court to apply the law or the Federal Rules of Evidence" are likewise disfavored. Stewart v. Johnson, No. 5:18-cv-00037, slip op. at 3 (S.D. Ga. July 21, 2021).

E.    **In the alternative, the Court should reserve ruling on each motion until trial.**

19.Federal courts in retaliation, employment, and FCA cases regularly defer in limine rulings until trial. Lewis v. Louisiana State University, No. 3:21-cv-00198, slip op. at 4 (M.D. La. Dec. 4, 2023) (employment retaliation); Corley v. State of Louisiana, No. 3:06-cv-00882, slip op. at 8 (M.D. La. Oct. 17, 2011) ("better course is to determine whether the exhibit is admissible if and when the plaintiff attempts to offer it").

20.    The same disposition has been applied in workplace discrimination and FCA contexts. "[U]ntil specific evidence and testimony are offered at trial, this Court cannot properly determine admissibility under Rules 402 or 403." Gainer v. UAW Region 9, No. 1:08-cv-00501, slip op. at 3 (W.D.N.Y. Sept. 13, 2019); United States v. Halifax Hosp. Med. Ctr., No. 6:09-cv-01002, slip op. at 3 (M.D. Fla. June 19, 2014) ("Denied without prejudice and reserved for trial").

21.Plaintiff's case is a § 4712 contractor-whistleblower retaliation claim. To the extent the Court is not inclined to deny one or more of MSA's motions outright, Plaintiff requests that

the Court reserve ruling until the trial record provides context for FRE 403 balancing, FRE 401

relevance, and the foundational determinations under FRE 803, 901, and 1006.

**III.    RESPONSES TO MSA'S MOTIONS IN LIMINE NOS. 3 THROUGH 15**

    **A.    <u>MIL-06 (ECF 324): The pre-August 1, 2017 evidentiary cutoff is overbroad and
contradicts Fourth Circuit and same-court authority.</u>**

22.    MSA's MIL-06 seeks an order excluding all evidence "prior to August 1, 2017,"

the date MSA itself contests on the merits. ECF 324 at 5. The motion would resolve four

contested merits questions in MSA's favor pretrial: the timing and content of Plaintiff's protected

disclosures, MSA's institutional awareness, MSA's compliance practices, and the damages

baseline.

23.MSA's premise that pre-disclosure conduct is categorically irrelevant is wrong. Under

§ 4712 and the incorporated burdens of 5 U.S.C. § 1221(e), Plaintiff's prima facie case requires

proof that her disclosure was a contributing factor—"any factor . . . [that] tends to affect in any

way" the outcome. Feldman v. Law Enforcement Associates Corp., 752 F.3d 339, 348 (4th Cir.

2014). Once knowledge plus reasonable temporal proximity is shown, "no further nexus need be

shown." Kewley v. HHS, 153 F.3d 1357, 1362 (Fed. Cir. 1998); Carr v. SSA, 185 F.3d 1318,

1323 (Fed. Cir. 1999).

24.MSA's August 1, 2017 "knowledge" date is itself contested, not stipulated. The State

Department's Rule 30(b)(6) designee confirmed institutional approval of Read's dissemination of

Plaintiff's OIG complaint. James DoS 30(b)(6) Tr. 33:14-18. Read transmitted Plaintiff's

communication to Sharon James on July 31, 2017—one day before MSA's claimed knowledge

date. Read Tr. 19:14-18. Sabruno separately confirmed his earlier awareness of the complaint

and Carter's "rabble-rouser" characterization. Sabruno Tr. 10:1-3, 19:14-24, 20:5-13. The date of MSA's knowledge is a jury question.

25. The Fourth Circuit's controlling authority is Buckley v. Mukasey. There, the Fourth Circuit reversed a district court's exclusion of pre-act background evidence and held that retaliation claims based on prior protected activity are "inextricably linked to past acts of discrimination," with prior-act evidence admissible under FRE 401 and 404(b) for motive and intent. 538 F.3d 306, 317-18 (4th Cir. 2008). Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1133 (4th Cir. 1988), reaffirms that prior acts "should be admitted where necessary to show state of mind."

