**CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED**

05/12/2026

**LAURA A. AUSTIN, CLERK**
**BY:** **/s/ Amy Fansler**
**DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN IOVINO, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 5:21-cv-00064 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL STAPLETON ASSOCIATES, | ) | By:  C. Kailani Memmer |
| LTD. d/b/a MSA SECURITY, INC., | ) |       United States Magistrate Judge |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

This matter comes before the Court on Defendant and Counterclaim Plaintiff Michael Stapleton Associates, Ltd., d/b/a MSA Security, Inc.'s (MSA) Consent Motion to Seal Exhibit 2 attached to MSA's Memorandum in Support of its Motion in Limine No. 1 to Exclude the Opinions and Testimony of A. Bentley Hankins, Ph.D. (ECF No. 301.) As noted in the motion, Plaintiff Karen Iovino (Dr. Iovino) consents to MSA's requested relief. Before granting a motion to seal, the court must (1) give the public notice and a reasonable opportunity to challenge the motion to seal, (2) consider less drastic alternatives to sealing, and (3) make specific findings and state reasons for its decision to seal over the alternatives. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).

Under the Fourth Circuit's guidance on motions to seal, the court makes the following findings. First, the public has been given notice of the motion to seal by MSA's filing of the motion on the public docket. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). The public has been given a reasonable opportunity to object to the motion as the underlying motion was filed on April 28, 2026, and there has been no such objection by the public or Dr. Iovino. *See Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2017 WL 11367644, at *2 (W.D. Va. Mar. 21, 2017) ("The 'public opportunity to challenge' requirement is met when the court allows sufficient time for objections to be made.").

Next, the exhibit at issue contains dozens of pages of Dr. Iovino's sensitive financial records that contain, *inter alia*, her account numbers, social security number, and other sensitive personal identifying information. Based on the motion and the court's review of Exhibit 2, the court is satisfied that redactions are not feasible and public release of Dr. Iovino's sensitive personal and financial information would be prejudicial to her as it would invade her privacy. *See United States v. Keller*, No. 5:10-CR-00015, 2022 WL 1547830, at *2 (W.D. Va. May 16, 2022) (granting motion to seal records containing litigant's personal financial information). As such, the court finds MSA has rebutted the presumption of access to Exhibit 2 as the privacy of Dr. Iovino's sensitive financial and personal information heavily outweighs access by the public. *See United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024) (noting the common law presumption of access to judicial records can be rebutted by a showing that "countervailing interests heavily outweigh the public interests in access").

Accordingly, it is hereby **ORDERED** that MSA's consent motion to seal (ECF No. 301) is **GRANTED**. Exhibit 2 to MSA's Memorandum in Support of its Motion in Limine No. 1 to Exclude the Opinions and Testimony of A. Bentley Hankins, Ph.D. (ECF No. 298) shall remain under seal until further order of the court.

It is so **ORDERED**.

**ENTERED**: May 12, 2026

C. Kailani Memmer
United States Magistrate Judge

2