**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

**HARRISONBURG DIVISION**

**KAREN IOVINO,**

Plaintiff and Counterclaim Defendant,

v. Case No. 5:21-cv-00064-TTC

**MICHAEL STAPLETON ASSOCIATES, LTD.,**
d/b/a **MSA SECURITY, INC.,**

Defendant and Counterclaim Plaintiff.

---

**NON-PARTY CAROLYN OLECH'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CONFIRMING AND MODIFYING THE CONFIDENTIALITY ORDER**

## I. INTRODUCTION

Dr. Carolyn Olech, the plaintiff in *Olech v. Michael Stapleton Associates, Ltd.*, No. 5:25-cv-00152 (W.D. Va.), moves under Fed. R. Civ. P. 24(b) to intervene in this closed action for one limited purpose. She asks the Court to allow her to use, in her own case, three narrow items from this record. Each bears directly on her claim that MSA retaliated against her for supporting Dr. Iovino. Two of the three are already on this Court's public docket, where they have been for six months, and the Court has never sealed them. The third is about ten pages of deposition testimony explaining one of them. Dr. Olech asks for nothing else and does not ask to reopen this action.

## II. BACKGROUND

This action was dismissed with prejudice on June 23, 2026. (ECF Nos. 382, 383.) The Confidentiality Order limits material designated confidential to use in this action. (ECF No. 67 ¶ 1.) It does not limit the use of information that is or became public knowledge without a breach

of the order. (*Id.* ¶ 9.) It lets counsel keep archival copies of filed exhibits and transcripts, which remain subject to the order. (*Id.* ¶ 16.) It survives the end of the case, and any party may apply to the Court to modify it. (*Id.* ¶¶ 23–24.)

Dr. Olech and Dr. Iovino were veterinarians together at the State Department's canine validation center in Winchester, which MSA operates under a State Department contract. Together they reported a veterinary technician whose conduct endangered the center's dogs. (*Olech*, ECF No. 1 ¶ 28.) Dr. Olech alleges that MSA retaliated against her for supporting Dr. Iovino's concerns and claims, and that it fired her on July 19, 2022. (*Id.* ¶¶ 59, 61.) In 2018 she was interviewed twice by the State Department Office of Inspector General about conditions at the center. (*Id.* ¶¶ 39–40.) Her case is pending before District Judge Yoon and Magistrate Judge Hoppe, and MSA has moved there for a confidentiality order modeled on the one entered here. (*Olech*, ECF Nos. 29, 29-1, 29-5.) Thad M. Guyer, counsel for Dr. Olech, was counsel for Dr. Iovino in this action.

The three items are (1) the State Department email correspondence of August 1, 4, and 7, 2017, Bates DOS-IOVINO-00671 through -00675, filed in this action as Amended Exhibit 16 (ECF No. 302); (2) the State Department Office of Inspector General's 2018 interview summaries, Bates DOS OIG000136 through -000147, filed in this action at ECF No. 272-2; and (3) the deposition testimony reading those summaries into the record, at McDermott Dep. 56:25–57:11, 89:11–22, and 93:2–8 (Jan. 9, 2026), and Goss Dep. 59:1–60:24 (Jan. 30, 2026). Items 1 and 2 were filed on the public docket in April 2026. That same month, MSA moved to seal a different exhibit, and the Court sealed only redacted portions of one affidavit. (ECF Nos. 268, 285.) MSA later moved to seal another exhibit. (ECF No. 301.) Neither MSA nor the State Department has ever asked the Court to seal Item 1 or Item 2.

## III. ARGUMENT

### A. <u>The Court Has Authority to Grant This Motion, and Intervention Is the Proper Procedure</u>.

A district court that enters a protective order keeps discretionary authority to modify it for good cause. *United States v. (Under Seal)*, 794 F.2d 920, 928 n.6 (4th Cir. 1986). That authority continues after the case is dismissed when, as here, the order by its terms survives the litigation. *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md. 2000); ECF No. 67 ¶¶ 23–24. This Court has explained that a litigant in collateral litigation who seeks material protected by an order entered here should move to intervene and show a need for the particular documents, so that the request is decided in an adversarial setting with adequate safeguards. *Biazari v. DB Indus., LLC*, No. 5:16-cv-00049, 2017 WL 1498122 (W.D. Va. Apr. 26, 2017). Rule 24(b) permits intervention by a movant whose claim shares a common question of law or fact with the main action. Dr. Olech's claim does. It involves the same employer, the same facility, the same State Department contract, the same officials, and the same reports about the care of the dogs.

