**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

**KAREN IOVINO,**

Plaintiff and Counterclaim Defendant,

v.

**MICHAEL STAPLETON ASSOCIATES, LTD., d/b/a MSA SECURITY, INC.,**

Defendant and Counterclaim Plaintiff.

Case No. 5:21-cv-00064-TTC

**NON-PARTY CAROLYN OLECH'S REPLY IN SUPPORT OF HER MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CONFIRMING AND MODIFYING THE CONFIDENTIALITY ORDER**

Thad M. Guyer, Admitted Pro Hac Vice
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501
(202) 227-3590
thad@lawfriends.ai
Oregon Bar No. 821443

Stephani L. Ayers, Admitted Pro Hac Vice
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org
Washington Bar No. 31610

Joshua H. Erlich (VSB No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 791-9087
jerlich@erlichlawoffice.com

Counsel for Non-Party Carolyn Olech

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. MSA DOES NOT CONTEST INTERVENTION, AND IT AGREES THAT NO ORDER OF THIS COURT RESTRICTS ITEMS 1 AND 2 .......... 2

III. GOOD CAUSE SUPPORTS THE LIMITED MODIFICATION FOR ITEM 3 .......... 3

A. A Touhy Request Is Not an Alternative Means of Obtaining Item 3 .......... 3

B. The Olech Court Will Decide Whether Item 3 May Be Used There .......... 4

C. The Type of Order and the Type of Material Favor Modification .......... 5

IV. THE CONFIDENTIALITY ORDER CONTAINS NO TOUHY CONDITION, AND MSA CANNOT SUPPLY ONE .......... 7

V. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bell v. Am. Int'l Indus.*, 627 F. Supp. 3d 520 (M.D.N.C. 2022) 1, 4, 6

*Doe v. Mast*, No. 3:22cv00049, 2024 WL 3371122 (W.D. Va. July 10, 2024) 7, 8

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) 3, 4, 5

*Iovino v. Michael Stapleton Assocs., Ltd.*, No. 5:21-cv-00064, 2022 WL 17581491 (W.D. Va. Dec. 12, 2022) 1, 5, 6, 7

*Olech v. Michael Stapleton Assocs., Ltd.*, No. 5:25-cv-00152 (W.D. Va.) 2, 5, 6, 7, 8

*SmithKline Beecham Corp. v. Synthon Pharms., Ltd.*, 210 F.R.D. 163 (M.D.N.C. 2002) 3, 6

*United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990) 2, 3, 4, 5

*United States v. (Under Seal)*, 794 F.2d 920 (4th Cir. 1986) 3

**Regulations** **Page(s)**

22 C.F.R. § 172.1(a) 3

**Rules** **Page(s)**

Fed. R. Civ. P. 24(b) 1, 2

**NON-PARTY CAROLYN OLECH'S REPLY IN SUPPORT OF HER MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CONFIRMING AND MODIFYING THE CONFIDENTIALITY ORDER**

## I. INTRODUCTION

Non-party Dr. Carolyn Olech replies to the opposition of Defendant Michael Stapleton Associates, Ltd. (MSA), ECF No. 386, to her motion concerning the three items identified in her motion, ECF No. 384 at 2. MSA's opposition narrows the motion to a single question. MSA agrees that Items 1 and 2 have been on this Court's public docket, unsealed, since April 2026, that neither MSA nor the State Department ever moved to seal them, and that no order of this Court restricts them. (ECF No. 386 at 6, 11 & n.51.) MSA offers no argument that intervention under Fed. R. Civ. P. 24(b) is improper. What remains is Item 3, about ten pages of deposition testimony in which two witnesses read passages from the public Item 2 summaries into the record and answered questions about them.

MSA's case against Item 3 rests on the premise that a Touhy request to the State Department is an alternative means of obtaining it. A Touhy request cannot produce a transcript of testimony already given in this Court. At most it would begin the process of deposing the same witnesses again about the same documents, which is the duplication that modifying a protective order is meant to prevent. The Confidentiality Order also contains no Touhy condition, because the Court struck MSA's proposed Touhy provisions before entering it. *Iovino v. Michael Stapleton Assocs., Ltd.*, No. 5:21-cv-00064, 2022 WL 17581491, at *2 & n.7 (W.D. Va. Dec. 12, 2022). And MSA's own authority shows that the alternative-means factor does not decide these motions. In one of the decisions MSA cites, the court vacated a protective order even though that factor weighed against the movant, because the information at issue was already in the court's public record. *Bell v. Am. Int'l Indus.*, 627 F. Supp. 3d 520, 532–33, 537–38 (M.D.N.C. 2022).