26. FRE 406 cuts the other way from MSA's framing. Rule 406 makes evidence of "an organization's routine practice" admissible to prove conformity with the practice on a particular occasion. Fed. R. Evid. 406. The Fourth Circuit recently confirmed Rule 406's affirmative-admissibility scope. Howard v. City of Durham, 68 F.4th 934, 957-58 (4th Cir. 2023). Pre-2017 evidence of how MSA handled compliance issues is directly probative of pretext under the Carr factors.

27. Same-court authority confirms the rule. King v. Pulaski County School Board, 195 F. Supp. 3d 873, 885 (W.D. Va. 2016) (temporal proximity and pre-disclosure context are jury questions); Scott v. Montgomery County School Board, 963 F. Supp. 2d 544, 558-59 (W.D. Va. 2013) (denied summary judgment on retaliation claim despite pre-disclosure performance concerns). Both decisions recognize that pre-disclosure conduct is part of the trial record.

28. The damages baseline argument independently defeats MSA's motion. Plaintiff's pre-retaliation status, performance, and trajectory establish the baseline for compensatory damages. Excluding pre-Aug. 1, 2017 evidence categorically would prevent Plaintiff from establishing the

required "before." The April 2017 CEO commendation MSA itself issued is one such piece of pre-cutoff baseline evidence. Goss Tr. 37:11-13.

29. MIL-06 should be denied. To the extent the Court considers any narrowing, deferral is appropriate, with use-specific objections at trial as discrete pieces of pre-2017 evidence are offered. Hollenbeck, slip op. at 12 n.6.

## B. MIL-05 (ECF 322): MSA had full discovery-period notice of Christian Greene; lesser remedies suffice over death-penalty exclusion.

30. MSA's MIL-05 seeks to exclude Plaintiff's treating clinician Christian Greene, LICSW, the clinical file (PX-057, 302 pages), and any reference by Plaintiff's expert Dr. Hankins to Greene's records. ECF 322. The motion fails on three independent grounds: Greene is a treating provider not subject to the full Rule 26(a)(2)(B) report requirement; MSA had full disclosure-period notice; and Rule 37(c)(1) does not require automatic exclusion where lesser remedies suffice.

31. Greene falls outside the full Rule 26(a)(2)(B) requirement. Treating providers are "not ordinarily required to provide Rule 26(a)(2)(B) reports because they are not typically retained or specially employed," and Rule 26(a)(2)(C) is "considerably less extensive." Kristensen v. Spotnitz, No. 3:09-cv-00084, slip op. at 3, 5 (W.D. Va. June 3, 2011); accord Timpson v. Anderson County Disabilities, 31 F.4th 238, 261 (4th Cir. 2022); Ritchie v. Gunden, No. 3:24-cv-00006, slip op. at 4-6 (W.D. Va. Sept. 17, 2024).

32. MSA had actual notice of Greene during discovery. MSA's counsel personally examined Plaintiff at length about Greene by name during her deposition. Iovino Vol I Tr. 264:8 ("Do you know who Christian Greene is?"); 264:11-14 (Plaintiff: "She's the social worker,

counselor I'm speaking to on a . . . bimonthly . . . basis."); 265:11-22 (PTSD damages); 266:1-13 (causation testimony).

33. MSA's notice is multi-channel. Hankins's expert report identified Greene by name and credentials and incorporated her records. Hankins Report at 7, 22 (May 21, 2023). Greene's records were produced as PX-057 (302 pages). MSA examined Plaintiff about email correspondence between Plaintiff, Greene, and Hankins regarding litigation-coordination of records. Iovino Vol I Tr. 266:21-22, 284:8-285:7.

34. Rule 37(c)(1) does not mandate exclusion. The Fourth Circuit five-factor harmlessness analysis turns on (1) surprise, (2) ability to cure, (3) trial disruption, (4) importance, and (5) explanation. Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); accord Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011). The court "retains broad discretion" to impose "other appropriate sanctions" instead of exclusion. Webber v. Virmani, M.D., No. 5:18-cv-00042, slip op. at 5 (W.D. Va. Mar. 4, 2019).

35. Each Southern States factor weighs against exclusion. On surprise, the information was "made known to the other parties during the discovery process or in writing." W.C. English, Inc. v. Rummel, Klepper & Kahl, LLP, No. 6:17-cv-00018, slip op. at 8 (W.D. Va. Feb. 3, 2020). On ability to cure, MSA could have deposed Greene during the discovery period. Khadim v. Laboratory Corp. of America, 838 F. Supp. 2d 448, 480 (W.D. Va. 2011) (refused to strike where opponent declined offers to redepose).