### B. <u>Items 1 and 2 Are Already Public in This Court's Record</u>.

Items 1 and 2 have been on this Court's public docket since April 2026. When MSA asked the Court to seal material in that period, it chose other exhibits, and the Court's sealing order left these filings public. (ECF Nos. 268, 285, 301.) The State Department, which produced both items, has never sought to seal them. The Confidentiality Order does not limit the use of information that has become public knowledge. (ECF No. 67 ¶ 9.) Dr. Olech asks the Court to confirm that she may use these two public filings in her case. A short order now will prevent a dispute in *Olech* over whether documents anyone may download from this Court's docket can be used there.

**C. <u>Dr. Olech Needs Each Item for a Specific Purpose</u>.**

***1. The August 2017 State Department Emails (Item 1).***

Item 1 consists of five pages of emails among the State Department's head of contracting and officials of its Bureau of Diplomatic Security. They concern Dr. Iovino's complaint to the Inspector General and her employment with MSA, and they were written in the week MSA placed her on leave. Dr. Olech must prove that MSA retaliated against her for supporting Dr. Iovino's concerns. These are the only contemporaneous records of how the government officials overseeing MSA's contract responded to those same concerns, and of what they communicated about MSA's employment decision. They bear on what MSA knew, on why it acted, and on MSA's defense that it would have acted the same way without the protected activity. They also bear on the motion now pending in *Olech*. MSA asks that court to treat as confidential any document the government deems confidential. (*Olech*, ECF No. 29-5 ¶ 2(a)(iii).) These emails show the kind of communications that order would place beyond the reach of a whistleblower.

***2. The 2018 Inspector General Interview Summaries (Item 2).***

Item 2 consists of twelve pages summarizing the Inspector General's 2018 interviews of State Department and MSA officials, including the State Department's head of contracting and an MSA vice president. The interviews took place in 2018, the same year the Inspector General interviewed Dr. Olech twice about conditions at the center. (*Olech*, ECF No. 1 ¶¶ 39–40.) The Inspector General's designee testified, in testimony not designated confidential, that the office found some evidence that a State Department contracting officer's representative shared information about Dr. Iovino's complaints with individuals at MSA. (McDermott Dep. 58:3–12.) The summaries record what those officials told the investigators about who knew of the veterinarians' reports and what they did about them. That evidence goes to the heart of Dr.

Olech's claim, because her reports and Dr. Iovino's concerned the same center, the same managers, and the same officials.

***3. The Testimony Reading the Summaries into the Record (Item 3).***

Item 3 is about ten pages of testimony. In it, the Inspector General's Rule 30(b)(6) designee and MSA's vice president read portions of the summaries into the record and answered questions about them. Dr. Olech needs it to authenticate and explain Item 2 without deposing the same witnesses again. Using it spares the State Department another round of Touhy requests and spares both courts duplicative discovery about events that took place nine years ago.

**D. The Requested Relief Preserves the Order's Protections.**

Dr. Olech identifies each item by Bates number or by page and line. She will file any item in *Olech* under seal unless that court orders otherwise, so that court can decide on a full record whether any of them deserves confidential treatment. She does not ask this Court to decide that question. MSA and the State Department suffer no prejudice. This action is closed. The order expressly contemplates modification. Two of the items are already public, and the State Department reviewed and produced all of them.

## IV. POSITIONS OF COUNSEL

On October 21, 2026, counsel for Dr. Olech contacted counsel for MSA and counsel for the State Department regarding this motion. Daniel Ward, counsel for MSA, responded. Neither MSA nor the State Department consented.

## V. CONCLUSION

Dr. Olech asks the Court to grant her leave to intervene for the limited purpose of this motion. She asks the Court to confirm that she may use Items 1 and 2, which are on this Court's public docket at ECF Nos. 302 and 272-2, in *Olech v. Michael Stapleton Associates, Ltd.*, No.

5:25-cv-00152 (W.D. Va.). She also asks the Court to modify the Confidentiality Order (ECF No. 67) to permit her counsel to use Item 3 in that case, subject to that court's orders concerning sealing. A proposed order is submitted with this motion.

Dated: October 21, 2026

Respectfully submitted,

/s/ Thad M. Guyer
Thad M. Guyer, Admitted Pro Hac Vice
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501
(202) 227-3590
thad@guyerfriends.com
Oregon Bar No. 821443

Stephani L. Ayers, Admitted Pro Hac Vice
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

Joshua H. Erlich (VSB No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 791-9087
jerlich@erlichlawoffice.com
Counsel for Non-Party Carolyn Olech

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record, including counsel for the United States Department of State.

/s/ Thad M. Guyer
Thad M. Guyer