The relief Dr. Olech seeks keeps every protection in place. She will file Item 3 under seal in her own case, *Olech v. Michael Stapleton Assocs., Ltd.*, No. 5:25-cv-00152 (W.D. Va.), unless that court orders otherwise, and the *Olech* court, through the same Magistrate Judge who entered the Confidentiality Order here, will decide whether and how Item 3 may be used there. The motion should be granted.

## II. MSA DOES NOT CONTEST INTERVENTION, AND IT AGREES THAT NO ORDER OF THIS COURT RESTRICTS ITEMS 1 AND 2

Dr. Olech moved to intervene under Rule 24(b) for the limited purpose of this motion. (ECF No. 384 at 1.) MSA asks the Court to deny the motion but makes no argument that intervention is improper; each of its arguments goes to modification. (*See* ECF No. 386 at 7–12.) Intervention is the accepted procedure for a non-party who seeks to modify a protective order, and when the underlying case has ended, intervention for that limited purpose does not prejudice the adjudication of the parties' rights. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). The Court should grant leave to intervene.

On Items 1 and 2, the parties now agree. MSA acknowledges that both items have been on this Court's public docket since April 2026 and that neither MSA nor the State Department moved to seal them. (ECF No. 386 at 6, 11.) It states that if the Court addresses the two items, it need say only that they are public and that no order of this Court restricts them. (*Id.* at 11 n.51.) That is the confirmation Dr. Olech requested. The Order itself provides that it does not limit the use of information that is or became public knowledge other than through a breach of the Order. (ECF No. 67 ¶ 9(a).) Dr. Olech asked for a short order so that the parties in *Olech* will not dispute whether documents on this Court's public docket may be used there. (ECF No. 384 at 3.) MSA's position removes any disagreement about entering that order, and the Court should enter it.

## III. GOOD CAUSE SUPPORTS THE LIMITED MODIFICATION FOR ITEM 3

A court that enters a protective order keeps the authority to modify it for good cause. *United States v. (Under Seal)*, 794 F.2d 920, 928 n.6 (4th Cir. 1986); ECF No. 67 ¶¶ 23–24. MSA relies on four factors drawn from two decisions of the Middle District of North Carolina: the reason for the modification, the availability of alternative means, the type of order, and the type of material. (ECF No. 386 at 7.) MSA concedes that the first factor favors Dr. Olech. (*Id.* at 8.) None of the others weighs against her.

### A. A Touhy Request Is Not an Alternative Means of Obtaining Item 3

MSA calls the alternative-means factor decisive and identifies a Touhy request as the alternative. (ECF No. 386 at 8.) Item 3 is a transcript of testimony already given in this action. The State Department's Touhy regulations prescribe how the Department and its present and former personnel respond to demands and requests in litigation for testimony, documents, and other official information. 22 C.F.R. § 172.1(a). They are a procedure for seeking the Department's authorization to disclose. They are not a means of obtaining the transcript of a deposition taken in this Court. Pursued to its end, a Touhy request would yield at most a new authorization to depose the same Inspector General designee and the same MSA vice president about the same 2018 summaries, and then a second transcript of the same testimony. That is the duplicative discovery that modification is designed to avoid. *United Nuclear*, 905 F.2d at 1428; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131–32 (9th Cir. 2003).

The authority MSA cites shows why its proposed alternative does not fit. The alternative identified in *SmithKline* was a third-party subpoena, served in the other action on the party holding the information, so that the court presiding over that action could rule and the holder could protect itself there. *SmithKline Beecham Corp. v. Synthon Pharms., Ltd.*, 210 F.R.D. 163, 168–69 & n.7 (M.D.N.C. 2002). That purpose is already served here. MSA, the party opposing

use of the testimony, is the defendant in *Olech*. The court presiding over *Olech* will rule on any use of Item 3 there, because Dr. Olech has committed to file it under seal unless that court orders otherwise. (ECF No. 384 at 5.)

Nor is the factor decisive under MSA's own authority. In *Bell*, the court found that the alternative-means factor weighed against the movant and vacated the protective order anyway, because the type of document sought tipped the balance: its contents were already in the case's public filings. *Bell*, 627 F. Supp. 3d at 532–33, 537–38. As shown below, the same is true of Item 3.