36. The remaining factors confirm the analysis. Trial disruption is minimal where records are produced and the witness's role has been examined. Greene's testimony goes to a core element—emotional distress and PTSD damages. And Greene was retained for treatment in June

2022, after Plaintiff's initial Rule 26(a)(1) disclosures, with treatment-based opinions reflected in records that were timely produced.

37. Same-court authority on remedy. The Court has previously rejected automatic exclusion of treating providers where lesser remedies suffice. Tharpe v. Lawidjaja, 8 F. Supp. 3d 743, 794 (W.D. Va. 2014) (denied late motion to exclude; opponent could challenge "the expanse of his expertise, and the scope and admissibility of some or all of his testimony, at trial"); Kristensen, slip op. at 5-6 (declined exclusion; ordered supplemental Rule 26(a)(2)(C) disclosure as the lesser remedy); accord Bresler v. Wilmington Trust Co., 855 F.3d 178, 191 (4th Cir. 2017) (admission of untimely expert material affirmed as harmless).

38. PX-057 has independent admissibility paths regardless of Greene's witness status. The clinical records are admissible as business records under FRE 803(6) and as statements made for medical diagnosis or treatment under FRE 803(4). MSA's blanket request to exclude the entire 302-page file is independently overbroad.

39. Hankins is a separately qualified retained expert who reviewed Plaintiff's records and reached his own opinions. Two qualified experts reaching the same conclusion is corroboration, not impermissible "echoing" under Tokio Marine. Reliance on prior records is standard expert practice under FRE 703.

40. MIL-05 should be denied. To the extent the Court finds any deficiency in disclosure, the appropriate remedy is the lesser remedy in Kristensen and Tharpe: supplemental disclosure (which Plaintiff is prepared to provide) and, if MSA elects, a deposition of Greene at Plaintiff's expense.

    C.   **<u>MIL-13 (ECF 338): The October 2020 settlement and generator-procurement
evidence are reasonable-belief corroboration; Rule 408 does not bar them.</u>**

41.     MSA's MIL-13 seeks to exclude evidence of the generator-procurement

irregularities Plaintiff disclosed (FAC ¶¶ 61(9), 68), a related October 2020 settlement between

MSA or affiliate and the United States Government, the DoS OIG case summaries, and the

McDermott Rule 30(b)(6) excerpts. ECF 338. The motion is doctrinally misconceived.

42. Reasonable belief is an element of the § 4712 protected-disclosure analysis. The

statute defines a protected disclosure as information the employee "reasonably believes is

evidence of" gross mismanagement, gross waste, abuse of authority, or violation of law related to

a federal contract. 41 U.S.C. § 4712(a)(1); DuPage Regional Office of Education v. EDUC, 58

F.4th 326, 336 (7th Cir. 2023). The objective test asks whether "a disinterested observer with

knowledge of the essential facts known to and readily ascertainable by the employee" could

reasonably so conclude. Kahn v. DOJ, 618 F.3d 1306, 1313 (Fed. Cir. 2010).

43. Corroborating evidence is admissible to establish reasonable belief. "Corroborative

evidence is relevant to reasonable belief if it was known to, or readily ascertainable by, the

employee at the time of the disclosure; what matters is not hindsight truth, but the factual

universe available to the whistleblower when she spoke." Baca v. Department of Army, 983 F.3d

1131, 1144 (10th Cir. 2020). The McDermott testimony confirms OIG substantiation of

Plaintiff's disclosures and the Management Assistance Report finding MSA's confidentiality

agreement "contrary to the law." McDermott Tr. 57:1-58:22.

44.     Rule 408 does not bar the October 2020 settlement. Rule 408 applies to

compromise offers "to prove or disprove the validity or amount of a disputed claim." Fed. R.

Evid. 408. The October 2020 settlement involved a different contracting party and a different

claim. Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 770 (10th Cir. 1997) (Rule 408 "does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated"); Dahlgren v. First National Bank, 533 F.3d 681, 700 (8th Cir. 2008).

45. Independent of the different-claim rule, the Fourth Circuit recognizes the "other purpose" exception. Johnson v. Hugo's Skateway, 974 F.2d 1408, 1414-15 (4th Cir. 1992) (en banc) (consent decree admitted not to prove truth of settled allegations but to show motive and intent); Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 137-38 (2d Cir. 2008) (EEOC consent decree admitted to show defendant's awareness of legal obligations).