### B. The Olech Court Will Decide Whether Item 3 May Be Used There

MSA invokes the principle that a court should not issue discovery orders that apply only to collateral litigation. (ECF No. 386 at 9 n.33.) The decision MSA quotes for that principle affirmed an order that, after the underlying case had settled, permitted collateral litigants to intervene and modified the protective order so that they could use the discovery in their own cases. *United Nuclear*, 905 F.2d at 1426–28. The principle allocates the work between the two courts. The court that issued the protective order decides whether its order will bar the collateral litigant from discovery already taken. The court presiding over the collateral case decides whether the material is discoverable and how it may be used there, and the opposing party raises its relevance and privilege objections in that court. *Id.* at 1428–29; *Foltz*, 331 F.3d at 1132–33.

Dr. Olech asks for exactly that allocation. She asks this Court only to lift the use restriction of paragraph 1 as to Item 3. (ECF No. 384 at 5–6.) Whether Item 3 may be filed, whether it is relevant, and whether it warrants confidential treatment in *Olech* are questions for that court, where MSA is a party and can raise any objection it has before the same Magistrate Judge who entered the Confidentiality Order. (ECF No. 67 at 8.)

Under that approach, when a modification would place a collateral litigant where she would otherwise arrive only after repeating another party's discovery, the modification may be denied only on a showing that it would tangibly prejudice substantial rights of the party opposing it. *United Nuclear*, 905 F.2d at 1428. A wish to make the collateral litigation more burdensome is not legitimate prejudice, and any legitimate interest in secrecy can be protected by keeping the collateral litigant under the restrictions of the original order. *Id.*; *Foltz*, 331 F.3d at 1133. MSA identifies no tangible prejudice. Its counsel received Item 3 on October 21, 2026. (*Olech*, ECF No. 35-4 at 5.) Its opposition does not identify a single page or line of that testimony whose use in *Olech*, under seal, would harm MSA or the State Department.

**C. <u>The Type of Order and the Type of Material Favor Modification</u>**

MSA emphasizes that the Order rests on a litigated finding of good cause. (ECF No. 386 at 9.) That finding addressed the State Department's contract materials as a category, and the risk of their unauthorized, wholesale disclosure in light of Dr. Iovino's own admitted disclosures to the press and the tens of thousands of documents she was seeking. *Iovino*, 2022 WL 17581491, at *4–5. The Court took care to say that it was not finding that Dr. Iovino or her counsel would disclose documents. *Id.* at *4. It also provided that disputes over whether particular material fits the protected category would come to the Court, with MSA bearing the burden of showing that the specific material qualifies. *Id.* at *5. The finding said nothing about testimony reading a public exhibit into the record, and nothing about the use of such testimony, under seal, in another case in this Court.

That is what Item 3 is. In it, the Inspector General's Rule 30(b)(6) designee and an MSA vice president read passages from the Item 2 summaries into the record and answered questions about them. (ECF No. 384 at 5.) The summaries themselves are on this Court's public docket, (ECF No. 272-2 at 17–28), and MSA agrees that no order restricts them. Testimony that repeats

and comments on a public exhibit carries little confidentiality of its own. Item 3 contains no contract terms and nothing about how the dogs are trained or deployed or about embassy security. MSA's contrary description is not tied to any page or line of the testimony. (ECF No. 386 at 10.) In *Bell*, the type-of-document factor decided the motion because the information was already in the public record. *Bell*, 627 F. Supp. 3d at 537–38.

MSA also says that its reliance on the Order is presumptively reasonable. (ECF No. 386 at 9.) The case it cites applied that presumption to an order protecting confidential scientific and commercial information in patent litigation. *SmithKline*, 210 F.R.D. at 168. No such information is at issue here. And the Order on which MSA relies told every party that it could be modified on application to the Court. (ECF No. 67 ¶ 24.)

MSA opens its opposition by saying that a concern its counsel voiced at a 2022 hearing, that discovery would be shared with other clients, has now come to pass. (ECF No. 386 at 4.) The Court heard that concern. Dr. Iovino had refused to agree to an order limiting her counsel's ability to share discovery with clients in related matters, *Iovino*, 2022 WL 17581491, at *2 n.4, and the Court entered an Order that survives the case and provides for modification on application to the Court. (ECF No. 67 ¶¶ 23–24.) Dr. Olech did not use Item 3 on her own. Her counsel asked MSA and the State Department for consent, (*Olech*, ECF No. 35-4 at 4–5), and when consent was not given, she came to this Court. That is the procedure the Order provides.

Finally, MSA faults Dr. Olech for opposing a confidentiality order in her own case. (ECF No. 386 at 4.) That opposition asks the *Olech* court to decide whether MSA has shown good cause for the order it proposes there. It has no bearing on whether good cause supports this modification, and the modification Dr. Olech seeks keeps Item 3 under seal in *Olech* unless that court orders otherwise.