46. MIL-13 should be denied. A limiting instruction directing the jury to consider the settlement only for reasonable-belief and motive purposes—not as substantive proof of MSA's liability—is the appropriate trial-stage tool if needed.

### D. MIL-04 (ECF 320): The OIG summaries are admissible under FRE 803(8)(A)(iii); MSA's brief omits Rule 803(8) entirely.

47. MSA's MIL-04 seeks to exclude six OIG investigative summaries (PX-035 through PX-040), the State Department's Rule 30(b)(6) deposition excerpts (PX-042), and a demonstrative (DX-01) on hearsay grounds. ECF 320. MSA's brief does not address—and Plaintiff's evidence is admissible under—the public-records exception of FRE 803(8)(A)(iii).

48. Rule 803(8)(A)(iii) admits records of public offices setting out "factual findings from a legally authorized investigation." The Supreme Court has held that the rule covers opinions and conclusions "flow[ing] from a factual investigation," subject to a trustworthiness inquiry assessed against four non-exclusive factors: timeliness, investigator skill, hearing procedures, and possible bias. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167 n.11, 169-70 (1988).

49. The Fourth Circuit treats Rule 803(8) as an admissibility rule. Once the report falls within the rule, "the burden is on the party opposing admission to demonstrate that the report is not reliable." Ellis v. International Playtex, Inc., 745 F.2d 292, 301 (4th Cir. 1984). "[T]he admissibility of a public record specified in the rule is assumed as a matter of course." Zeus Enterprises, Inc. v. Alphin Aircraft, Inc., 190 F.3d 238, 241 (4th Cir. 1999). Inability to cross-examine the report author is not a basis for exclusion. Distaff, Inc. v. Springfield Contracting Corp., 984 F.2d 108, 111 (4th Cir. 1993). MSA makes no trustworthiness argument.

50. OIG-specific authority confirms admissibility. "[I]t appears that the OIG report would be admissible as a public report under Federal Rule of Evidence 803(8)." Czekalski v. Peters, 475 F.3d 360, 364 (D.C. Cir. 2007). The same case held that statements made to OIG investigators and recited in the report "would be admissible as admissions by a party-opponent under Rule 801(d)(2)." Id.

51. The inner layer is admissible under FRE 801(d)(2)(D). The Fourth Circuit applies that rule to any statement "concerning a matter within the scope of the agency or employment." United States v. Brothers Construction Co. of Ohio, 219 F.3d 300, 311 (4th Cir. 2000); EEOC v. Watergate at Landmark Condominium, 24 F.3d 635, 639-40 (4th Cir. 1994) ("significant involvement in the decisional or operative process" suffices). The OIG-interviewed MSA agents—Bower, Ratcliff, Deegan, Goss, Roberts—each held positions with significant involvement in the personnel decisions.

52. The Fourth Circuit's Rule 805 framework requires each layer to independently qualify. United States v. Portsmouth Paving Corp., 694 F.2d 312, 322 (4th Cir. 1983); Precision Piping & Instruments, Inc. v. E.I. du Pont, 951 F.2d 613, 619 (4th Cir. 1991). Plaintiff's structure meets that requirement: Layer 1 under FRE 803(8)(A)(iii); Layer 2 under FRE 801(d)(2)(D).

15

53.    The James DoS Rule 30(b)(6) testimony (PX-042) is admissible against the Department under FRE 801(d)(2)(C) and (D), and against MSA in this proceeding for the institutional contradictions it preserves: the Department's three-times-repeated testimony that DoS "is not involved" in contractor employment decisions. James DoS 30(b)(6) Tr. 36:6-8, 37:5-12, 43:20-22.

54.MIL-04 should be denied. The OIG summaries are admissible under Rule 803(8)(A)(iii) with embedded MSA-agent statements admissible under Rule 801(d)(2)(D). The DX-01 demonstrative's admissibility depends on the underlying evidence and should be addressed at trial against the actual presentation.

E.    **MIL-09 (ECF 330): The Memmer Order limited discovery; it does not bar trial use of public records concerning the Virginia state-court suit.**

55.MSA's MIL-09 seeks to exclude all trial evidence concerning the Virginia state-court suit MSA itself filed against Plaintiff (MSA v. Iovino, Va. Cir. Ct. Arlington Cnty., No. CL 19-901, non-suited Aug. 2020), including PX-058 (the Verified Complaint). ECF 330. The motion attempts to convert the Memmer Order into an evidentiary bar at trial.