## IV. THE CONFIDENTIALITY ORDER CONTAINS NO TOUHY CONDITION, AND MSA CANNOT SUPPLY ONE

MSA argues that modifying the Order would circumvent the State Department's Touhy process. (ECF No. 386 at 10–11.) The argument fails for three reasons.

First, the Order contains no Touhy provision. MSA's proposed order included Touhy provisions, and the Court excised them before entering the Order. *Iovino*, 2022 WL 17581491, at *2 & n.7. An application under paragraph 24 is governed by the Order and by the Court's authority over it, not by agency regulations that the Court declined to make part of the Order.

Second, MSA told the *Olech* court on October 28, 2026, that the two are different things. It explained that the Touhy process governs whether and when the State Department authorizes disclosure of its information, while a confidentiality order governs the treatment and dissemination of information already produced in discovery. (*Olech*, ECF No. 35 at 10–11.) That is correct, and it answers MSA's argument here. The testimony in Item 3 was given in this action under the State Department's Touhy authorizations, with the Department's counsel present. (*Olech*, ECF No. 33-1 ¶ 9.) Item 3 asks nothing new of the Department. Whether an existing transcript from this action may be used in *Olech* is a question about this Court's Order.

Third, the State Department has not opposed the motion. The Department appeared in this action through counsel, was served with this motion, and filed nothing. (*Olech*, ECF No. 33-1 ¶ 7; ECF No. 384 at 7.) Its attorney's email invited Dr. Olech to submit a Touhy request; it did not object to this motion or ask the Court to leave the Order unchanged. (*Olech*, ECF No. 35-4 at 2.) MSA cannot assert on the Department's behalf an objection the Department has not made.

*Doe v. Mast* does not help MSA. There, private litigants held more than two thousand documents containing federal information that had never been authorized for use in that case, and the parties agreed, for purposes of a sanctions motion only, that the Defense Department's

regulations required approval before production. *Doe v. Mast*, No. 3:22cv00049, 2024 WL 3371122, at *1 n.3, *9 (W.D. Va. July 10, 2024). The court decided no question about the modification of a protective order. The testimony in Item 3, by contrast, was authorized and given in this action.

MSA also relies on a two-line reply that Mr. Guyer sent from his phone to the State Department's attorney, thanking her for the invitation and noting that Dr. Olech was still challenging the Touhy process. (ECF No. 386 at 7–8, 11; *Olech*, ECF No. 35-4 at 2.) Dr. Olech's position on the role of the Touhy process in her own case is a matter of record, set out in her opposition to MSA's proposed order there. (*Olech*, ECF No. 33 at 12–14.) Taking a position on a contested legal question in another case is not a reason to deny relief here. Declining to make a request that could not produce Item 3 is not a failure to pursue an alternative means of obtaining it.

## V. CONCLUSION

Dr. Olech asks the Court to grant her leave to intervene for the limited purpose of this motion; to confirm that Items 1 and 2, on this Court's public docket at ECF Nos. 302 and 272-2, are not restricted by any order of this Court and may be used in *Olech*; and to modify the Confidentiality Order, ECF No. 67, to permit her counsel to use Item 3 in that case, subject to that court's orders on sealing. A proposed order was submitted with the motion. (ECF No. 384-1.)

Dated: November 10, 2026

Respectfully submitted,

/s/ Thad M. Guyer
Thad M. Guyer, Admitted Pro Hac Vice
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501
(202) 227-3590
thad@lawfriends.ai

/s/ Stephani L. Ayers
Stephani L. Ayers, Admitted Pro Hac Vice
Government Accountability Project
1612 K Street, N.W., Suite 808
Washington, D.C. 20006
(813) 382-7865
stephania@whistleblower.org

/s/ Joshua H. Erlich
Joshua H. Erlich (VSB No. 81298)
The Erlich Law Office, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 791-9087
jerlich@erlichlawoffice.com

Counsel for Non-Party Carolyn Olech

**CERTIFICATE OF COMPLIANCE**

I certify that this reply complies with the page limit of paragraph 13 of the Scheduling Order, ECF No. 17. The body of the reply, excluding the cover page, tables, signature blocks, and certificates, is 9 pages, with one-inch margins, double-spaced, in 12-point Times New Roman.

/s/ Thad M. Guyer
Thad M. Guyer

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, I filed this reply through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including counsel for the United States Department of State.

/s/ Thad M. Guyer
Thad M. Guyer