56.The Memmer Order is unambiguous. It addresses MSA's motion under Rule 26(c)(1) and limits "discovery regarding" the state-court case. ECF 239 at 1. The operative paragraph confines the prohibition to discovery: "the parties are prohibited from questioning deponents or seeking further discovery regarding the filing of the Virginia State Court Litigation or communications between MSA, DoS, and/or DoS OIG regarding MSA's submission of the complaints and summons." ECF 239 at 11. The Order does not address trial use of public records.

16

57.     The state-court suit is a discrete retaliatory adverse action. PX-058 is the Verified Complaint MSA filed in March 2019—after Plaintiff's termination, after the OIG investigation began, on claims ultimately non-suited. The filing of a meritless lawsuit against a whistleblower is itself a recognized form of retaliation, going to the retaliatory acts themselves, damages, MSA's state of mind, and pretext.

58.     Public records are admissible as a matter of course. PX-058 is a publicly filed document of the Arlington County Circuit Court—admissible under FRE 803(8) and self-authenticating under FRE 902. Hartley acknowledged her July 27, 2018 statement was prepared during the litigation period "for the benefit of the lawyers." Hartley Tr. 47:11-48:7. Bower's exhibits include the July 2018 Houston/Harshberger memos and the October 2019 DoS Final Determination, establishing the post-departure document timeline overlapping the Arlington filing.

59.MIL-09 should be denied. ECF 239 limited discovery, not trial evidence. Trial-time concerns about specific use can be addressed through evidentiary objections when offered.

**F.   <u>MIL-15 (ECF 342): ECF 25 expressly preserved the underlying factual evidence; only the stricken legal theories are barred.</u>**

60.     MSA's MIL-15 seeks to exclude reference to subject matter of paragraphs 122-134, 164, and 165 of the original Complaint, struck by ECF 25 as alternate legal theories. ECF 342. The motion conflates a pleading ruling under Rule 12 and an evidentiary ruling under the Federal Rules of Evidence.

61.     ECF 25 expressly preserved the underlying facts. The Court analyzed five paragraph categories and denied MSA's motion as to four. ECF 25 at 14-18. Only "Alternate Theories of Recovery" (paragraphs 122-134, 164, 165) was stricken. ECF 25 at 18-22. As to that

fifth category, the Court held: "Iovino's internal complaints, and MSA's responses to the same, are factual allegations reasonably related to her Agency Filing and upon which she is entitled to take discovery and present evidence." ECF 25 at 21.

62. ECF 25's preservation language is express. The stricken legal theories are barred at trial. But the Court reserved Plaintiff's right "to take discovery and present evidence" of the underlying facts. ECF 25 at 21. MSA's MIL-15 attempts to extend the legal-theory bar into a categorical evidentiary bar—a request the Court itself foreclosed in the very order MSA invokes.

63. The deposition record corroborates the underlying events. Hartley confirmed her LVT licensure in 2016 and denied an alcohol problem during the period Plaintiff worked with her. Hartley Tr. 15:3-9. Ratcliff confirmed his July 2019 declaration paragraphs as accurate. Ratcliff Tr. 31:18-32:23. Hayes confirmed he received no complaints from MSA staff about Plaintiff. Hayes Tr. 29:15-18. Each is admissible under ECF 25's express preservation.

64. MIL-15 should be denied as to underlying factual evidence. Plaintiff is bound by ECF 25's bar on the stricken legal theories and does not seek to revive them. The point is narrow: the stricken theories do not pull the underlying facts with them.

### G. MIL-03 (ECF 318): The kitchen-sink relevance motion should be addressed exhibit by exhibit; Plaintiff opposes in part and concedes selectively.

65. MSA's MIL-03 attacks sixteen exhibits and demonstratives as a single block. ECF 318. Federal courts disfavor exactly this style of broad-category challenge. Williams, slip op. at 11. Plaintiff addresses MSA's challenges in three groups: defended in full, defended with concession, and conceded.

66. Defended in full. PX-020, PX-021, and DX-04 (Houston/Hartley discipline records and comparator demonstrative) are admissible Carr Factor 3 comparator evidence. Carr, 185

18

F.3d at 1323. PX-043 and PX-048 (DoS OIG ESP-19-06 and GAO Report on Federal Working Dogs) are post-disclosure corroboration of reasonable belief under § 4712. Baca, 983 F.3d at 1144. PX-046 (Congressional correspondence) is protected-activity context. PX-058 (state-court Verified Complaint) is a discrete retaliatory adverse action. See § III.E supra.

67. Defended with concession on form, not substance. PX-049 and PX-050 (FLSA class action and USPS settlement records) are admissible as § 4712 reasonable-belief context under Hugo's Skateway and Brady. Plaintiff concedes the Rule 408 compromise terms themselves should not be offered for the truth of settled allegations; the underlying organizational-compliance facts and non-liability purposes (motive, reasonable belief, regulatory standing) remain admissible.

68. Conceded in part. PX-060 (MSA Pre-Litigation EEOC Mediation Position Statement) is conceded as a confidential ex parte settlement communication within Rule 408; the underlying facts referenced are independently corroborated and admissible from independent sources. PX-047 (Public Law 118-195) is conceded; judicial notice is sufficient if needed.

69. PX-012, PX-023, PX-024, PX-045, DX-01, and the remaining items have independent grounds for admissibility under FRE 401-402 and FRE 803(8)(A)(iii) where applicable. MSA's request for single-block exclusion should be denied; the Court should permit case-by-case objections at trial.

### H. MIL-10 (ECF 332): PX-049 and PX-050 are admissible as § 4712 reasonable-belief context; Lancaster and Olech merits proof is conceded under Rule 403.

70. MSA's MIL-10 seeks to exclude four categories of other MSA litigation: Lancaster, Olech, the FLSA Class Action, and the USPS/McWilliams/Gomez settlement. ECF 332. PX-049 and PX-050 are admissible as § 4712 reasonable-belief context and motive

evidence. Lancaster and Olech are pending; Plaintiff concedes Rule 403 mini-trial concerns warrant their exclusion as merits proof.

71.PX-049 and PX-050 fall squarely within the reasonable-belief and motive-evidence framework. The FLSA action concerns MSA's organizational compliance culture—relevant if MSA puts its compliance program at issue (as it does in MIL-05 and MSJ filings). The USPS settlement involved retaliation claims by other MSA whistleblowers—evidence of MSA's regulatory standing and motive. Both are admissible under FRE 404(b)(2) for motive, intent, plan, and absence of mistake. Hugo's Skateway, 974 F.2d at 1414-15.

72.MIL-10 should be denied as to PX-049 and PX-050. Plaintiff concedes the merits of Lancaster and Olech are not appropriate trial proof under FRE 403, but reserves the right to reference those proceedings for limited purposes (e.g., counsel's parallel representation) where probative.

## I.   MIL-14 (ECF 340): ISOA evidence is bias and motive evidence under Carr Factor 2.

73.     MSA's MIL-14 seeks to exclude all evidence of the International Stability Operations Association (ISOA), including memberships, board roles, summits, and any social or professional interaction at ISOA events between Goss and DoS officials Read and James. ECF 340. ISOA evidence is bias, motive, and contributing-factor evidence under Carr Factor 2.

74.The deposition record establishes the contractor-government channel reflected in ISOA. Read testified MSA along with "about 200 other contractors between DoD and state, worked in . . . an organizational aspect called 'ISOA,'" with DoS personnel "interact[ing] with ISOA on a regular basis." Read Tr. 17:18-18:8. Goss confirmed the same: he had "known [Read] from industry for a number of years." Goss Tr. 21:6-22:12, 23:1-5.

75. The institutional consequence is significant. Goss confirmed that he submitted reports about Plaintiff to Anna Garcia and that the Read submission was processed through the same channel. Goss Tr. 23:13-21. Read's institutional dissemination through DoS hierarchy is independently documented. Read Tr. 19:14-18. Network-mapping is how coordinated retaliation gets proved.

76. MIL-14 should be denied. A limiting instruction tying the ISOA evidence to motive and bias only—not to substantive liability proof—is the appropriate management tool if the Court has any concern about jury misuse.

**J.    MIL-11 (ECF 334): Plaintiff concedes 2023 shooting and wrongful-death evidence; pre-Aug. 18, 2017 Bowen-related conduct is preserved.**

77.    MSA's MIL-11 seeks to exclude evidence concerning the 2023 Carter Action wrongful-death suit (CL25-275), pending criminal matters against Jason Bowen, and testimony from Jennifer Carter, Bowen, Tammy Bowen, and Investigator Edwards. ECF 334. Plaintiff concedes the 2023 shooting and wrongful-death details are subject to Rule 403 spillover concern and should not be substantive trial proof.

78. Plaintiff preserves a narrow carve-out for contemporaneous (pre-August 18, 2017) Bowen-related conduct that bears on MSA's institutional practices or notice. Hartley's deposition references "Jason Bowen" as one of multiple interviewers on her hiring panel. Hartley Tr. 14:10-14. Plaintiff also preserves the McDermott Touhy-cabined exchange (Tr. 46:11-48:9) as institutional-coordination record evidence; the State Department's instruction not to answer is itself probative of the structural difficulty in compelling DoS testimony.

21

79.     MIL-11 should be granted as to the 2023 shooting and wrongful-death details, and denied as to contemporaneous (pre-August 18, 2017) Bowen-related conduct bearing on MSA's institutional practices and notice.

### K.   MIL-12 (ECF 336): Plaintiff defends personnel and event-packet compilations; concedes per-exhibit reorganization for heterogeneous bundles.

80.     MSA's MIL-12 attacks eleven of Plaintiff's compilation exhibits under FRE 1006 and seeks per-document re-marking. ECF 336. Rule 1006 governs summaries to prove content of voluminous writings. It does not govern themed exhibit packets where the underlying documents have been produced—the case for every challenged compilation here.

81.     Plaintiff defends the personnel and event-packet compilations. PX-008 (suspension narrative and paid-leave email) is a witness-authenticated event packet. Bower identified the August 4, 2017 suspension emails (Bower Exs. 11-12) and the August 18, 2017 termination letter. Bower Tr. 34:22-25. Goss confirmed the "concurrence of department officials with MSA's decision." Goss Tr. 76:15-77:4. PX-020 (Houston/Hartley discipline) is authenticated by Hartley herself. Hartley Tr. 18:13-15, 18:20-23, 48:4-7. PX-034 (Bower Isolation Note) is corroborated through Bower Ex. 21 and Bower Tr. 39:9-11.

82.     Plaintiff concedes per-exhibit reorganization for genuinely heterogeneous bundles. PX-011 (Goss/Ratcliff declarations) groups two materially distinct declarations from the 2019 administrative proceeding. PX-044 (Independent Media Coverage), PX-045 (MSA Self-Promotional Materials), and PX-046 (Congressional Correspondence) lack a unifying authentication witness.

83.MIL-12 should be granted in part as to PX-011, PX-044, PX-045, and PX-046 (per-exhibit reorganization) and denied in part as to PX-008, PX-020, PX-031, PX-033, and PX-034 (logically unified, witness-authenticated record sets).

### L. **MIL-07 (ECF 326): Plaintiff's contemporaneous notes are authenticatable under FRE 901(b)(1); metadata goes to weight, not admissibility.**

84.     MSA's MIL-07 seeks to exclude Plaintiff's contemporaneous notes for lack of native metadata under FRE 901 and for hearsay under FRE 802. ECF 326. Authentication under Rule 901(a) is a low bar. Plaintiff's testimony that she made the notes contemporaneously and kept them in her ordinary practice is sufficient under FRE 901(b)(1). Lack of native metadata goes to weight, not admissibility.

85.Plaintiff's deposition testimony establishes the foundational facts. "[B]ecause I'm not great with numbers and dates and I know that about myself, which is why I took those contemporaneous notes." Iovino Vol I Tr. 231:1-7; see also id. 69:1-3. The MSA depositions confirm the documentary vacuum the notes fill: Hayes confirmed no complaints (Hayes Tr. 29:15-18); Bower could not recall whether MSA "actually wrote her up or verbally counseled her" (Bower Tr. 14:13-17); Bower admitted no investigation occurred before suspension (Bower Tr. 18:11-13).

86.Contemporaneous notes have multiple admissibility paths under FRE 803(1) (present sense impression), 803(3) (mental/emotional state), 803(5) (recorded recollection), and non-hearsay use to show what was reported (state of mind / notice). MSA's blanket hearsay attack is overbroad.

87.MIL-07 should be denied. Foundation can be laid at trial through Plaintiff's direct testimony, with specific objections to specific note entries addressed when offered.

**M.  MIL-08 (ECF 328): PX-031 supports Plaintiff's reasonable belief; MSA's spoliation theory misrepresents the cited deposition testimony.**

88.     MSA's MIL-08 seeks to exclude PX-031 (photographs of Carter's bedroom at the CVC and a government vehicle) for authentication failure and seeks an FRCP 37(e)(2) adverse-inference instruction for spoliation. ECF 328. The motion fails on both grounds.

89.     On reasonable belief. The photographs are admissible to show Plaintiff's state of mind and the reasonableness of her OIG complaint—non-hearsay use under FRE 801(c). Plaintiff's deposition confirms exactly that use. Iovino Vol I Tr. 231:12-16 (Q: "this photograph . . . is the basis for your reasonable belief that Josh Carter was living in the CVC?" A: "Yes."). The McDermott Rule 30(b)(6) testimony independently corroborates the reasonable basis. McDermott Tr. 57:1-58:22.

90.     On spoliation. MSA cites Iovino Vol I Tr. 226:3 for Plaintiff's "intentional" destruction. The actual testimony at that page concerns destruction of an email or text, not the PX-031 photograph: "Q. You destroyed the original email or text? A. Not intentionally. . . . A. I believe so, yes." Iovino Vol I Tr. 226:1-7. MSA's Rule 37(e)(2) theory rests on a deposition passage addressing a different category of evidence entirely. Plaintiff cannot fairly be charged with intentional destruction of photograph originals received from a third-party source she did not control. Rule 37(e)(2) requires intent to deprive—a threshold MSA cannot meet.

91.MIL-08 should be denied. The photographs are admissible at minimum for non-hearsay state-of-mind / reasonable-belief use established in the deposition record. The spoliation framing is unsupported by the testimony MSA cites.

## IV.    CONCLUSION

MSA filed thirteen interlocking motions seeking pretrial exclusion of substantial portions of Plaintiff's trial proof. Considered piecemeal, the package would resolve contested merits questions before any trial evidence is heard. The Court has applied the operative framework Plaintiff invokes. Hollenbeck, slip op. at 12 n.6. That deferral disposition aligns with Fourth Circuit authority on the provisional character of in limine rulings (Young, Lighty, Siegel), the Supreme Court's recognition that courts are "handicapped" outside trial context (Luce), and the Old Chief / Carnell framework for FRE 403 balancing in "the full evidentiary context of the case."

Plaintiff respectfully requests that the Court: (i) deny MSA's Motions in Limine Nos. 03, 04, 05, 06, 07, 08, 09, 10, 13, 14, and 15 in whole or in part as detailed in Section III; (ii) grant MIL-11 as to the 2023 Carter Action shooting and wrongful-death details, and deny it as to contemporaneous (pre-August 18, 2017) Bowen-related conduct; (iii) grant MIL-12 in part as to genuinely heterogeneous bundles and deny in part as to logically unified, witness-authenticated record sets; and (iv) in the alternative, reserve ruling until trial.

Respectfully submitted,

Dated: May 11, 2026

/s/ Thad M. Guyer

_____

Thad M. Guyer, Esq.
T.M. GUYER & FRIENDS, PC
116 Mistletoe Street, P.O. Box 1061
Medford, OR 97501
(206) 954-1203
thad@guyerayers.com

Nate L. Adams III, Esq.
NATE L. ADAMS III, P.C.
11 South Cameron Street
Winchester, VA 22601
(540) 667-1330

nadams@nadamslaw.com

Jack Kolar, Esq.
GOVERNMENT ACCOUNTABILITY
PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(202) 926-3311
jackk@whistleblower.org

Counsel for Plaintiff Karen Iovino

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2026, I electronically filed the foregoing with the Clerk of the

Court for the United States District Court for the Western District of Virginia by using the CM/ECF

system. I certify that the following participants in the case are registered CM/ECF users and that service

will be accomplished by the CM/ECF system:

Daniel S. Ward, Esq.
Ryan C. Berry, Esq.
Chelsea A. Cruz, Esq.
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
dan@wardberry.com
ryan@wardberry.com
chelsea@wardberry.com
Counsel for Defendant MSA


*/s/ Thad M. Guyer*

_____
Counsel for Plaintiff